ZEV SHECHTMAN (BAR NO. 266280)
Zev.Shechtman@saul.com
CAROL CHOW (BAR NO. 169299)
carol.chow@saul.com
TURNER N. FALK (Admitted pro hac vice)
turner.falk@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Alan Gomperts
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☐ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☒ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO MAINTAIN PREPETITION BANK ACCOUNTS; AND MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF ALAN GOMPERTS IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:         June 11, 2024<br>Time:         11:00 a.m. PST<br>Courtroom: 1368<br>                      255 East Temple St.<br>                      Los Angeles, CA 90012 |

52258848.3

**TO THE HONORABLE, VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE AND INTERESTED PARTIES:**

Alan Gomperts as debtor and debtor in possession (the "Debtor"), hereby moves for an order authorizing the Debtor to maintain two prepetition bank accounts for purposes of earning above-market interest on invested money market funds in those accounts.

This Motion is based upon this Motion and Notice thereof, the below Memorandum of Points and Authorities, the Declaration of Alan Gomperts attached hereto, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By this motion, the Debtor seeks authority to maintain his prepetition accounts at California Credit Union ending in ending in 7993 (the "CCU Account") and at Farmers & Merchants Bank ending in 0830 (the "Farmers Account," collectively with the CCU Account the "High-Yield Accounts") for the limited purpose of earning the high deposit interest offered by the High-Yield Accounts. These interest earnings are beneficial to the estate, and the Debtor will not make any payments or transfers out of the High-Yield Accounts except to transfer necessary funds to his already-opened debtor-in-possession account (the "DIP Account").

The High-Yield Accounts are deposited with reputable, insured financial institutions. The Debtor generally has sufficient income to pay his ongoing everyday expenses, so the amounts in these accounts are not urgently necessary for the maintenance of the Debtor or performance of a plan of reorganization. Allowing these funds to remain in the High-Yield Accounts maximizes the investment returns to the estate via a low-risk investment. Expenses will only be paid from the DIP

2

52258848.3

Account, allowing parties in interest the usual level of oversight for the Debtor's postpetition spending.

The Debtor respectfully requests that the Court authorize this relief to avoid potential significant harm to the Debtor's investment earnings, safely generating profits, which is in the best interest of the estate and creditors.

## II.

## BACKGROUND FACTS

### A. BANKRUPTCY BACKGROUND

On March 18, 2023 (the "Petition Date"), the Debtor and the above-captioned related parties, as debtors and debtors in possession (collectively the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are jointly administered. The Debtors continue to operate their businesses as debtors in possession pursuant to section 1107 of the Bankruptcy Code. Detailed factual information regarding the Debtors is included in the Motion for Joint Administration filed on March 20, 2024. In summary, the entity Debtors are real estate investment and development entities, and the individual Debtors including the Debtor were guarantors of certain debts owed by the entities.

### B. THE DEBTOR'S PLAN FOR THIS CASE

Issues surrounding the repayment of the guaranteed debts necessitated the filing of these bankruptcy cases. The Debtors intend to propose a joint plan for full payment of all debts over time, with interest. The Debtors have sufficient income to pay on a restructured full-payment plan.

## III.

## FACTS SPECIFIC TO THE RELIEF REQUESTED

### A. PREPETITION BANK ACCOUNTS

3

52258848.3

The Debtor maintains an account at California Credit Union, the CCU Account, earning 4.6% annual interest. The account balance on the petition date was $449,941.29. The CCU Account is federally insured by the National Credit Union Administration, a U.S. government agency.

The Debtor maintains an account at Farmers & Merchants Bank, the Farmers Account, earning 3.0% annual interest. The account balance on the petition date was $328,047.62. The Farmers Account is federally insured by FDIC, a U.S. government agency. Farmers & Merchants Bank is an Approved Depository by the Office of the United States Trustee, Region 16.

Prepetition, the Debtor did not regularly pay expenses out of the High-Yield Accounts. Instead, the Debtor transferred money from the High-Yield Accounts to another bank account and paid expenses from that account. Most of the Debtor's expenses were paid out of incoming cash flow, and funds in the High-Yield Accounts were mainly left there to accrue interest.

Because switching to new accounts reduces the Debtor's investment earnings to the detriment of the estate, because the funds in the High Yield-Accounts are insured and protected and because those funds are not necessary for the payment of the Debtor's ongoing expenses during the pendency of this case, the Debtor believes he should be authorized to keep the High-Yield Accounts open postpetition.

### IV.

### LEGAL DISCUSSION

**A. REQUESTED RELIEF**

The Debtor seeks authority to maintain the High-Yield Accounts to earn interest thereon. If necessary to pay ongoing expenses, funds in the High-Yield Accounts will first be transferred to the Debtor's DIP Account before being used.

**B. BASIS FOR RELIEF REQUESTED**

"The court may issue any order, process, or judgment that is necessary or appropriate to

4

52258848.3

carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). Section 105(a) provides a statutory counterpart to the court's otherwise inherent and discretionary equitable powers. See In re Sasson, 424 F.3d 864, 874 (9th Cir. 2005); In re Halvorson, 581 B.R. 610, 636 n.91 (Bankr. C.D. Cal. 2018).

The U.S. Trustee has promulgated guidelines pursuant to 28 U.S.C. § 586. These guidelines require that chapter 11 debtors close all existing bank accounts when they file their petitions and open new DIP accounts at approved financial institutions. However, courts routinely authorize variance from the requirements in appropriate circumstances. Because maintenance of existing bank accounts is a routine matter, there are few published or reported decisions addressing it. See, e.g., In re Victor Valley Community Hosp., Case No. 6:10-bk-39537-CB, Docket No. 32 (Bankr. C.D. Cal. Sep. 17, 2010).

Courts may waive compliance with section 345(b) of the Bankruptcy Code for "cause." In evaluating whether "cause" exists, courts have considered a number of factors, including, among others, the sophistication and size of a debtor's business, the amounts of the investments involved, bank ratings, the complexity of the case, the debtor's safeguards for the funds, the debtor's ability to reorganize in the face of failure of one or more of the financial institutions, the benefit to the debtor of a waiver of the section 345(b) requirements, the potential harm to the estate and the reasonableness of such a waiver under the circumstances. See In re Serv. Merch. Co., 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

Pursuant to 11 U.S.C. § 345(a), a trustee (and by extension a debtor-in-possession who must perform the duties of a trustee pursuant to 11 U.S.C. § 1107(a)) "may make such deposit or investment of the money of the estate for which such trustee serves as will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."

A debtor-in-possession may have a duty to maximize the return on investment of a

bankruptcy estate's funds, taking into consideration "(1) the sum of funds subject to investment, (2) the duration of the trustee's administration of the estate, (3) the time required by the trustee to manage the transfer of funds, and (4) the frequency with which the trustee needs to access those funds." Kalyna v. Swaine (In re Accomazzo), 226 B.R. 426, 429 (D. Ariz. 1998).

The Debtor has opened a DIP Account at an authorized depository (Wells Fargo), and is paying all expenses out of the DIP Account during the pendency of this case. In doing so, the Debtor is complying with the requirements of section 345(b).

Application of the factors laid out in Accomazzo demonstrates that the Debtor has established cause to waive the requirements of section 345(b) as to the High-Yield Accounts to permit the Debtor to earn interest investment returns. The sum of funds subject to investment is meaningful, and placing them in a low-interest account forfeits potential low-risk investment returns. The Debtor intends to proceed quickly through this bankruptcy case by confirming a full-payment plan, shortening the time during which parties in interest must monitor the Debtor's financial dealings.

If forced to close the High-Yield Accounts, the Debtor would likely need to establish several new debtor-in-possession accounts to hold these funds, wasting valuable time and effort while providing lower investment returns. The High-Yield Accounts are invested in money market funds, one of the lowest-risk products available anywhere; they are not used in risky investments.[1]

Lastly, the Debtor does not need frequent access to the funds in the High-Yield Accounts. The Debtor is able to meet ordinary expenses out of his cash flow, and only draws upon the High-Yield Accounts when an extraordinary expenses presents itself – like annual tuition payments for his child.

---

[1] "[M]oney market funds are still considered one of the safest investments available to retail investors, and the numerous SEC rules and reforms passed have made them safer." Taking a Look at Money Market Funds, FINRA.org (April 9, 2024), https://www.finra.org/investors/insights/money-market-funds.

6

52258848.3

Based on these factors, the Debtor seeks to be excepted from section 345(b) for the sole purpose of continuing to receive interest income on the High-Yield Accounts while paying all expenses from the DIP Account. In this regard, the Debtor will be generally complying with section 345(b), and seeks authority for the sole exception described. For these reasons, it is appropriate for the Court to grant the Debtor a limited exception from compliance with section 345(b) for the limited purpose described.

### V.

### CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, the Debtor requests that the Court enter an order substantially in the form of the order attached as Exhibit "A" hereto, granting this motion, authorizing the Debtor to maintain the High-Yield Accounts. The Debtor also requests such further relief as the Court deems just and proper.

DATED: May 7, 2024                         SAUL EWING LLP

                                            By:      */s/ Turner N. Falk*
                                                ZEV SHECHTMAN
                                                CAROL CHOW
                                                TURNER N. FALK
                                                Attorneys for Alan Gomperts
                                                Debtor and Debtor in Possession

7

52258848.3