CHRISTOPHER M. MCDERMOTT (SBN 253411)
cmcdermott@aldridgepite.com
TODD S. GARAN (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Secured Creditor:
Wells Fargo Bank National West

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SEATON INVESTMENTS, LLC et all,<br><br>Debtor and Debtor in Possession.<br><br>☐ Affects All Debtors<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☐ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>X **Affects Alan Gomperts**<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy<br>. | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**OPPOSITION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**<br><br>**Subject Property**<br>3538 Greenfield Avenue<br>Los Angeles, CA 90034<br><br>**HEARING:**<br>DATE:    June 20, 2024<br>TIME:    11:00 a.m.<br>CTRM:    1368<br>    255 E. Temple<br>    Los Angeles, CA<br>JUDGE:    Hon. Vincent P. Zurzolo |

Wells Fargo National Bank West (hereinafter "<u>Creditor</u>")[1] secured creditor in the above entitled matter hereby submits its opposition to (hereinafter "Opposition") the Debtor's Motion To

---

[1] This Opposition shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -
**Creditor's Opposition to Debtor's Motion to Use Cash Collateral**

Use of Cash Collateral (collectively, "Motion") with respect to the real property located at 3538 Greenfield Avenue, Los Angeles, CA 90034 (the "Subject Property"). The basis of the Opposition is stated below:

# I. STATEMENT OF FACTS

### A.    Loan History

The Loan is evidenced by a promissory note dated April 25, 2011, executed by Debtor/Co-Borrower Alan Gompers, and Debtor/Co-Borrower, Sharon Halevy, to Wells Fargo Bank, N.A. ("Lender") in the principal sum of $258,000 (the "Note").    (*See, Claim No.5-1, Case No.2:24-12074*)

The Note is secured by a deed of trust and assignment of rents provision (the "Deed of Trust") encumbering the Subject Property. (*See, Claim No.5-1, Case No.2:24-12074*).  The Note and Deed of Trust may be referred to collectively herein, as the Loan.

Subsequently, all of Lender's interest in the Loan was assigned and transferred to Creditor. The Note is endorsed in blank. *(See, Claim No.5-1, Case No.2:24-12074))*.

### B.    The Bankruptcy Filing

On March 18, 2024, Debtor filed the instant bankruptcy petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned Case No. 2:24-bk-12074-VZ.

On April 1, 2024, the Court entered an Order of Joint Administration with respect to Debtor's and other related and/or affiliated bankruptcy cases, with the Seaton Investments LLC (Case No: 2:24-12079) being the Lead Case. (*See, 2:24-bk-12074; Dkt. No.32*)

On June 12, 2024, Creditor filed its Proof of Claim against the Debtor's state in the amount of $182,490.84, Secured by the Subject Property, with $0.00 in pre-petition arrears. (*See, Claim No.2-1; 2:24-bk-12074-VZ*).

On June 7, 2024, Debtors filed a Motion for Order Authorizing Use of Cash Collateral ("Motion") with respect to the Subject Property on Shortened Notice. (*See, Dkt. Nos.87/91*). In the Motion, Debtor asserts the value of the Subject Property is $1.3 million, though, no appraisal or other evidence of value is attached to the Motion. (*See, Dkt. No.87.Pg.59/67*). While the budget for

**Creditor's Opposition to Debtor's Motion to Use Cash Collateral**

the Subject Property does appear to allocate for monthly mortgage payments to Creditor, it's actually unclear to Creditor whether Debtor intends to make monthly mortgage payments to Creditor as the Motion merely states "…[i]n addition to property expenses, I propose to use rents generated from the Bagley property to fund plan payments to Wells Fargo and for ordinary living expenses for my family…" (*See, Dkt. No.87, Pg.38/67:Ln 16-19, Ex. 6, Pg.53/67*). Additionally, the Motion indicates or sets forth the need for $2,900 in "repairs" for the Subject Property for the year; however, there is no substantive explanation, or documentary support for those repairs, or who will be doing these repairs, which do significantly appear to impact cash flow for the Subject Property. (*See, Dkt. No.87, Ex. 5, Pg.53/67*).

## II. STATEMENT OF THE LAW

11 U.S.C. § 363(a) provides:

"In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, product, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before of after the commencement of a case under this title."

11 U.S.C. § 552(b) provides:

"Except as provided in section 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, products, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and the applicable nonbankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise."

11 U.S.C. § 363(c)(2) provides:

"The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless (A) each entity that has an interest in such collateral consents; or (B) the court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section."

11 U.S.C. § 363(e) provides:

"Notwithstanding any other provision of this section, on request of any entity that has an interest in property used…or proposed to be used…by a trustee…the court, with or without a hearing, shall prohibit or condition the use…as is necessary to *provide adequate protection*….." [emphasis added]

11 U.S.C. § 363(c)(4) provides:

"Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control."

### III.  ARGUMENT

**A.  CREDITOR HAS A FIRST PRIORITY INTEREST IN THE RENTS COLLECTED FROM THE SUBJECT PROPERTY AS CREDITOR'S CASH COLLATERAL AND DEBTOR SHOULD BE REQUIRED TO MAINTAIN A SEGREGATED ACCOUNT FOR THE SUBJECT PROPERTY**.

Pursuant to 11 U.S.C. §§ 552(b) and 362(a), the rents, issues, and profits of the Subject Property are cash collateral of Creditor, in which Creditor has a security interest to the same extent as its security interest in the Subject Property.  *See, In re Wrecclesham Grange, Inc*. 221 B.R. 978, 981 (BC MD FL 1997); *In re Park at Dash Point L.P.*, 121 B.R. 850, 860-861 (Bankr. W.D. Wash. 1990).  Moreover, under 11 U.S.C. § 363(c)(2), Debtor may not use the cash collateral unless Creditor consents or unless the Court makes such an order.  Further, pursuant to 11 U.S.C. § 363(c)(4), the Debtor is required to segregate and account for any and all cash collateral in Debtor's possession.

*In re Park at Dash Point L.P.*, 121 B.R. 850, 860-861 (Bankr. W.D. Wash. 1990), relying on *Butner v. United States*, 440 U.S. 48 (1979) and *Investors Syndicate v. Smith*, 105 F.2d 611, 621-622 (9th Cir. 1929), held that the bankruptcy court's powers are sufficiently broad to allow it to enforce a mortgagee's security interest in rents when and to the extent a state court would do so. The Court further stated:

"We are of the view that enforcing the secured creditor's interest in the rents by declaring the mortgagee to be entitled to the rents collected after a certain date when the mortgagee would have been able to enforce that interest in state court but for the automatic stay is a proper exercise of bankruptcy jurisdiction.  Enforcing or providing adequate protection for that interest, affords in federal bankruptcy court the same protection the mortgagee would have under state law if no bankruptcy had been ensued.  Thus while enforcement by the bankruptcy court is not one of the remedies articulated by state law, it is available under the

federal bankruptcy law and can be implemented in applicable circumstances."

The Assignment of Rents provision in the Deed of Trust encumbering the Subject Property, executed by Debtor, provides for the assignment of the rents from the Subject Property to Creditor. Debtor executed and delivered said Deed of Trust in connection with entering into the Loan and the Deed of Trust was duly recorded in accordance with California law prior to Debtor filing his Chapter 11 bankruptcy petition. See, California Civil Code §2938(a); *United Sav. Ass'n of Texas v. Timers of In Wood Forest Assocs., Ltd*, 484 U.S. 365, 374, 108 S.Ct. 626, 632 (1988). Debtor is operating and managing the property of the bankruptcy estate, including the Subject Property securing Creditor's lien, as a Debtor in Possession under the Code. See, 11 U.S.C. §§1107, 1108. This means Debtor has a fiduciary obligation to segregate and account for Creditor's cash collateral derived for the Subject Property. See, 11 U.S.C. §363(c)(4). *See, Wolf v. Weinstein* (1963) 372 US 633, 649–650, 83 S.Ct. 969, 979–980 (1963); *In re McConville*, 110 F3d 47, 50 (9th Cir. 1997); *In re Woodson* 839 F2d 610, 614 (9th Cir. 1988). *In re Krisle*, 54 B.R. 330, 341 (BC D SD 1985).

As such, Debtor is required to open and maintain a separate DIP for the Subject Property to properly account for any and all rents received and expenses associated with respect to the Subject Property since filing for bankruptcy. The Debtor has been filing Monthly Operating Reports ("MOR") with the Court per Local Bankruptcy Rule 2015 (Dkt. No.96); however, Creditor cannot ascertain whether there is a specific cash collateral account that has been set up for this Subject Property as the MORs do not identify individual properties and appear to be aggregated or using a non-segregated account. Debtor should find a way to list income and expenses for the Subject Property so Creditor and the Court and verify and/or ascertain actual rent and expenses for this Subject Property to verify whether the Subject Property will cash flow for a Chapter 11 Plan, and to substantiate Debtor's budgetary information as noted in the Motion. Further, this ensures Debtor is not using cash collateral to benefit themselves personally, only to benefit the property of the estate. *See, Matter of Plaza Family Partnership*, 95 B.R. 166, 172-174 (B.C. E.D. CA 1989)

Based upon the foregoing, Debtor's Motion should be denied or Debtor should be required to open and/or identify a segregated account information for the Subject Property so Creditor can

5

**Creditor's Opposition to Debtor's Motion to Use Cash Collateral**

clearly ascertain what's been received, and expended for the Subject Property since filing, and during the course of the case.

**B.    CREDITOR SEEKS CLARIFICATION IF DEBTOR IS IN FACT INTENDING ON MAKING THE MONTHLY MORTGAGE PAYMENTS DURING THE CASE FROM THE CASH COLLATERAL, AND REQUESTS THE DEBTOR PROVIDE SUFFICIENT EVIDENCE SUBSTANTIATING NECESSARY REPAIR EXPENSES FOR THE SUBJECT PROPERTY.**

As the post-petition rental payments derived from Subject Property are Creditor's cash collateral, this Court, with or without a hearing, must prohibit or condition the Debtor's use of said cash collateral as is necessary to provide Creditor with adequate protection. See, 11 U.S.C. § 363(e); *In re KNM Roswell Limited Partnership*, 126 B.R. 548, 556 (Bankr. N.D. Ill 1991).

When adequate protection is required under 11 U.S.C. §363, such adequate protection may be provided by: (1) requiring trustee to make periodic cash payments the creditor to the extent that the use results in a decrease in the value of such creditor's interest; 2) providing additional or replacement liens to the extent that such use results in a decrease in the value of the Creditor's interest in such property; or 3) granting such other relief as will result in the realization by such Creditor of the indubitable equivalent of such creditor's interest. See, generally, 11 U.S.C. §361.

Generally, in determining whether adequate protection is available, the Court must consider: 1) the value of the secured creditor's interest; 2) identify risks to the secured creditor's value resulting from debtor's request for use of said cash collateral; and 3) whether debtor's adequate protection proposal protects the value as nearly as possible against the risks to that value consistent with the concept of indubitable equivalence. *See, In re Martin* (8th Cir. 1985) 761 F.2d 472, 476-477. The burden of proving a creditor is adequately protected rests with the Debtors. See, 11 U.S.C. §363(p)(1).

**1.    Creditor Seeks Clarification as to Whether Debtor Intends to Make the Monthly Mortgage Payments to Creditor from the Cash Collateral**:

In the present matter, Debtor's Motion and related budget appear to "allocate" for monthly mortgage payments to Creditor, but the language in the Motion does not expressly clarify whether

the monthly mortgage payments will in fact be made to Creditor from the Cash Collateral. Creditor respectfully seeks clarification of the same.

The Motion asserts the value of the Subject Property is $1.3 million, though, no appraisal or other evidence has been provided in support. *See, Motion*. It's true a debtor's opinion of value can be admissible evidence pursuant to FRE 701 of the Federal Rules of Evidence ("FRE"), which are applicable to these proceedings by virtue of Rule 9017 of the Federal Rules of Bankruptcy Procedure ("FRBP"). However, a Court gives little weight to such evidence, and a debtor is not permitted to provide an opinion of value based upon his or her efforts to compare the residence with other comparative sales. *See, In re Meeks*, 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006); *In re Donoway*, 139 B.R. 156, 158 (Bankr. D. Md. 1992)(As the owner of real estate, the debtor is entitled to render his opinion as to the fair market value of the property. With that one exception, only the testimony of a qualified expert, such as an experienced appraiser, would be admissible on the issue. Real estate brokers and agents without specialized training in real estate appraising are not qualified to testify as to their opinions regarding fair market value).

As such, while initially it would appear Creditor may be over-secured, Creditor nonetheless reserves its right to seek its own value of the Subject Property for these proceedings. Further, Creditor requests the cooperation of Debtor in providing Creditor and/or its appraiser access to the Subject Property to conduct a full inspection.

**2.      Debtor's Motion Fails to Provide Sufficient Evidence Substantiating Certain Proposed Repair Expenses for the Subject Property**.

In the present matter, Debtor's Motion fails to provide sufficient evidence to substantiate certain expenses for the Subject Property, specifically the noted $2,900.00 for "repairs." Creditor understand that maintenance and repairs are certainly beneficial for the Subject Property; however, there's no explanation for these expenses or who will be doing the necessary repairs (e.g. Debtors/insiders, or 3rd party contractors). What is this repair for? Creditor cannot tell if this is historical. Is it monthly, or a 1 time substantive repair to the Subject Property? Was there an insurance claim to offset this necessary expense/cost? Counsel for Creditor has reached out to

Debtor's counsel for further explanation in anticipation of the hearing on the Motion to resolve some of these questions. Thus, Creditor requests the Debtor's Motion be denied for failing to provide sufficient evidence or substantiation or that supplemental substantiation of the repair expenses be provided.

/././

/././

/././

## IV. CONCLUSION

Based upon the foregoing, Creditor respectfully requests this Court deny Debtor's Motion, or, in the alternative, Creditor requests this Court require Debtor to: 1) provide a separate account for the rents derived at the Subject Property and provide an accounting of any and all cash collateral collected from the Subject Property and used, whether for the Subject Property or not; 2) clarify if monthly mortgage payments will be made to Creditor from the Cash Collateral; 3) allow Creditor to obtain an appraisal for the Subject Property; and 4) substantiate the line item repairs with sufficient information as to whether these are 1 time repairs, historical, and/or who will be performing said repairs.

Respectfully submitted,

Dated:    June 17, 2024            ALDRIDGE PITE, LLP

/s/*Todd S. Garan* (CA SBN 236878)
TODD S. GARAN
Attorneys for Wells Fargo Bank National West

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3333 Camino del Rio South, Suite 225 San Diego CA 92108

A true and correct copy of the foregoing document entitled: **Opposition to Debtor's Motion for Order Authorizing Use of Cash Collateral** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___June 17, 2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.la.ecf@usdoj.gov
Kelly L. Morrison- Kelly.l.morrison@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Derrick Talerico - dtalerico@wztslaw.com

**ATTORNEY FOR INDIVIDUAL DEBTOR:**
Carol Chow - Carol.Chow@saul.com
Turner Falk- turner.falk@saul.com
Zev Shechtman- Zev.Shechtman@saul.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ___June 17, 2024___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

**DEBTOR:**
Seaton Investments, LLC
264 S Oakhurst Dr
Beverly Hills, CA 90212

**INDIVIDUAL DEBTOR:**
Alan Gomperts
264 South Oakhurst Drive
Beverly Hills, CA 90212

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/17/2024 | Lauren Timby | /s/ Lauren Timby |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE