E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax Section
ROBERT F. CONTE (SBN 157582)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-6607
     Facsimile: (213) 894-0115
     E-mail: robert.conte@usdoj.gov

Attorneys for United States of America

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al*.,<br><br>    Debtors and Debtors in Possession.<br><br>☐ Affects All Debtors.<br><br>☒ Affects Seaton Investments, LLC<br><br>☐ Affects Colyton Investments, LLC<br><br>☒ Affects Broadway Avenue Investments, LLC<br><br>☒ Affects SLA Investments, LLC<br><br>☐ Affects Negev Investments, LLC<br><br>☒ Affects Alan Gomperts<br><br>☒ Affects Daniel Halevy<br><br>☒ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br><br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>UNITED STATES OF AMERICA'S OPPOSITION TO DEBTORS' OMNIBUS OBJECTION TO PROOFS OF CLAIM OF THE INTERNAL REVENUE SERVICE [Docket. 143]<br><br>Hearing Date:  September 10, 2024<br>Time:  11:00 a.m.<br>Courtroom:  1368 |

To the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge, the debtors, and all interested parties.

PLEASE TAKE NOTICE that at the time and date shown above, the United States of America (United States), on behalf of its agency the Internal Revenue Service (IRS) will, and hereby does, oppose the omnibus objection to priority proofs of claim of the IRS (docket 143) filed by debtors in this jointly administered case (the omnibus objection to claim, docket 143).  The basis for the United States' opposition is set forth in the attached Memorandum of Points and Authorities, the pleadings and records in this case, and all other evidence presented to the Court.

PLEASE TAKE FURTHER NOTICE that the parties are hereby advised that Local Bankruptcy Rule 9013-1(g) requires any reply to this opposition shall be filed with the court and served on the opposing party not later than seven (7) calendar days prior to the hearing. In addition, Local Bankruptcy Rule 9013-1(g)(2) requires that service of reply papers on the opposing parties shall be made by personal service, e-mail, or by overnight mail delivery service.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOLENE TANNER
Assistant United States Attorney
Chief, Tax Section

Dated:  8/26/24                                   /s/  Robert F. Conte
                                                  ROBERT F. CONTE
                                                  Assistant United States Attorney
                                                  Attorneys for the United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

The United States, on behalf of its agency the Internal Revenue Service, opposes debtors' omnibus objection to claim, docket 143, as follows.

## I.    INTRODUCTION

Debtors' omnibus objection to claim, docket 143, is essentially a two page objection filed with respect to the IRS proofs on claim in the matters of Alan Gombarts, Daniel Halevey, Susan Halevey, Seaton Investments, LLC, Broadway Avenue Investments, LLC, and SLA Investments, LLC, six of the eight jointly administered cases in this action.  According to the omnibus objection, these six debtors collectively allege that the IRS proofs of claim filed against them are in error, alleging that the proofs of claim overstate the tax debts owed.  Debtors admit, however, that they have not filed tax returns for the tax years at issue in the proofs of claim and offer no evidence in support of their objections.  Debtors allege that the IRS's estimates of tax due are overstated but do not allege the correct amounts owed by debtors.  Debtors allege that they are having tax returns prepared but do not state when the tax returns will be completed and submitted to the IRS.  Debtors also admit that their objections are essentially pro forma and filed as a place holder to meet the Court's deadline to file objections.  Accordingly, because the IRS's proofs of claim at issue in the omnibus objection are presumed correct and based on legally permissible estimates by the IRS, the omnibus objection to claim, docket 143, should be denied.

## II.    DISCUSSION

### The IRS Proofs of Claim at Issue are Prima Facia Valid and the
### Determinations of the IRS are Entitled to a Presumption of Correctness

The IRS claims are prima facie valid under 11 U.S.C. § 502(a).  A bankruptcy case involving a proof of claim asserting tax liability does not alter the burden imposed by the substantive law.  *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 17 (2000).  The substantive law is federal tax law, which puts the burden on the taxpayer, and affords the determinations of the Secretary a presumption of correctness.  *United States v. Fior D'Italia, Inc*., 536 U.S. 238, 242 (2002) (holding that the IRS was authorized to use estimates based on aggregate estimation method to assess FICA taxes).  The IRS is authorized to make inquiries, determinations and

1    assessments of all taxes which have not been duly paid.  *Id*. at 243.  Courts have consistently

2    held that the IRS estimates are entitled to a presumption of correctness.  *Id*.  The taxpayer has the

3    burden to prove that the Commissioner's determination is invalid.  *Helvering v. Taylor*, 293 U.S.

4    507 (1935).

5        To defeat a proof of claim, the objecting party must provide sufficient evidence and show

6    facts tending to defeat the claim by probative force equal to that of the allegations in the proof of

7    claim.  *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000).  Only if

8    the objecting party produces sufficient evidence to negate one or more of the sworn facts in the

9    proof of claim does the burden shift back to the claimant to then prove the validity of the claim

10   by a preponderance of the evidence.  *Ashford v. Consol. Pioneer Mortg.* (*In re Consol. Pioneer*

11   *Mortg.*), 178 B.R. 222, 226 (1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996) (quoting *Allegheny Int'l,*

12   *Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

13       Debtors have presented no evidence or facts to rebut the validity of the IRS' proofs of

14   claim or to shift the burden to the IRS to prove the validity of its claims.  Debtors admit they

15   have not filed their 2023 tax return.  Accordingly, the IRS has estimated the taxes owed.  The

16   bankruptcy code expressly authorizes that a proof of claim may be estimated.  11 U.S.C. §

17   502(c).  The claims at issue here state, as debtors observe: "Liability is estimated based on

18   available information because the return has not been filed. This claim may be amended as

19   necessary after the debtor files the return or provides other required information."  These

20   estimates are proper under the law.

21       Regardless of when federal taxes are actually assessed, the taxes are considered due and

22   owing and constitute a liability as of the date the tax return for the particular period is required to

23   be filed.  26 U.S.C. § 6151.  Since the taxes at issue here have not yet been assessed and are

24   based on estimates they are also appropriately classified as priority claims.  11 U.S.C.

25   §507(a)(8)(A)(ii).  Under bankruptcy and non-bankruptcy law, the IRS estimates are presumed to

26   be correct.  It is the taxpayer's burden to demonstrate that they are wrong.  *Welch v. Helvering,*

27   290 *U.S. 111, 115 (1933).*

28       Debtors have introduced no evidence to contest the amount or the validity of the IRS'

1   claims at issue here and admit they have not filed tax return for the tax year 2023.  The

2   declarations submitted are self-serving and not based on the personal knowledge of the debtors.

3   The claims are presumptively valid, the Bankruptcy Code expressly allows for the claims to be

4   estimated, and therefore should not be disallowed.

5   **III.    CONCLUSION**

6          Based on the foregoing, debtors' omnibus objection, docket 143, should be denied.

7
                                  Respectfully submitted,
8
                                  E. MARTIN ESTRADA
9                                 United States Attorney
                                  DAVID M. HARRIS
10                                Assistant United States Attorney
                                  Chief, Civil Division
11                                JOLENE TANNER
                                  Assistant United States Attorney
12                                Chief, Tax Section

13  Dated: 8/26/2024             /s/  Robert F. Conte
                                  ROBERT F. CONTE
14                                Assistant United States Attorney
                                  Attorneys for the United States of America
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
300 N. Los Angeles Street, Room 7211
Los Angeles, CA 90012

A true and correct copy of the foregoing document entitled (*specify*): United States of America's Opposition to Debtors'
Omnibus Objection to Proofs of Claim of the Internal Revenue Service [Docket 143] will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
  08/27/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/27/2024 | Barbara Le | /s/ Barbara Le |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## PROOF OF SERVICE OF DOCUMENT (Attachment)

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Scott R Albrecht**    salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- **Tanya Behnam**    tbehnam@polsinelli.com,
  tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Jacquelyn H Choi**    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Carol Chow**    Carol.Chow@saul.com, easter.santamaria@saul.com
- **Christopher Cramer**    secured@becket-lee.com
- **Turner Falk**    turner.falk@saul.com, tnfalk@recap.email
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Jacqueline L James**    jjames@hrhlaw.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Avi Edward Muhtar**    amuhtar@crownandstonelaw.com
- **Bruce D Poltrock**    bpoltrock@frandzel.com, achase@frandzel.com
- **Zev Shechtman**    Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;easter.santamaria@saul.com
- **Derrick Talerico**    dtalerico@wztslaw.com,
  maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**