Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☒ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | **DECLARATION OF GERRICK M. WARRINGTON IN SUPPORT OF ARCHWAY BROADWAY LOAN SPE, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:      October 29, 2024<br>Time:      10:30 a.m.<br>Crtrm.:   1368<br>              255 E. Temple Street<br>              Los Angeles, CA 90012<br><br>Hon. Vincent P. Zurzolo |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

I, Gerrick M. Warrington, declare:

1.    I am a Partner at Frandzel Robins Bloom & Csato, L.C., counsel of record for secured creditor Archway Broadway Loan SPE, LLC, a Delaware limited liability company, successor in interest to Archway Real Estate Income Fund I REIT, LLC fka Archway Real Estate Income Fund I SPE I, LLC ("Archway"). If called as a witness, I could and would competently testify to all facts within my personal knowledge, except where stated upon information and belief.

2.    This declaration is submitted in support of Archway's *Motion for Relief From Automatic Stay* ("Stay Relief Motion") (Dkt. *pending*) filed in the lead case of those jointly-administered debtors, Seaton Investments, LLC ("Seaton"), Colyton Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev" and collectively with Seaton, Colyton, Broadway and SLA, the "Corporate Debtors") and Alan Gomperts ("Mr. Gomperts"), Daniel Halevy ("Mr. Halevy"), and Susan Halevy ("Ms. Halevy" and collectively with Mr. Gomperts and Mr. Halevy, the "Individual Debtors" and collectively with the Corporate Debtors, the "Debtors").

3.    On May 9, 2024, I attended the initial chapter 11 status conferences on behalf of Archway in these jointly-administered bankruptcy cases of the Debtors. Afterward, I caused my office to request and obtain a copy of the transcript ("Transcript"). A true and correct copy of the Transcript is attached as **Exhibit 25**. I have reviewed the Transcript, and it is accurately reflects may recollection of what transpired at the status conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on this 22nd day of October, 2024, at Los Angeles, California.

/s/ Gerrick M. Warrington
Gerrick M. Warrington

# Exhibit 25

# Exhibit 25

GMW-003

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO: 2:24-bk-12079-VZ |
| | ) | CHAPTER  11 |
| | ) | |
| SEATON INVESTMENTS, LLC, | ) | |
| | ) | Los Angeles, California |
| | ) | |
| Debtor. | ) | Thursday, May 9, 2024 |
| | ) | 10:00 a.m. |

JOINTLY ADMINISTERED WITH:
2:24-bk-12074-VZ (ALAN GOMPERTS);
2:24-BK-12075-VZ (DANIEL HALEVY);
2:24-BK-12076-VZ (SUSAN HALEVY);
2:24-BK-12080-VZ (COLYTON INVESTMENTS, LLC);
2:24-BK-12081-VZ (BROADWAY AVENUE INVESTMENTS, LLC);
2:24-BK-12082-VZ (SLA INVESTMENTS, LLC);
2:24-BK-12091-VZ (NEGEV INVESTMENTS, LLC)


STATUS CONFERENCE RE: CHAPTER 11 CASE
[DKT.NOS.7,13,14,15,16,19]

BEFORE THE HONORABLE VINCENT P. ZURZOLO,
UNITED STATES BANKRUPTCY JUDGE


Appearances:            See Page 2


Court Recorder [ECRO]:  Shemainee Carranza
                        855 460-9641

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 8365
                        Corpus Christi, TX 78468
                        361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

**APPEARANCES:**


For Debtors:                DERRICK TALERICO, ESQ.
                            Weintraub Zolkin Talerico & Selth
                            11766 Wilshire Boulevard
                            Suite 730
                            Los Angeles, CA 90025
                            310-207-1494

                            ZEV SHECHTMAN, ESQ.
                            Saul Ewing
                            1888 Century Park East
                            Suite 1500
                            Los Angeles, CA 90067
                            310-255-6130

U.S. Trustee:               KELLY L. MORRISON, ESQ.
                            Office of the U.S. Trustee
                            915 Wilshire Boulevard
                            Suite 1850
                            Los Angeles, CA 90017
                            213-894-2656

Creditors:                  TODD S. GARAN, ESQ.
                            Aldridge Pite
                            8880 Rio San Diego Drive
                            Suite 725
                            San Diego, CA 92108
                            858-750-7600

                            TANYA BEHNAM, ESQ.
                            Polsinelli
                            2049 Century Park East
                            Suite 2900
                            Los Angeles, CA 90067
                            310-556-1801

                            GERRICK WARRINGTON, ESQ.
                            Frandzel Robins Bloom & Csato
                            1000 Wilshire Boulevard
                            19th Floor
                            Los Angeles, CA 90017

GMW-005

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 6 of 24

3

1      **Los Angeles, California; Thursday, May 9, 2024; 10:05 a.m.**

2                          **(Call to Order)**

3            **THE COURT:**  Okay.  Now we come to matters two through

4     nine.  And I know there are different counsel with regards to

5     different cases.  Let me first have an appearance with matters

6     two, six, seven, eight, and nine.

7            **MR. TALERICO:**  Good morning, Your Honor.  This is

8     Derrick Talerico.  I'm counsel to Debtors Seaton Investments,

9     LLC, Colyton Investments, LLC, Broadway Avenue Investments,

10    LLC, SLA Investments, LLC, and Negev Investments, LLC.

11           And also on the phone is Alan Gomperts, who is the

12    authorized representative of all five of those corporate

13    debtors.

14           **THE COURT:**  Okay.  Good morning.

15           And then on behalf of Debtors in three, four, and

16    five.

17           **MR. SHECHTMAN:**  Good morning, Your Honor.  Zev

18    Shechtman of Saul Ewing, LLP.  And I'm with (inaudible) Turner

19    Faulk of Saul Ewing, LLP as well (inaudible) introducing

20    himself, I believe.

21           And we have also on the call our individual debtor

22    clients, Mr. Alan Gomperts, Mr. Daniel Halevy, and Mrs. Susan

23    Halevy.

24           **THE COURT:**  Okay.  Thank you very much, good morning.

25           And then on behalf of the United States --

Case 2:24-bk-12079-VZ    Doc 231-2    Filed 10/22/24    Entered 10/22/24 16:47:46    Desc
Declaration of Gerrick Warrington    Page 7 of 24

4

1          **MR. SPEAKER:**  Good morning, Your Honor.

2          **THE COURT:**  On behalf of the united straits -- United

3    States Trustee for all cases.

4          **MS. MORRISON:**  Yes, good morning, Your Honor.  Kelly

5    Morrison appearing for Peter Sampson (phonetic).

6          **THE COURT:**  Okay.  Good morning.

7          And, let's see, we also have on behalf of U.S. Bank,

8    Wells Fargo, and Nationstar Mortgage.

9          **MR. GARAN:**  Good morning, Your Honor.  Todd Garan

10   appealing on behalf of Wells Fargo and U.S. Bank as to a few of

11   the individual cases, the Daniel Halevy and the Gomperts

12   matters.

13         **THE COURT:**  Okay.  Good morning.

14         And let's see, on behalf of Archway.

15         **MR. WARRINGTON:**  Good morning, Your Honor.  Gerrick

16   Warrington appearing on behalf of Archway in all cases, except

17   for Seaton and Colyton.

18         **THE COURT:**  Good morning.

19         And, let's see, on behalf of Korth Direct.

20         **MS. BEHNAM:**  Good morning, Your Honor, Tanya Behnam

21   with Polsinelli, LLP appearing on behalf of Korth Direct

22   Mortgage, Inc. in the Seaton, Colyton, and the individual

23   debtor cases.

24         **THE COURT:**  Okay.  Good morning.  Okay.

25         So let me hear first from Mr. Talerico, and then I'll

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 8 of 24

5

1  hear from Mr. Shechtman, then I'll hear from everybody else.

2        Mr. Talerico.

3        **MR. TALERICO:**  Yes, thank you, Your Honor.

4        As -- do you want any history as to --

5        **THE COURT:**  I don't --

6        **MR. TALERICO:**  -- prepetition or why we're here or

7  just --

8        **THE COURT:**  No, no, --

9        **MR. TALERICO:**  -- kind of where we are?

10        **THE COURT:**  -- no, I don't need -- I definitely don't

11 want you to repeat everything at this stage so far.

12        **MR. TALERICO:**  Okay.

13        **THE COURT:**  Maybe I can guide you a little bit.  Just

14 give me if anything has changed or if there's any additional

15 information you'd like to provide that would be helpful.

16        And then I'll hear from Mr. Schectman, same

17 questions.

18        **MR. TALERICO:**  No, nothing.

19        I will note that there has been a issue of having

20 property insurance over one of the buildings that had expired

21 that we have addressed.

22        And I've been working with Ms. Morrison to make sure

23 we had that in place and that coverage would be bound today.

24 And we will be square and good on all of our insurance

25 coverage.

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 9 of 24

6

1          And other than that there's -- we've been

2    cooperatively using cash collateral with Gideon's (phonetic)

3    consent on the Seaton, Colyton matters.

4          But we do have some small cash collateral issues to

5    address, SLA and Seaton, Colyton, which we are working on --

6    intend to work on now and may be presenting a stipulation for

7    cash collateral to the Court shortly hopefully.

8          **THE COURT:**  Okay.  Mr. Shechtman.

9          **MR. SHECHTMAN:**  Yes, Your Honor.  Thank you, Your

10   Honor.

11         The individuals are more or less in bankruptcy

12   because of their personal guarantees.  And their cases will --

13   are following the real estate entity debtor cases.  And we will

14   be filing a joint plan.  I think this is all information that's

15   familiar to the Court.

16         We have -- we've been periodically handling amended

17   compliance and schedules and that kind of thing.  I think we've

18   generally been getting everything taken care of.

19         We've been in regular touch with the U.S. Trustee.

20         If we haven't already, we intend to file amended

21   schedules to make some corrections.

22         But overall I think everything is in order in terms

23   of our papers.  And we intend to move forward together with the

24   entity debtors to get toward a plan confirmation.

25         **THE COURT:**  Okay.  And nothing to change or add to

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 10 of 24

7

1   your status report.

2           **MR. SHECHTMAN:**  No, Your Honor, no material updates

3   for the Court since we filed that.

4           **THE COURT:**  Okay, thanks.

5           All right, Ms. Morrison, anything you want to say

6   about these cases?

7           **MS. MORRISON:**  Thank you, Your Honor.

8           Yes, the U.S. Trustee has been in regular contact

9   with both counsel for the corporate entity debtors as well as

10  the individual debtors.

11          The real only compliance issue right now is that

12  Broadway Insurance policy.  But it is, from what I've

13  understood from clients or from counsel, that it's going to be

14  bound today.  So that issue will be resolved.  Thank you.

15          **THE COURT:**  You're welcome.

16          Mr. Garan, anything you want to say?

17          **MR. GARAN:**  Thank you, Your Honor.  I think my

18  clients have some of the regular residential properties.

19          And I did note that for the 2220 Bagley and the 3538

20  Greenfield Avenue there are some cash collateral issues.

21          I haven't seen any motions filed in the joint case

22  for those two properties.  And maybe the respective debtor's

23  counsel can maybe address that.  But other than that we're just

24  monitoring the cases as going along to see where it's going to

25  go.

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 11 of 24

8

1          **THE COURT:**  Okay.  Thanks.

2          Counsel Warrington, anything you want to say about

3   the cases?

4          **MR. WARRINGTON:**  Yes, Your Honor.  Gerrick Warrington

5   for the Archway lender.

6          Other than what's already been addressed with respect

7   to the Broadway property not be insured, which came out of the

8   meeting of creditors on Friday, and I understand that Debtors'

9   counsel is addressing that today.

10         And then also the cash collateral issues with respect

11  to rent coming in on the individual properties.

12         We've been working with Debtor's counsel to appraise

13  some of those properties as well and getting interior and

14  exterior access to those properties (inaudible) so we're still

15  in the midst of doing that.

16         **THE COURT:**  Okay.  Thank you very much.

17         **MR. WARRINGTON:**  Thank you, Your Honor.

18         **THE COURT:**  And then, counsel Behnam, anything you'd

19  like to add?

20         **MS. BEHNAM:**  Thank you, Your Honor, not at this time.

21         **THE COURT:**  Okay.  So, you know, cash collateral use

22  is required -- whether it be consensual or not, you need to

23  have Court authority for it.

24         So you need to move with more alacrity with regard to

25  those in the various cases where you're using cash collateral

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 12 of 24

9

1    and you don't have orders authorizing by stipulating or by

2    motion.  So that needs to be addressed, and quickly.

3            Turning to the deadlines I ordinarily would set with

4    regards to claims objections -- well, claims bar date, claims

5    objections, and a disclosure statement hearing, I'm going to

6    direct this Messrs. Talerico and Shechtman.

7            Is it appropriate to go forward, are you read to move

8    forward with those things or do you need another -- it sounds

9    like this case is still in its nascent infancy stages and

10   you're not quite ready to go there; is that where you are?

11           **MR. TALERICO:**  Thank you, Your Honor.  This is

12   Derrick Talerico.

13           You know, I don't think there's any dispute that

14   these are single-asset real estate debtors and with the

15   (inaudible) timeline in mind for those.  You know, we did

16   intend to have plans on file next month.

17           And this -- these are all -- are financial

18   reorganizations, not operational per se.  So there's not a

19   whole lot that we feel we need to do in the cases, other than,

20   you know put forth a plan that is confirmable.

21           So we do think that we'd like a date set for filing

22   claims, the claims bar deadline.

23           And as far as the hearing date on the plan

24   confirmation, I'm not sure we need that yet.  But, like I said,

25   it's our intention to have a plan on file next month.

GMW-012

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 13 of 24

10

1      **THE COURT:**  Well, it's interesting what the statute

2  says.  It says file a plan.  It doesn't say have a plan

3  confirmed or have a hearing on confirmation.  So that's your

4  requirement.

5      Mr. Schectman, anything different than what

6  Mr. Talerico said?

7      **MR. SHECHTMAN:**  No, Your Honor.  We like this case

8  being jointly administered.  It's efficient and appropriate.

9      And on all those items we would like to try to make

10 sure that we do things efficiently in that regard.

11      **THE COURT:**  Okay.  All right.  Then I'll go ahead and

12 set deadlines.

13      With regards to a claims bar date, you -- I think you

14 had proposed June 14th, which is too soon.  You need to give at

15 least 60 days of notice of the claims bar date.

16      So today is May 9th.  The earliest date that would

17 work would be somewhere around July 9th.  Would you like that

18 date?  I don't know how quickly you can get out your notice,

19 Mr. Talerico.

20      **MR. TALERICO:**  Maybe give us a week after that.

21      **THE COURT:**  Of course.  So July 16.

22      **MR. TALERICO:**  Yes.

23      **THE COURT:**  Okay.  So July 16th, 2024 will be the

24 deadline for claims to be filed.  And you'll need to give at

25 least 60 days' notice of that deadline.

Case 2:24-bk-12079-VZ    Doc 231-2    Filed 10/22/24    Entered 10/22/24 16:47:46    Desc
Declaration of Gerrick Warrington    Page 14 of 24

11

1            And then I don't -- it's unclear from your

2    description this is a financial case as opposed to a

3    reorganization case.  Is this -- do you mean by that this is a

4    liquidating case?

5            And that's important in terms of the next deadline

6    which I may or may not set, and that is setting a deadline on

7    objections to claims.

8            I find it, if not necessary, highly helpful to have

9    all claim objections resolved before the disclosure statement

10   hearing if it's an operational -- if it's a going forward

11   reorganization where the income of the reorganized debtors are

12   going to be used to make payments on claims as opposed to

13   liquidating and paying them off through sales.

14           So which is it likely to be, if you know,

15   Mr. Talerico?

16           **MR. TALERICO:**  This is not a liquidating case.

17           **THE COURT:**  Not a --

18           **MR. TALERICO:**  Sorry, Your Honor, this is

19   Mr. Talerico.  This is not a liquidating case.

20           **THE COURT:**  Okay.  So then I'm inclined to set a

21   deadline for objections to claims.

22           So with that in mind, when would you like me to set

23   it, understanding that the deadline means you must have a

24   hearing set on objections to claims before the date I give you,

25   knowing under the FRBP you're going to have to give 30 days of

12

1  notice of that hearing?

2         **MR. TALERICO:**  I'll defer to Mr. Shechtman, but say

3  60 days from our bar date.

4         **THE COURT:**  Okay.  So roughly -- so sometime in

5  September.  Do you concur, Mr. Shechtman?

6         **MR. SHECHTMAN:**  Yes, Your Honor.  That sounds fine.

7         Now, just to be clear, the Court wants the hearings

8  on claim objections to occur before confirmation of the plan or

9  before approval of disclosure statement?

10         **THE COURT:**  Before the disclosure statement.

11         **MR. SHECHTMAN:**  Before we file the disclosure

12  statement.

13         **THE COURT:**  Well, disclosure --

14         **MR. SHECHTMAN:**  Or before --

15         **THE COURT:**  To me disclosure statements make much

16  more sense and much easier for creditors to understand when we

17  know what the allowed claims are.

18         **MR. SHECHTMAN:**  Sure.  But we're -- we have a

19  July -- not July 16th, but we have a fairly near-term deadline

20  to file a plan and disclosure --

21         **THE COURT:**  And you can --

22         **MR. SHECHTMAN:**  -- statement because of the --

23         **THE COURT:**  You can take that up with Congress

24  because the way they wrote the statute.  So --

25         **MR. SHECHTMAN:**  Okay.

Case 2:24-bk-12079-VZ    Doc 231-2    Filed 10/22/24    Entered 10/22/24 16:47:46    Desc
Declaration of Gerrick Warrington    Page 16 of 24

13

1      **THE COURT:**  -- and you will -- and I'm sure you will

2  comply with the statute which tells you to file a plan.

3      And then what happens with that plan with a

4  disclosure statement, who knows what'll happen.  But I'd like

5  to set --

6      **MR. SHECHTMAN:**  Understood.

7      **THE COURT:**  -- these deadlines --

8      **MR. SHECHTMAN:**  Understood.

9      **THE COURT:**  -- within reality.  That's sort of my

10  goal.  So it makes much more sense in reality in my experience

11  that we know what the claims are before you prepare disclosure

12  statement.

13      And in these cases you're going to be using my

14  mandatory form combined disclosure statement and plan.  So at

15  that point we'll have a really meaningful document.

16      **MR. SHECHTMAN:**  Understood.  And, Your Honor, 60 days

17  from the claims bar date as a -- is that the deadline -- that

18  would be the deadline to file claim objections would be 60 days

19  after the claims bar date, I think --

20      **THE COURT:**  No.  That is the date by which you will

21  have --

22      **MR. SHECHTMAN:**  -- that would be reasonable -- oh.

23      **THE COURT:**  -- set hearings on objections to claims.

24  Because it's self-calendaring, you can control that.

25      **MR. SHECHTMAN:**  Your Honor, I think that makes sense

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 17 of 24

14

1   without prejudice to, you know, requests for an extension if

2   needs arise because of, you know, where -- we don't know today,

3   Your Honor, whether there'll be something that we need to look

4   at more --

5            **THE COURT:**  I understand the world --

6            **MR. SHECHTMAN:**  -- in-depth and --

7            **THE COURT:**  -- changes.  I understand.  So this -- of

8   course every -- all deadlines, except the ones that the Code

9   and the rules say you can't change, which doesn't include this

10  one, if there's cause, then you bring a motion or a stipulation

11  to extend the deadline.

12           **MR. SHECHTMAN:**  Okay.  That sounds fine, Your Honor.

13           **THE COURT:**  So 60 days afterwards, we're talking

14  November.  Okay.

15           And so we'll make it November 21st for objections to

16  claims.  Let's see, wait, wait, wait, hold on a second.  The

17  proof of claim deadline's July 16th.  So September -- make

18  September 20th a deadline for objections to claims.

19           Now I'm going to set a disclosure statement hearing.

20  So I think --

21           **MR. SHECHTMAN:**  Your Honor, I apologize for

22  interrupting.

23           **THE COURT:**  Sure.

24           **MR. SHECHTMAN:**  September 20th is approximately 60

25  days -- it's around 60 days after the claims bar date.

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 18 of 24

15

1          **THE COURT:**  Correct.

2          **MR. SHECHTMAN:**  The Court said that you're going to

3    set that as the deadline to object.

4          **THE COURT:**  No.

5          **MR. SHECHTMAN:**  Do you mean --

6          **THE COURT:**  It's the deadline by which you must have

7    hearings set on objections to claims.  So I'll -- let me just

8    go through the process.

9          So by July 16th, that's the deadline you will see all

10   the claims.  You'll have a chance to look at them, review them,

11   discuss them with the claimants, decide whether you need to

12   object.

13         Then you have 30 days -- well, you'll have to file

14   and serve objections to claims if you need to make any.  And

15   those hearings have to be set on a date before September 20th,

16   2024.

17         **MR. SHECHTMAN:**  Understood.  So the hearing -- the

18   last date to have a hearing scheduled, to have an initial

19   hearing scheduled, would be September 20th.

20         **THE COURT:**  Correct.

21         **MR. SHECHTMAN:**  Got it.  Thank you, Your Honor.

22         **THE COURT:**  Sure.

23         **MR. SHECHTMAN:**  Thank you for the clarification.

24         **THE COURT:**  Oh, no worries.

25         So the next date I'm going to set is an actual

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 19 of 24

16

1   hearing date on a motion to approve a disclosure statement.

2   And, again, it's always subject to change.

3          And everything goes smoothly and everyone holds hands

4   and walks into Court saying you have a consensual plan, you can

5   do it much earlier.

6          So with that in mind, though, by September 20th

7   you're going to know what the status of allowed claims are, and

8   you'll need to file and serve a motion to approve disclosure

9   statement.

10         And you have to follow the timelines set forth in our

11  local bankruptcy rules for that.  So I think you're looking at

12  some time in December.

13         **MR. SHECHTMAN:**  Yes.

14         **THE COURT:**  Okay.  Good.  How about the 12th of

15  December?

16      (No audible response.)

17         Or I'll offer you the 5th of December.  You can have

18  a choice.

19         **MR. TALERICO:**  I'd say December 12th is fine.

20         **THE COURT:**  Okay.

21         **MR. TALERICO:**  On behalf of the corporate debtors.

22         **THE COURT:**  So -- okay.  So I'm not hearing any

23  dissent, so I'm going to say December 12th, 2024 at 11:00 a.m.

24  will be the hearing on the motion to approve your disclosure

25  statement.

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 20 of 24

17

1          And as I mentioned earlier, go to my page, the

2    Court's website, it's probably more than a page now, and see

3    what you need to do for -- with regards to the mandatory form

4    disclosure statement.  And please follow that.

5          Are there any other issues you want to raise at this

6    time, Mr. Talerico?

7          **MR. TALERICO:**  No, Your Honor.

8          One thing I will note, though.  I know that Your

9    Honor has a form, you know, disclosure statement, plan.  We

10   haven't examined it closely to see how well that would work in

11   a joint plan, multi-debtor scenario.

12         I presume we can -- well, maybe if there's an issue

13   there that we see that maybe we could both schedule a status

14   conference (inaudible) Your Honor, but I --

15         **THE COURT:**  Okay.

16         **MR. TALERICO:**  -- (inaudible) --

17         **THE COURT:**  Well you should definitely be familiar

18   with it.  I've been using it in maybe 20 years, so it's been

19   around.

20         **MR. TALERICO:**  Okay.

21         **THE COURT:**  And we've updated it and tried to make it

22   better.

23         And I know it's been used in I think the largest

24   Chapter 11 case in the past 15 years we've had, and they got

25   through it somehow.

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington   Page 21 of 24

18

1          So take a look.  If you really think you can't, you

2   can always file a motion asking for authority not to use it.

3   You'll have to have a very good argument.

4          **MR. TALERICO:**  Understood, Your Honor.  Thank you.

5          **THE COURT:**  Okay.  Mr. Shechtman, anything else you

6   want to raise?

7          **MR. SHECHTMAN:**  Just procedural matters, Your Honor,

8   in terms of the next steps.

9          Are we going to do everything -- are we going to file

10  everything in the lead case?  Are we going to do notice of bar

11  date, you know, and file the -- file all the orders in this

12  lead case?

13         And then do we -- and I apologize if this is already

14  in the order on joint administration.  Are people is -- do we

15  want people to file claims in the -- in each case as per their

16  -- per the schedules or, you know, in terms of a creditor --

17  should a creditor file a claim in the case of the debtor as

18  opposed to the lead case?

19         **THE COURT:**  Okay.  So because they're jointly

20  administered and not substantively consolidated, claims clearly

21  need to be segregated by which debtor is -- that the claimant

22  asserts is responsible for the claim.

23         In terms of other motions and other requests for

24  relief, usually you follow the local bankruptcy rule on joint

25  administration, you file it in the lead case, and then it

GMW-021

Case 2:24-bk-12079-VZ    Doc 231-2    Filed 10/22/24    Entered 10/22/24 16:47:46    Desc
Declaration of Gerrick Warrington    Page 22 of 24

19

1  reflects if it affects all the cases.

2         It may not affect all the cases so that's -- with

3  claims it doesn't necessarily affect all the cases so you have

4  to kind of look case-by-case as to what you need to do with

5  regards to docketing and filing.

6         **MR. SHECHTMAN:**  So my takeaway, Your Honor, is that

7  we file and submit -- we file notices and lodge orders in the

8  main case, in the lead case, but we give instructions for

9  creditors to file in each individual case, in each respective

10  case, whether it's an individual case or a --

11         **THE COURT:**  Yeah.

12         **MR. SHECHTMAN:**  -- a company case.

13         **THE COURT:**  With the caveat that there may be an

14  order that only pertains to one case.  For example, an order

15  disallowing a claim.

16         **MR. SHECHTMAN:**  Understood.  For purposes of today

17  we're talking about notice of a bar date.  And are we doing a

18  scheduling order as well?

19         **THE COURT:**  I'll make sure that -- I'll take care of

20  that.  I'll make sure the scheduling order gets entered.

21         **MR. SHECHTMAN:**  Okay.  So for our purposes we can --

22  you know, the jointly administered debtors will give notice of

23  the bar date.  That's our job.

24         **THE COURT:**  Exactly.

25         **MR. SHECHTMAN:**  Thank you, Your Honor.  Thanks for

GMW-022

Case 2:24-bk-12079-VZ   Doc 231-2   Filed 10/22/24   Entered 10/22/24 16:47:46   Desc
Declaration of Gerrick Warrington    Page 23 of 24

20

1   the clarification again.

2           **THE COURT:**  Any time.  Of course.

3           Okay.  Last chance, anybody else want to say

4   something?

5        (No audible response.)

6           Okay.  Silence is golden.  Thank you all very much.

7   Court is in recess until 10:30.

8        **(This proceeding was adjourned at 10:26 a.m.)**

21

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    **May 14, 2024**

            Signed                                    Dated


            *TONI HUDSON, TRANSCRIBER*