1 | Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
2 | David B. Zolkin (State Bar No. 155410
dzolkin@wztslaw.com
3 | WEINTRAUB ZOLKIN TALERICO & SELTH LLP
4 | 11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
5 | Telephone: (424) 500-8552

6

Counsel to Broadway Avenue Investments, LLC

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

10

| In re: | Lead Case No. 2:24-bk-12079-VZ |
|---|---|
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ |
| Debtors and Debtors In Possession. | |

☐ Affects All Debtors.

☐ Affects Seaton Investments, LLC

☐ Affects Colyton Investments, LLC

☒ Affects Broadway Avenue Investments, LLC

☐ Affects SLA Investments, LLC

☐ Affects Negev Investments, LLC

☐ Affects Alan Gomperts

☐ Affects Daniel Halevy

☐ Affects Susan Halevy

Chapter 11

**DECLARATION OF ALAN D. GOMPERTS IN SUPPORT OF: (1) MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. SECTION 364; AND (2) MOTION OF DEBTOR TO ENTER INTO POST-PETITION LEASE**

Hearing:
Date:       To be Set by the Court
Time:
Courtroom:  1368
            255 E. Temple Street
            Los Angeles, CA 90012

*(left margin, rotated)* WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

### DECLARATION OF ALAN D. GOMPERTS

I, Alan D. Gomperts, hereby declare as follows:

1.    I am a manager of Broadway Avenue Investments, LLC. I make this declaration in support of: (1) the Debtor's *Motion for Order Authorizing Debtor to Enter into Post-Petition Lease*; and (2) the Debtor's *Motion for Order Authorizing Debtor to Obtain Post-Petition Financing* (the "Motions").  Terms not defined herein shall have the same meanings ascribed to them in the Motions.

2.    I have been intimately involved in the business investment and ventures with my brother-in-law Daniel Halevy, mother-in-law Susan Halevy, and now deceased father-in-law David Halevy for decades, including all of the corporate Debtors implicated by this Motion. As such, I am familiar with the management, operations, finances, and books and records of the corporate Debtors specifically and generally as to Susan Halevy and Daniel Halevy.

3.    The Individual Debtors are family and operate a family business together. Debtor Susan Halevy is mother to debtor Daniel Halevy and three other non-debtor children, including Sharon Gomperts, wife of debtor Alan Gomperts.

4.    Susan's husband, David Halevy (deceased), together with Daniel and me, and on occasion non-debtor Simon Harkham, invest in and operate real estate properties, including debtors Seaton, Broadway and SLA. Upon David Halevy's passing in 2023, his interests, to the extent they were not community property, passed to Susan via the Halevy Trust (defined below). As such, Susan Halevy is now the owner – direct, beneficial, equitable, or otherwise – of all interests in the various Debtors previously owned by David Halevy.

5.    These Bankruptcy Cases present two real estate investments that require a restructuring to address defaults on their senior loans: (1) the buildings at 440 Seaton Street, Los Angeles, CA, 90013 (the "Seaton Building"), and 421 Colyton Street, Los Angeles, CA, 90013 (the "Colyton Building"), which together are operated as an economic unit (the "Seaton/Colyton Buildings") and are owned by Debtors Seaton and Colyton, respectively; and (2) the building at

737 S. Broadway, Los Angeles, CA, 90014 (the "Broadway Building"), owned by Debtor Broadway.

6.     The Individual Debtors have each jointly and severally guaranteed (1) certain debt owed to KDM California LLC ("KDM") on account of KDM's $37.1 million in principal amount loaned jointly to Seaton and Colyton and secured by the Seaton/Colyton Buildings, and (2) approximately $19.1 million of loans made by Archway Capital ("Archway") on account of the Broadway Building (the "Broadway Loans"). The Individual Debtors' guaranty liability to Archway is bifurcated into secured and unsecured tranches. Approximately $15 million of Archway's Broadway Loans are made directly to Broadway and guaranteed by the Individual Debtors without collateral. Approximately $4 million of Archway's Broadway Loans are made pursuant to three loans to related entities or groups and are secured by pledges of various real properties owned by the Individual Debtors, 1040 S. Los Angeles Street, Los Angeles, CA (owned and pledged by SLA), and 12800 Foxdale Drive, Desert Hot Springs, CA (owned and pledged by Negev).

7.     Broadway was formed in July 2013 for the purpose of acquiring, developing, and operating the Broadway Building. Broadway's membership consists of: (1) the Halevy Trust (Susan Halevy, beneficial owner); (2) the G&H Trust (Alan Gomperts and Sharon Gomperts, beneficial owners of community property); and (3) Daniel Halevy.

8.     Broadway acquired the Broadway Building in 2013. The Broadway Building is an eight-story structure. At the time it was acquired by Broadway, only the ground floor was habitable. Broadway understands the seven higher floors had not been occupied since the 1950s. In 2015, Broadway entered into a 15-year lease with The GAP for the ground floor of the Broadway Building and developed a plan to remodel and modernize the entire Broadway Building to make every floor habitable and available to lease to commercial tenants.

9.     A majority of the intensive remodel and modernization of the Broadway Building took place between 2015 and 2020. The improvements that were performed included the rehabilitation of the façade of the first three floors of the Broadway Building per the guidance of the Cultural Heritage Commission, installation of a fire and life safety system throughout the

1    building, modernization of the elevator, installation of an HVAC system, fire pump and sprinkler

2    system, emergency backup generator and replacement and installation of electric and plumbing

3    systems throughout the building. In March 2020, after first confirming the full term of its lease, The

4    GAP exercised a one-time early termination provision on its lease as the uncertainty of COVID

5    began to take hold.

6          10.    With an end to the remodel and modernization in sight, Broadway refinanced its

7    outstanding loans with a single loan from Archway in July 2021, in the original principal amount

8    of $16,942,500 (the "Broadway Loan"). The Broadway Loan was guaranteed by David Halevy,

9    Daniel Halevy, and Alan Gomperts.

10         11.    The Broadway Loan matured on August 1, 2022.  After commencing an action for

11   breach against its guarantors and filing a notice of default to begin foreclosure on the Broadway

12   Building, the parties agreed to a restructure (the "Broadway Restructure") that extended the

13   maturity date of the Broadway Loan to December 1, 2023, affirmed the balance due under the

14   Broadway Loan in the principal amount of $15,241,093, and called for $4 million in new loans (the

15   "New Loans") from Archway to benefit the Broadway Loan and the Broadway Building. The New

16   Loans were made via three loan agreements: (1) to Negev for $1,300,000 (the "Negev Loan"); (2)

17   to SLA for $125,000 (the "SLA Loan"); and (3) jointly to David Halevy, the Halevy Trust, Alan

18   Gomperts, the G&H Trust, and Daniel Halevy for $2,575,000 (the "Guarantor Loan"). The Negev

19   Loan was secured by the real property located at 12800 Foxdale Drive, Desert Hot Springs,

20   California, and was guaranteed by David Halevy, with the guaranty secured by David Halevy's

21   membership interests in Negev. The SLA Loan was secured by the real property located at 1040 S.

22   Los Angeles Street and was guaranteed by David Halevy, Susan Halevy, Alan Gomperts, and

23   Daniel Halevy, with the guarantees secured by the guarantors' membership interests in SLA. The

24   Guarantor Loans were secured by the following real property: (1) 3538 Greenfield Avenue, Los

25   Angeles, California (owned by the G&H Trust); (2) 133 S. Palm Drive, Beverly Hills, California

26   (owned by the Halevy Trust); and (3) 8561 Horner Street, Los Angeles, California (owned by

27   Daniel Halevy). The $4 million of proceeds from the New Loans were distributed exclusively for

28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

1  the benefit of Archway and the Broadway Loan, with $1,701,407.01 applied to pay down the

2  balance of the Broadway Loan.

3      12.    With the The GAP's early termination, the building was left empty, and Broadway

4  engaged in efforts to acquire new tenants. These efforts continued post-petition. On or around the

5  time of the Petition Date, Broadway began exploring an opportunity to lease the entire building to

6  a health and mental wellness group that would provide medical and social services to the Los

7  Angeles homeless and transient population, in-line with directives from the City to address the

8  issues and needs of this popoulation (the "Project"). What began as a possibility quickly developed

9  into a full-on effort to put together the people, providers, and structure needed to make the Project

10  a reality.

11      13.    Broadway has now assembled a team that is ready to immediately execute on the

12  Project and have medical and social services up and running at the Property in a matter of months.

13  To this end, Broadway has obtained a commitment from Honor Enterprise Funding LLC to provide

14  a $4 million DIP loan to Broadway to fund the Project and an executed 15-year lease from the

15  operators and managers of the Project. With the approval of the motions for the proposed DIP loan

16  and whole-building lease, Broadway's ability to confirm a plan of reorganization will be assured.

17      14.    Broadway has tried and cannot obtain unsecured administrative credit due to its

18  current lack of equity in the Property, current lack of income, and current bankruptcy status.

19  Broadway cannot qualify for unsecured debt or debt with an administrative priority. Honor is

20  currently the only lender Broadway has been able to locate who is willing to provide the DIP Loan.

21  Honor is unique as a lender in that it understands the Project and is therefore willing to lend the

22  business plan presented by the Project, without taking a lien against the Property. Broadway

23  struggled to obtain a DIP Loan that did not require priming existing liens and is quite fortunate to

24  have secured a DIP Loan that does not seek to subordinate existing lienholders. Considering the

25  specialized use for the DIP Loan to fund the Project, current lack of income, and bankruptcy status,

26  Broadway believes the terms of the DIP Loan are fair and reasonable including a reasonable. Based

27  upon the foregoing, the Court can conclude that financing is not available to the Debtor on an

28  unsecured basis.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

1    15.    Broadway does not currently generate revenue. Its sole asset is a commercial

2    building that has no tenants. The DIP Loan and the full-building lease will allow Broadway to

3    generate cash flow (rent) that will allow Broadway confirm a plan that can pay secured liens in full,

4    pay the costs of administration, and potentially provide a return for unsecured creditors. Absent the

5    DIP Loan, the value of the Property (and hence the value of the Broadway estate) is far less than

6    the secured lien on the Property. The Project – made possible by the DIP Loan and Lease – will

7    turn what could be an administratively insolvent case into a successful restructure.

8    16.    The Lease has three primary obligors and co-lessees: Levav Group LLC ("Levav");

9    Zenith Healthcare Management, LLC ("Zenith"), and DMB Fund, a California non-profit d/b/a

10    Broadway Community Care Centers ("DMB," together with Levav and Zenith, the "Lessees"). An

11    executed copy of the Lease is attached to the Motion as **Exhibit A**. The Lease is a huge win for

12    Broadway. The Property – currently without any tenant – will be fully leased, and the rent generated

13    by the Lease will allow Broadway to propose a plan to pay its creditors.

14    17.    Entering into the Lease is an exercise of Broadway's business judgment. Broadway

15    has developed the Project over the prior 6 months. These efforts have culminated in the signed, 15-

16    year, whole-building Lease and a DIP loan commitment of $4 million requiring security only in

17    assets acquired post-petition which are not subject to an existing lien by any secured creditors. I

18    have personally been involved in all aspects of the formulation of the Project, the negotiations on

19    the terms of the Lease and the DIP Loan. I am confident that the Lessees are committed to and able

20    to perform on the Lease and are ready to take possession and begin the on-site requirements for the

21    Project immediately.

22    18.    Broadway attempted in good faith over the course of many months post-petition to

23    obtain Archway's consent to subordinate to the DIP Loan. Broadway was unsuccessful in obtaining

24    Archway's consent to subordinate, which held up the Lease. It was not until the last two weeks that

25    Broadway was able to negotiate terms with Honor to obtain the DIP Loan without a priming lien

26    on Archway's collateral. With the DIP Loan secured, Broadway is now able to seek the approval

27    of both the DIP Loan and the Lease.

28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3        Executed on October 23, 2024, at Beverly Hills, California.

4

5

6    ALAN GOMPERTS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
     11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF ALAN D. GOMPERTS IN SUPPORT OF (1) MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. SECTION 364; AND (2) MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO POST-PETITION LEASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 24, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 24, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo                    (via personal delivery)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 24, 2024 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Seaton Investments, LLC – Jointly Administered

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.</u>: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley</u>: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- <u>Attorneys for Creditor First Foundation Bank</u>: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- <u>Attorneys for Creditor Korth Direct Mortgage, Inc.</u>: **Tanya Behnam**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- <u>Attorneys for Creditor United States of America on behalf of the Internal Revenue Service</u>: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- <u>Courtesy NEF/Interested Party</u>: **Christopher Cramer**: secured@becket-lee.com
- <u>Attorneys for Creditor Archway Real Estate Income Fund I SPE I, LLC</u>: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com
- <u>Attorneys for Creditor Wells Fargo National Bank West</u>: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jacqueline L James**: jjames@hrhlaw.com
- <u>Courtesy NEF/Interested Party Avi Muhtar</u>: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A.</u>: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- <u>US Trustee's Office</u>: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*        **F 9013-3.1.PROOF.SERVICE**