Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
David B. Zolkin (State Bar No. 155410
dzolkin@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtor Broadway Avenue
Investments, LLC

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☒ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**AMENDED MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:<br>Date:    November 19, 2024<br>Time:   11:00 a.m.<br>Crtrm:  1368<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

-1-
DEBTOR'S AMENDED MOTION FOR DIP FINANCING

Debtor, Broadway Avenue Investments, LLC ("Broadway"), hereby files this *Motion Of Debtor And Debtor In Possession For Order Authorizing The Debtor To Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* ("Motion"). In support of the Motion, the Debtor represents as follows:

## I.    GENERAL BACKGROUND

On March 18, 2024 (the "Individual Petition Date") and on March 19, 2024 (the "Corporate Petition Date"), each of the above-captioned jointly administered debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court entered an order on April 1, 2024 for the Debtors' cases to be jointly administered [Dkt. 16]. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in the Bankruptcy Cases.

On April 1, 2024, the Court entered an order; (1) setting July 16, 2024 as the claims bar date; (2) setting September 20, 2024 as the last date for a hearing to be held on objections to claims; and (3) setting December 12, 2024 as the date for a hearing on a motion for approval of adequacy of disclosure statement.

## II.    STATEMENT OF FACTS

### A.    Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

/ / /

### B. The Cases and the Debtor

The Individual Debtors are family and operate a family business together. Debtor Susan Halevy is mother to debtor Daniel Halevy and three other non-debtor children, including Sharon Gomperts, wife of debtor Alan Gomperts.

Susan's husband, David Halevy (deceased), together with Daniel and Alan, and on occasion non-debtor Simon Harkham, invest in and operate real estate properties, including debtors Seaton, Broadway and SLA. Upon David Halevy's passing in 2023, his interests, to the extent they were not community property, passed to Susan via the Halevy Trust (defined below). As such, Susan Halevy is now the owner – direct, beneficial, equitable, or otherwise – of all interests in the various Debtors previously owned by David Halevy.

These Bankruptcy Cases present two real estate investments that require a restructuring to address defaults on their senior loans: (1) the buildings at 440 Seaton Street, Los Angeles, CA, 90013 (the "Seaton Building"), and 421 Colyton Street, Los Angeles, CA, 90013 (the "Colyton Building"), which together are operated as an economic unit (the "Seaton/Colyton Buildings") and are owned by Debtors Seaton and Colyton, respectively; and (2) the building at 737 S. Broadway, Los Angeles, CA, 90014 (the "Broadway Building"), owned by Debtor Broadway.

The Individual Debtors have each jointly and severally guaranteed (1) certain debt owed to KDM California LLC ("KDM") on account of KDM's $37.1 million in principal amount loaned jointly to Seaton and Colyton and secured by the Seaton/Colyton Buildings, and (2) approximately $19.1 million of loans made by Archway Capital ("Archway") on account of the Broadway Building (the "Broadway Loans"). The Individual Debtors' guaranty liability to Archway is bifurcated into secured and unsecured tranches. Approximately $15 million of Archway's Broadway Loans are made directly to Broadway and guaranteed by the Individual Debtors without collateral. Approximately $4 million of Archway's Broadway Loans are made pursuant to three loans to related entities or groups and are secured by pledges of various real properties owned by the Individual Debtors, 1040 S. Los Angeles Street, Los Angeles, CA (owned and pledged by SLA), and 12800 Foxdale Drive, Desert Hot Springs, CA (owned and pledged by Negev).

Broadway was formed in July 2013 for the purpose of acquiring, developing, and operating the Broadway Building. Broadway's membership consists of: (1) the Halevy Trust (Susan Halevy, beneficial owner); (2) the G&H Trust (Alan Gomperts and Sharon Gomperts, beneficial owners of community property); and (3) Daniel Halevy.

Broadway acquired the Broadway Building in 2013. The Broadway Building is an eight-story structure. At the time it was acquired by Broadway, only the ground floor was habitable. Broadway understands the seven higher floors had not been occupied since the 1950s. In 2015, Broadway entered into a 15-year lease with The GAP for the ground floor of the Broadway Building and developed a plan to remodel and modernize the entire Broadway Building to make every floor habitable and available to lease to commercial tenants.

A majority of the intensive remodel and modernization of the Broadway Building took place between 2015 and 2020.  The improvements that were performed included the rehabilitation of the façade of the first three floors of the Broadway Building per the guidance of the Cultural Heritage Commission, installation of a fire and life safety system throughout the building, modernization of the elevator, installation of an HVAC system, fire pump and sprinkler system, emergency backup generator and replacement and installation of electric and plumbing systems throughout the building. In March 2020, after first confirming the full term of its lease, The GAP exercised a one-time early termination provision on its lease as the uncertainty of COVID began to take hold.

With an end to the remodel and modernization in sight, Broadway refinanced its outstanding loans with a single loan from Archway in July 2021, in the original principal amount of $16,942,500 (the "Broadway Loan"). The Broadway Loan was guaranteed by David Halevy, Daniel Halevy, and Alan Gomperts.

The Broadway Loan matured on August 1, 2022.  After commencing an action for breach against its guarantors and filing a notice of default to begin foreclosure on the Broadway Building, the parties agreed to a restructure (the "Broadway Restructure") that extended the maturity date of the Broadway Loan to December 1, 2023, affirmed the balance due under the Broadway Loan in the principal amount of $15,241,093, and called for $4 million in new loans (the "New Loans") from Archway to benefit the Broadway Loan and the Broadway Building. The New Loans were

made via three loan agreements: (1) to Negev for $1,300,000 (the "Negev Loan"); (2) to SLA for $125,000 (the "SLA Loan"); and (3) jointly to David Halevy, the Halevy Trust, Alan Gomperts, the G&H Trust, and Daniel Halevy for $2,575,000 (the "Guarantor Loan"). The Negev Loan was secured by the real property located at 12800 Foxdale Drive, Desert Hot Springs, California, and was guaranteed by David Halevy, with the guaranty secured by David Halevy's membership interests in Negev. The SLA Loan was secured by the real property located at 1040 S. Los Angeles Street and was guaranteed by David Halevy, Susan Halevy, Alan Gomperts, and Daniel Halevy, with the guarantees secured by the guarantors' membership interests in SLA. The Guarantor Loans were secured by the following real property: (1) 3538 Greenfield Avenue, Los Angeles, California (owned by the G&H Trust); (2) 133 S. Palm Drive, Beverly Hills, California (owned by the Halevy Trust); and (3) 8561 Horner Street, Los Angeles, California (owned by Daniel Halevy). The $4 million of proceeds from the New Loans were distributed exclusively for the benefit of Archway and the Broadway Loan, with $1,701,407.01 applied to pay down the balance of the Broadway Loan.

As of the Petition Date, the Debtor's scheduled the outstanding debt owed to Archway at $15,663,398 on the Broadway Loan, $1,336,020 on the Negev Loan, $128,958 on the SLA Loan, and $2,646,348.96 on the Guarantor Loan. Archway filed a proof of claim stating the amount owed by Broadway as of the Petition Date was $16,162,043.85 plus post-petition interest, fees, and costs.

### C. The Bankruptcy

With the The GAP's early termination, the building was left empty, and Broadway engaged in efforts to acquire new tenants. These efforts continued post-petition. On or around the time of the Petition Date, Broadway began exploring an opportunity to lease the entire building to a health and mental wellness group that would provide medical and social services to the Los Angeles homeless and transient population, in-line with directives from the City to address the issues and needs of this popoulation (the "Project"). What began as a possibility quickly developed into a full-on effort to put together the people, providers, and structure needed to make the Project a reality.

Broadway has now assembled a team that is ready to immediately execute on the Project and have medical and social services up and running at the Property in a matter of months. To this

end, Broadway has obtained a commitment from Honor Enterprise Funding LLC to provide a $4 million DIP loan (the "DIP Loan") to Broadway to fund the Project and an executed 15-year lease from the operators and managers of the Project. With the approval of the motions for the proposed DIP loan and whole-building lease, Broadway's ability to confirm a plan of reorganization will be assured.

### D. DIP Loan Terms

As explained above, Broadway seeks post-petition financing to be used to fund the Project and for administrative costs of Broadway's bankruptcy. The DIP Loan would not prime any existing secured liens but would be secured only by grants, subsidies, and other government and NGO incentives applied for and received post-petition ("Incentives") and any assets acquired with the proceeds of the DIP Loan. The only source willing to provide the Debtor with financing is Honor Enterprise Funding LLC ("Honor"). The Debtor believes the cost of the DIP Loan is fair and reasonable. Attached as **Exhibit A** to the Declaration of Kirk Gill (the "Gill Declaration"), is a true and correct copy of the term sheet setting forth the material terms of the DIP Loan. The terms of the DIP Loan are summarized as follows:

   i. Amount: $4 million principal loan;
   ii. Origination fee: 6%
   iii. Diligence fee: $10,000
   iv. Term: 12 months
   v. Interest rate: 14%
   vi. Loan amortization: interest only payments
   vii. Interest reserve: 4 months
   viii. Security interest: grants, subsidies, and other government and NGO incentives paid to Broadway

## II. LEGAL ARGUMENT

"Section 364(c) provides that, if the trustee (here DIP) is unable to obtain unsecured credit allowable as an administrative expense under § 503(b)(1), the court may authorize obtaining of

credit or incurring of debt (1) with priority over any or all administrative expenses, (2) secured by a lien on otherwise unencumbered property of the estate, or (3) secured by a junior lien on property." *In re Tamarack Resort, LLC*, 2010 Bankr. LEXIS 3680, *34.

To obtain financing secured by a lien on property of the estate that is not otherwise subject to a lien pursuant to section 364(c)(2), the trustee must "demonstrate that it has reasonably attempted, but failed, to obtain unsecured credit under sections 364(a) or (b)." *See In re Ames Dept. Stores Inc.*, 115 B.R. 34, 37 (Bankr S.D.N.Y. 1990).

Courts will evaluate the facts and circumstances of a debtor's case and will accord significant weight to the necessity for obtaining financing so long as it does not run afoul of the provisions and policies underlying the Bankruptcy Code. *See, e.g., Bray v. Shenandoah Fed. Sav. & Loan Ass'n. (In re Snow Shoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986) (approving debtor-in-possession financing necessary to sustain seasonal business); *Ames*, 115 B.R. at 40 ("[C]ases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest.").

The traditional test for evaluating requests under Section 364(c) is: (1) the debtor cannot obtain unsecured administrative credit; (2) the credit is necessary to preserve the assets of the estate; and (3) the terms of the credit are fair and reasonable. *In re Crouse Group, Inc.,* 71 B.R. 544 Bankr.E.D.Pa. 1987).

### 1. The Debtor Cannot Obtain any Other Sources Unsecured Financing and the DIP Loan Terms are Fair and Reasonable

Broadway has tried and cannot obtain unsecured administrative credit due to its current lack of equity in the Property, current lack of income, and current bankruptcy status, as set forth in the Declaration of Alan Gomperts filed concurrently herewith. Broadway cannot qualify for unsecured debt or debt with an administrative priority. Honor is currently the only lender Broadway has been able to locate who is willing to provide the DIP Loan. Honor is unique as a lender in that it understands the Project and is therefore willing to lend the business plan presented by the Project,

without taking a lien against the Property. Broadway struggled to obtain a DIP Loan that did not require priming existing liens and is quite fortunate to have secured a DIP Loan that does not seek to subordinate existing lienholders. Considering the specialized use for the DIP Loan to fund the Project, current lack of income, and bankruptcy status, Broadway believes the terms of the DIP Loan are fair and reasonable including a reasonable. Based upon the foregoing, the Court can conclude that financing is not available to the Debtor on an unsecured basis.

### 2. The DIP Loan Is Necessary to Preserve the Assets of the Estate

As explained above, Broadway does not currently generate revenue. Its sole asset is a commercial building that has no tenants. The DIP Loan and the full-building lease (approval sought by separate motion) will allow Broadway to generate cash flow (rent) that will allow Broadway to confirm a plan that can pay secured liens in full, pay the costs of administration, and potentially provide a return for unsecured creditors. Absent the DIP Loan, the value of the Property (and hence the value of the Broadway estate) is far less than the secured lien on the Property. The Project – made possible by the DIP Loan and Lease – will turn what could be an administratively insolvent case into a successful restructure.

## III. PROCEDURAL REQUIREMENTS

In compliance with Rule 4001 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 4001-2 of the Local Bankruptcy Rules ("LBR"), the Debtor has completed and filed Form 4001.2 Finance Statement with the Motion.

## III. CONCLUSION

For the reasons set forth herein, Broadway respectfully requests that the Court enter an order:

1. Granting the Motion in its entirety;
2. Authorizing the Debtor to enter into the DIP Loan with Honor Enterprise Funding LLC;

3. Authorizing Honor to file UCC-1 financing statements and take such other steps as Honor may deem necessary to perfect a lien on Incentives; and

4. Granting such other and further relief as this Court deems just and proper under the circumstances.

Dated:  October 24, 2024                **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
     Derrick Talerico
Counsel to Debtor Broadway Avenue Investments, LLC

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **AMENDED MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. SECTION 364; MEMORANDUM OF POINTS AND AUTHORITIES**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 28, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/24/2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached U.S. Mail service list

☒   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 28, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo          (via Priority Mail)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 28, 2024 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

Seaton Investments, LLC – Jointly Administered

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Archway Real Estate Income Fund I SPE I, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com
- Attorneys for Creditor Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@hrhlaw.com
- Courtesy NEF/Interested Party Avi Muhtar: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

```
Label Matrix for local noticing          Archway Broadway Loan SPE, LLC           Broadway Avenue Investments, LLC
0973-2                                   Frandzel Robins Bloom & Csato, L.C.      264 S. Oakhurst Dr
Case 2:24-bk-12081-VZ                    c/o Michael Gerard Fletcher              Beverly Hills, CA 90212-3504
Central District of California           1000 Wilshire Blvd., 19th Fl.
Los Angeles                              Los Angeles, CA 90017-2457   NEF PARTY
Mon Oct 28 14:54:26 PDT 2024

Los Angeles Division                     802 Mateo Street LLC                     Alan D Gomperts
255 East Temple Street,                  Attn Daniel Halevy                       264 S Oakhurst Dr
Los Angeles, CA 90012-3332               802 Mateo St                             Beverly Hills, CA 90212-3504
                                         Los Angeles, CA 90021-1712


Alta Fire Pro                            Archway Broadway Loan SPE, LLC           Archway Real Estate Income
PO Box 7007                              c/o Michael Fletcher                     Fund I SPE I, LLC
Mission Hills, CA 91346-7007             Frandzel Robins Bloom & Csato, L.C.      10100 Santa Monica Blvd Ste 500
                                         1000 Wilshire Blvd., 19th Fl             Los Angeles, CA 90067-4121
                                         Los Angeles, CA 90017-2457   NEF PARTY


Archway Real Estate Income Fund I REIT, LLC   CA Dept of Tax and Fee Admin        California Refrigeration & Supply
Michael Gerard Fletcher                       Account Info Group MIC29            1926 Glendon Ave Apt 4
c/o FRANDZEL ROBINS BLOOM & CSATO, L.C        PO Box 942879                       Los Angeles, CA 90025-4661
1000 Wilshire Boulevard, 19th Floor           Sacramento, CA 94279-0029
Los Angeles, California 90017-2457   NEF PARTY


Capital One                              Commune Events Inc                       Daniel Halevy
PO Box 30285                             802 Mateo St                             257 S Linden Dr
Salt Lake City, UT 84130-0285            Los Angeles, CA 90021-1712               Beverly Hills, CA 90212-3704


Employment Development Dept              Franchise Tax Board                      Gomperts and Halevy Family Trust
Bankruptcy Group MIC 92E                 Bankruptcy Section MS A-340              264 Oakhurst Dr
PO Box 826880                            PO Box 2952                              Beverly Hills, CA 90212-3504
Sacramento, CA 94280-0001                Sacramento, CA 95812-2952


Halevy Family Trust                      Internal Revenue Service                 Joshua Mogin Esq
Dated September 6 2010                   PO Box 7346                              Thompson Coburn LLP
257 S Linden Dr                          Philadelphia, PA 19101-7346              10100 Santa Monica Blvd Ste 500
Beverly Hills, CA 90212-3704                                                      Los Angeles, CA 90067-4121


(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE   Mark Berkowitz                    Mordechai Miky Acoca
ATTN BANKRUPTCY UNIT                            5850 Canoga Ave                   1926 Glendon Ave #4
PO BOX 54110                                    Woodland Hills, CA 91367-6505     Los Angeles, CA 90025-4661
LOS ANGELES CA 90054-0110


RG Fire Inc                              Seaton Investments LLC                   Sharon Gomperts
8721 Laurel Canyon Blvd                  264 S Oakhurst Dr                        264 S Oakhurst Dr
Sun Valley, CA 91352-2919                Beverly Hills, CA 90212-3504             Beverly Hills, CA 90212-3504


Sienna Rose Inc                          (p)SOUTHERN CALIFORNIA EDISON COMPANY    Sue Halevy
433 Colyton St                           1551 W SAN BERNARDINO ROAD               257 S Linden Dr
Los Angeles, CA 90013-2210               COVINA CA 91722-3407                     Beverly Hills, CA 90212-3704
```

~~United States Trustee (LA)~~
~~915 Wilshire Blvd, Suite 1850~~
~~Los Angeles, CA 90017-3560~~
 NEF PARTY

~~Derrick Talerico~~
~~Weintraub Zolkin Talerico & Selth LLP~~
~~11766 Wilshire Blvd~~
~~Suite 730~~
~~Los Angeles, CA 90025-6577~~
 FILING ATTORNEY