Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>    Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☒ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br><br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and<br>2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**EVIDENTIARY OBJECTIONS TO AMENDED DECLARATION OF ALAN D. GOMPERTS IN SUPPORT OF:<br>(1) MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. SECTION 364; AND (2) MOTION OF DEBTOR TO ENTER INTO POST-PETITION LEASE**<br><br>Date:    October 29, 2024<br>Time:    10:30 a.m.<br>Crtrm.:  1368<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br><br>Hon. Vincent P. Zurzolo |

1
EVIDENTIARY OBJECTIONS TO DECLARATION OF ALAN D. GOMPERTS

Secured creditor, Archway Broadway Loan SPE, LLC, a Delaware limited liability company, successor in interest to Archway Real Estate Income Fund I REIT, LLC ("Archway"), objects to certain portions of the Declaration of Alan D. Gomperts ("Mr. Gomperts") ("Gomperts Declaration") submitted by Broadway Avenue Investments, LLC ("Broadway") in support of Broadway's *Amended Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* ("DIP Motion") (Dkt. 253) and *Amended Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter into Post-Petition Lease* ("Lease Motion") (Dkt. 248).

Archway objects to, and moves to strike, all such portions of the Gomperts Declaration and exhibits, as set forth below.

| No. | Testimony | Objections |
|---|---|---|
| 1. | Gomperts Decl., ¶ 13, 5:15–16:<br><br>"With the approval of the motions for the proposed DIP loan and whole-building lease, Broadway's ability to confirm a plan of reorganization will be assured." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The testimony lacks foundation as to how Mr. Gomperts knows that Broadway's ability to confirm a plan of reorganization will be assured.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts is not testifying as an expert, but his testimony as to whether reorganization will be "assured" is a legal conclusion, based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue.<br><br>Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. |
| 2. | Gomperts Decl., ¶ 14, 5:17–18:<br><br>"Broadway has tried and cannot obtain unsecured administrative credit due to its current lack of equity in the Property, current lack of income, and current bankruptcy status." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The testimony lacks foundation and should therefore be stricken. |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| No. | Testimony | Objections |
|---|---|---|
| 3. | Gomperts Decl., ¶ 14, 5:22–24:<br><br>"Broadway struggled to obtain a DIP Loan that did not require priming existing liens and is quite fortunate to have secured a DIP Loan that does not seek to subordinate existing lienholders." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The quoted testimony lacks foundation and should be stricken.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts's testimony about whether the DIP Loan "seek[s] to subordinate existing lienholders" is a legal conclusion, based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. |
| 4. | Gomperts Decl., ¶ 15, 6:2–7:<br><br>"The DIP Loan and the full-building lease will allow Broadway to generate cash flow (rent) that will allow Broadway confirm a plan that can pay secured liens in full, pay the costs of administration, and potentially provide a return for unsecured creditors. Absent the DIP Loan, the value of the Property (and hence the value of the Broadway estate) is far less than the secured lien on the Property. The Project – made possible by the DIP Loan and Lease – will turn what could be an administratively insolvent case into a successful restructure." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The quoted testimony lacks foundation and should be stricken.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts is not testifying as an expert and therefore his testimony is limited by Fed. R. Evid. 701. But here his testimony as to whether or not the he lease and loan will allow Broadway to confirm a plan, or the impact on the value of the Broadway Property, and/or administrative insolvency of the estate, are all based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. |

| No. | Testimony | Objections |
|---|---|---|
| 5. | Gomperts Decl., ¶ 16, 6:11–13:<br><br>"The Lease is a huge win for Broadway. The Property – currently without any tenant – will be fully leased, and the rent generated by the Lease will allow Broadway to propose a plan to pay its creditors." | **Lack of Foundation (Fed. R. Evid. 602)**<br>The testimony lacks foundation and is speculative. Therefore, such testimony is inadmissible and should be stricken.<br><br>**Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts is not testifying as an expert and therefore his testimony is limited by Fed. R. Evid. 701. But here his testimony as to whether or not the lease is a "win" or whether it will allow Broadway to propose a plan is based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. |
| 6. | Gomperts Decl., ¶ 17, 6:14:<br><br>"Entering into the Lease is an exercise of Broadway's business judgment." | **Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts is not testifying as an expert and therefore his testimony is limited by Fed. R. Evid. 701. But here his testimony as to whether entering to the lease is an exercise of "business judgment" is a legal conclusion based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. |
| 7. | Gomperts Decl., ¶ 17, 6:15–17:<br><br>"These efforts have culminated in the signed, 15-year, whole-building Lease and a DIP loan commitment of $4 million *requiring security only in assets acquired post-petition which are not subject to an existing lien by any secured creditors*." | **Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts is not testifying as an expert and therefore his testimony is limited by Fed. R. Evid. 701. But here the italicized portion of the testimony is based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. |

| No. | Testimony | Objections |
|---|---|---|
| 8. | Gomperts Decl., ¶ 18, 6:25–26:<br><br>"It was not until the last two weeks that Broadway was able to negotiate terms with Honor to obtain the DIP Loan *without a priming lien on Archway's collateral*." | **Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts is not testifying as an expert and therefore his testimony is limited by Fed. R. Evid. 701. But here the italicized portion of the testimony is based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. |

DATED: November 5, 2024

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON


By:    /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC