1 | Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
2 | Gerrick M. Warrington (State Bar No. 294890)
gwarrington@frandzel.com
3 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
4 | Los Angeles, California 90017-2427
Telephone: (323) 852-1000
5 | Facsimile: (323) 651-2577

6 | Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 |

| 12 | In re | Lead Case No. 2:24-bk-12079-VZ |
|---|---|---|
| 13 | SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| 14 | Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; |
| 15 | | 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| 16 | | |
| 17 | Affects: | Chapter 11 |
| 18 | ☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC | **ARCHWAY BROADWAY LOAN SPE, LLC'S OPPOSITION TO AMENDED MOTION OF DEBTOR AND DEBTOR IN** |
| 19 | ☒ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC | **POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER** |
| 20 | ☐ Negev Investments, LLC<br>☐ Alan Gomperts | **AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING** |
| 21 | ☐ Daniel Halevy<br>☐ Susan Halevy | **PURSUANT TO 11 U.S.C. § 364** |
| 22 | | Date:      November 19, 2024<br>Time:      11:00 a.m. |
| 23 | | Crtrm.:    1368 |
| 24 | | 255 E. Temple Street<br>Los Angeles, CA 90012 |
| 25 | | Hon. Vincent P. Zurzolo |

26 |

27 |

28 |

# TABLE OF CONTENTS

**Page**

I.    Introduction ................................................................................................................4

II.    Background ................................................................................................................4

III.    Discussion ................................................................................................................5

    A.    Broadway Has a Readily Available Source of Unsecured Credit—its Members. ....................................................................................................5

    B.    The Priming Lien is Impermissible, and Broadway Has Not Shown Adequate Protection to Archway. ...................................................6

    C.    Service of the DIP Motion is Defective. .............................................7

    D.    The Motion Fails to Attach the DIP Credit Agreement or Proposed Order. ....8

IV.    Conclusion ................................................................................................................8

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

ARCHWAY'S OPPOSITION TO BROADWAY DIP MOTION

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**Page(s)**

**Federal Cases**

*In re Ames Dep't Stores, Inc.,*
    115 B.R. 34 (Bankr. S.D.N.Y. 1990) ................................................................. 5

*In re AWTR Liquidation Inc.,*
    548 B.R. 300 (Bankr. C.D. Cal. 2016) ............................................................. 5

*In re Swedeland Dev. Group, Inc.,*
    16 F.3d 552 (3d Cir. 1994) ................................................................................ 6

*In re Swedeland Dev. Group, Inc.,*
    552 F.3d at 564 ................................................................................................. 6

**State Cases**

*Berg & Berg Enterprises, LLC v. Boyle,*
    178 Cal. App. 4th 1020 (2009) ......................................................................... 5

**Federal Statutes**

11 U.S.C. § 364 ........................................................................................... 4, 5, 7

11 U.S.C. § 364(d)(1)(B) ..................................................................................... 6

11 U.S.C. § 364(d)(2) .......................................................................................... 6

**State Statutes**

Cal. Comm. Code § 9203(a) ................................................................................ 6

**Rules**

Fed. R. Bankr. P. 4001(c)(1)(A) ...................................................................... 7, 8

Fed. R. Bankr. P. 7001(2), (8) ............................................................................ 7

Fed. R. Bankr. P. 7004(b)(3) .............................................................................. 7

Fed. R. Bankr. P. 9014(b) ................................................................................... 7

Fed. R. Bankr. P. 7004 ....................................................................................... 7

Fed. R. Bankr. P. 7004(b) ................................................................................... 7

Fed. R. Bankr. P. 9014 ....................................................................................... 7

ARCHWAY'S OPPOSITION TO BROADWAY DIP MOTION

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    Secured creditor, Archway Broadway Loan SPE, LLC, a Delaware limited liability

2  company, successor in interest to Archway Real Estate Income Fund I REIT, LLC ("Archway"),

3  opposes ("Opposition") (Dkt. *pending*) the *Amended Motion of Debtor and Debtor in Possession*

4  *Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition*

5  *Financing Pursuant to 11 U.S.C. § 364* ("DIP Motion") (Dkt. 253) filed in the lead case of those

6  jointly-administered debtors, Seaton Investments, LLC ("Seaton"), Colyton Investments, LLC

7  ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC

8  ("SLA"), and Negev Investments, LLC ("Negev" and collectively with Seaton, Colyton,

9  Broadway and SLA, the "Corporate Debtors") and Alan Gomperts ("Mr. Gomperts"), Daniel

10  Halevy ("Mr. Halevy"), and Susan Halevy ("Ms. Halevy" and collectively with Mr. Gomperts and

11  Mr. Halevy, the "Individual Debtors" and collectively with the Corporate Debtors, the "Debtors").

## I.    Introduction

13    Mr. Gomperts need look no further than **himself** to find a lender able to fund a $4 million

14  DIP loan for capital improvements to the Broadway Property. In fact, as managing member of

15  insolvent Broadway, he owes **fiduciary duties** to Broadway and to its creditors to do just that.

16    Instead of funding the DIP as required, he is asking this Court to approve funding and lease

17  transactions with third parties—without disclosing material information about these players, some

18  of whom have rap sheets for **criminal money laundering conspiracy** convictions, **disbarment**

19  proceedings, **contempt of federal court and theft of receivership assets**.

20    It is clear that because of the multiple hats he is wearing, Mr. Gomperts has conflicts of

21  interest, and he has abrogated his responsibilities by incompetence and gross mismanagement or,

22  worse, for his own self-interest.

23    The Court should deny the motion for the reasons stated in this Opposition.

## II.    Background

25    Broadway incorporates by reference the background of this matter, which is set forth fully

26  in its concurrently-filed Opposition to Broadway's *Amended Motion of Debtor and Debtor in*

27  *Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter into Post-*

28  *Petition Lease* ("Lease Motion") (Dkt. 248) ("Lease Motion Opposition").

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1    Unless otherwise defined herein, the defined terms used in this Opposition are taken from

2  the Lease Motion Opposition.

3  **III.    Discussion**

4    The following section discusses and sets forth Archway's arguments and objections to the

5  DIP Loan Motion.

6    **A.    Broadway Has a Readily Available Source of Unsecured Credit—its Members.**

7    Even if § 364(c) did apply to the proposed DIP Loan (it does not), the court may not

8  approve it "unless the debtor demonstrates that it has reasonably attempted, but failed, to obtain

9  unsecured credit under sections 364(a) or (b)." *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 37

10  (Bankr. S.D.N.Y. 1990). Moreover, under § 364(c), the Debtor must show that (a) the DIP loan is

11  not being used to "leverage the bankruptcy process and powers" or to "benefit a party-in-interest"

12  as opposed to the bankruptcy estate. *Id.* at 40.

13    Here, Mr. Gomperts owes fiduciary duties to Broadway to capitalize Broadway pursuant to

14  the Operating Agreement's mandatory capital call provisions. *See* Operating Agreement at § 2.1.

15  As manager of insolvent Broadway, Mr. Gomperts also owes fiduciary duties to Archway to avoid

16  self-dealing and unduly risking Broadway's assets. *Berg & Berg Enterprises, LLC v. Boyle*, 178

17  Cal. App. 4th 1020, 1041 (2009). Such fiduciary duties constitute an exception to the business

18  judgment rule. *See In re AWTR Liquidation Inc.*, 548 B.R. 300, 318, 324 (Bankr. C.D. Cal. 2016)

19  (providing that the business judgment rule is subject to scrutiny for possible self-dealing)

20  (citations omitted). Mr. Gomperts also owes Broadway's estate fiduciary duties as the manager of

21  a debtor-in-possession.

22    Broadway cannot show that it reasonably attempted, but failed, to obtain unsecured credit

23  when its own manager, Mr. Gomperts, could fund such a $4 million loan on an unsecured basis

24  from his **over $28 million in net assets** (per financial statements provided to Archway in August

25  of last year). Instead of doing so, Mr. Gomperts is using the proposed DIP Loan to "leverage the

26  bankruptcy process and powers" for his own benefit as opposed to the benefit of the bankruptcy

27  estate. Instead of complying with his fiduciary duties, Mr. Gomperts is proposing a DIP loan and

28  lease transactions from third parties who are owned and controlled by nefarious characters (*see,*

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

*generally*, Opposition to Lease Motion at § II.), including the main promoter of these transactions,

Steve Bombola, who was just recently found in contempt in a federal receivership proceeding for

**stealing receivership assets** and proceeds and then **lying** to the receiver about it. *See* Opposition

to Lease Motion at § II.A.

### B.   The Priming Lien is Impermissible, and Broadway Has Not Shown Adequate Protection to Archway.

A court may authorizing a priming lien only if (a) the debtor-in-possession is unable to

obtain such credit otherwise and (b) there is adequate protection to existing lienholders to-be-

primed. The touchstone of any motion to borrow is that the preexisting secured debt be adequately

protected. *See* 11 U.S.C. § 364(d)(1)(B); *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d

Cir. 1994). The debtor bears the burden of proof on this issue. *See* 11 U.S.C. § 364(d)(2). To

suffice, the "proposal should provide the pre-petition secured creditor with the same level of

protection it would have had if there had not been post-petition financing." *In re Swedeland Dev.

Group, Inc.*, 552 F.3d at 564. The "law does not support the proposition that a creditor …

undersecured by many millions of dollars, may be adequately protected when a superpriority lien

is created without the provision of additional collateral by the debtor." *Id.* at 567.

Here, Broadway asserts that the DIP loan "would not prime any existing secured liens, but

would be secured only by grants, subsidies, and other government and NGO incentives applied for

and received post-petition ('Incentives') and any assets acquired with the proceeds of the DIP

Loan." DIP Motion at 6:8–11.

This is incorrect. Broadway is, in fact, seeking a *priming lien* in favor of the proposed DIP

lender, Honor Enterprise Funding, LLC ("Honor"). This lien, if approved, would have the effect of

priming Archway's perfected liens on Broadway's personal property and reimbursement rights

(dubbed "Incentives") from the City of Los Angeles. If Broadway's motions are granted, that

would *further* degrade Archway's already significantly undercollateralized interests. Under

California law, the Incentives constitute Broadway's personal property rights—i.e., accounts or

"contract rights" and general intangibles as well as identifiable proceeds thereof—all of which are

subject to Archway's perfected security interest. *See* Cal. Comm. Code § 9203(a); § 9315. *See*

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  Lease Motion Opposition at § III.A. Per the Lease § 4.06.3(E), the Incentives actually morph into

2  *rent* obligations if the City does not fund the grants. These rent obligations are subject to

3  Archway's recorded Assignment of Rents. *See* Lease Motion Opposition at § III.A.

4      Either way, Broadway is proposing to use these proceeds—all of which are subject to

5  Archway's perfected security interests—without adequately protecting Archway. Any such

6  subordination of Archway's perfected lien rights would also require an adversary proceeding. *See*

7  Fed. R. Bankr. P. 7001(2), (8).

8      Broadway has not met its burden to show that Archway is adequately protected in spite of

9  such priming lien. Moreover, it has not shown that unsecured credit—i.e., *from Mr. Gomperts*

10 *himself or the other members of Broadway including Ms. Halevy and Mr. Halevy who just last*

11 *year told Archway in verified personal financial statements they had combined net worths of over*

12 *$60 million*—is unavailable.

13      **C.      Service of the DIP Motion is Defective.**

14      A DIP finance motion under § 364 is a contested matter. *See* Fed. R. Bankr. P.

15 4001(c)(1)(A). Contested matters are governed by Rule 9014, which requires the same manner of

16 service as a summons and complaint under Rule 7004. Fed. R. Bankr. P. 9014(b).

17      Broadway did not serve the DIP Motion properly. Rule 7004(b) requires service on a

18 domestic corporation by first class mail postage prepaid "to the attention of an officer, a managing

19 or general agent, or to any other agent authorized by appointment or by law to receive service of

20 process…." Fed. R. Bankr. P. 7004(b)(3).

21      But here, Broadway did not provide such service to several domestic corporate creditors,

22 including: Alta Fire Pro, California Refrigeration & Supply, Commune Events, Inc., RG Fire Inc,

23 Sienna Rose Inc, and Southern California Edison.

24      Broadway also failed to serve the DIP Motion on the DIP Lender. These are all necessary

25 parties to this contested matter, entitled to service in the same manner as a summons and

26 complaint.

27      Accordingly, service is defective, and the Court should deny for this reason alone.

28

1

**D.      The Motion Fails to Attach the DIP Credit Agreement or Proposed Order.**

2

"A motion for authority to obtain credit … shall be accompanied by a copy of the credit

3

agreement and a proposed form of order." Fed. R. Bankr. P. 4001(c)(1)(A).

4

Here, the DIP Motion attaches a term sheet, but not a copy of the credit agreement itself.

5

*See* Declaration of Kirk Gill Dkt. 255, Exh. A. By its own terms, the term sheet has already

6

expired. *See* Term Sheet Dkt. 255 at 5 ("This LOI will expire on 11/02/2024 at 5:00pm Pacific.").

7

There is also no proposed form of order.

8

**IV.    Conclusion**

9

For all of the reasons set forth above, the Court should deny the Lease Motion.

10

DATED:  November 5, 2024               FRANDZEL ROBINS BLOOM & CSATO, L.C.

11

12

13

By:        /s/ Gerrick M. Warrington

GERRICK M. WARRINGTON
Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

A true and correct copy of the foregoing document entitled (*specify*): **ARCHWAY BROADWAY LOAN SPE, LLC'S OPPOSITION TO AMENDED MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>November 5, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Counsel to Party in Interest: Scott R Albrecht     salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- Counsel to KDM: Tanya Behnam     tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Counsel to Party in Interest: Jacquelyn H Choi     jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- Counsel to Individual Debtors: Carol Chow     Carol.Chow@saul.com, easter.santamaria@saul.com
- Counsel to Party in Interest: Robert F Conte     robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- Counsel to Individual Debtors: Ryan Coy     ryan.coy@saul.com, hannah.richmond@saul.com
- Counsel to Party in Interest: Christopher Cramer     secured@becket-lee.com
- Counsel to Individual Debtors: Turner Falk     turner.falk@saul.com, tnfalk@recap.email
- Counsel to Archway: Michael G Fletcher     mfletcher@frandzel.com, sking@frandzel.com
- Counsel to Party in Interest: Todd S. Garan     ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Counsel to Party in Interest: Richard Girgado     rgirgado@counsel.lacounty.gov
- Counsel to Party in Interest: Jacqueline L James     jjames@hrhlaw.com
- Trial Counsel to U.S. Trustee: Kelly L Morrison     kelly.l.morrison@usdoj.gov
- Counsel to Party in Interest: Avi Edward Muhtar     amuhtar@crownandstonelaw.com
- Counsel to Archway: Bruce D Poltrock     bpoltrock@frandzel.com, achase@frandzel.com
- Counsel to Individual Debtors: Zev Shechtman     Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- Counsel to Corporate Debtors: Derrick Talerico     dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Counsel to Archway: Gerrick Warrington     gwarrington@frandzel.com, achase@frandzel.com
- Counsel to Party in Interest: Jennifer C Wong     bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 5, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Overnight Delivery, Early Morning:**

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1360
255 E. Temple Street
Los Angeles, CA 90012-3332

**Email:**

**Counsel to Corporate Debtors:**
Derrick Talerico    dtalerico@wztslaw.com

**Counsel to Individual Debtors:**
Zev Shechtman    Zev.Shechtman@saul.com
Turner Falk    turner.falk@saul.com
Ryan Coy    ryan.coy@saul.com

**United States Trustee:**
Kelly L Morrison
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
Email: kelly.l.morrison@usdoj.gov

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 5, 2024 | Annette Chase | /s/ Annette Chase |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |