Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☒ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☐ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | **ARCHWAY BROADWAY LOAN SPE, LLC'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**<br><br>Date:     December 12, 2024<br>Time:    11:00 a.m.<br>Crtrm.:   1368<br>            255 E. Temple Street<br>            Los Angeles, CA 90012<br><br>Hon. Vincent P. Zurzolo |

# TABLE OF CONTENTS

**Page**

I. Introduction ...................................................................................................................4

II. Background ...................................................................................................................5

III. Discussion .....................................................................................................................5

    A. The Debtors have not filed a Motion to Approve the Disclosure Statement. ............5

    B. The Disclosure Statement does not contain adequate information. ..........................6

        1. Inadequate disclosure of risk of no lease-up and litigation. ...........................7

        2. Inadequate disclosure of fraudulent transfers..................................................7

        3. Inadequate disclosure of fiduciary duties to make capital call.......................8

        4. Inadequate disclosure of assets........................................................................8

        5. Inadequate disclosure of the source and validity of information. .................9

        6. Inadequate disclosure of Archway's claims....................................................9

    C. The Plan is Patently Unconfirmable................................................................................10

    D. The Debtors did not serve the SEC as required..............................................................10

IV. Conclusion....................................................................................................................10

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**Page(s)**

**Federal Cases**

*In re Arnold*,
  471 B.R. 578 (Bankr. C.D. Cal. 2012) .................................................................................. 10

*In re Fuelling*,
  601 B.R. 665 (Bankr. N.D. Iowa 2019) .................................................................................. 7

*In re Las Vegas Monorail Co.*,
  462 B.R. 795 (D. Nev. 2011) .................................................................................................. 7

*In re McConville*,
  110 F.3d 47 (9th Cir. 1997) ..................................................................................................... 8

*In re Metrocraft Pub. Servs., Inc.*,
  39 B.R. 567 (Bankr. N.D. Ga. 1984) ...................................................................................... 7

*In re Michelson*,
  141 B.R. 715 (Bankr. E.D. Cal. 1992) .................................................................................... 6

*In re Perez*,
  30 F.3d 1209 (9th Cir. 1994) ................................................................................................... 8

*In re Woodson*,
  839 F.2d 610 (9th Cir. 1988) ................................................................................................... 8

**State Cases**

*Berg & Berg Enterprises, LLC v. Boyle*,
  178 Cal. App. 4th 1020 (2009) ............................................................................................... 8

**Federal Statutes**

11 U.S.C. § 1107(a) ....................................................................................................................... 8

11 U.S.C. § 1125(a)(1) ................................................................................................................... 6

28 U.S.C. § 959(b) ......................................................................................................................... 8

**Rules**

Fed. R. Bankr. P. § 3017 ......................................................................................................... 5, 10

Archway Broadway Loan SPE, LLC, a Delaware limited liability company, successor in interest to Archway Real Estate Income Fund I REIT, LLC ("Archway"), submits this Objection ("Objection") to the *Disclosure Statement and Plan of Reorganization* (Dkt. 267) filed in the lead case of those jointly-administered debtors, Seaton Investments, LLC ("Seaton"), Colyton Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev" and collectively with Seaton, Colyton, Broadway and SLA, the "Corporate Debtors") and Alan Gomperts ("Mr. Gomperts"), Daniel Halevy ("Mr. Halevy"), and Susan Halevy ("Ms. Halevy" and collectively with Mr. Gomperts and Mr. Halevy, the "Individual Debtors" and collectively with the Corporate Debtors, the "Debtors").

## I.    Introduction

At this late date, there is no reasonably confirmable plan on the table, confirmation of which is "assured" and no adequate disclosure statement describing such a plan.

Archway's entire treatment under the plan—indeed the entirety of the plan as a whole—hinges on a lease and DIP loan as to which the Court has denied approval. Those lease and loan motions were filed just days before the hearing on Archway's motion for relief from stay. The Court denied Archway's motion for relief from stay based on what the Debtors claimed—on the face of things—to be a righteous lease and DIP loan proposed in good faith by Broadway. That turned out to be false, as the lease and DIP loan were later discovered by Archway to be connected with nefarious characters who were involved in theft of assets from a federal receivership earlier this year and criminal money laundering conspiracies and fraud and disbarment proceedings, among other things.

By the time of the hearing on the Disclosure Statement, well over **250 days** will have elapsed since these cases were filed. And yet there is no reorganization in sight.

Mr. Gomperts continues to breach his fiduciary duties to the Broadway estate by failing to make a mandatory capital call for capital improvements to the Broadway Property.

The Court should either take the hearing off calendar or simply "deny" the Disclosure Statement.

## II. Background

The following section sets forth the relevant background of these jointly-administered cases as well as the prepetition loans made by Archway.

The Debtors owe Archway over $23 million on cross-collateralized obligations which have not been paid since well before they matured prepetition in December 2023. Archway's collateral includes commercial real estate, which constitutes single-asset-real-estate—i.e., the Broadway, Negev, and SLA pledged properties—as well as residential real property and other collateral pledged by the Individual Debtors.

Mr. Gomperts and his mother-in-law, Ms. Halevy, are the managers of these insolvent SARE debtors.

Broadway's operating agreement ("Operating Agreement") contains a mandatory capital call provision that requires Mr. Gomperts to make a cash call notice on Broadway's members, himself, Ms. Halevy, and his brother-in-law, Mr. Halevy.

At Broadway's meeting of creditors, Mr. Gomperts testified that he considered making the mandatory capital call notice right around the time the Archway obligations matured in December 2023, but he did not make the call because, as he put it, the members did not have enough "cash" to pay the Archway obligations. He did not mention the members' over $60 million in net assets, which they represented to Archway in late August 2023, just prior to this decision not to make the mandatory capital call.

The Plan hinges on approval of a Lease and DIP Loan that were denied by the Court on November 19, 2024.

## III. Discussion

The following sections analyze and discuss the applicable legal standards and issues raised by the motion.

### A. The Debtors have not filed a Motion to Approve the Disclosure Statement.

Local Rule 3017-1(a) provides that "A hearing on a *motion* for approval of a disclosure statement must not be set on less than 42 days notice, unless the court, for good cause shown, prescribes a shorter period" (emphasis added).

Here, the Debtors have not filed any *motion* to approve the Disclosure Statement, as required. At the initial status conference, the Court made it clear that December 11, 2024, was the hearing date on a *motion* to approve a disclosure statement. The Status Conference Order is also clear that "December 12, 2024 at 11:00 a.m. is set for a hearing on a *motion* for approval of adequacy of disclosure statement." Dkt. 83 at 2:12–14 (emphasis added). The Notice (Dkt. 268) states that "the Proponent of the DS and Plan will file a *motion* to approve disclosure statement … no later than 21 days before the hearing" Dkt. 268 at 2 ¶ 5 (emphasis added).

But no such motion to approve a disclosure statement was ever filed.

Because no motion has been filed or served, the Court should take the Disclosure Statement hearing off calendar.

**B.    The Disclosure Statement does not contain adequate information.**

In order to be approved, a disclosure statement must contain "adequate information," which means:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan

11 U.S.C. § 1125(a)(1). The burden of proving that a disclosure statement contains adequate information falls on the proponent. *See In re Michelson*, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992). "Relevant factors for evaluating the adequacy of a disclosure statement may include: (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to

accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates." *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (citations omitted).

### 1. Inadequate disclosure of risk of no lease-up and litigation.

The Disclosure Statement hinges on a long-term lease of the Broadway Property. *See* Exh. D-3 (reflecting that all Archway debt is supposedly being paid from Broadway lease revenues for a period of four years until a balloon payment is made). But no such lease has been approved. In fact, on November 19, 2024, the Court denied the proposed Lease and DIP Loan.

If the balloon payment is from a sale or refinance (unclear), no disclosure of the likelihood of such sale or refinancing occurring has been provided. "[A]ny plan that includes a balloon payment to a creditor is suspect of confirmation unless there is proof of circumstances likely to produce a bucket of cash at just the right time to make the payment." *In re Fuelling*, 601 B.R. 665, 675 (Bankr. N.D. Iowa 2019) (citation omitted); *In re Las Vegas Monorail Co.*, 462 B.R. 795, 800–802 (D. Nev. 2011) (holding that debtor was required to provide "credible evidence" about the likelihood of obtaining any future refinancing and that even a drop-dead provision is not, by itself, sufficient to save a plan from being in-feasible).

The Disclosure Statement fails to disclose the litigation by Archway against 341 South Cannon Drive LLC ("South Cannon LLC"), Ms. Halevy, and Mr. Halevy in certain capacities. *See Archway v. Halevy, et al.* Adversary Proceeding No. 2:24-ap-01241-VZ. Such litigation relates to, among other things, alleged prepetition fraudulent transfer of real property located at 341 South Canon Drive, Beverly Hills, California ("South Canon Property") from Ms. Halevy to South Cannon LLC. Accordingly, it fails to disclose the risks of an adverse judgment in those proceedings and what impact that might have on the Plan.

### 2. Inadequate disclosure of fraudulent transfers.

The Disclosure Statement does not disclose the numerous repetition fraudulent transfers of real property made by Mr. Gomperts to entities he formed in September of 2023, Oakhurst Drive

7
ARCHWAY'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT AND PLAN

Investments, LLC ("Oakhurst LLC"), Canfield Avenue Investments, LLC ("Canfield LLC"), and Bagley Avenue Investments, LLC ("Bagley LLC" and collectively, the "Gomperts-LLCs").

Nor does it disclose whether the debtors-in-possession intend on pursuing Ms. Halevy and/or South Cannon LLC to avoid and recover from the LLC the putatively fraudulent transfer of real property from Ms. Halevy to the LLC that occurred on September 26, 2023—only 125 days before Ms. Halevy filed chapter 11. Nor does it disclose where the $1.3 million in financing obtained on the Canon Drive Property, pursuant to Mr. Halevy's granting of a deed of trust in favor of a private lender prepetition, went.

### 3. Inadequate disclosure of fiduciary duties to make capital call.

The Disclosure Statement does not disclose the mandatory capital call provision in Broadway's Operating Agreement at § 2.1., nor does it disclose the fact that Mr. Gomperts's fiduciary duties to make the mandatory capital call on insolvent Broadway's members who have significant net worths. *See* 11 U.S.C. § 1107(a); *see also In re McConville*, 110 F.3d 47, 50 (9th Cir. 1997) (citation omitted); *In re Woodson*, 839 F.2d 610, 614 n. 5 (9th Cir. 1988) (citations omitted); *In re Perez*, 30 F.3d 1209, 1214 n. 5, 1219 (9th Cir. 1994) (discussing a debtor-in-possession's fiduciary duties to the estate); *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal. App. 4th 1020, 1041 (2009) (discussing California's trust fund doctrine whereby directors of insolvent corporate entities owe fiduciary duties to creditors of the insolvent corporate debtor including the duty to avoid self-dealing and unduly risking corporate assets); 28 U.S.C. § 959(b) ("[A] debtor in possession, shall manage and operate the property in his possession … according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."). Nor does it disclose whether and/or when Mr. Gomperts intends on making such mandatory capital call on Broadway's members for capital improvements to the Broadway Property.

### 4. Inadequate disclosure of assets.

The Disclosure Statement also does not disclose avoidance actions, including the foregoing, relating to 341 Cannon LLC and Ms. Halevy. *See* Gomperts Decl., Exh. C (reflecting "Asset List").

Also, the Asset List, for some reason, gives a lower liquidation value than going concern value to *liquid cash* in the DIP account. *See, e.g.*, Dkt. 267 at 31 (reflecting $61,030 liquidation value of cash in a DIP account versus that same cash purportedly being worth $817,000 under a going concern valuation). No explanation is provided.

The Debtors state that the Canon Drive Property is worth $1.3 million on a going concern value, but Ms. Halevy stated in her Statement of Financial Affairs that the property is worth $2.3 million. *Compare* Disclosure Statement Dkt. 267 at 32 (reflecting $1.3 million valuation) *with* SOFA Dkt. 2:24-bk-12076-VZ Dkt. 41 at 16 (reflecting $2.3 million valuation per Zillow). No liens are disclosed.

### 5. Inadequate disclosure of the source and validity of information.

The declaration of Mr. Gomperts states, flatly, that the source of all financial data is the Debtors' books and records. *See* Dkt. 267 at 25 ¶ 2. But the exhibits to Mr. Gomperts's declaration, which include financial projections and financials, do not, themselves, disclose the source of much of the information provided. Nor does the Disclosure Statement adequately disclose the accounting method utilized to produce financial information and/or Mr. Gomperts's expertise and competency to prepare financials or to opine on these matters.

Accordingly, the Disclosure Statement lacks sufficient disclosure concerning the financial information, data, valuations, or projections relevant to creditors' decision to accept or reject the chapter 11 plan.

### 6. Inadequate disclosure of Archway's claims.

The information provided about Archway's is inaccurate and incomplete—missing disclosure of the cross-collateralization provisions in the Negev, SLA, and the Individual Debtors' loan documents. As set forth in Archway's proofs of claim, all of which are allowed claims, such cross-collateralization makes each one of the Negev, SLA, and the Individual Debtors liable to Archway for, not just the amount borrowed by that obligor, but also all other amounts borrowed by all of the other obligors to Archway. Moreover, the dollar figures are illegible—apparently because the cell in the Excel spreadsheet was truncated. *See, e.g.*, Claims List, Exh. B Dkt. 267 at 27–28 (reflecting "##########" for several claim amounts).

### C. The Plan is Patently Unconfirmable.

"[W]here a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan." *In re Arnold*, 471 B.R. 578, 586 (Bankr. C.D. Cal. 2012) (citations omitted).

Here, the Plan is patently unconfirmable. The entire Plan—and the entire treatment of all of Archway's claims—hinge on a Lease and DIP Loan that were denied by this Court. With no lease, there is no possible reorganization, the plan lacks an adequate means of implementation and is patently unconfirmable. It also fails the absolute priority rule by impairing Archway's secured claims while allowing old equity to retain their interests. *See* Joint Plan at § F (providing that "Shareholders simply retain their shares of stock.").

### D. The Debtors did not serve the SEC as required.

Rule 3017 of the Federal Rules of Bankruptcy Procedure provides that "The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, *the Securities and Exchange Commission* and any party in interest who requests in writing a copy of the statement or plan…." Fed. R. Bankr. P. 3017(a) (emphasis added).

Here, the Debtors did not serve the Disclosure Statement and Plan on the Securities and Exchange Commission. Therefore, service is improper, and the Court should deny the Disclosure Statement for that reason alone.

## IV. Conclusion

The Court should either take the hearing off calendar or simply "deny" the Disclosure Statement.

DATED: November 21, 2024             FRANDZEL ROBINS BLOOM & CSATO, L.C.

By:      /s/ Gerrick M. Warrington
         GERRICK M. WARRINGTON
         Attorneys for Secured Creditor
         ARCHWAY BROADWAY LOAN SPE, LLC

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

A true and correct copy of the foregoing document entitled (*specify*):

**ARCHWAY BROADWAY LOAN SPE, LLC'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 21, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Counsel to Party in Interest: Scott R Albrecht    salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- Counsel to KDM: Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Counsel to Party in Interest: Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- Counsel to Individual Debtors: Carol Chow    Carol.Chow@saul.com, easter.santamaria@saul.com
- Counsel to Party in Interest: Robert F Conte    robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- Counsel to Individual Debtors: Ryan Coy    ryan.coy@saul.com, hannah.richmond@saul.com
- Counsel to Party in Interest: Christopher Cramer    secured@becket-lee.com
- Counsel to Individual Debtors: Turner Falk    turner.falk@saul.com, tnfalk@recap.email
- Counsel to Archway: Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com
- Counsel to Party in Interest: Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Counsel to Party in Interest: Richard Girgado    rgirgado@counsel.lacounty.gov
- Counsel to Party in Interest: Jacqueline L James    jjames@hrhlaw.com
- Trial Counsel to U.S. Trustee: Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Counsel to Party in Interest: Avi Edward Muhtar    amuhtar@crownandstonelaw.com
- Counsel to Archway: Bruce D Poltrock    bpoltrock@frandzel.com, achase@frandzel.com
- Counsel to Individual Debtors: Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- Counsel to Corporate Debtors: Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Counsel to Archway: Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com
- Counsel to Party in Interest: Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

---

ARCHWAY'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT AND PLAN

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 21, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Personal Delivery:**

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1360
255 E. Temple Street
Los Angeles, CA 90012-3332

**Email:**

**Counsel to Corporate Debtors:**
Derrick Talerico    dtalerico@wztslaw.com

**Counsel to Individual Debtors:**
Zev Shechtman    Zev.Shechtman@saul.com
Turner Falk    turner.falk@saul.com
Ryan Coy    ryan.coy@saul.com

**United States Trustee:**
Kelly L Morrison kelly.l.morrison@usdoj.gov

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 21, 2024 | Sandra Young King | /s/ Sandra Young King |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |