| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Derrick Talerico (State Bar No. 223763)<br>dtalerico@wztslaw.com<br>David B. Zolkin (State Bar No. 155410)<br>dzolkin@wztslaw.com<br>WEINTRAUB ZOLKIN TALERICO & SELTH LLP<br>11766 Wilshire Boulevard, Suite 730<br>Los Angeles, CA 90025<br>Telephone: (424) 500-8552<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:  Corporate Debtors* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*<br>_____<br><br>☒ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☐ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy<br><br>Debtor(s). | LEAD CASE NO.:  2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT**<br><br>[11 U.S.C. § 1125; FRBP 3017; LBR 3017-1]<br><br>**Hearing Information**<br>DATE:         December 12, 2024<br>TIME:         11:00 a.m.<br>COURTROOM: 1368, Roybal Federal Building<br>ADDRESS:     255 E. Temple Street<br>                      Los Angeles, CA 90012 |

1. Disclosure Statement:  Pursuant to FRBP 3016(b), a Disclosure Statement and Plan of Reorganization (the "**DS and Plan**") was filed as docket entry # 267.  The DS and Plan are combined into one document to avoid contradiction and confusion.  A copy of the DS and Plan accompanies this notice. **Sections I – VII and XI of the DS and Plan** constitute the disclosure statement (the "**DS**") and sections VIII –X of the DS and Plan constitute the Plan.

2. Proponent of Disclosure Statement:  The party who filed the DS and Plan ("Proponent") is:  ☒ Debtor, or ☐ _____ .

3. Motion to Approve Disclosure Statement:  Pursuant to FRBP 9014(a), the Debtor filed a motion requesting that the court approve the adequacy of their disclosure statement ("**Motion to Approve DS**").  The Motion to Approve DS is being served only on the U.S. trustee as required by FRBP 9034(h), and on the debtor.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                                                 Page 1                                                          **VZ CH11.MOTION.DISCLSR.STMT**

4. <u>Hearing on Motion to Approve Disclosure Statement</u>:  The Motion to Approve DS is being heard on 21 days of notice pursuant to LBR 9013-1(d). In addition, pursuant to LBR 3017-1, on (*date*) <u>October 31, 2024,</u> a Notice of Hearing on Adequacy of Disclosure Statement was filed and served to provide 42 days of notice of the hearing to the U.S. trustee, the debtor, and to all claimants and parties in interest.

5. <u>Filing and Serving a Response</u>:  All claimants and parties in interest may file a response to the Motion to Approve DS. If you wish to oppose the Motion to Approve DS, you must file and serve a written response no later than 14 days before the hearing and appear at the hearing. When serving a response, serve it on the debtor, debtor's attorney and the proponent's attorney (if the debtor is not the proponent) at the addresses set forth below.  If you fail to file a written response or appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion to Approve DS and may approve the DS.

    **a. DEADLINE:** (*date*) <u>November 29, 2024</u>

    **b. DEBTORS' ADDRESS:** All Affected Debtors to be served via counsel

    **c. DEBTORS' ATTORNEYS' ADDRESSES:**

☒ Do not mail the response. The Debtors' attorneys will be served by Notice of Electronic Filing; **or**

☐ Mailing Address:

    **d. PROPONENT'S ATTORNEY'S ADDRESS** (If Proponent is not the Debtor):

☐ Do not mail the response. The Proponent's attorney will be served by Notice of Electronic Filing; **or**

☐ Mailing Address:

Date: <u>November 21, 2024</u>　　　　　　　　　　　　　/s/ Derrick Talerico
　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of attorney for proponent, if any

　　　　　　　　　　　　　　　　　　　　　　　　　　Derrick Talerico
　　　　　　　　　　　　　　　　　　　　　　　　　　Printed name of attorney for proponent, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*　　　　　　　　　　Page 2　　　　　　　　　　**VZ CH11.MOTION.DISCLSR.STMT**

## **MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT**

1. 11 U.S.C. § 1125 requires that adequate information be disclosed with the Plan, to provide information for claimants to decide whether to submit a ballot to accept or reject the plan, or to file an objection to confirmation. **Sections I – VII and IX of the DS and Plan** contain this disclosure.

2. ☒ <u>Points and Authorities</u>:  Attached is an optional points and authorities.

3. ☐ <u>Amended Disclosure Statement and/or Plan</u>:

    ☐ Attached is an Amended DS and Plan that was filed after the Notice of Hearing on Adequacy of Disclosure Statement was filed.  Also attached is a description of the reasons for filing an Amended D/S and Plan.

    ☐ <u>Additional Evidence</u>:  Attached is additional evidence to support granting the Motion to Approve DS.

    a. Declarations [LBR 9013-1(i)]

    ☒ Proponent of the DS and Plan (Declaration of Alan Gomperts)

    ☒ Person who completed service of the Notice of Hearing on Adequacy of Disclosure Statement (Declaration of Derrick Talerico)

    ☐ Other:

    b. Documents Authenticated by Declarations [LBR 9013-1(c)(3)(A)]

    ☒ Exhibit A: Notice of Hearing on Adequacy of Disclosure Statement with its Proof of Service

    ☐ Exhibit B:

    ☐ Exhibit C:

4. Based on the foregoing, the Proponent of the DS and Plan requests that the court enter an order approving the adequacy of the disclosure statement.

Date: <u>November 21, 2024</u>

/s/ Derrick Talerico
Signature of attorney for proponent, if any

Derrick Talerico
Printed name of attorney for proponent, if any

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019* — Page 3 — **VZ CH11.MOTION.DISCLSR.STMT**

1  Derrick Talerico (State Bar No. 223763)
   dtalerico@wztslaw.com
2  David B. Zolkin (State Bar No. 155410
   dzolkin@wztslaw.com
3  WEINTRAUB ZOLKIN TALERICO & SELTH LLP
   11766 Wilshire Boulevard, Suite 730
4  Los Angeles, CA 90025
   Telephone: (424) 500-8552
5

   Counsel to Seaton Investments, LLC, Colyton
6  Investments, LLC, Broadway Avenue Investments, LLC
   SLA Investments, LLC and Negev Investments, LLC
7

8  Zev Shechtman (SBN 266280)
   Zev.Shechtman@saul.com
   Carol Chow (SBN 169299)
9  carol.chow@saul.com
   SAUL EWING LLP
10 1888 Century Park East, Suite 1500
   Los Angeles, California 90067
11 Telephone: (310) 255-6100

12 Attorneys for Alan Gomperts, Daniel Halevy, and Susan Halevy

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☒ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☐ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT DEBTORS MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT; DECLARATIONS OF ALAN GOMPERTS AND DERRICK TALERICO IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:     December 12, 2024<br>Time:    11:00 a.m.<br>Crtrm:   1368<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Seaton Investments, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, SLA Investments, LLC, Negev Investments, LLC (collectively, the "Corporate Debtors"), and Alan Gomperts, Daniel Halevy and Susan Halevy (collectively, the "Individual Debtors"), debtors and debtors in passion in these jointly administered chapter 11 cases (the "Bankruptcy Cases") request approval of their Disclosure Statement contained in the *First Amended Disclosure Statement and Plan Dated October 31, 2024* (the "Combined Plan/DS") [Doc. 267] pursuant to Bankruptcy Code § 1125. The Disclosure Statement describes and contains detailed information regarding the Debtors' assets and liabilities and the funding and implementation of the Debtors' chapter 11 plan (the "Plan") contained in the Combined Plan/DS. The Debtors submit that the Disclosure Statement contains adequate information pursuant to Bankruptcy Code § 1125, that is, information that is reasonably practicable under the circumstances to enable creditors to make an informed judgment about the Plan. Approval of the Disclosure Statement and of the schedule and procedures described below for soliciting votes on the Plan and notifying parties in interest of the proposed confirmation will allow the Debtors to maximize the value of their estates and ensure that the Debtors can efficiently and expeditiously emerge from the Bankruptcy Cases. The Debtors intend to immediately commenced solicitation of votes on the Plan after the entry of the order approving this Motion and the Disclosure Statement.

### A. Bankruptcy Filings

On March 18, 2024 (the "Individual Petition Date") and on March 19, 2024 (the "Corporate Petition Date"), each of the above-captioned jointly administered debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court entered an order on April 1, 2024 for the Debtors' cases to be jointly administered [Dkt. 16]. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in the Bankruptcy Cases.

### B. Debtors' Business Operations

The Individual Debtors are family and operate a family business together. Debtor Susan Halevy is mother to debtor Daniel Halevy and three other non-debtor children, including Sharon Gomperts, wife of debtor Alan Gomperts.

Susan's husband, David Halevy (deceased), together with Daniel and Alan, and on occasion non-debtor Simon Harkham, invest in and operate real estate properties, including debtors Seaton, Broadway and SLA. Upon David Halevy's passing in 2023, his interests, to the extent they were not community property, passed to Susan via the Halevy Trust (defined below). As such, Susan Halevy is now the owner – direct, beneficial, equitable, or otherwise – of all interests in the various Debtors previously owned by David Halevy.

These Bankruptcy Cases present two real estate investments that require a restructuring to address defaults on their senior loans: (1) the buildings at 440 Seaton Street, Los Angeles, CA, 90013 (the "Seaton Building"), and 421 Colyton Street, Los Angeles, CA, 90013 (the "Colyton Building"), which together are operated as an economic unit (the "Seaton/Colyton Buildings") and are owned by Debtors Seaton and Colyton, respectively; and (2) the building at 737 S. Broadway, Los Angeles, CA, 90014 (the "Broadway Building"), owned by Debtor Broadway.

The Individual Debtors have each jointly and severally guaranteed (1) certain debt owed to KDM California LLC ("KDM") on account of KDM's $37.1 million in principal amount loaned jointly to Seaton and Colyton and secured by the Seaton/Colyton Buildings, and (2) approximately $19.1 million of loans made by Archway Capital ("Archway") on account of the Broadway Building (the "Broadway Loans"). The Individual Debtors' guaranty liability to Archway is bifurcated into secured and unsecured tranches. Approximately $15 million of Archway's Broadway Loans are made directly to Broadway and guaranteed by the Individual Debtors without collateral. Approximately $4 million of Archway's Broadway Loans are made pursuant to three loans to related entities or groups and are secured by pledges of various real properties owned by the Individual Debtors, 1040 S. Los Angeles Street, Los Angeles, CA (owned and pledged by SLA), and 12800 Foxdale Drive, Desert Hot Springs, CA (owned and pledged by Negev).

### C. Events Leading to the Debtors' Bankruptcy Filings

Archway had commenced an action against the Individual Debtors where it has sought pre-judgment writs of attachment against Daniel Halevy and Alan Gomperts. Archway had also commenced foreclosure proceedings against the properties owned by the Individual Debtors, SLA, and Negev to recover on their guarantees and collateral. KDM had commenced an action against Seaton and Colyton for appointment of a receiver.

## II. RELIEF REQUESTED

By this Motion, the Debtors seek entry of an order (a) approving the Disclosure Statement contained in the Combined Plan/DS, (b) establishing the voting deadline and other dates, (c) approving procedures for soliciting and receiving votes on the Plan and for filing objections to the Plan, (d) approving the manner and notice in connection with confirmation of the Plan, and (e) granting related relief. The Debtors propose the following dates and procedures related to seeking confirmation of the Plan:

1. **January 2, 2025** is the deadline for the Debtors as Plan proponents to serve all parties in interest including creditors, equity security holders, and the United States Trustee, with (a) the Combined Plan/DS, (b) ballots, and (c) the Order Approving the Disclosure Statement contained in the Combined Plan/DS ("Voting Package"). Service of the Voting Package may be made by any of the following delivery methods: personal delivery, email or U.S. Mail.

2. **January 30, 2025 at 5:00 p.m. (Pacific time)** is the deadline for ballots to be **received** by counsel for the Debtors appearing in the upper-left hand corner of this Memorandum of Points and Authorities by at least one of the following delivery methods: email at dtalerico@wztslaw.com or zev.shechtman@saul.com, or by U.S. Mail, or personal delivery to either Derrick Talerico or Zev Shechtman at the addresses set forth above.

3. **February 6, 2025** is the deadline for the Debtors to file and serve on all parties in interest including creditors, equity security holders and the United States Trustee, a motion/brief in support of confirmation of the Plan ("Confirmation Brief"), and to file a ballot summary and proof of service of the Voting Package. Service of the Confirmation Brief may be made by any of the following delivery methods: personal delivery, email or U.S. Mail.

4. **February 13, 2025** is the deadline for interested parties to file and serve a written response to the Confirmation Brief, with service being made by any of the following delivery methods: personal delivery, email or U.S. Mail.

5. **February 27, 2025 at 11:00 a.m. (Pacific time)** is the date for the hearing before the Court to consider confirmation of the Plan contained in the combined Plan/DS, which hearing will be held in Courtroom 1368 of the United States Bankruptcy Court, 255 East Temple Street, Los Angeles, CA 90012.

## III. LEGAL AUTHORITIES

Pursuant to Section 1125(b) of the Bankruptcy Code, a plan proponent may not solicit the acceptance or rejection of a plan of reorganization unless the holders of the relevant claims or interests, as applicable, are provided, at or before the time of such solicitation, with a disclosure statement approved by a bankruptcy court that contains "adequate information" regarding the debtor's plan of reorganization. Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" in relevant part to mean:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal Tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . .

11 U.S.C. § 1125(a)(1). Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan of reorganization. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.,* 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (stating that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties."). This particular point, especially in light of its underlying notions of practicality and flexibility, also is underscored in the legislative history of Section 1125 of the Bankruptcy Code:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation. . . . In chapter 11 cases, there is frequently great uncertainty. Therefore the need for flexibility is greatest.

*See* H.R. Rep. 595, at 408-09(1977).

Courts are vested with wide discretion to determine whether a disclosure statement contains "adequate information" within the meaning of § 1125(a). *See Kirk v. Texaco, Inc.,* 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a). . . ."); *see also In re Oxford Homes,* 204 B.R. 264, 267 (Bankr. D.Me. 1977) (noting Congress intentionally drew vague contours of what constitutes adequate information so that bankruptcy courts can exercise discretion to tailor them to each case's particular circumstances). This grant of discretion is intended to permit courts to tailor the disclosures made in connection with the solicitation of votes on a plan to facilitate the effective reorganization of debtors in a broad ranges of businesses and circumstances. *See* H.R. Re. 595, at 409; *see also Texaco*, 82 B.R. at 682 (stating bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations"). Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Phoenix Petroleum Co.,* 278 B.R. 385, 393 (Banrk. E.D. Pa. 2001).

Here the Disclosure Statement contains "adequate information" as that term is defined in Section 1125. The Disclosure Statement contains ample and adequate information under the circumstances of the Bankruptcy Cases and to the extend available to the Debtors to allow parties in interest to make information judgments about the Plan. The Disclosure Statement includes detailed information regarding, among other things, (i) the Debtors' assets and liabilities, (ii) the classification and treatment of creditors under the Plan, and (iii) how the Plan will be implemented and funded. Accordingly, the Debtors respectfully submit that the Disclosure

Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code and should be approved.

## IV. CONCLUSION

Based on the foregoing, the Debtors respectfully request the entry of an order: (1) granting the Motion; (2) finding that the Disclosure Statement contains "adequate information" as required by 11 U.S.C. § 1125(b); (3) approving the Disclosure Statement; (4) setting procedures, dates and deadlines relating to the distribution of the Disclosure Statement and Plan and ballots for voting on the Plan and for confirmation of the Plan as set forth above; and (5) for such other and further relief as the Court may deem just and proper.

Dated: November 21, 2024     **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
      Derrick Talerico
Counsel to Seaton Investments, Inc., Colyton Investments, Inc., Broadway Avenue Investments, Inc., SLA Investments, Inc. and Negev Investments, Inc.

        and

**SAUL EWING LLP**
Counsel to Alan Gomperts, Daniel Halevy, and Susan Halevy

## DECLARATION OF ALAN D. GOMPERTS

I, Alan D. Gomperts, hereby declare as follows:

1. I am the managing member of Seaton Investments, LLC. I am a manager of Broadway Avenue Investments, LLC and SLA Investments, LLC. I am an authorized representative of Colyton Investments, LLC, Negev Investments, LLC. I have personal knowledge of the facts set forth herein, except as to those states on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I make this declaration in support of the *Debtor's Motion to Approve Adequacy of Disclosure Statement* (the "Motion"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

3. I have been intimately involved in the business investment and ventures with my brother-in-law Daniel Halevy, mother-in-law Susan Halevy, and now deceased father-in-law David Halevy for decades, including all of the corporate Debtors implicated by this Motion. As such, I am familiar with the management, operations, finances, and books and records of the corporate Debtors specifically and generally as to Susan Halevy and Daniel Halevy.

4. The Disclosure Statement includes detailed information regarding, among other things, (i) the Debtors' assets and liabilities, (ii) classification and treatment of creditors under the Plan, and (iii) how the Plan will be implemented and funded. I believe that the Disclosure Statement contains sufficient and adequate information, under the circumstances of the Bankruptcy Cases, and to the extent available to the Debtors, to allow parties in interest to make informed judgemnts about the Plan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of November, 2024, at Beverly Hills, California.

ALAN D. GOMPERTS

# **DECLARATION OF DERRICK TALERICO**

I, Derrick Talerico, hereby declare as follows:

1. I am an attorney duly admitted to practice law in the state of California and am admitted inter alia to the United States District Court for the Central District of California, and therefore to practice in the United States Bankruptcy Court for the Central District of California. I have personal knowledge of the facts stated herein and knowledge based on business records of my law practice and of my law firm Weintraub Zolkin Talerico & Selth LLP (the "Firm").

2. I submit this Declaration in support of the *Debtor's Motion to Approve Adequacy of Disclosure Statement* (the "Motion"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion

3. On October 31, 2024, the Debtors filed their *First Amended Disclosure Statement and Plan Dated October 31, 2024* (the Combined DS/Plan) [Doc. 267].

4. On October 31, 2024, the Debtors filed their *Notice of Hearing on Adequacy of Disclosure Statement* ("DS Notice) [Doc. No 268], a true and correct copy of which is attached hereto as **Exhibit 1**. The Proof of Service annexed to the DS Notice shows that the DS Notice was served on all parties in interest including creditors, equity security holders and the United States Trustee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of November, 2024, at Los Angeles, California.

*/s/ Derrick Talerico*
Derrick Talerico

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd., Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT** [11 U.S.C. § 1125; FRBP 3017; LBR 3017-1] will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 21, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 21, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtors:
Seaton Investments, LLC, et al.
264 S. Oakhurst Dr
Beverly Hills, CA 90212

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 21, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent P. Zurzolo    (via Priority Mail)
United States Bankruptcy Court
255 E Temple St., Suite 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/21/2024 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

February 2019                         Page 4                         **VZ CH11.MOTION.DISCLSR.STMT**

Seaton Investments, LLC – Jointly Administered

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.</u>: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley</u>: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- <u>Attorneys for Creditor First Foundation Bank</u>: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- <u>Attorneys for Creditor Korth Direct Mortgage, Inc.</u>: **Tanya Behnam**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- <u>Attorneys for Creditor United States of America on behalf of the Internal Revenue Service</u>: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- <u>Courtesy NEF/Interested Party</u>: **Christopher Cramer**: secured@becket-lee.com
- <u>Attorneys for Creditor Archway Real Estate Income Fund I SPE I, LLC</u>: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com
- <u>Attorneys for Creditor Wells Fargo National Bank West</u>: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jacqueline L James**: jjames@hrhlaw.com
- <u>Courtesy NEF/Interested Party Avi Muhtar</u>: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A.</u>: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- <u>US Trustee's Office</u>: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**