JACQUELINE L. JAMES (SBN 198838)
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Blvd., 12th Floor
Encino, California 91436
Tel.: (818) 501-3800
Fax: (818) 501-2985
Email: jjames@hrhlaw.com

Attorneys for Creditors
HARVEST SMALL BUSINESS FINANCE, LLC
and HARVEST COMMERCIAL CAPITAL, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>　　　　Debtors and Debtors in Possession. | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ<br>and 2:24-bk-12076-VZ<br><br>Chapter 11 |
|---|---|
| Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☐ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | **LIMITED OBJECTION TO MOTION FOR APPROVAL OF DISCLOSURE STATEMENT**<br><br>Current Hearing:<br>Date:  December 12, 2024<br>Time: 11:00 a.m.<br>Crtrm.: 1368 |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS AND THEIR COUNSEL, AND ALL OTHER PARTIES IN INTEREST:**

1

HARVEST SMALL BUSINESS FINANCE, LLC ("Harvest Small Business") and HARVEST COMMERCIAL CAPITAL, LLC ("Harvest Commercial") hereby submit their limited objections to the Disclosure Statement for which the abovementioned debtors (the "Debtors") seek approval:

## I.

## INTRODUCTION

Harvest Small Business is a creditor of debtors SLA Investments, LLC ("SLA"), Susan Halevy, Alan Gomperts, and Daniel Halevy.  Harvest Commercial is a creditor of debtor Daniel Halevy. (Harvest Small Business and Harvest Commercial will be collectively referred to herein as the "Harvest Entities".)  The Harvest Entities have filed this limited objection because, although they do not object to the approval of the Debtors' Disclosure Statement with some revisions, they believe that some revisions and clarifications should be required.

## II.

## THE HARVEST CLAIMS

In order for the Court to understand the context of the objections raised by the Harvest Entities, the following is a description of its claims:

**A.    The Claims of Harvest Small Business**

On or about February 7, 2018, SLA and non-debtor Sienna Rose, Inc. ("Sienna Rose") executed and delivered a Promissory Note (the "SBA Note") to Harvest Small Business in the initial amount of $2,000,000.00. (The loan is an SBA loan.)  The obligation under the SBA Note is secured by the real property commonly known as 1040 S. Los Angeles Street, Los Angeles, California 90015, APN 5145-020-057 ("Property"). The security interest was perfected by the recording of a deed of trust. SLA and Sienna Rose represented, at the time that the loan was made, that SLA would hold title to the Property and that Sienna Rose would pay rent to SLA for the use of the Property. The total amount due, owing and unpaid from Debtor to Harvest Small Business as of the Petition Date was $1,802,928.27.  The Debtor's Disclosure Statement seems to indicate that there is substantial equity in the Property. The obligations under the SBA Note were guaranteed by Susan Halevy, Daniel Halevy and Alan Gomperts.  Harvest Small Business filed proofs of claims consistent with the foregoing.

**B.     The Claim of Harvest Commercial**

On or about March 1, 2019, non-debtor 802 Mateo St., LLC ("Mateo Street") executed and delivered a Promissory Note (the "Commercial Note") to Harvest Commercial in the initial amount of $1,589,000.  Daniel Halevy guaranteed Mateo Street's obligations under the Commercial Note.  The total amount due, owing and unpaid from Debtor to Claimant as of March 18, 2024 ("Petition Date") is $1,447,917.08. Harvest Commercial filed a proof of claim against the estate of Daniel Halevy consistent with the foregoing.

The Debtors' Disclosure Statement and Plan provides that:

1.     SLA will pay the amount due to Harvest Small Business on the SBA loan in full by making interest-only payments at the rate of 6% per year (so payments of $9,015 per month) for a period of 7 years.  At the end of the 7 years, it will pay the remaining amount in full in a balloon payment.  With respect to the guarantors, the plan simply provides that Harvest Small Business will maintain its guaranties.

2.     With respect to the claim against Daniel Halevy on the commercial loan, the Plan simply indicates that "Harvest" will maintain its guaranty.[1]

The treatment on the aforementioned claims is found in Exhibit G in Class 4.4(b) for SLA, Class 2.6(f) for Alan Gompert, Class 2.7(g) for Daniel Halevy and 2.8(e) for Susan Halevy.

### III.

### THE STANDARD FOR APPROVAL OF A DISCLOSURE STATEMENT

In order to be approved, a disclosure statement must contain "adequate information," which means:

> "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or

---

[1] The Debtors may not realize that there are two separate Harvest Entities.  The Disclosure Statement and Plan treats them as if they were the same entity.

3

interests of the relevant class to make an informed judgment about the plan"

11 U.S.C. § 1125(a)(1). The burden of proving that a disclosure statement contains adequate information falls on the proponent. *See In re Michelson*, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992).

## IV.

## THE OBJECTIONS

The Harvest Entities may or may not have certain issues with the treatment proposed for them in the Plan. However, since the motion at issue relates to the adequacy of the Disclosure Statement, the Harvest Entities have the following comments, questions and objections with respect to the Disclosure Statement:

1.	Harvest Small Business and Harvest Commercial are two separate entities, and the Disclosure Statement and Plan should be clear about that. The Debtors may or may not want to provide for them to be treated in the same class. (*See* the treatment in 2.7(g).)

2.	It is unclear to the Harvest Entities having reviewed the cash flow projections, whether cash will be flowing from one or more debtors to another, and if so, when, how, and for what reason. The issue arises, in part, because when one reviews the cash flow projections for SLA and notices how much excess cash it has during the plan period, one has to wonder why it is only proposing to make interest-only payments to Harvest Small Business on its mortgage when it would seem to be able to afford to make the full contract payment for approximately $5,000 more per month. Is that excess cash going to be used to support other debtors/properties?

3.	The Disclosure Statement does not explain where the money to make the balloon payments in Year 7 of the Plan will come from. Will it come from the sale or refinancing of assets, such as the Property? Additional information about the source of funds and the likelihood that those funds will be available should be provided.

4.	Neither the Disclosure Statement nor the Plan explain when the balloon payment to Harvest Small Business will be made other than to say that it will be after the end of the 7-year payment term. Within 30 days of a certain event? Within 90 days? A date should be specified.

4

5. In the opinion of the Harvest Entities, the discharge, default, effect of confirmation and injunctive relief sections of the Disclosure Statement require some revision. Specifically,

    a. The Harvest Entities could not locate a reference to the discharges of the individual debtors in the Plan. (If counsel missed it, she apologizes.) Since the treatment of all of the claims of the Harvest Entities, with the exception of the claims against Debtor SLA, seems to be to simply maintain the rights of creditors as against the individuals with respect to their guaranties, how does that affect the discharges of the individual debtors? Will they not receive any discharges on those debts, or will they only receive them if the underlying obligations are paid in full? Additional information with respect to discharges should be provided so that creditors can evaluate the treatment proposed by the Plan.

    b. Neither the Disclosure Statement nor the Plan provide much information about what will happen if one or more of the Debtors defaults under the Plan, especially if the borrower/debtors default. Will creditors be able to pursue their state court remedies against the borrower debtors/against the guarantors? What happens, if, for example, a non-debtor, such as Commune Events, defaults further on the Commercial Note outside of bankruptcy. (It is already in default and attempting to "catch up.") Under the Disclosure Statement and Plan, Harvest Commercial's guaranty remains in place, but what does that mean in terms of its rights against Daniel Halevy?

Therefore, the Harvest Entities propose that the default, discharge, effect of confirmation and injunctive sections of the Disclosure Statement and Plan should contain more specific information.

## V.

## CONCLUSION

Based on all of the foregoing, the Harvest Entities respectfully request that the Court require the Debtors to correctly reflect the names of the Harvest Entities in the Disclosure Statement, explain whether the projected cash flow will also flow between Debtors, specify the source of funds for, and the timing for the making of the balloon payments described in the Plan, provide additional

5

information about any payments received or to be received from non-debtor Sierra Rose, provide additional information concerning discharges, what happens in the event of default(s), the effect of confirmation and injunctive relief prior to the approval of the Disclosure Statement.

Dated:  November 27, 2024          HEMAR, ROUSSO & HEALD, LLP

By: /s/ Jacqueline L. James
    JACQUELINE L. JAMES
    Attorneys for Creditors
    HARVEST SMALL BUSINESS FINANCE, LLC
    and HARVEST COMMERCIAL CAPITAL, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15910 Ventura Blvd., 12th Floor, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OBJECTION TO MOTION FOR APPROVAL OF DISCLOSURE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 27, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 27, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 27, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 27, 2024 | Sanaz Adnani | /s/ *Sanaz Adnani* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**

**NOTICE OF ELECTRONIC FILING (NEF)**:

• Counsel to Party in Interest: Scott R Albrecht salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
• Counsel to KDM: Tanya Behnam tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
• Counsel to Party in Interest: Jacquelyn H Choi jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
• Counsel to Individual Debtors: Carol Chow Carol.Chow@saul.com, easter.santamaria@saul.com
• Counsel to Party in Interest: Robert F Conte robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
• Counsel to Individual Debtors: Ryan Coy ryan.coy@saul.com, hannah.richmond@saul.com
• Counsel to Party in Interest: Christopher Cramer secured@becket-lee.com
• Counsel to Individual Debtors: Turner Falk turner.falk@saul.com, tnfalk@recap.email
• Counsel to Archway: Michael G Fletcher mfletcher@frandzel.com, sking@frandzel.com
• Counsel to Party in Interest: Todd S. Garan ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
• Counsel to Party in Interest: Richard Girgado rgirgado@counsel.lacounty.gov
• Counsel to Party in Interest: Jacqueline L James jjames@hrhlaw.com
• Trial Counsel to U.S. Trustee: Kelly L Morrison kelly.l.morrison@usdoj.gov
• Counsel to Party in Interest: Avi Edward Muhtar amuhtar@crownandstonelaw.com
• Counsel to Archway: Bruce D Poltrock bpoltrock@frandzel.com, achase@frandzel.com
• Counsel to Individual Debtors: Zev Shechtman Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
• Counsel to Corporate Debtors: Derrick Talerico dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
• United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
• Counsel to Archway: Gerrick Warrington gwarrington@frandzel.com, achase@frandzel.com
• Counsel to Party in Interest: Jennifer C Wong bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
• Counsel to Archway Broadway Loan SPE, LLC Michael Gerard Fletcher, Gerrick M. Warrington mfletcher@frandzel.com, gwarrington@frandzel.com

**Served By Personal Delivery**
The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1360
255 E. Temple Street
Los Angeles, CA 90012-3332

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                      **F 9013-3.1.PROOF.SERVICE**

**Email:**
**Counsel to Corporate Debtors:**
Derrick Talerico dtalerico@wztslaw.com

**Counsel to Individual Debtors:**
Zev Shechtman Zev.Shechtman@saul.com
Turner Falk turner.falk@saul.com
Ryan Coy ryan.coy@saul.com

**United States Trustee:**
Kelly L Morrison kelly.l.morrison@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                        **F 9013-3.1.PROOF.SERVICE**