| | |
|---|---|
| 1 | Michael Gerard Fletcher (State Bar No. 070849) |
| |   mfletcher@frandzel.com |
| 2 | Gerrick M. Warrington (State Bar No. 294890) |
| |   gwarrington@frandzel.com |
| 3 | FRANDZEL ROBINS BLOOM & CSATO, L.C. |
| | 1000 Wilshire Boulevard, Nineteenth Floor |
| 4 | Los Angeles, California 90017-2427 |
| | Telephone: (323) 852-1000 |
| 5 | Facsimile: (323) 651-2577 |

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
|     Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☒ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | **ARCHWAY BROADWAY LOAN SPE, LLC'S OPPOSITION TO RENEWED MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364**<br><br>Date:    December 12, 2024<br>Time:    11:00 a.m.<br>Crtrm.:  1368<br>           255 E. Temple Street<br>           Los Angeles, CA 90012<br><br>Hon. Vincent P. Zurzolo |

**TABLE OF CONTENTS**

**Page**

I. Introduction ...........................................................................................................................4

II. Background ..........................................................................................................................4

III. Discussion .............................................................................................................................5

    A. Broadway has not explained how it will perform under the proposed DIP loan. ................................................................................................................................5

    B. The proposed DIP lien would prime Archway's perfected lien on rents. ...................5

    C. Broadway Has a Readily Available Source of Unsecured Credit—its Members. ..............................................................................................................................7

    D. Service of the DIP Motion is Defective. ...................................................................8

    E. The Motion Fails to Attach the Proposed Order. ......................................................8

IV. Conclusion............................................................................................................................8

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

|  | **Page(s)** |
|---|---|

**Federal Cases**

*In re Ames Dep't Stores, Inc.*,
  115 B.R. 34 (Bankr. S.D.N.Y. 1990) ............................................................................... 7

*In re AWTR Liquidation Inc.*,
  548 B.R. 300 (Bankr. C.D. Cal. 2016) ............................................................................ 7

*In re Swedeland Dev. Group, Inc.*,
  16 F.3d 552 (3d Cir. 1994) .............................................................................................. 6

*In re Swedeland Dev. Group, Inc.*,
  552 F.3d at 564 ................................................................................................................ 6

**State Cases**

*Berg & Berg Enterprises, LLC v. Boyle*,
  178 Cal. App. 4th 1020 (2009) ....................................................................................... 7

**Federal Statutes**

*11 U.S.C. § 364(a)* ........................................................................................................ 4, 7, 8

11 U.S.C. § 364(c) ............................................................................................................ 6, 7

11 U.S.C. § 364(d) ................................................................................................................ 6

11 U.S.C. § 364(d)(1)(B) ...................................................................................................... 6

11 U.S.C. § 364(d)(2) ........................................................................................................... 6

**Rules**

Fed. R. Bankr. P. 4001(c)(1)(A) ........................................................................................... 8

Fed. R. Bankr. P. 7004 ......................................................................................................... 8

Fed. R. Bankr. P. 7004(b) .................................................................................................... 8

Fed. R. Bankr. P. 7004(b)(3) ............................................................................................... 8

Fed. R. Bankr. P. 9014 ......................................................................................................... 8

Fed. R. Bankr. P. 9014(b) .................................................................................................... 8

1  Secured creditor, Archway Broadway Loan SPE, LLC, a Delaware limited liability
2  company, successor in interest to Archway Real Estate Income Fund I REIT, LLC ("Archway"),
3  opposes ("Opposition") (Dkt. *pending*) the *Renewed Motion of Debtor and Debtor in Possession*
4  *Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition*
5  *Financing Pursuant to 11 U.S.C. § 364* ("Renewed Loan Motion") (Dkt. 307) filed in the lead
6  case of those jointly-administered debtors, Seaton Investments, LLC ("Seaton"), Colyton
7  Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA
8  Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev" and collectively with Seaton,
9  Colyton, Broadway and SLA, the "Corporate Debtors") and Alan Gomperts ("Mr. Gomperts"),
10  Daniel Halevy ("Mr. Halevy"), and Susan Halevy ("Ms. Halevy" and collectively with
11  Mr. Gomperts and Mr. Halevy, the "Individual Debtors" and collectively with the Corporate
12  Debtors, the "Debtors").

## I. Introduction

The proposed DIP loan matures in one year. How does Broadway propose to pay it?

The loan requires Broadway to fund a $240,000.00 loan fee on the closing date. How can insolvent Broadway fund this loan fee?

For that matter, how can Broadway fund the monthly interest payments on the Loan? Broadway does not have permission to use Archway's cash collateral, and all rent obligations under the Lease are **contingent** on a certificate of occupancy, which has eluded Broadway for almost a decade.

This renewed motion seeks a priming lien without citing correct legal authority or providing any evidence that Archway is adequately protected.

If approved, Broadway would immediately be in breach of the loan agreement because the Lease contains terms, like a right of first refusal, which are prohibited in the loan agreement.

The Court should deny.

## II. Background

Broadway incorporates by reference the background of this matter, which is set forth fully in its concurrently-filed Opposition to Broadway's *Renewed Motion of Debtor and Debtor in*

*Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter into Post-Petition Lease* ("Renewed Lease Motion") (Dkt. 310) ("Lease Motion Opposition").

Unless otherwise defined herein, the defined terms used in this Opposition are taken from the Lease Motion Opposition.

### III. Discussion

The following section discusses and sets forth Archway's arguments and objections to the DIP Loan Motion.

**A.    Broadway has not explained how it will perform under the proposed DIP loan.**

The Loan Agreement provides that upon closing, Broadway shall pay the DIP Lender a loan fee in the amount of $240,000.00. *See* Dkt. 307-1 at 6.

But the Renewed Loan Motion fails to address how Broadway is proposing to pay this loan fee. Is the DIP lender going to waive this fee?

The motion also fails to address how Broadway is proposing to fund continuing interest payments (or how much those payments are). The Note, Dkt. 307-1 at 37, refers to a payment schedule, but the exhibit is missing. The problem is that under the proposed Lease, rent payments are deferred until Broadway obtains a certificate of occupancy—a feat that has eluded it for almost a decade. This begs the question of how Broadway plans to fund interest-only payments to the DIP Lender if no rent payments are being made. Broadway also fails to provide any evidence of the proposed tenants' financial wherewithal—an issue addressed in the concurrent Lease Motion Opposition.

The proposed DIP loan matures in one year from the origination date, at which time all of the $4 million principal, plus interest, fees, etc. are due. *See* Loan Agreement Dkt. 307-1 at 7; Note Dkt. 307-1 at 36. But the motion does not address how Broadway proposes to fund this balloon payment.

The Court should deny.

**B.    The proposed DIP lien would prime Archway's perfected lien on rents.**

A court may authorizing a priming lien only if (a) the debtor-in-possession is unable to obtain such credit otherwise and (b) there is adequate protection to existing lienholders to-be-

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

primed. The touchstone of any motion to borrow is that the preexisting secured debt be adequately protected. *See* 11 U.S.C. § 364(d)(1)(B); *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994). The debtor bears the burden of proof on this issue. *See* 11 U.S.C. § 364(d)(2). To suffice, the "proposal should provide the pre-petition secured creditor with the same level of protection it would have had if there had not been post-petition financing." *In re Swedeland Dev. Group, Inc.*, 552 F.3d at 564. The "law does not support the proposition that a creditor … undersecured by many millions of dollars, may be adequately protected when a superpriority lien is created without the provision of additional collateral by the debtor." *Id.* at 567.

Here, Broadway is proposing to grant the DIP Lender a priming lien on, among other things, "all sums received by [Broadway] or its managers or affiliates from any and all federal, state, county or city agency … in reimbursement of fees, costs and out of pocket expenses related to the improvements or use of the Property." Loan Agreement at § 3.1(k) Dkt. 307-1 at 10. Such reimbursement fees, costs, and expenses constitute rents under the proposed Lease. *See* Lease § 4.06.3(C) (stating that the proposed tenants are obligated to pay Broadway all sums received from Governmental Agencies in reimbursement of LW Expenses, the improvements, or use of the Property). Such revenue from the proposed tenants to Broadway constitutes "rent" under California law because it derives from the Property itself—i.e., the tenant improvements and use of the Property. Moreover, the Lease provides that if the Government Agencies do not reimburse the tenants, then their obligations are definitively "additional rental" under the Lease. *See* Lease § 4.06.3(E) (stating that if tenants do not receive grants all sums owed to Broadway as LW Expenses shall be due as rent).

Archway holds the senior-most perfected security interest in Broadway's rents, issues, and profits. *See* Deed of Trust and AOR, Khorshidi Decl., Exhs. 2–3.

Although the Renewed Loan Motion does not request a priming lien under § 364(d), the proposed lien being offered to the DIP Lender would have the legally operative effect of priming Archway's perfected lien on rents.

Accordingly, the relief being sought in the motion, under § 364(c), is inapt and inapplicable.

Broadway has not met its burden to show that Archway is adequately protected in spite of such priming lien.

### C. Broadway Has a Readily Available Source of Unsecured Credit—its Members.

Even if § 364(c) did apply to the proposed DIP Loan (it does not), the court may not approve it "unless the debtor demonstrates that it has reasonably attempted, but failed, to obtain unsecured credit under sections 364(a) or (b)." *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 37 (Bankr. S.D.N.Y. 1990). Moreover, under § 364(c), the Debtor must show that (a) the DIP loan is not being used to "leverage the bankruptcy process and powers" or to "benefit a party-in-interest" as opposed to the bankruptcy estate. *Id.* at 40.

Here, Mr. Gomperts owes fiduciary duties to Broadway to capitalize Broadway pursuant to the Operating Agreement's mandatory capital call provisions. *See* Operating Agreement at § 2.1. As manager of insolvent Broadway, Mr. Gomperts also owes fiduciary duties to Archway to avoid self-dealing and unduly risking Broadway's assets. *Berg & Berg Enterprises, LLC v. Boyle*, 178 Cal. App. 4th 1020, 1041 (2009). Such fiduciary duties constitute an exception to the business judgment rule. *See In re AWTR Liquidation Inc.*, 548 B.R. 300, 318, 324 (Bankr. C.D. Cal. 2016) (providing that the business judgment rule is subject to scrutiny for possible self-dealing) (citations omitted). Mr. Gomperts also owes Broadway's estate fiduciary duties as the manager of a debtor-in-possession.

Broadway cannot show that it reasonably attempted, but failed, to obtain unsecured credit when its own manager, Mr. Gomperts, could fund such a $4 million loan on an unsecured basis from his **over $28 million in net assets** (per financial statements provided to Archway in August of last year). Instead of doing so, Mr. Gomperts is using the proposed DIP Loan to "leverage the bankruptcy process and powers" for his own benefit as opposed to the benefit of the bankruptcy estate. Instead of complying with his fiduciary duties, Mr. Gomperts is proposing a DIP loan and lease transactions from third parties who are apparently still connected with various nefarious characters (*see, generally*, Opposition to Lease Motion). Whether and to what extent Mr. Bombola and Mr. Schwarcz are still personally calling the shorts behind the scenes is not disclosed and is unknown.

### D. Service of the DIP Motion is Defective.

A DIP finance motion under § 364 is a contested matter. *See* Fed. R. Bankr. P. 4001(c)(1)(A). Contested matters are governed by Rule 9014, which requires the same manner of service as a summons and complaint under Rule 7004. Fed. R. Bankr. P. 9014(b).

Broadway did not serve the DIP Motion properly. Rule 7004(b) requires service on a domestic corporation by first class mail postage prepaid "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…." Fed. R. Bankr. P. 7004(b)(3).

But here, Broadway did not provide such service to several domestic corporate creditors, including: Alta Fire Pro, California Refrigeration & Supply, Commune Events, Inc., RG Fire Inc, Sienna Rose Inc, and Southern California Edison.

Broadway also failed to serve the DIP Motion on the DIP Lender. These are all necessary parties to this contested matter, entitled to service in the same manner as a summons and complaint.

Accordingly, service is defective, and the Court should deny for this reason alone.

### E. The Motion Fails to Attach the Proposed Order.

"A motion for authority to obtain credit … shall be accompanied by… a proposed form of order." Fed. R. Bankr. P. 4001(c)(1)(A).

Here, the Renewed Loan Motion does not attach any form of order.

Accordingly, the Renewed Loan Motion violates Rule 4001(c)(1)(A).

## IV. Conclusion

For all of the reasons set forth above, the Court should deny the Renewed Loan Motion.

DATED: November 27, 2024    FRANDZEL ROBINS BLOOM & CSATO, L.C.

By:    /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

A true and correct copy of the foregoing document entitled (*specify*): **ARCHWAY BROADWAY LOAN SPE, LLC'S OPPOSITION TO RENEWED MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>November 27, 2024</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Counsel to Party in Interest: Scott R Albrecht     salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- Counsel to KDM: Tanya Behnam     tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Counsel to Party in Interest: Jacquelyn H Choi     jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- Counsel to Individual Debtors: Carol Chow     Carol.Chow@saul.com, easter.santamaria@saul.com
- Counsel to Party in Interest: Robert F Conte     robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- Counsel to Individual Debtors: Ryan Coy     ryan.coy@saul.com, hannah.richmond@saul.com
- Counsel to Party in Interest: Christopher Cramer     secured@becket-lee.com
- Counsel to Individual Debtors: Turner Falk     turner.falk@saul.com, tnfalk@recap.email
- Counsel to Archway: Michael G Fletcher     mfletcher@frandzel.com, sking@frandzel.com
- Counsel to Party in Interest: Todd S. Garan     ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Counsel to Party in Interest: Richard Girgado     rgirgado@counsel.lacounty.gov
- Counsel to Party in Interest: Jacqueline L James     jjames@hrhlaw.com
- Trial Counsel to U.S. Trustee: Kelly L Morrison     kelly.l.morrison@usdoj.gov
- Counsel to Party in Interest: Avi Edward Muhtar     amuhtar@crownandstonelaw.com
- Counsel to Archway: Bruce D Poltrock     bpoltrock@frandzel.com, achase@frandzel.com
- Counsel to Individual Debtors: Zev Shechtman     Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- Counsel to Corporate Debtors: Derrick Talerico     dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Counsel to Archway: Gerrick Warrington     gwarrington@frandzel.com, achase@frandzel.com
- Counsel to Party in Interest: Jennifer C Wong     bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

---

ARCHWAY'S OPPOSITION TO BROADWAY RENEWED DIP MOTION

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 27, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Overnight Delivery, Early Morning:**

The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1360
255 E. Temple Street
Los Angeles, CA 90012-3332

**Email:**

**Counsel to Corporate Debtors:**
Derrick Talerico     dtalerico@wztslaw.com

**Counsel to Individual Debtors:**
Zev Shechtman     Zev.Shechtman@saul.com
Turner Falk     turner.falk@saul.com
Ryan Coy     ryan.coy@saul.com

**United States Trustee:**
Kelly L Morrison
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
Email: kelly.l.morrison@usdoj.gov

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 27, 2024 | Annette Chase | /s/ Annette Chase |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |