**POLSINELLI LLP**
Garrick Vanderfin (State Bar No. 316159)
gvanderfin@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:    (310) 556-1801
Facsimile:    (310) 556-1802

*Attorney for Secured Creditor Korth Direct Mortgage, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | |
| ☐ All Debtors | Chapter 11 |
| ☒ Seaton Investments, LLC | |
| ☐ Colyton Investments, LLC | **KORTH DIRECT MORTGAGE'S OBJECTION TO DEBTOR SEATON INVESTMENTS, LLC'S MOTION TO ENTER POST-PETITION LEASE AND MOTION TO ENTER POST-PETITION FINANCING** |
| ☐ Broadway Avenue Investments, LLC | |
| ☐ SLA Investments, LLC | |
| ☐ Negev Investments, LLC | |
| ☐ Alan Gomperts | |
| ☐ Daniel Halevy | Date:      December 12, 2024 |
| ☐ Susan Halevy | Time:      11:00 a.m. Crtrm.:    1368, Roybal Federal Building            255 E Temple Street            Los Angeles, CA 90012 |
| | Hon. Vincent P. Zurzolo |

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 556-1801

Secured creditor, Korth Direct Mortgage, Inc. ("**Korth**"), submits this objection (the "**Objection**") in response to the above-captioned debtor and debtor-in-possession's (the "**Debtor**" or "**Seaton**") *Motion of Debtor and Debtor in Possession Seaton Investments, LLC for Order Authorizing Debtor to Enter into Post-Petition Lease* (the "**Lease Motion**") [ECF No. 314] and *Motion of Debtor and Debtor in Possession Seaton Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* (the "**DIP Motion**") [ECF No. 312]. In support of its Objection, Korth respectfully states as follows:

## BACKGROUND

1.  On or about April 23, 2021, a predecessor in interest to Korth entered into loan transactions (the "**Loans**") with debtors Colyton Investments, LLC ("**Colyton**"), and Seaton, which were secured by certain real property owned by Colyton at 421 Colyton Street, Los Angeles, CA 90013 (the "**Colyton Property**") and by Seaton at 440 Seaton Street, Los Angeles, CA, 90013 (the "**Seaton Property**") and operated as a single economic unit. A detailed background of the Loans can be found in Korth's proof of claim filed as Claim No. 2 in Case No. 24-12080.

2.  In addition to the transactions with Colyton and Seaton, Korth was granted guarantees of the Colyton and Seaton Loans by individual debtors Alan Gomperts, Daniel Halevy, and Susan Halevy.[1]

3.  Seaton and its affiliates filed for bankruptcy on March 19, 2024, roughly a month before the balloon payment on the Colyton and Seaton Loans were due. The debtors moved for joint administration (the "**Jointly Administered Debtors**") and the motion was granted.

4.  On November 22, 2024, Seaton filed the Lease Motion and the DIP Motion, seeking to enter into a fifteen (15) year lease (the "**Lease**") with Levav Group LLC ("**Levav**") and DMB Fund, a California non-profit d/b/a Broadway Community Care Centers ("**DMB**," together with Levav, the "**Tenants**") and a four (4) million-dollar DIP loan (the "**DIP Loan**") with New Millenia Group.

---

[1] The original Guaranty was executed by David Halevy, who is now deceased. According to the Debtors, the obligation is now owned by Susan Halevy via the Halevy Trust.

5.      Per the Lease, the Tenants plan to operate a facility for "'Behavioral Health Treatment' of adolescents and adults including without limitation, unhoused people, Skidrow population, veterans and all those in need of mental and behavioral services for both outpatient and inpatient services." Lease, § 4.05.

6.      Neither the Lease nor the Lease Motion discuss whether such a facility would be allowed in the Seaton Property based on the current zoning of the Seaton Property, and neither the Lease nor the Lease Motion address any contingencies for seeking any variances.[2] The Lease purports to require the Tenants to secure all permits necessary, but the Motion does not address the status of those permits nor any plan to obtain the permits.

7.      In support of the Lease and Lease Motion, Seaton filed the *Declaration of Ari Stock in Support of Motion of Debtor to Enter into Post-Petition Lease* (the "**Stock Declaration**") [ECF 314-2]. The Stock Declaration alleges that Levav "is in the healthcare business providing support for mental healthcare facilities" and that "Levav's commitment as a tenant is not contingent upon the application of grants, subsidies, and other government and NGO incentives that may be applied for in connection with the provision of medical and social services at the property." Stock Decl., p. 1.

8.      In further support of the Lease Motion, the Stock Declaration attaches "Levav's financial statements" that purport to show its financial health. However, the financial statements raise numerous issues.

9.      First, the financial statements are for entities named "Bellflower Post Acute," "El Rancho Vista Healthcare Center," and "Long Beach Post Acute." It is entirely unclear how or even whether these entities are related to Levav, or whether they are separate entities altogether.   All three facilities, by their names and a quick google search, appear to be skilled nursing, rehabilitation, and other short-term senior care facilities. A significant difference from a behavioral health treatment facility.

---

[2] For example, one potential issue left unaddressed by the Lease Motion and the Lease is the current zoning on the facility. The property is currently zoned M3-1-RIO. As currently regulated, M3 zoned areas cannot contain "Hospitals or sanitariums."

100233711.2

10. Second, the financial statements show that all three facilities are entirely dependent on "the application of grants, subsidies, and other government and NGO incentives" for their operation. For example, Bellflower's profit and loss statement shows that over 90% of its operating income attributable to its skilled nursing facility comes from either Medicare or Medicaid. Similar percentages exist at the El Rancho Vista and Long Beach Post Acute facilities.

11. Seaton ostensibly plans to use the proceeds of the DIP Loan to fund four million dollars of improvements to the Seaton property—defined as "Lessor's Work"—as required under the Lease. Under the terms of the Lease, the Tenants are then to reimburse Seaton through sums received from any "Governmental Agency" that would reimburse the improvements made to the Seaton Property.

12. The DIP Loan's substantive economic terms include a 6% origination fee ($240,000), a diligence fee of $10,000, a twelve-month term, and an interest rate of 12%. During the term, interest-only payments are required, with a balloon payment occurring at the end of the twelve months.

13. The DIP Loan is secured by "grants, subsidies, and other government and NGO incentives paid to Seaton" and "personal property acquired with proceeds of the Loan," which seems to also be the source of the rent paid under the Lease and presumably the income stream from which Korth will be paid.

14. Seaton and the Jointly Administered Debtors do not provide any information as to where the payment for the origination fee and the diligence fee is coming from.

15. Previously, the Jointly Administered Debtors sought to enter into a similar lease and operation arrangement with another property in these Chapter 11 Cases, referred to as the Broadway Property, with the same Tenants. *See* ECF No. 248.

16. The secured lender on the Broadway Property, Archway, objected to the lease arrangement on the Broadway Property, calling into question the legitimacy and credibility of the

principals behind Levav and DMB.[3] *See* ECF No. 279. As a result, the Jointly Administered Debtors withdrew the motion on the Broadway property, and refiled—removing all mention to the principals that Archway took issue with. *See* ECF No. 330.

**<u>OBJECTION</u>**

17.    Korth files this Objection to the Debtor's Motion to enter into the Lease and the DIP Loan because (i) Seaton and the Jointly Administered Debtors have not met their burden showing that entering into the Lease is a sound exercise of its business judgment; (ii) entering into the Lease is in direct conflict with its fiduciary duty to its creditors—namely Korth; and (iii) because the success of Seaton's Plan is clearly contingent upon entering into the Lease, the proper time to determine whether entering into the Lease is proper is at Plan confirmation, and not at this juncture.

**I.    Entering into the Lease is not a sound exercise of Seaton and the Jointly Administered Debtors' business judgment because optimal value would not be realized.**

18.    Seaton seeks to enter into the Lease pursuant to 11 U.S.C. § 363(b)(1). *See* Lease Mot., 7. As such, Seaton must show that executing the Lease is an exercise of its sound business judgment. *See, e.g., In re Baroni*, 654 B.R. 334, 342 (Bankr. C.D. Cal. 2023). As Seaton recognizes, the business judgment rule is merely a "presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company." Lease Mot., 7. The business judgment rule does not, however, provide blanket authority to a debtor to enter into any transaction nor is it a rubber stamp on the decision-making of officers or directors.

19.    Moreover, courts in the Ninth Circuit have an "obligation" when Bankruptcy Code section 363 is invoked "to assure that optimal value is realized by the estate under the circumstances." *In re Lahijani*, 325 B.R. 282, 288–89 (B.A.P. 9th Cir. 2005). Here, Seaton has not made any showing of its sound business judgment nor that invoking section 363 would lead to "optimal value" realized by the estate.

---

[3] Korth has not been able to independently verify or address the allegations in Archway's Lease Objection, given that Seaton's Lease Motion was filed on November 22, 2024. To the extent of the veracity of Archway's allegations, Korth would certainly object on those bases as well.

20.     Seaton merely states in the Lease Motion that "[e]ntering into the Lease is an exercise of Seaton's business judgment." Seaton does not, however, explain how entering into the lease maximizes the value of the state or furthers its plan of reorganization. Seaton also does not provide any evidence as to how it exercised its discretion of its business judgment, but rather relies on short declarations by the Tenants.

21.     While Seaton does state that the "Lease and the DIP Loan will allow Seaton to propose a plan to pay its creditors," the economic reality of the nature of the Lease, its current debt structure, and the real estate market does not support the assertion that the Lease will help implement a confirmable Plan.

22.     Seaton's current plan is to make payments to Korth over three (3) years and then make a balloon payment that would pay Korth's secured claim in full at the conclusion of the plan payments. *See* ECF No. 276, at § V.E. To make this payment, Seaton would need to either refinance the Seaton Property or sell the Seaton Property and use the proceeds to pay off Korth.

23.     Placing such special-use Tenants—behavioral health services for a transient population—in the Seaton Property potentially undermines the value of the Seaton Property and makes it impossible to sell or refinance at a price that can support pay-off under the Plan. No evidence has been provided through the Lease Motion or the DIP Motion that entering into the Lease and the DIP Loan will support a valuation at a price that can validly support Plan payments for Korth's claim in a cram-down Plan.

24.     Seaton has clearly not shown this Court through the Lease Motion or the DIP Motion that "optimal value" would be realized by the estate under the terms of the Lease.

25.     In addition, the very financial statements Levav provided show that it is not in the business of providing either the type of services contemplated under the Lease or serving the type population contemplated under the Lease.  More damaging, Seaton has not offered any evidence connecting Bellflower Post Acute, El Rancho Vista Healthcare Center, or Long Beach Post Acute to Levav or DMB.

26.     Levav's financial statements purport to show it in the business of staffing or running senior care rehabilitation centers that are funded almost entirely through Medicare and Medicaid.

This is a far cry from behavioral health centers for a population that may not qualify for Medicare and Medicaid. Further, Levav's own financials call into question the statement in the Stock Declaration that Levav is prepared to be a tenant regardless of whether they receive grants, government subsidies, or other NGO support as 90% of its revenue at the facilities for which it provided financials receive significant money from government programs. It is difficult to imagine—and Seaton has provided no evidence of—the Tenants having the capital to make the Lease payments without grants, government subsidies, or other NGO support. The ability of the Tenants to perform under the Lease is entirely speculative.

27.     Lastly, the Jointly Administered Debtors are in the process of having a luxury spa tenant build out and take possession of the Colyton Property. The Jointly Administered Debtors have repeatedly referred to the Seaton and Colyton Property as being operated as a "single economic unit." Nowhere in the Lease Motion or the DIP Motion does Seaton or the Jointly Administered Debtors attempt to reconcile putting a treatment facility for a transient population in the same facility as a luxury spa tenant.  These uses seem entirely incompatible.

**II.     Entry into the Lease is a conflict with Seaton's fiduciary duty to maximize the estate for its creditors.**

28.     A "debtor in possession performing the duties of the trustee is the representative of the estate and is saddled with the same fiduciary duty to maximize the value of the estate available to creditors." *Cheng v. K&S Diversified Invs., Inc. (In re Cheng)*, 308 B.R. 448, 455 (B.A.P. 9th Cir. 2004).

29.     Here, the estate of Seaton consists of one asset: the Seaton Property (and potential rents derived therefrom). The primary creditor on the Seaton Property is Korth. Now that Seaton is insolvent and in bankruptcy, it has a fiduciary duty to maximize the value of the Seaton Property for Korth's benefit. *See In re Reliant Energy Channelview LP*, 594 F.2d 200, 210 (3d Cir. 2010). If entering into the Lease would further devalue the property, then Seaton is in violation of its fiduciary duty to the estate and Korth.

30.     As mentioned, Korth has concerns that entering the Lease is (1) not allowed under current zoning; (2) could cause the property to become valued as a "special use property"; and (3)

100233711.2

would devalue the property such that a refinancing or sale of the property would be impossible in an amount that would properly lead to the balloon payment for Korth's claim as contemplated under the Plan.

31. To address this issue with valuation of the Seaton Property, and whether the Lease properly maximizes the value of the estate—thus meeting Seaton's fiduciary duty—Korth plans to issue discovery under Bankruptcy Rule 9014(c). Until such time, however, it is premature for this Court to determine whether to authorize Seaton to enter into the Lease.

**III.    The Lease is the cornerstone of Seaton's Plan, and any determination of the Lease should be considered with the Plan.**

32. Korth plans on objecting to the Jointly Administered Debtor's Plan. The objection deadline for the Plan is not scheduled until February 13, 2025.

33. As Seaton asserts in the Lease Motion, the Lease means that "Seaton's ability to confirm a plan will be assured." Lease Mot., 6. Korth disagrees.

34. Korth does agree with Seaton, however, that without the Lease the Plan cannot be confirmed. Moreover, as Seaton alludes to, the Lease is the fulcrum point for the Plan. That is, the Plan would have a possibility of success only if the Lease is entered into (although Korth does not believe this is the case either).

35. Because the success of the Plan is so dependent on the Lease—and whether the Lease can provide a valuation for the satisfaction of Korth's claim as required under the Bankruptcy Code—this Court should not approve the Lease, if at all, until Plan confirmation.

36. Given the imminent discovery Korth will issue relating to valuation, the Lease, and the proposed Tenants, it is simply too premature to rule on an issue that could determine the *entire* case.

## RESERVATION OF RIGHTS

Korth reserves all rights to later object to the Plan, and nothing herein should be considered a waiver of any right Korth may have under applicable bankruptcy or non-bankruptcy law, or any equitable relief as it may be entitled to.

100233711.2

1

2    Dated:  November 29, 2024                    **POLSINELLI LLP**

3

4                                          By:    */s/ Garrick Vanderfin*

5                                                 Garrick Vanderfin

6                                                 *Attorney for Korth Direct Mortgage, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KORTH DIRECT MORTGAGE'S LIMITED OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

100233711.2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2049 Century Park East, Suite 2900, Los Angeles, CA 90067.

A true and correct copy of the foregoing document entitled (*specify*): **KORTH DIRECT MORTGAGE'S OBJECTION TO DEBTOR SEATON INVESTMENTS, LLC'S MOTION TO ENTER POST-PETITION LEASE AND MOTION TO ENTER POST-PETITION FINANCING** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below**:**

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 29, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On November 29, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on November 29, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**<u>VIA FEDERAL EXPRESS</u>**

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| November 29, 2024 | Garrick Vanderfin | /s/ Garrick Vanderfin |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## ATTACHMENT TO SERVICE LIST

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Scott R Albrecht on behalf of Creditor First Foundation Bank
salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com

Tanya Behnam on behalf of Creditor Korth Direct Mortgage Inc.
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

Jacquelyn H Choi on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com

Carol Chow on behalf of Debtor Alan Gomperts
Carol.Chow@saul.com, hannah.richmond@saul.com,easter.santamaria@saul.com

Carol Chow on behalf of Debtor Daniel Halevy
Carol.Chow@saul.com, hannah.richmond@saul.com,easter.santamaria@saul.com

Carol Chow on behalf of Debtor Susan Halevy
Carol.Chow@saul.com, hannah.richmond@saul.com,easter.santamaria@saul.com

Robert F Conte on behalf of Creditor United States of America on behalf of Internal Revenue Service
robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov

Ryan Coy on behalf of Defendant Daniel Halevy
ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com

Ryan Coy on behalf of Defendant Susan Halevy
ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com

Ryan Coy on behalf of Interested Party Courtesy NEF
ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com

Ryan Coy on behalf of Interested Party Alan Gomperts
ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com

Ryan Coy on behalf of Interested Party Daniel Halevy
ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com

Ryan Coy on behalf of Interested Party Susan Halevy
ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com

Christopher Cramer on behalf of Interested Party Courtesy NEF
secured@becket-lee.com

Turner Falk on behalf of Debtor Alan Gomperts
turner.falk@saul.com, tnfalk@recap.email

Turner Falk on behalf of Debtor Daniel Halevy
turner.falk@saul.com, tnfalk@recap.email

Turner Falk on behalf of Debtor Susan Halevy
turner.falk@saul.com, tnfalk@recap.email

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Turner Falk on behalf of Interested Party Daniel Halevy
turner.falk@saul.com, tnfalk@recap.email

Turner Falk on behalf of Interested Party Susan Halevy
turner.falk@saul.com, tnfalk@recap.email

Michael G Fletcher on behalf of Creditor Archway Broadway Loan SPE, LLC, fka Archway Real Estate
Income Fund I REIT, LLC
mfletcher@frandzel.com, sking@frandzel.com

Michael G Fletcher on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
mfletcher@frandzel.com, sking@frandzel.com

Michael G Fletcher on behalf of Creditor Archway real estate income fund
mfletcher@frandzel.com, sking@frandzel.com

Michael G Fletcher on behalf of Plaintiff Archway Broadway Loan SPE, LLC, a Delaware limited liability
company
mfletcher@frandzel.com, sking@frandzel.com

Todd S. Garan on behalf of Creditor Wells Fargo National Bank West
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S. Garan on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Richard Girgado on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
rgirgado@counsel.lacounty.gov

Jacqueline L James on behalf of Creditor Harvest Small Business Finance, LLC
jjames@hrhlaw.com

Jacqueline L James on behalf of Interested Party Harvest Small Business Finance, LLC
jjames@hrhlaw.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Avi Edward Muhtar on behalf of Interested Party Avi Muhtar
amuhtar@crownandstonelaw.com

Bruce D Poltrock on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
bpoltrock@frandzel.com, achase@frandzel.com

Paige Selina Poupart on behalf of Creditor Archway Broadway Loan SPE, LLC, fka Archway Real Estate
Income Fund I REIT, LLC
ppoupart@frandzel.com, achase@frandzel.com

Paige Selina Poupart on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
ppoupart@frandzel.com, achase@frandzel.com

Paige Selina Poupart on behalf of Plaintiff Archway Broadway Loan SPE, LLC, a Delaware limited liability
company

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
100255328.1

F 9013-3.1.PROOF.SERVICE

ppoupart@frandzel.com, achase@frandzel.com

Zev Shechtman on behalf of Debtor Alan Gomperts
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Debtor Daniel Halevy
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Debtor Susan Halevy
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Interested Party Courtesy NEF
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Interested Party Alan Gomperts
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Interested Party Daniel Halevy
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Zev Shechtman on behalf of Interested Party Susan Halevy
Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com

Derrick Talerico on behalf of Debtor Broadway Avenue Investments, LLC
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Debtor Colyton Investments, LLC
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Debtor Negev Investments, LLC
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Debtor SLA Investments, LLC
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Debtor Seaton Investments, LLC
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Interested Party Daniel Halevy
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

Derrick Talerico on behalf of Interested Party Susan Halevy
dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Gerrick Warrington on behalf of Creditor Archway Broadway Loan SPE, LLC
gwarrington@frandzel.com, achase@frandzel.com

Gerrick Warrington on behalf of Creditor Archway Broadway Loan SPE, LLC, fka Archway Real Estate
Income Fund I REIT, LLC
gwarrington@frandzel.com, achase@frandzel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
100255328.1

**F 9013-3.1.PROOF.SERVICE**

Gerrick Warrington on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
gwarrington@frandzel.com, achase@frandzel.com

Gerrick Warrington on behalf of Creditor Archway real estate income fund
gwarrington@frandzel.com, achase@frandzel.com

Gerrick Warrington on behalf of Plaintiff Archway Broadway Loan SPE, LLC, a Delaware limited liability
company
gwarrington@frandzel.com, achase@frandzel.com

Jennifer C Wong on behalf of Creditor Wells Fargo Bank, N.A.
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

Jennifer C Wong on behalf of Interested Party Courtesy NEF
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
100255328.1

**F 9013-3.1.PROOF.SERVICE**