Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>    Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☒ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br><br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF ARCHWAY BROADWAY LOAN SPE, LLC'S RENEWED MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:    December 10, 2024<br>Time:    10:30 a.m.<br>Crtrm.:  1368<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br><br>Hon. Vincent P. Zurzolo |

# TABLE OF CONTENTS

Page

I.   Introduction ...................................................................................................................4

II.  Broadway has not met its burden. ..................................................................................4

III. Conclusion......................................................................................................................6

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Sun Valley Newspapers, Inc.*,
　171 B.R. 71 (B.A.P. 9th Cir. 1994) .................................................................................... 4

*United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*,
　484 U.S. 365 (1988) ............................................................................................................ 5

**Federal Statutes**

11 U.S.C. § 362(g) .................................................................................................................... 5

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5411309v1 | 101415-0002

3

REPLY IN SUPPORT OF RENEWED MOTION FOR RELIEF FROM STAY

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## I. Introduction[1]

The sole issue here is whether Broadway has met its burden to demonstrate that an effective reorganization within a reasonable time is assured.

But in its opposition, Broadway provides *no evidence* that has any bearing whatsoever on its burden. Broadway's reorganization hinges entirely on a Lease and a DIP loan that are not in the best interests of the estate. Broadway withdrew its prior lease and DIP loan motions after Archway pointed out the nefarious bad actors promoting these transactions. Broadway then—within a matter of days—removed the bad actors from the transactions, found a new DIP lender, and refiled the motions as, basically, a complete whitewashing of these transactions.

But the fundamental problems remain—Broadway has never provided any financial information on the proposed tenants, and although Archway has served subpoenas, the proposed tenants are clearly evading service. There is no way Broadway can fund the six-figure up-front DIP loan fee, much less the debt service payments or the balloon payment which is due in one year. There is no lease guarantor, and the terms of the lease conflict with the loan agreement. The lease is a sham. Over 260 days have elapsed since Broadway filed chapter 11, and there is no effective reorganization in sight.

The Court should grant Archway's Renewed Motion.

## II. Broadway has not met its burden.

It is undisputed that the Property lacks equity. *See* Opposition at 3:6–7. Accordingly, the only question here is whether Broadway has met its extremely heavy burden to demonstrate—with admissible evidence—that "a successful reorganization within a reasonable time is **assured**." *In re*

---

[1] Secured creditor, Archway Broadway Loan SPE, LLC, a Delaware limited liability company, successor in interest to Archway Real Estate Income Fund I REIT, LLC ("Archway"), submits this Reply in support of its Renewed Motion for Relief From Automatic Stay ("Renewed Motion") (Dkt. 299) filed in the lead case of those jointly-administered debtors, Seaton Investments, LLC ("Seaton"), Colyton Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev" and collectively with Seaton, Colyton, Broadway and SLA, the "Corporate Debtors") and Alan Gomperts ("Mr. Gomperts"), Daniel Halevy ("Mr. Halevy"), and Susan Halevy ("Ms. Halevy" and collectively with Mr. Gomperts and Mr. Halevy, the "Individual Debtors" and collectively with the Corporate Debtors, the "Debtors").

1  *Sun Valley Newspapers, Inc.*, 171 B.R. 71, 75 (B.A.P. 9th Cir. 1994) (citation omitted emphasis

2  added). *See also* 11 U.S.C. § 362(g); *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest

3  Assocs., Ltd.*, 484 U.S. 365, 375–76 (1988). The local rules require any opposition to a regularly

4  noticed motion to contain "declarations and copies of *all evidence* on which the responding party

5  intends to rely…." LBR 9013-1(f)(2) (emphasis added).

6      Here, Broadway has provided *no evidence* even remotely relevant to its heavy burden.

7      No request for judicial notice was made.

8      No evidence was presented. None. Whatsoever.

9      Without evidence relevant to the issue of Broadway's effective reorganization, Broadway

10 cannot meet its heavy burden.

11      The Court should grant the Renewed Motion for this reason alone.

12      This SARE case has been pending for over 260 days. Broadway's reorganization hinges on

13 a renewed lease and loan being approved.

14      The proposed lease is not a righteous lease. Nor is the DIP loan.

15      Broadway has provided no financials for any of the proposed tenants. The financials

16 provided are for *other* entities—not the proposed tenants—and they say nothing about the

17 proposed tenants' financial wherewithal. The proposed lease also has no guarantor. The proposed

18 tenants, who have apparent connections to nefarious actors, have zero track record. No evidence of

19 their financial wherewithal has been presented despite months of efforts and discovery served by

20 Archway seeking this information. The proposed tenants are evading service of subpoenas. *See*

21 Declaration of G. Warrington Exh. 32. Attempts to serve the proposed DIP lender at its address,

22 per the California Secretary of State, have failed, as the person to answers the door says that

23 Millennia Group signed a lease back in 2022, but never moved in. *See id.* at Exh. 32.

24      The DIP loan requires a significant up-front $240,000.00 loan fee upon closing as well as

25 monthly interest payments and a one-year balloon payment of $4 million in principal plus interest,

26 fees, and expenses.

27      Broadway's MORs reflect that it has no ability to fund any of this. Its MORs also reflect

28 that it has been using Archway's cash collateral without authorization, apparently since day one.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

The renewed lease and loan should not be approved for the reasons set forth in Archway's Oppositions to the Lease and Loan Motions. *See* Dkts. 330, 331.

If approved, Broadway would be in instantaneous breach of the loan covenants, entitling the DIP lender to sue and recover a judgment for attorney's fees and costs from the estate.

## III. Conclusion

Accordingly, there is no equity and no evidence that it is assured that an effective reorganization within a reasonable time will occur.

The Court should grant the Renewed Motion in full.

DATED: December 3, 2024

FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
GERRICK M. WARRINGTON

By:     /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF ARCHWAY BROADWAY LOAN SPE, LLC'S RENEWED MOTION FOR RELIEF FROM AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  December 3, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  December 3, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Overnight Delivery (Early Morning):**
The Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Roybal Federal Building
Bin outside of Suite 1360
255 E. Temple Street
Los Angeles, CA 90012-3332

**Email:**

**Counsel to Corporate Debtors:**
Derrick Talerico    dtalerico@wztslaw.com

**Counsel to Individual Debtors:**
Zev Shechtman    Zev.Shechtman@saul.com
Turner Falk    turner.falk@saul.com
Ryan Coy    ryan.coy@saul.com

**United States Trustee:**
Kelly L Morrison
Office of the US Trustee
Email: kelly.l.morrison@usdoj.gov

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 3, 2024 | Annette Chase | /s/ Annette Chase |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Counsel to Party in Interest: Scott R Albrecht    salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- Counsel to KDM: Tanya Behnam    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- Counsel to Party in Interest: Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- Counsel to Individual Debtors: Carol Chow    Carol.Chow@saul.com, easter.santamaria@saul.com
- Counsel to Party in Interest: Robert F Conte    robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- Counsel to Individual Debtors: Ryan Coy    ryan.coy@saul.com, hannah.richmond@saul.com
- Counsel to Party in Interest: Christopher Cramer    secured@becket-lee.com
- Counsel to Individual Debtors: Turner Falk    turner.falk@saul.com, tnfalk@recap.email
- Counsel to Archway: Michael G Fletcher    mfletcher@frandzel.com, sking@frandzel.com
- Counsel to Party in Interest: Todd S. Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Counsel to Party in Interest: Richard Girgado    rgirgado@counsel.lacounty.gov
- Counsel to Party in Interest: Jacqueline L James    jjames@hrhlaw.com
- Trial Counsel to U.S. Trustee: Kelly L Morrison    kelly.l.morrison@usdoj.gov
- Counsel to Party in Interest: Avi Edward Muhtar    amuhtar@crownandstonelaw.com
- Counsel to Archway: Bruce D Poltrock    bpoltrock@frandzel.com, achase@frandzel.com
- Counsel to Individual Debtors: Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com
- Counsel to Corporate Debtors: Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Counsel to Archway: Gerrick Warrington    gwarrington@frandzel.com, achase@frandzel.com
- Counsel to Party in Interest: Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**