CHRISTOPHER M. MCDERMOTT (SBN 253411)
cmcdermott@aldridgepite.com
TODD S. GARAN (CA SBN 236878)
tgaran@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South, Suite 225
San Diego, CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Secured Creditor:
Wells Fargo Bank National West

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtor and Debtor in Possession.<br>_____<br><br>　　Affects All Debtors<br>　　Affects Seaton Investments, LLC<br>　　Affects Colyton Investments, LLC<br>　　Affects Broadway Avenue Investments, LLC<br>　　Affects SLA Investments, LLC<br>　　Affects Negev Investments, LLC<br>Ξ **Affects Alan Gomperts**<br>　　Affects Daniel Halevy<br>　　Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**STIPULATION AUTHORIZING THE USE OF CASH COLLATERAL**<br><br>**Subject Property**<br>2220 Bagley Avenue<br>Los Angeles, CA 90034<br><br>**Hearing Date**:<br>DATE:　　　December 10, 2024<br>TIME:　　　11:00 a.m.<br>CTRM:　　　1368<br>　　　　　　255 E. Temple St.<br>　　　　　　Los Angeles, CA<br>JUDGE:　　Hon. Vincent P. Zurzolo |

　　Wells Fargo National Bank West (hereinafter "Creditor"), secured creditor in the above entitled matter, and Debtor, Alan Gomperts ("Debtor"), by and through their respective counsel of record, hereby enter into this stipulation ("Stipulation") concerning the Debtor's use of Creditor's Cash Collateral with respect to the real property located at

1

**Stipulation Authorizing the Use of Cash Collateral**

2220 Bagley Avenue, Los Angeles, CA 90034 (the "Subject Property").

**Recitals:**

**A. LOAN HISTORY**

The Loan is evidenced by a promissory note dated December 21, 2017, executed by Debtor, Alan Gomperts, and Alan Gomperts and Sharon Halevy, as Trustees for the Gomperts and Halevy Family Trust, dated 6/1/2015, to Wells Fargo Bank, N.A. ("Lender") in the principal sum of $826,000.00 (the "Note"). (*See* Claim No. 2-1, Case No. 2:24-12074).

The Note is secured by a deed of trust and assignment of rents provision (the "Deed of Trust") encumbering the Subject Property. (*See* Claim No. 2-1, Case No. 2:24-12074). The Note and Deed of Trust may be referred to collectively herein as the "Loan."

Subsequently, all of Lender's interest in the Loan was assigned and transferred to Creditor. The Note is endorsed in blank. (*See* Claim No. 2-1, Case No. 2:24-12074).

**B. THE BANKRUPTCY FILING**

On March 18, 2024, Debtor filed the instant bankruptcy petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned Case No. 2:24-bk-12074-VZ.

On April 1, 2024, the Court entered an Order of Joint Administration with respect to Debtor's and other related and/or affiliated bankruptcy cases, with the Seaton Investments LLC (Case No: 2:24-12079) being the Lead Case. (*See* Case No. 2:24-bk-12074, Dkt. No. 32).

On March 29, 2024, Creditor filed its Proof of Claim against the Debtor's state in the amount of $729,602.93, secured by the Subject Property, with $0.00 in pre-petition arrears. (*See* Claim No. 2-1, Case No. 2:24-bk-12074-VZ).

On June 7, 2024, Debtors filed a Motion for Order Authorizing Use of Cash Collateral with respect to the Subject Property on Shortened Notice. (*See* Dkt. Nos. 87, 91).

2
**Stipulation Authorizing the Use of Cash Collateral**

The Court has jurisdiction over this Chapter 11 case, and the parties and property affected hereby, pursuant to 28 U.S.C. §§ 157(b) and 1334. This proceeding constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2). Venue of this bankruptcy case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The Debtor has an immediate need for the use of Cash Collateral for the preservation of the bankruptcy estate and the maintenance and continued operation of its rental income business and the Subject Property. Creditor has consented to the Debtor's use of said Cash Collateral subject to the terms and conditions of this Stipulation and the Debtor has requested immediate entry of this Stipulation and an order of the Bankruptcy Court approving this Stipulation pursuant to Bankruptcy Rule 4001(d)(4) to be effective upon entry of the Order hereon.

NOW THEREFORE, based upon the foregoing recitals, the parties stipulate and agree as follows:

**THE PARTIES HEREBY STIPULATE**:

1. <u>Definition of Cash Collateral</u>. The term "<u>Cash Collateral</u>," as used in this Stipulation, is defined as cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in 11 U.SC. §§ 363 and 552(b), whether existing before or after the commencement of a case under this title.

2. <u>Use of Cash Collateral</u>. Subject to the terms and conditions of this Stipulation, the Debtor is authorized to use the Cash Collateral derived from the Subject Property as of the petition date.

3. <u>Term.</u> The Debtor's authority to use Cash Collateral shall terminate ("<u>Termination Event</u>") on the earlier of: (i) the effective date of any confirmed Chapter 11

plan of reorganization: (ii) dismissal of this case; (iii) the Debtor's default and failure to cure the same with respect to any term, provision or condition of this Stipulation; (iv) conversion of this case to one under Chapter 7 of the Bankruptcy Code, or (v) appointment of a Chapter 11 Trustee.

4. <u>Budget and Payment of Expenses</u>. From the Cash Collateral derived from the Subject Property, commencing as of the Petition Date, and continuing on or by the 5th day of each month thereafter until a Termination Event. Debtor shall reserve the amounts for the expenses listed below for the Subject Property and timely pay said expenses when due:

| **Current Rental Income**: | $5,500.00 |
|---|---|
| **Monthly Expenses**: | |
| Payment to Creditor (*see* ¶6): | ($4,003.21) |
| Property Taxes (*see* ¶7): | ($1,912.78) |
| Insurance (*see* ¶7): | ($144.01) |
| HOA Fees: | ($75.58) |
| Pool Maintenance: | ($90.00) |
| Gardener: | ($75.00) |
| Repairs: | ($450.00) |
| **Total Monthly Expenses:** | **($6,750.59)** |
| **Net Rents:** | **($1,200.59)** |

Debtor agrees the net rents, if any, shall be maintained in Debtor's DIP account in accordance with paragraph 10 of this Stipulation to be used solely for the Subject Property and no other purpose.

4

**Stipulation Authorizing the Use of Cash Collateral**

Debtor agrees to provide Creditor's counsel with documentation substantiating the above referenced expenses, and a copy of any written lease/rental agreements in effect for the Subject Property within 5 business days of executing this Stipulation, and within 10 business days of any renewals of said lease/rental agreements.

5.  **Granting of Replacement Liens**. To protect against deterioration or diminution in the value of the Cash Collateral, retro-active to the petition date, Creditor shall be granted a valid, enforceable, fully perfected, and unavoidable replacement lien on all of Debtor's Cash Collateral acquired on or after the petition date to the same extent, priority and validity that its lien attached to the Cash Collateral prior to the petition date (the "Replacement Lien"). The Replacement Lien is valid, perfected and enforceable and shall not be subject to dispute, avoidance, or subordination, and this Replacement Lien need not be subject to additional recording, and shall continue in full force and effect in the event of a dismissal or conversion of the case.

6.  **Adequate Protection Payments to Creditor**. Subject to paragraph 9 below, Debtor has agreed to pay Creditor the amount of $4,003.21 per month as adequate protection ("AP Payment") for Debtor's use of the Cash Collateral. The AP payment may be subject to change per the terms of the Loan. The AP Payment shall commence as of the petition date, and continue on the 5th day of each month thereafter until a Termination Event. The AP Payments should be made payable to Creditor at the address stated in its Proof of Claim.

7.  **Property Taxes and Insurance**. Debtor agrees and understands he is responsible for the timely payment of property taxes and insurance for the Subject Property during the case. Debtor's counsel agrees to provide counsel for creditor with proof of insurance for the Subject Property within 5 business days of executing this Stipulation.

8.  **Variance**. No payment of any expense set forth in paragraph 4 above shall exceed the budgeted line item for said expenses by more than fifteen percent (15%) without the prior written consent of the Creditor. Notwithstanding the foregoing, Debtor

5

**Stipulation Authorizing the Use of Cash Collateral**

shall be entitled to use up to $1,000.00 of the net rents for urgent repairs and/or maintenance of the Subject Property without further Court order.

      9.      <u>One Time Anticipated Repair</u>:  Debtor anticipates the need to make certain repairs to the Subject Property within the next 12 months.  This may require a suspension of at least 1 AP payment to Creditor while the repairs are being made; however, any such AP Payment is not waived by Creditor.  Debtor's counsel shall promptly notify counsel for Creditor when the repairs are being undertaken, including any supporting documentation.  Once the repairs have been completed, Debtor will recommence the AP Payment.

      10.      <u>Segregated Account; Use Limitation; Operating Reports</u>.  Debtor will maintain and deposit all Cash Collateral from the Subject Property into the DIP account and will segregate the accounting and the funds therein (the "<u>Deposited Funds</u>").  The Deposited Funds shall be maintained in accordance with 11 U.S.C. § 363(c)(4).  The Deposited Funds will not be available for use by the Debtor for personal expenses or any other property of the Debtor's estate without prior written approval by the Creditor, and only as outlined in this Stipulation.  Debtor agrees to remain current on his monthly operating reports ("<u>MOR</u>") as required per Federal Rules of Bankruptcy Procedures and Local Bankruptcy Rule 2015-1, *et al.*

      11.      <u>No Waiver</u>.  Nothing contained in this Stipulation or order thereon shall be deemed or construed to waive, reduce, or otherwise diminish the rights and claims of the Creditor against the Debtor, or of any rights, claims or defenses of the Debtor against the Creditor.  Creditor expressly reserves its right to bring a Motion for Relief from Stay on any grounds, oppose any valuation concerning the Subject Property, object to Debtor's Disclosure Statement or Chapter 11 Plan of Reorganization, and/or bring a Motion to Dismiss or Convert Debtor's case.  Further, by executing this Stipulation Creditor is not agreeing with Debtor's proposed valuation of the Subject Property, or any proposed interest rate for Debtor's Chapter 11 Plan.   The acceptance by Creditor of a late or partial payment hereunder shall not act as a waiver of Creditor's right to proceed hereunder.

12. <u>Default</u>:

    12.1    If the Debtor fails to fully perform any provision, term or condition of this Stipulation in a timely manner, the Debtor shall be in default under this Stipulation. In the event Debtor is in default under this Stipulation, Creditor shall provide written notice, via certified mail to Debtor's attorneys of record indicating the nature of default. If Debtor fails to cure the default within the passage of thirty (30) calendar days from the date said written notice is placed in the mail, Creditor's consent to Debtor's use of Cash Collateral shall automatically terminate without further notice, order or proceeding of the Court. Upon any such default, the Debtor shall thereafter immediately sequester and account for all Cash Collateral produced by and/or derived from the Subject Property. In the event the Debtor defaults under this Stipulation and Creditor forwards a default letter to Debtor, Debtor shall be required to tender $100.00 for each default letter submitted, in addition to the default amount stated therein, in order to cure the default. Any notice of default that Creditor provides Debtor pursuant to this Stipulation shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

    12.2    If Debtor fails to cure the default within the 30-day period described above, then Creditor may file and serve a Motion for Relief from the Automatic Stay for Cause pursuant to 11 U.S.C. § 362(d)(1).

13.    <u>Modification</u>. This Stipulation may not be altered, modified, or affected without the prior written consent of Creditor and Debtor. If any or all of the provisions of the Stipulation and related order thereon are hereafter modified, vacated, terminated, amended or stayed, Creditor's consent to Debtor's use of Cash Collateral shall cease immediately thereupon.

14.    <u>Signatures</u>. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one

and the same instrument. Signatures transmitted electronically, including by facsimile or email, may be deemed as originals.

15. The Parties agree this Stipulation shall resolve the Debtor's Motion to Use Cash Collateral (Dkt. No. 87), and the terms and provisions herein shall be incorporated by reference.

Dated: November 21, 2024        SAUL EWING, LLP

By: _____
    Zev Shechtman
    Ryan Coy
    Attorneys for Debtor, Alan Gomperts

Dated: November 21, 2024        ALDRIDGE PITE, LLP

By: _____
    Todd S. Garan
    Attorneys for Creditor

8

**Stipulation Authorizing the Use of Cash Collateral**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3333 Camino del Rio South, Suite 225 San Diego CA 92108

A true and correct copy of the foregoing document entitled: **Stipulation Authorizing the Use of Cash Collateral** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __December 4, 2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.la.ecf@usdoj.gov
Kelly L. Morrison- Kelly.l.morrison@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Derrick Talerico - dtalerico@wztslaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __December 4, 2024__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

**DEBTOR:**
Seaton Investments, LLC
264 S Oakhurst Dr
Beverly Hills, CA 90212

**\*\*Additional Parties and Creditors Served, List Attached\*\***

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/4/2024 | Lauren Timby | /s/ Lauren Timby |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Additional Parties and Creditors Served:**

Alta Fire Pro
PO Box 7007
Mission Hills, CA 91346-7007

California Refrigeration & Supply
1926 Glendon Ave Apt 4
Los Angeles, CA 90025-4661

Deborah Feldman Esq
12466 Marsh Pointe Rd
Sarasota, FL 34238-2115

Deborah Feldman Esq
24611 Mulholland Hwy
Calabasas, CA 91302-2325

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Simply Electrical
14101 S Budlong Ave
Gardena, CA 90247-2231

Urban Lime
915 Mateo St
Los Angeles, CA 90021-1784

Derrick Talerico
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Suite 730
Los Angeles, CA 90025-6577

Sue Halevy
257 S Linden Dr
Beverly Hills, CA 90212-3704

Polsinelli LLP
Attn Garrick Vanderin Esq
2049 Century Park E Ste 2900
Los Angeles, CA 90067-3221

Korth Direct Mortgage Inc
135 San Lorenzo Ave Ste 600
Miami, FL 33146-1875

Colyton Investments LLC
421 Colyton St
Los Angeles, CA 90013-2210

(p)BALBOA CAPITAL CORPORATION
575 ANTON BOULEVARD
12H FLOOR
COSTA MESA CA 92626-7685

Harvest Small Business Finance, LLC
Hemar, Rousso & Heald, LLP
c/o Jacqueline L. James
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2829

Korth Direct Mortgage Inc.
c/o Polsinelli LLP
2049 Century Park East
Suite 2900
Los Angeles, CA 90067-3221

Alan D Gomperts
264 S Oakhurst Dr
Beverly Hills, CA 90212-3504

CA Dept of Tax and Fee Admin
Account Info Group MIC29
PO Box 942879
Sacramento, CA 94279-0029

Daniel Halevy
257 S Linden Dr
Beverly Hills, CA 90212-3704

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

(p)LOS ANGELES COUNTY TREASURER AND
TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

RG Fire Inc
8721 Laurel Canyon Blvd
Sun Valley, CA 91352-2919

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**