Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>    Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☐ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☒ Daniel Halevy<br>☒ Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br><br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and<br>2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ARCHWAY BROADWAY LOAN SPE, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO PROCEED IN NON-BANKRUPTCY FORUM**<br><br>Date:    January 7, 2025<br>Time:   10:30 a.m.<br>Crtrm.:  1368<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br><br>Hon. Vincent P. Zurzolo |

# TABLE OF CONTENTS

Page

I. Introduction ...................................................................................................................4

II. Background ....................................................................................................................4

    A. The Decedent guaranties Broadway's loan obligations to Archway. ........................4

    B. The Decedent defaults; the Parties Restructure. ..........................................................5

    C. Archway makes three new cross-collateralized loans. ................................................5

    D. The non-debtor Decedent dies. .....................................................................................5

    E. The Halevys extract $1.3 million in equity from the Canon Drive Property. ............5

    F. The Archway loan obligations mature. ........................................................................5

    G. Mr. Halevy commences a Probate Action; he is the personal representative. ...........5

    H. Ms. Halevy is the trustee of Decedent's Trust. ............................................................5

    I. The Debtors file bankruptcy. ........................................................................................6

    J. Archway files its Creditor's Claim in the Probate Action. ..........................................6

    K. Archway files the Complaint, thereby deeming the claim rejected. ..........................6

    L. Defendants move to dismiss the Adversary Complaint. .............................................6

    M. The Court abstains. .........................................................................................................7

III. Discussion .......................................................................................................................7

    A. The Court should grant the Motion under § 362(d)(1) for "cause." ...........................7

    B. The stay did not apply to Archway's filing of the Creditor's Claim. ........................9

    C. Even if the stay did apply, the Court should annul it. ..............................................10

    D. The Court should waive the 14-day stay imposed by Rule 4001(a)(3). ...................11

IV. Conclusion....................................................................................................................11

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re American Spectrum Realty, Inc.*,
   540 B.R. 730 (Bankr. C.D. Cal. 2015) ................................................................................ 7

*In re Chugach Forest Prod., Inc.*,
   23 F.3d 241 (9th Cir. 1994) ................................................................................................. 9

*In re Curtis*,
   40 B.R. 795 (Bankr. D. Utah 1984) ............................................................................. 7, 8, 9

*In re Fjeldsted v. Lien (In re Fjeldsted)*,
   293 B.R. 12 (9th Cir. BAP 2003) ...................................................................................... 10

*In re Gordon*,
   646 B.R. 903 (Bankr. D. Idaho 2022) ................................................................................. 7

*In re Kronemyer*,
   405 B.R. 915 (9th Cir. BAP 2009) ..................................................................................... 7

*In re Merriman*,
   616 B.R. 381 (B.A.P. 9th Cir. 2020), appeal dismissed, No. 20-60036, 2021
   WL 3610895 (9th Cir. Feb. 26, 2021) ............................................................................... 10

*In re Plumberex*,
   311 B.R. 551 (Bankr. C.D. Cal. 2004) ................................................................................ 7

*In re Tucson Estates, Inc.*,
   912 F.2d 1162 (9th Cir. 1990) ............................................................................................ 7

**Federal Statutes**

11 U.S.C. § 362(a)(1) ................................................................................................................ 7

11 U.S.C. § 362(d) .......................................................................................................... 7, 9, 10

28 U.S.C. § 1334(c)(1) .......................................................................................................... 7, 8

**Rules**

Fed. R. Bankr. P. 4001(a)(3) ................................................................................................... 11

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 9

**Other Authorities**

9 COLLIER ON BANKRUPTCY ¶ 4001.05 ................................................................................. 11

## I. Introduction[1]

The Court has abstained from adjudicating Archway's adversary complaint, permitting Archway to proceed to judgment on its claims against the non-debtor Decedent in a non-bankruptcy forum. Archway will be seeking the same relief that it previously sought from this Court, but for which the Court has now abstained. Archway seeks relief from stay to sue, among others, Mr. and Ms. Halevy, but only in their fiduciary and representative capacities for the Decedent, not in their individual capacities. Archway further seeks relief from stay to permit it enforce any judgment against the assets of the non-debtor Decedent only—not against any Debtors individually or against any property of the bankruptcy estates of any of the Debtors.

Archway also seeks confirmation that the stay does not apply or, alternatively, annulment as to any claims that it violated the stay by filing a creditor's claim in the Decedent's probate estate.

## II. Background

The full background of this matter is set forth in the concurrently filed Declaration of Bobby Khorshidi. The following is a brief summary that is relevant to the instant motion for relief from stay.

### A. The Decedent guaranties Broadway's loan obligations to Archway.

In July 2021, Archway made a loan to Broadway in the original principal amount of $16,942,500.00. Non-debtor decedent David Halevy ("Decedent"), among others, guarantied Broadway's loan obligations to Archway.

---

[1] Secured creditor, Archway Broadway Loan SPE, LLC, a Delaware limited liability company, successor in interest to Archway Real Estate Income Fund I REIT, LLC ("Archway"), submits this Memorandum of Points and Authorities in support of its Motion for Relief From Automatic Stay to Proceed in a Non-Bankruptcy Forum ("Motion") (Dkt. pending) filed in the lead case of those jointly-administered debtors, Seaton Investments, LLC ("Seaton"), Colyton Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev" and collectively with Seaton, Colyton, Broadway and SLA, the "Corporate Debtors") and Alan Gomperts ("Mr. Gomperts"), Daniel Halevy ("Mr. Halevy"), and Susan Halevy ("Ms. Halevy" and collectively with Mr. Gomperts and Mr. Halevy, the "Individual Debtors" and collectively with the Corporate Debtors, the "Debtors").

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**B.     The Decedent defaults; the Parties Restructure.**

Broadway and the guarantors, including the Decedent, defaulted on the Broadway Loan obligations, and the parties later restructured those loan obligations in a Settlement Agreement.

**C.     Archway makes three new cross-collateralized loans.**

As part of the Settlement Agreement, Archway made three new loans. Each of the New Loans are evidenced by loan documents and collateral pledges. Such collateral pledges cross-collateralize the Broadway Loan as, among other thigs, third-party accommodation pledges in support of the Broadway Loan as well as each of the other New Loans.

**D.     The non-debtor Decedent dies.**

The Decedent died on June 3, 2023, which death is evidenced by an affidavit of death which was recorded in the Los Angeles Recorder's Office on September 25, 2023.

**E.     The Halevys extract $1.3 million in equity from the Canon Drive Property.**

In September 2023, Ms. and Mr. Halevy revived the Cannon LLC and then transferred the Canon Drive Property to it, subsequently hypothecating it for $1.3 million, as evidenced by a $1.3 million deed of trust obtained by the Cannon LLC immediately after the transfer from the Halevy Trust to the Cannon LLC.

It is unknown what happened to the $1.3 million in loan proceeds.

**F.     The Archway loan obligations mature.**

In December 2023, Broadway and the guarantors' loan obligations matured.

**G.     Mr. Halevy commences a Probate Action; he is the personal representative.**

On February 21, 2024, Mr. Halevy commenced a probate action on behalf of Decedent and Decedent's Estate in Los Angeles Superior Court as case number 24STPB01963 ("Probate Action").

Mr. Halevy is the Personal Representative of Decedent's Estate pursuant to the Letters of Administration issued February 20, 2024, in the Decedent's Estate Proceeding.

**H.     Ms. Halevy is the trustee of Decedent's Trust.**

Ms. Halevy was and is the duly appointed and serving successor trustee of the Halevy Family Trust dated September 8, 2010, a revocable, self-settled, inter-vivos trust created and

funded by the Decedent and Ms. Halevy ("Halevy Trust") prior to Decedent's death in Los Angeles County.

### I. The Debtors file bankruptcy.

On March 18 and 19, 2024, the Individual and Corporate Debtors filed voluntary chapter 11 bankruptcy petitions, commencing in the instant bankruptcy cases, which are now jointly-administered under the lead case of Seaton Investments, LLC ("Bankruptcy Case").

### J. Archway files its Creditor's Claim in the Probate Action.

On May 30, 2024, Archway filed its creditor's claim ("Creditor's Claim") against the Decedent's Estate in an amount not less than $18,327141.08 in the Probate Action and served it on, among others, Mr. Halevy.

### K. Archway files the Complaint, thereby deeming the claim rejected.

On October 14, 2024, Archway filed its adversary complaint ("Adversary Complaint") (2:24-ap-01241-VZ Adv. Dkt. 1) against Ms. Halevy, individually and in her capacity as Trustee of the Trust; 341 South Cannon LLC, a California limited liability company ("Cannon LLC"); Mr. Halevy, in his capacity as Personal Representative of the Decedent's Estate, and not in his individual capacity (collectively, the "Defendants"). The Complaint was filed in the lead Bankruptcy Case, commencing adversary proceeding number 2:24-ap-01241-VZ.

Archway subsequently served the Adversary Complaint on, among others, Defendants.

### L. Defendants move to dismiss the Adversary Complaint.

On November 14, 2024, Defendants, through their proposed counsel, filed a Motion to Dismiss the Adversary Complaint ("Motion to Dismiss") (Adv. Dkt. 9), seeking to dismiss the Adversary Complaint in its entirety without leave to amend.

Archway opposed (Adv. Dkt. 12), and the Defendants filed a reply (Adv. Dkt. 13).

In the briefing on the Motion to Dismiss, the Defendants took the position that the automatic stay does not apply to Archway's commencing an action on its Creditor's Claim in a non-bankruptcy forum. *See* Reply Adv. Dkt. 13 at § II.A.3. The Defendants also contended that if the stay applied, "Plaintiff apparently violated the automatic stay by filing its Creditor's Claim in the first place without appropriate relief." Reply at 6:28–7:2.

**M.   The Court abstains.**

I.   On December 12, 2024, the Court entered its order abstaining under 28 U.S.C. § 1334(c)(1) permissive abstention. At the December 5, 2024, hearing on the Defendants' motion to dismiss, the Court made findings that (a) "Nearly all the issues raised in this complaint turn…on state law" (Transcript of Motion to Dismiss Hearing at 9:11–14, Adv. Dkt. 18 at 22 of 26 "Transcript"); (b) there is a pending action in the form of the Probate Action (Transcript at 9:15–16); (c) there are jury trial rights (Transcript at 9:17–19); (d) the claims arise from actions taken by Mr. and/or Ms. Halevy on behalf of non-debtor entities (Transcript at 9:20–22); and (e) the determination would have minimal impact on the bankruptcy estate (Transcript at 9:23–25).

The Court then concluded that it was appropriate, given these findings, for the court to abstain.

**III.   Discussion**

The following section sets forth the relevant legal standard and applies that standard to the relevant facts, which analysis demonstrates that Archway is entitled to the relief it seeks.

**A.   The Court should grant the Motion under § 362(d)(1) for "cause."**

"Cause" for granting relief from the automatic stay under 11 U.S.C. § 362(a)(1) to proceed with state court litigation is determined on a case by case basis. *In re Tucson Estates, Inc.*, 912 F.2d 1162, (9th Cir. 1990). Courts generally apply twelve non-exclusive factors—the so-called *Curtis* factors—to determine whether to grant relief from stay to allow a party to proceed in litigation in a nonbankruptcy forum. *In re American Spectrum Realty, Inc.*, 540 B.R. 730, 737 (Bankr. C.D. Cal. 2015) (citing *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984)). Not all of the *Curtis* factors will be relevant, and some factors will carry more weight than others. *Id*. at 737; *see also In re Kronemyer*, 405 B.R. 915, 921 (9th Cir. BAP 2009). "To obtain relief from the automatic stay, the party seeking relief must first establish a prima facie case that 'cause' exists for relief under § 362(d)(1)." *In re Plumberex*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004) (footnote omitted). "Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is unwarranted." *Id*.  Where a court abstains under permissive abstention, relief from stay under § 362(d)(1) is appropriate. *See In re Gordon*, 646 B.R. 903, 910

(Bankr. D. Idaho 2022) ("[T]he Court finds abstention under 28 U.S.C. § 1334(c)(1) would be appropriate. Cause therefore exists to lift the automatic stay….").

The *Curtis* factors are: (1) Whether the relief will result in partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the foreign proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors committee and other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interest of judicial economy and the expeditious determination of litigation for the parties; (11) Whether the foreign proceedings have progressed to where the parties are prepared for trial; (12) The impact of the stay on the parties and the "balance of hurt".

Here, the Court has already abstained, under 28 U.S.C. § 1334(c)(1) (permissive abstention), from adjudicating Archway's Complaint, ruling that state law issues, including potential jury trial rights, predominate and that the action should therefore proceed in the non-bankruptcy forum. *See, generally*, Transcript.

Accordingly, Archway seeks relief from stay, out of an abundance of caution, or alternatively, to confirm that the stay does not apply to Archway's proceeding in a non-bankruptcy form (e.g., state court) on the same relief sought in the Adversary Complaint, except that instead of asking the Bankruptcy Court to determine the scope of what is property of the bankruptcy estate, Archway will be asking a non-bankruptcy court to determine what assets constitute property of the Decedent's Probate Estate.

Applying the *Curtis* factors, (1) relief will result in complete resolution of the issues, as the state court will be able to determine what is and what is not property of the Decedent's Estate

(and, by elimination, what is property of the Debtors' jointly-administered bankruptcy estates); (2) the Court has already opined at the hearing on the Defendants' Rule 12(b)(6) motion that these are state law matters that a state court should adjudicate; (3) the non-bankruptcy proceeding involves Ms. Halevy as a trustee of the Trust and Mr. Halevy as a personal representative of the Decedent's Estate; (4) the probate estate is a specialized tribunal as to the creditor's claim and the Los Angeles Superior Court, although not specialized, can certainly handle the state law claims at issue as well as the declaratory relief claims; (5) not applicable; (6) the action involves the non-debtor Decedent and his Estate, and Ms. and Mr. Halevy are only fiduciaries; (7) Archway's action will not prejudice other creditors because no other creditor filed a creditor's claim in the Decedent's probate estate and because any collection by Archway would be credited to proofs of claim in these jointly-administered bankruptcy cases; (8) not applicable; (9) not applicable; (10) judicial economy favors granting relief from stay to allow the state court to adjudicate state law issues and make declaratory determinations; (11) not applicable as the action on the deemed-rejected creditor's claim has not yet been commenced and the Probate Action is not yet proceeding to trial; (12) if the stay is not lifted, Archway will suffer immediate and irreparable harm as it would be arguably be left without *any* forum to prosecute its claims or pursuing recoveries from non-bankruptcy estate assets in the Decedent's Estate and as to non-debtors, whereas the Debtors, and particularly, Ms. Halevy and Mr. Halevy will only have the burden of litigating with Archway in the non-bankruptcy forum, should they choose to do so, which does not constitute prejudice.

Accordingly, all *Curtis* factors weigh heavily in support of granting relief from stay. In addition, under the Defendants may have jury trial rights.

Granting relief from stay will not negatively impact the bankruptcy estates and will, if anything, preserve the status quo as to the Debtors, pending further rulings of the state court. Under these circumstances, the Court should grant the Motion for cause under § 362(d)(1).

**B.    The stay did not apply to Archway's filing of the Creditor's Claim.**

As a general rule, the automatic stay protects only the debtor, the debtor's estate, and property of the debtor; it does not apply to non-debtors or their property. *See In re Chugach Forest Prod., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (citation omitted).

Here, the Creditor's Claim of Archway is against a non-debtor, the Decedent. Through the Creditor's Claim, Archway seeks recovery from the Decedent's probate estate. The Creditor's Claim does not purport to seek recovery from any Debtor in bankruptcy or from any property that is property of any debtor's estate under § 541(a). Accordingly, the stay does not apply to Archway's filing of the Creditor's Claim in the Probate Action.

Therefore, the Court should confirm that the stay does not apply to Archway's filing of the Creditor's Claim in the Probate Action.

### C. Even if the stay did apply, the Court should annul it.

Section 362(d) provides that the bankruptcy court, on request of a party in interest and after notice and a hearing, must grant relief from the automatic stay, "such as by … annulling…" the stay. The Court may grant retroactive annulment of the stay, and this analysis focuses on two factors: "(1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor." *In re Merriman*, 616 B.R. 381, 387 (B.A.P. 9th Cir. 2020), appeal dismissed, No. 20-60036, 2021 WL 3610895 (9th Cir. Feb. 26, 2021) (citation omitted); *see also In re Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 25 (9th Cir. BAP 2003) (citing *Nat'l Envt'l Waste Corp.*, 129 F.3d at 1055, and identifying 12 factors a bankruptcy court could consider).

Here, the stay does not apply to Archway's filing or service of the Creditor's Claim because that was an action taken against the Decedent only—not against any debtor or property of any bankruptcy estate.

However, the Defendants have asserted that—hypothetically speaking—the filing of the Creditor's Claim could have violated the stay. In order to clarify this assertion, and to avoid any confusion in the non-bankruptcy forum, Archway seeks an order determining that the stay does not apply to its filing of the Creditor's Claim or simply annulling the stay retroactively.

The Court has the power to grant retroactive stay relief from stay under § 362(d). *See Merriman*, 616 B.R. at 393 (citing *Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696 (2020); *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1238 (9th Cir. 1994), as amended (Jan. 20, 1995)). And, annulment is appropriate here based on a balancing of

the hardships, which tip sharply in favor of Archway. Indeed, Archway has promptly sought relief from stay after first hearing the Defendants' hypothetical argument that the Creditor's Claim somehow may have theoretically violated the stay. Archway would suffer extreme prejudice and irreparable harm (assuming the stay applied, which it does not) and if retroactive annulment is not granted. It would be left without a remedy or a forum to proceed in state court, which would nullify the whole point of the Court's abstention order.

Accordingly, to avoid any confusion in the non-bankruptcy forums, the Court should either determine that the stay did not apply or simply grant retroactive annulment of the stay.

### D. The Court should waive the 14-day stay imposed by Rule 4001(a)(3).

Rule 4001(a)(3) provided for a 14-day stay of an order granting relief from stay, "unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). The purpose of this temporary 14-day stay is to allow the debtor to seek a stay pending appeal. 9 COLLIER ON BANKRUPTCY ¶ 4001.05 (R. Levin & H. J. Sommer eds., 16th ed.).

Here, as grounds for waiver of the 14-day stay, given the facts of this matter, even if a party in interest objects to the Motion, there would be only a very low chance that the Court or any appellate court would grant a stay pending appeal of the order granting such motion.

Accordingly, the Court should waive the 14-day stay.

## IV. Conclusion

As analyzed herein, the Court should grant the Motion in full.

DATED: December 17, 2024        FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: ___/s/ Gerrick M. Warrington___
GERRICK M. WARRINGTON
Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC