| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Derrick Talerico (State Bar No. 223763)<br>dtalerico@wztslaw.com<br>David B. Zolkin (State Bar No. 155410)<br>dzolkin@wztslaw.com<br>WEINTRAUB ZOLKIN TALERICO & SELTH LLP<br>11766 Wilshire Boulevard, Suite 730<br>Los Angeles, CA 90025<br>Telephone: (424) 500-8552<br><br>Counsel to Debtors Seaton Investments, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, SLA Investments, LLC, and Negev Investments, LLC | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*<br><br>―――――――――――――――<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☒ Affects Broadway Avenue Investments, LLC<br>☒ Affects SLA Investments, LLC<br>☒ Affects Negev Investments, LLC<br>☒ Affects Alan Gomperts<br>☒ Affects Daniel Halevy<br>☒ Affects Susan Halevy<br><br>Debtor(s). | LEAD CASE NO.:  2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>CHAPTER: 11<br><br>**DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**<br><br>[11 U.S.C. §§ 1123, 1125]<br><br>☐ Initial Disclosure Statement and Plan<br>☒ Disclosure Statement and Plan Dated January 16, 2025<br>☐<br><br>For information on court hearings,<br>see the separately filed notice(s) of hearing. |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                  Page 1                                  **VZ CH11.DISCLSR.PLAN**

On March 18, 2024 (the "Individual Petition Date"), Susan Halevy ("Susan" or "Susan Halevy"), Daniel Halevy ("Daniel" or "Daniel Halevy"), and Alan Gomperts ("Alan" or "Alan Gomperts," together with Susan and Daniel, the "Individual Debtors") each filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code ("Code"). On March 19, 2024, (the "Corporate Petition Date"), Seaton Investments, LLC, ("Seaton"), Colyton Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), Negev Investments, LLC ("Negev," together with Seaton, Colyton, Broadway, and SLA, the "Corporate Debtors," and the Corporate Debtors, collectively with the Individual Debtors, the "Debtors"), each filed a voluntary bankruptcy petition under Chapter 11 of the Code.

This form Disclosure Statement and Plan of Reorganization ("**DS and Plan**") is <u>both</u> the Disclosure Statement ("**DS**") and the Plan of Reorganization ("**Plan**").

<u>**PROPONENT**</u>: The parties who filed the DS and Plan ("Proponents") are: ☒ Debtors Broadway Avenue Investments, LLC, SLA Investments, LLC, Negev Investments, LLC, Alan Gomperts, Daniel Halevy, and Susan Halevy, or ☐          .

<u>**PLAN**</u>: The terms of the Plan, located at Sections **VIII – X**, comply with the requirements of 11 U.S.C. § 1123, including the proposed treatment of claims of the Debtors' creditors and, if applicable, the interests of shareholders or partners. **The Court has not yet confirmed the Plan, which means the terms of the Plan are not now binding on anyone**; however, if the Plan is confirmed, the terms will bind the Debtors and any holders of claims or interests treated by the Plan.

<u>**DISCLOSURE STATEMENT**</u>: Sections **I – VII** and **XI** constitute the DS and describe the assumptions that underlie the Plan and how the Plan will be executed. The Proponents believe the DS meets the standard for adequate information set forth in 11 U.S.C. § 1125(a). **The information disclosed is for explanatory purposes only and is as accurate as possible.**

Any interested party desiring further information should contact the attorneys for Proponents identified above in the box at top left of this page, using the contact information provided.

<table>
<tr><td colspan="2"><strong>NOTE ABOUT CITATIONS</strong></td></tr>
</table>

| **NOTE ABOUT CITATIONS** |
| --- |
| **"Chapter, section and §" references** are to 11 U.S.C. §§ 101-1532 of the Bankruptcy Code.<br>**"FRBP" references** are to the Federal Rules of Bankruptcy Procedure.<br>**"LBR" references** are to the Local Bankruptcy Rules for the Central District of California. |

## TABLE OF CONTENTS

| | | | **Page** |
|---|---|---|---|
| | **DISCLOSURE STATEMENT** | | |
| **I.** | General Disclaimer | | **4** |
| **II.** | Type of Plan of Reorganization; Important Dates | | **4** |
| **III.** | Description of Debtor's Past and Future Business and Events Precipitating Bankruptcy Filing | | **4** |
| **IV.** | Definitions and Preliminary Information | | **7** |
| **V.** | Source of Money to Pay Claims and Interest-Holders | | **8** |
| **VI.** | Assets and Liabilities of the Estate | | **12** |
| **VII** | Treatment of Nonconsenting Members of a Consenting Class | | **12** |
| | **PLAN OF REORGANIZATION** | | |
| **VIII.** | Plan Provisions: Treatment of Claims | | **16** |
| | **A.** | Assumption and Rejection of Executory Contracts and Unexpired Leases | **16** |
| | **B.** | Unsecured Claims: Administrative Expenses, Taxes | **16** |
| | **C.** | CLASS # 1: Priority Unsecured Claims | **17** |
| | **D** | CLASS # 2: Unsecured Claims: Nominal and General | **18** |
| | **E.** | CLASS # 3, # 4 and #5: Secured Claims | **18** |
| | **F.** | Shareholder or Partner Interests | **21** |
| | Additional Claims (if any) Not Identified in Sections VIII.A - VIII.F | **EXH H, I, etc.** | |
| **IX.** | Unclaimed or Undeliverable Plan Distributions | | **21** |
| **X.** | Effect of Confirmation | | **21** |
| **XI.** | **LIST OF EXHIBITS AND DECLARATIONS** | | **22** |
| | **Mandatory Exhibits** | | |
| | Declaration in Support of Disclosure Statement and Plan | | **EXH A** |
| | List of all Claims | | **EXH B** |
| | List of all Property and Valuation of Property as of Confirmation Date | | **EXH C** |
| | Projected Income, Expenses and Payments by Month/Quarter | | **EXH D** |
| | Financial Records | | **EXH E** |
| | | | |
| | **Optional Exhibits** | | |
| | Additional Declarations | | **EXH F** |
| | Schedule of Classes and Plan Treatment | | **EXH G** |

## I.    GENERAL DISCLAIMER

PLEASE READ THIS DOCUMENT CAREFULLY, INCLUDING THE ATTACHED EXHIBITS.  IT EXPLAINS WHO IS ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, AND WHO IS ENTITLED TO FILE AN OBJECTION TO CONFIRMATION OF THE PLAN.  IT ALSO IDENTIFIES THE TREATMENT THAT CLAIMANTS (CREDITORS) AND ANY INTEREST HOLDERS (SHAREHOLDERS OR PARTNERS) CAN EXPECT TO RECEIVE UNDER THE PLAN, IF THE PLAN IS CONFIRMED BY THE COURT.

ALL REFERENCES TO THE "DEBTOR" IN THE SINGULAR OR TO THE "DEBTORS' IN THE PLURAL ARE REFERENCES TO ALL OF THE DEBTORS. REFERENCES TO THE "CORPORATE DEBTORS" ARE TO ALL OF THE LLC DEBTORS COLLECTIVELY. REFERENCES TO THE "INDIVIDUAL DEBTORS" ARE TO ALAN GOMPERTS, DANIEL HALEVY, AND SUSAN HALEVY COLLECTIVELY.

THE SOURCES OF FINANCIAL DATA RELIED ON TO FORMULATE THIS DOCUMENT ARE IN **EXHIBIT A**, A DECLARATION.  ALL REPRESENTATIONS ARE TRUE TO THE PROPONENT'S BEST KNOWLEDGE.

NO REPRESENTATIONS CONCERNING THE DEBTOR THAT ARE INCONSISTENT WITH INFORMATION CONTAINED IN THIS DS AND PLAN ARE AUTHORIZED EXCEPT TO THE EXTENT, IF AT ALL, THAT THE COURT ORDERS OTHERWISE.

AFTER CAREFULLY REVIEWING THIS DOCUMENT AND THE ATTACHED DECLARATIONS AND EXHIBITS, PLEASE REFER TO THE SEPARATELY FILED NOTICE OF DATES RELATED TO A HEARING ON MOTION TO APPROVE ADEQUACY OF THE DISCLOSURE STATEMENT, OR HEARING ON MOTION TO CONFIRM THE PLAN. EACH NOTICE WILL IDENTIFY DATES AND DEADLINES TO FILE A RESPONSE OR OTHER OBJECTION, OR TO SUBMIT A BALLOT IF YOU ARE ENTITLED TO VOTE ON THE PLAN.

## II.    TYPE OF PLAN OF REORGANIZATION;  IMPORTANT DATES

Payments and treatments under the Plan have a starting date ("**Effective Date**"), a period of time after the Effective Date to continue payments ("**Plan Term**"), and a final payment date ("**Final Payment**").

| Plan Type | Effective Date | Plan Term | Final Payment Date |
|---|---|---|---|
| ☐ Liquidating: *See Section V.A.2 below for anticipated sale(s)* <br> ☒ Operating: *See Section III below* | ☒ 14 days after order confirming Plan <br> ☐ Other date: | ☒ 7 years; or <br> ☐ _____ months | *05/01/2032 (estimated)* |

## III.    DESCRIPTION OF DEBTORS' PAST AND FUTURE BUSINESS AND EVENTS PRECIPITATING BANKRUPTCY FILING

A.  **PAST AND FUTURE BUSINESS OPERATIONS**: The Corporate Debtors are organized as LLCs.  The Debtors conducted 100% of its business activity in California since 1983.  Before this case was commenced on (specify the "petition date") March 19, 2024 (Corporate Debtors) and March 18 (Individual Debtors), the Debtor,

☐ provided the following services for pay:

☐ manufactured or sold the following products:

☒ was in the business of renting real estate.  (See Exhibit H for a detailed description of Debtor's property or properties including locations, square footage, occupancy rates, etc.)

☒ was in the business of developing real estate.  (See Exhibit H for a detailed description of Debtor's property or properties including locations, size of lot(s), stage of development, etc.)

☐ other:

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*    Page 4    **VZ CH11.DISCLSR.PLAN**

The Debtors ☒ will ☐ will not continue this course of conduct.

The Debtors:  ☒  are not a small business debtor within the meaning of 11 U.S.C.§101(51)(d).

☐  is a small business debtor within the meaning of 11 U.S.C.§101(51)(d), please see Exhibit for information pertaining to 11 U.S.C. §1116 compliance.

**B.  <u>FACTORS THAT LED TO FILING THIS BANKRUPTCY CASE</u>** (*Describe briefly*):

These Bankruptcy Cases present two real estate investments that require a restructuring to address defaults on their senior loans: (1) the buildings at 440 Seaton Street, Los Angeles, CA, 90013 (the "<u>Seaton Building</u>"), and 421 Colyton Street, Los Angeles, CA, 90013 (the "<u>Colyton Building</u>"), which together are operated as an economic unit (the "<u>Seaton/Colyton Buildings</u>") and are owned by Debtors Seaton and Colyton, respectively; and (2) the building at 737 S. Broadway, Los Angeles, CA, 90014 (the "<u>Broadway Building</u>"), owned by Debtor Broadway.

The Individual Debtors have each jointly and severally guaranteed (1) certain debt owed to KDM California LLC ("<u>KDM</u>") on account of KDM's $37.1 million in principal amount loaned jointly to Seaton and Colyton and secured by the Seaton/Colyton Buildings, and (2) approximately $19.1 million of loans made by Archway Capital ("<u>Archway</u>") on account of the Broadway Building (the "<u>Broadway Loans</u>"). The Individual Debtors' guaranty liability to Archway is bifurcated into secured and unsecured tranches. Approximately $15 million of Archway's Broadway Loans are made directly to Broadway and guaranteed by the Individual Debtors without collateral. Approximately $4 million of Archway's Broadway Loans are made pursuant to three loans to related entities or groups and are secured by pledges of various real properties owned by the Individual Debtors: 1040 S. Los Angeles Street, Los Angeles, CA (owned and pledged by SLA), and 12800 Foxdale Drive, Desert Hot Springs, CA (owned and pledged by Negev).

Archway has commenced an action against the Individual Debtors where it has sought pre-judgment writs of attachment against Daniel Halevy and Alan Gomperts. Archway has also commenced foreclosure proceedings against the properties owned by the Individual Debtors, SLA, and Negev to recover on their guarantees and collateral. KDM has commenced an action against Seaton and Colyton for appointment of a receiver.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                                    Page 5                                                    **VZ CH11.DISCLSR.PLAN**

**C.** **FUTURE FINANCIAL OUTLOOK:** Proponent believes that the Debtors' economic health has, or will, improve from its prebankruptcy state for the following reasons. (*Describe briefly*)

Seaton and Colyton have agreed with KDM on terms to resolve KDM's debt and to allow the Seaton and Colyton bankruptcy cases to be dismissed. Broadway is projecting to confirm a whole-building lease with financing that will drive cash flow to allow for plan confirmation and increase property values immediately.

**D.** **PROPOSED MANAGEMENT OF THE DEBTOR**:

1. Names of persons who will manage the Debtor's business affairs:

   The Individual Debtors will manage their own affairs. Alan Gomperts and Daniel Halevy will manage the affairs of Broadway.

2. Proposed compensation to persons listed above:

   Alan Gomperts - $0; Daniel Halevy - $15,000 / month

3. Qualifications of persons listed above:

   Alan Gomperts and Daniel Halevy have managed a family portfolio of residential and commercial real estate for more than 25 years. Through this experience they are familiar with real estate investment, real estate development, real estate management.

4. Affiliation of persons listed above to Debtors:

   Alan Gomperts and Daniel Halevy are both Individual Debtors. Debtor Susan Halevy is mother to Daniel Halevy and three other non-debtor children, including Sharon Gomperts, wife of Alan Gomperts.

   Broadway's membership consists of: (1) the Halevy Trust (Susan Halevy, beneficial owner); The Gomperts Family Trust (Alan Gomperts and Sharon Gomperts, beneficial owners of community property); and (3) Daniel Halevy.

   Negev is owned by the Halevy Trust.

   SLA's membership consists of: (1) the Halevy Trust; (2) the G&H Trust; (3) Daniel Halevy; and (4) Simon Harkham.

5. Job description: Alan Gomperts – manager of financial affairs; Daniel Halevy – manager of operations

**E.** **PROPOSED** ☒ **DISBURSING AGENT** ☐ **MULTI-PURPOSE POST-CONFIRMATION AGENT**
will pay all amounts due under the Plan from a fund hereby authorized to be opened.  This fund shall be maintained in a segregated, interest-bearing account in a depository approved by the United States trustee for the Central District of California for deposits of funds by trustees.

1. Name of person responsible for collecting money intended for distribution to claimants and transmitting it to claimants: Alan Gomperts

2. Disbursing agent's address: 264 S. Oakhurst Drive, Beverly Hills, CA 90212

3. Disbursing agent's phone number: (310) 621-5350

4. Proposed compensation for person listed above: None

5. Qualifications of person listed above: CFO

6. Affiliation of person listed above, to Debtor: Debtor

7. Job description: Collecting and disbursing plan payments

## IV.  **DEFINITIONS AND PRELIMINARY INFORMATION**

### A.  **CLAIMS AND INTERESTS**

A claim refers to all obligations of the Debtor or against property of the Debtor.  Claims treated under the Plan are included whether the claim arose before or after the bankruptcy case was filed, and whether or not an obligation involves a cash payment.  A claimant refers to holder of a claim treated under the Plan, even if the party did not file a proof of claim.  An interest represents an ownership stake in the Debtor.  An interest holder refers to holder of an interest treated under the Plan, even if the party did not file a proof of interest.

A claim or interest is allowed if it is (a) timely and properly scheduled or filed, and not objected to; (b) objected to, and was resolved by settlement of the parties or a court order, or (c) deemed allowed.  A claim is deemed allowed if the claim is listed on the Debtor's schedules and is not scheduled as disputed, contingent, or unliquidated.  An interest is deemed allowed if it is included on the list of equity security holders filed by the Debtor with the court and is not scheduled as disputed.  **Allowed claims and interests are provided for in the Plan in the relevant category or class.**

A claim or interest is disallowed if it was timely objected to by a party in interest and the court ordered that the claim or interest be disallowed in part or entirely.  **Disallowed claims and interests are not treated under the Plan**.

A claim or interest is disputed if a ruling on allowance has not been made, and (a) a proof of claim or interest has been filed or deemed filed and a party in interest has filed an objection; or (b) a proof of claim or interest has not been filed and the Debtor scheduled such claim or interest as disputed, contingent, unliquidated or unknown.

In this case, the deadline by which to file a proof of claim or interest was July 16, 2024 and the deadline by which to have an objection to claim or interest heard was: September 20, 2024.  The status of the claims and interest objection process is that ☒ all objections to have been resolved, and no other objections are anticipated; or ☐ the objection process is pending, or will shortly begin, for the claims or interests identified in Exhibit B as having an objection pending and Proponent has filed the Motion for Order Approving Disclosure Statement with objections still pending because the bar date has not yet passed.

If the holder of a claim or interest wants to vote, but holds a claim or interest that has either (a) been objected to, or (b) has been scheduled by the Debtor as contingent, disputed, unliquidated, or unknown, and the holder has not filed a proof of claim or interest, the holder must file a motion to have its claim or interest allowed for voting purposes in time for that motion to be heard before the hearing on confirmation of the Plan.

No distribution will be made on the disputed portion of a claim or interest unless allowed by a final non-appealable order.  FRBP 9019 authorizes the Debtor to settle disputed claims with court approval; but, court approval is not required if a proposed settlement does not exceed $10,000.  The Debtor is required to reserve funds to pay the amount claimants would receive if the claim is allowed in full (unless the court approves a different amount).  To the extent a disputed claim is disallowed, (a) the funds that had been reserved for such claims will be distributed as provided in the Plan to other creditors of the same class (or as ordered by the court); or  (b) if this box is checked ☒ then such funds will be distributed to the Debtor.

### B.  **POTENTIAL § 1111(b) ELECTIONS**.  § 1111(b) allows a partially secured claim to be treated as fully secured under certain conditions, notwithstanding § 506(a).  Claimants should consult their attorney to evaluate if a § 1111(b) election is available and is in their best interest, and to identify the deadline for making an election.

### C.  **VOTING AND OBJECTIONS TO CONFIRMATION OF PLAN**.

"Voting" to accept or reject the Plan is different from "objecting" to confirmation of the Plan.  Voting by ballot means a claimant entitled to vote completes the ballot enclosed with this DS and Plan and returns it to Proponent.  Objecting to confirmation means a party in interest files and serves either a Preliminary Objection to Confirmation of Plan, or an Opposition to Motion to Confirm Plan.

1.**Who may object to confirmation of the Plan**.  Any party in interest may object to confirmation of the Plan; but, as explained below, not all claimants and interest holders are entitled to vote to accept or reject the Plan.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                                                 Page 7                                                      **VZ CH11.DISCLSR.PLAN**

2. **Who may vote (§ 1124)**. It requires both an allowed and impaired claim, or allowed and impaired interest in order to vote either to accept or reject the Plan.

Impaired claimants include those whose legal, equitable, and contractual rights are altered by the Plan even if the alteration is beneficial to the claimant. Impaired interest-holders include those whose legal, equitable, and contractual rights are altered by the Plan, even if the alteration is beneficial to the interest holder.

Claims and interests are placed into classes consistent with § 1122. Members of unimpaired classes do not vote, though they may file an objection to confirmation of the plan.

Many claimants are treated by the Bankruptcy Code as having accepted or rejected the Plan without a vote. Some types of claims are required to be treated a certain way by the Bankruptcy Code and for that reason they are considered unimpaired. Holders of such claims cannot vote. In addition, the Bankruptcy Code treats some claimants as having rejected the Plan without a vote if (a) the claimant is to receive no distribution under the Plan; (b) an objection has been filed to that claimants' claim and the objection has not been resolved prior to filing the Plan; or (c) Debtor scheduled a claim as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim.

| Classes Entitled to Vote Because the Class is Impaired: | Classes Not Entitled to Vote Because the Class is Unimpaired: |
|---|---|
| All Class 2 and Class 4 Claims | All Class 3 Claims |

A party that disputes the Proponent's characterization of its claim or interest as unimpaired and wants to vote, may request a finding of impairment from the Court in order to obtain the right to vote.

3. **Votes necessary to confirm the Plan.**. The court may confirm the Plan if at least one non-insider impaired class of claims has accepted and certain statutory requirements are met as to both nonconsenting members within a consenting class and as to dissenting classes. A class of claim has accepted the Plan when more than one half in number and at least two-thirds in amount of the allowed claims actually voting, vote in favor of the Plan. A class of interest has accepted when more than one half in number and at least two-thirds in amount of the allowed interests of such class actually voting have accepted it. It is important to remember that even if the requisite number of votes to confirm the Plan are obtained, the Plan will not bind the parties unless and until the Court makes an independent determination that confirmation is appropriate. That is the subject of any upcoming confirmation hearing.

(A) **How to vote**. The Debtor will file and serve 2 notices: (1) Notice of Hearing on Adequacy of Disclosure Statement ("**Notice of DS Hearing**"); and (2) Notice of Dates Related to Confirmation of Plan and Deadlines to: (A) Submit Ballot; (B) File Preliminary Objection to Confirmation of Plan; and (C) File Response to Motion to Confirm Plan ("**Notice of Deadlines Related to Confirmation**").

A ballot will accompany the Notice of Deadlines Related to Confirmation. A voting claimant must follow the instructions set forth in the Notice of Deadlines Related to Confirmation. A claimant whose claim is allowed as partly secured and partly unsecured is entitled to vote in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

# V. <u>SOURCE OF MONEY TO SATISFY CLAIMS AND INTERESTS</u>

The Plan cannot be confirmed unless the Court finds that it is "feasible," which means that the Proponent has timely submitted evidence establishing that the Debtor will have sufficient funds available to satisfy all expenses, including the scheduled payments to claimants discussed in sections VIII below.

A. **NON-INCOME SOURCES TO FUND PLAN**. See Exhibit(s) D for income and other contributions that will fund the Plan. If additional funding sources (non-income) are needed, see below:

1. Loan or Line of Credit: ☐ None  ☒ Loans or Lines of Credit are as follows:

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                    Page 8                                    **VZ CH11.DISCLSR.PLAN**

| | NAME OF LENDER | CONTRIBUTION TYPE | TERM | INT RATE | PROCEEDS |
|---|---|---|---|---|---|
| (a) | Streit Lending | ☒ Loan ☐ Credit Line | 1 yr with 2 1 yr optns | 11% | **$2,900,000** |
| (b) | | ☐ Loan ☐ Credit Line | | % | $ |

2. Sales of Property:

☒ None

☐ All or substantially all of Debtor's assets will be sold. The terms of the proposed sale and evidence of the financial solvency of the proposed buyer is attached in Exhibit        .

☐ The specified property of Debtor is planned to be sold as follows:

| PROPERTY DESCRIPTION: | PROPOSED SALE DATE | PROPOSED SALE PRICE | PROCEEDS TO FUND THE PLAN |
|---|---|---|---|
| (a) ☐ Property in CLASS #3, #4 or #5: **Check only ONE**:<br>☐ 3a ☐ 3b ☐ 3c ☐ 3d ☐ 3e<br>☐ 4a ☐ 4b ☐ 4c ☐ 4d ☐ 4e<br>☐ 5a ☐ 5b ☐ 5c ☐ 5d ☐ 5e | | $ | $ |
| (b) ☐ Property in CLASS #3 or #4: **Check only ONE**:<br>☐ 3a ☐ 3b ☐ 3c ☐ 3d ☐ 3e<br>☐ 4a ☐ 4b ☐ 4c ☐ 4d ☐ 4e<br>☐ 5a ☐ 5b ☐ 5c ☐ 5d ☐ 5e | | $ | $ |

☐ **See Exhibit _____** for additional anticipated sales of specific property.

3. **Adversary Proceedings**: ☒ None    ☐ Adversary proceedings are as follows:

| ADVERSARY PROCEEDING DESCRIPTION:<br>FRBP 7001 and LBR 7004-1 require a summons/complaint. | DATE FILED OR TO BE FILED | ADV. PROC. NUMBER | ANTICIPATED RECOVERY |
|---|---|---|---|
| (a) | | | $ |
| (b) | | | $ |

**B. PAYMENTS ON THE EFFECTIVE DATE**. This section demonstrates the Plan is feasible on the Effective Date.

| (1) CLAIMS AND EXPENSES TO BE PAID ON THE EFFECTIVE DATE | AMOUNT |
|---|---|
| Cure Payments: Executory Contracts, Unexpired Leases:  Section VIII.B.2. | $0 |
| Administrative claims + Statutory Costs/Charges:  Section VIII.C.1. +court costs | **$600,000** |
| Nominal Unsecured Claims:  Section VIII.E.1. | $0 |
| First Payments:  General Unsecured Claims:  Section VIII.E.2. | **$11,438** |
| Arrearages + First Payments:  Secured Claims:  Sections VIII.F. – VIII.G. | $0 |
| TOTAL TO BE PAID ON THE EFFECTIVE DATE: | **$611,438** |

| (2) SOURCE OF FUNDS ON THE EFFECTIVE DATE | |
|---|---|
| Cash on Hand: | **$1,196,000** |
| New Value: ☐ Contributor Name (*identify*): | $0 |
| Loan or Line of Credit:  Described above in: ☒ V.A.(1a)   ☐ V.A.(1b) | **$2,900,000** |
| Sale of Property: Described above in: ☐ V.A.(2a)   ☐ V.A.(2b) | $0 |
| Adversary Proceeding Recovery: Described above in: ☐ V.A.(3a)   ☐ V.A.(3b) | $0 |
| Other Sources: ☐ (*identify*): | $ |
| TOTAL FUNDS AVAILABLE ON THE EFFECTIVE DATE: | **$4,096,000** |
| **(3) CASH AVAILABLE AFTER PAYMENTS MADE ON THE EFFECTIVE DATE:** | **$3,484,562** |

**C.** <u>**PAYMENTS DURING THE PLAN TERM**</u>.  Please see **Exhibit D.** for cash flow projections for the duration of the Plan, to help determine that the plan is feasible during the plan term.  The focus is on projected cash receipts and cash disbursements.  All non-cash items such as depreciation, amortization, gains and losses are omitted.  A positive number reflects a source of cash; a (negative number) reflects a use of cash.  **Exhibit D** also contains details of the assumptions that underlie the projections.

**D.** <u>**FINANCIAL RECORDS TO ASSIST IN DETERMINING WHETHER PROPOSED PAYMENT IS FEASIBLE**</u>
Please see **Exhibit E** for three types of financial documents related to past activities.  The two time periods of activities are: (1) the most recent twelve-month calendar year; and (2) all months subsequent thereto.  The financial documents include: balance sheets, cash flow statements and income and expense statements.

**E.** <u>**EXPLANATION OF RISK FACTORS AND POTENTIAL FLUCTUATIONS WHEN IMPLEMENTING THE PLAN**</u>.

| RISK FACTOR | EXPLANATION OF RISK AND FLUCTUATIONS |
|---|---|
| ☒ Business/Economic<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment<br>☐ Other | The Debtors ability to generate income is tied to rents on commercial properties, single family homes, and apartments. If the Debtors were to lose tenants or not lease-up space on the timeline projected, such circumstances could have a negative impact on the implementation of the Plan. The Debtors' Plan accounts for regular business and economic fluctuations that can cause rental income to fluctuate. |
| ☐ Business/Economic<br>☐ Sale of Property<br>☒ Balloon Payment<br>☐ Int. Rate Adjustment<br>☐ Other | The Plan calls for Class 4 secured claims to receive regular interest payments during the course of the Plan followed by a ballon payment at the end of year 3. In order to make the balloon payment and complete Plan payments, Debtors will need to refinance or sell those properties that secure loans with projected balloon payments. How easily Debtors will be able to do this depends upon a multitude of micro and macro-economic factors such as the value of the properties and the strength of the applicable real estate market. |
| ☒ Business/Economic<br>☐ Sale of Property<br>☐ Balloon Payment<br>☐ Int. Rate Adjustment<br>☐ Other | The Broadway tenant is not required to start paying rent in month 7 of the lease unless the building has a certificate of occupancy. As of the date of this disclosure, Broadway does not have a certificate of occupancy. If Broadway has only a temporary certificate of occupancy for the bottom three floors rent will commence at $75,000 per month. |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                    Page 10                                    **VZ CH11.DISCLSR.PLAN**

| ☒ Business/Economic | Broadway intends to bring a motion to approve a DIP loan and the Broadway lease prior to confirmation. If the DIP loan and lease are not approved either by motion or plan confirmation, Broadway will not be able to meet its plan payments. |
| ☐ Sale of Property | |
| ☐ Balloon Payment | |
| ☐ Int. Rate Adjustment | |
| ☐ Other | |

F.  **TAX CONSEQUENCES OF THE PLAN.**

1. <u>To the Debtor</u>: Tax consequences to the Debtor are:

**Utilization of a Debtor's Net Operating Losses**

Internal Revenue Code section 382 places potentially severe limitations upon an entity's use of its net operating losses and loss carryovers ("NOLs") and certain other tax attributes if an "ownership change" occurs with respect to such entity's equity interests. Any pre-effective date shift (deemed or actual) in the ownership of stock of a debtor, directly or by attribution, outside the scope of a Chapter 11 plan may trigger an "ownership change" that would adversely affect the availability of a debtor's NOLs. Because the federal income tax consequences of any such shift would depend on the particular facts and circumstances at such time and the application of complex legislation and regulations, the Debtor expresses no view as to the effect of any transactions outside the scope of the Plan or the survival of any NOLs or other tax attributes. Parties in interest are cautioned against assuming that NOLs will be available to shelter any income or gain that may be recognized as a result of Plan transactions or the Debtor's operations prior to the Effective Date.

**Reduction of Debtor's Indebtedness**

Any amount of potential discharged indebtedness for federal income tax purposes will be referred to herein as a "Debt Discharge Amount." In general, the Internal Revenue Code provides that a taxpayer who realizes a discharge of indebtedness must include the Debt Discharge Amount in its gross income in the taxable year of discharge to the extent that the Debt Discharge Amount exceeds any consideration given for such discharge. No income from the discharge of indebtedness is realized to the extent that payment of the liability being discharged would have given rise to a deduction. If a taxpayer is in a title 11 case (a case under the Bankruptcy Code) and the discharge of indebtedness occurs pursuant to a plan approved by the court (such as the Plan in this case, if confirmed), such discharge of indebtedness is specifically excluded from gross income. If the taxpayer is insolvent before a cancellation or deemed cancellation of debt and does not become solvent by reason of the cancellation or deemed cancellation, such cancellation or deemed cancellation of indebtedness is specifically excluded from gross income.

Accordingly, the Debtor believes that it will not be required to include in gross income any Debt Discharge Amount as a result of the Plan. The Internal Revenue Code requires certain tax attributes of a debtor to be reduced by the Debt Discharge Amount excluded from gross income. Tax attributes are reduced in the following order of priority: current year net operating losses and net operating loss carryovers; general business credits minimum tax credits; capital loss carryovers; basis of property of the taxpayer; passive activity loss or credit carryovers; and foreign tax credit carryovers. Tax attributes are generally reduced by one dollar for each dollar excluded from gross income, except that general tax credits, minimum tax credits and foreign tax credits are reduced by 33.3 cents for each dollar excluded from gross income. The tax attribute reduction rules may eliminate a portion of a debtor's NOLs and other tax attributes. However, such NO Ls and other tax attributes will not be reduced until after the determination of tax, if any, for the taxable year in which a plan is confirmed and becomes effective.

**Alternative Minimum Tax**

In general, an alternative minimum tax ("AMT") is imposed on an entity's "alternative minimum taxable income" ("AMTI") at a 20 percent rate to the extent such tax exceeds the corporation's regular federal income tax for the taxable year. AMTI generally is equal to regular taxable income with certain adjustments. For purposes of computing AMTI, certain tax deductions and other beneficial allowances are modified or eliminated. In particular, even though an entity otherwise may be able to shelter all of its taxable income for regular income tax purposes by applying available NOLs, an entity (or consolidated group) is entitled to offset no more than 90 percent of its AMTI with NOLs (as recomputed for AMT purposes). The confluence of a 20 percent AMT tax rate and a 90 percent (of AMTI) cap on the deduction for AMT NOLs creates an effective AMT tax rate of two percent (i.e., 20 percent of the 10 percent of AMTI that is not sheltered with AMT NOLs). Accordingly, even if a debtor's NOLs remain available to fully shelter net income or gain, if any, recognized during the tax year in which the Plan is confirmed and becomes effective, a debtor may be liable for AMT even though a debtor is not liable for regular federal income tax

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                              Page 11                                    **VZ CH11.DISCLSR.PLAN**

2.  To Claimants:  Claimants should consult their advisors regarding potential tax effects of the Plan; nevertheless:

☐ The Debtor believes tax consequences to claimants are:

☒ The Debtors are not certain of tax consequences to Claimants, because: the Debtors are unfamiliar with the finances of each claimant and the potential impact the terms of the Plan may have upon them.

# VI.    ASSETS AND LIABILITIES OF THE ESTATE

**A.    ASSETS**   The identity and fair market value of the estate's assets are listed in **Exhibit C** so that the reader can assess what assets are at least theoretically available to satisfy claims and to evaluate the overall worth of the bankruptcy estate.  Any proposed sale of these assets is discussed in Section **V.A.2** above.

**B.    LIABILITIES**   **Exhibit B** shows the allowed claims against the estate, claims whose treatment is explained in detail in Sections VIII below.

**C.    SUMMARY**   The fair market value of all assets equals $31,905.745.  Total liabilities equal $32,183,625.

# VII.    TREATMENT OF NONCONSENTING MEMBERS OF CONSENTING CLASS

The Plan must provide that a nonconsenting impaired claimant or interest holder of a consenting class receive at least as much as would be available had the Debtor filed a Chapter 7 petition instead.  In a Chapter 7 case the general rule is that the Debtor's assets are sold by a trustee.  Unsecured claims generally share in the proceeds of sale only after secured creditors and administrative claimants are paid.  Certain unsecured claims get paid before other unsecured claims do.  Unsecured claims with the same priority share in proportion to the amount of their allowed claim in relationship to the total amount of allowed claims.

A claimant would recover from the assets of the bankruptcy estate less under chapter 7 than under chapter 11 for a number of reasons including: (1) for the reasons detailed in **Exhibit C**, the liquidation value of Debtor's assets is less than its fair market value; (2) in a chapter 7 case a trustee is appointed and is entitled to compensation from the bankruptcy estate as reflected in the chart below; and (3) an individual debtor is permitted to exempt a certain amount of the sales proceeds before unsecured claims are paid anything.

| **CALCULATION OF ESTIMATED PERCENT RECOVERY - BROADWAY** | | **CHAPTER 7** | **CHAPTER 11** |
|---|---|---|---|
| **(a)** | Total value of the Debtor's assets:<br>See Exhibit __ for a list of all property of the bankruptcy estate, valuations, and valuation methods. | $0 | $0 |
| **(b)** | Administrative Expense Claims: | <$200,000> | <$200,000> |
| **(c)** | Tax Claims: | <$0> | <$0> |
| **(d)** | Other Unsecured Claims to be Paid Before General Unsecured Claims: | <$0> | <$0> |
| **(e)** | Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of:<br><br>* 25% on the first $5,000 of all moneys disbursed = $           ,<br>* 10% on any amount over $5,000 but less than $50,000 = $           ,<br>* 5% on any amount over $50,000 but not in excess of $1 million = $           ,<br>* 3% on all amounts over $1 million) = $           ,<br><br>**TOTAL TRUSTEE'S FEES =** | <$0> | N/A |
| **(f)** | New Value (average monthly net cash flows during plan) | N/A | $22,000 |

| (g) | Dollar Amount Available for General Unsecured Claims: (a) plus (f) minus (b), (c), (d) and (e) = | $0 | $592,000 |
|---|---|---|---|
| (h) | Dollar Amount of General Unsecured Claims: = | $380,000 | $380,000 |
| (i) | **% recovery on general unsecured claims:** [(g) divided by (h)] x 100% **=** | 0% | 100% |

| **CALCULATION OF ESTIMATED PERCENT RECOVERY - SLA** | **CHAPTER 7** | **CHAPTER 11** |
|---|---|---|
| (a) | Total value of the Debtor's assets:<br>See Exhibit ___ for a list of all property of the bankruptcy estate, valuations, and valuation methods. | $0 | $102,000 |
| (b) | Administrative Expense Claims: | <$30,000> | <$30,000> |
| (c) | Tax Claims: | <$0> | <$0> |
| (d) | Other Unsecured Claims to be Paid Before General Unsecured Claims: | <$0> | <$0> |
| (e) | Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of:<br><br>  * 25% on the first $5,000 of all moneys disbursed = $1,250,<br>  * 10% on any amount over $5,000 but less than $50,000 = $4,500,<br>  * 5% on any amount over $50,000 but not in excess of $1 million = $47,500,<br>  * 3% on all amounts over $1 million) = $7,035.45,<br><br>**TOTAL TRUSTEE'S FEES =** | <$N/A> | N/A |
| (f) | New Value (average monthly net cash flows during plan) | **N/A** | $8,500 |
| (g) | Dollar Amount Available for General Unsecured Claims: (a) plus (f) minus (b), (c), (d) and (e) = | $0 | $408,000 |
| (h) | Dollar Amount of General Unsecured Claims: = | $62,000 | $62,000 |
| (i) | **% recovery on general unsecured claims:** [(g) divided by (h)] x 100% **=** | 0% | 100% |

| **CALCULATION OF ESTIMATED PERCENT RECOVERY - NEGEV** | **CHAPTER 7** | **CHAPTER 11** |
|---|---|---|
| (a) | Total value of the Debtor's assets:<br>See Exhibit ___ for a list of all property of the bankruptcy estate, valuations, and valuation methods. | $0 | $0 |
| (b) | Administrative Expense Claims: | <$25,000> | <$25,000> |
| (c) | Tax Claims: | <$0> | <$0> |
| (d) | Other Unsecured Claims to be Paid Before General Unsecured Claims: | <$0> | <$0> |

| | | | |
|---|---|---|---|
| **(e)** | Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of: <br><br> * 25% on the first $5,000 of all moneys disbursed = **$1,250**, <br> * 10% on any amount over $5,000 but less than $50,000 = **$4,500**, <br> * 5% on any amount over $50,000 but not in excess of $1 million = **$36,000**, <br> * 3% on all amounts over $1 million) = **$** <br><br> **TOTAL TRUSTEE'S FEES =** | **<$N/A>** | **N/A** |
| **(f)** | New Value | **N/A** | $2,000 |
| **(g)** | Dollar Amount Available for General Unsecured Claims:  (a) plus (f) minus (b), (c), (d) and (e) = | $0 | $2,000 |
| **(h)** | Dollar Amount of General Unsecured Claims: = | **$1,680** | $1,680 |
| **(i)** | **% recovery on general unsecured claims:** [(g) divided by (h)] x 100% **=** | 0% | 100% |

| | | CHAPTER 7 | CHAPTER 11 |
|---|---|---|---|
| **CALCULATION OF ESTIMATED PERCENT RECOVERY – A. GOMPERTS** | | **CHAPTER 7** | **CHAPTER 11** |
| **(a)** | Total value of the Debtor's assets: <br> See Exhibit __ for a list of all property of the bankruptcy estate, valuations, and valuation methods. | $6,582,311 | $9,720,000 |
| **(b)** | Administrative Expense Claims: | **<$80,000>** | **<$80,000>** |
| **(c)** | Tax Claims: | **<$0>** | **<$0>** |
| **(d)** | Other Unsecured Claims to be Paid Before General Unsecured Claims: | **<$0>** | **<$0>** |
| **(e)** | Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets sufficient to pay the administrative and general unsecured claimants, § 326 indicates the chapter 7 trustee is entitled to fees of: <br><br> * 25% on the first $5,000 of all moneys disbursed = **$1,250**, <br> * 10% on any amount over $5,000 but less than $50,000 = **$4,500**, <br> * 5% on any amount over $50,000 but not in excess of $1 million = **$666.64**, <br> * 3% on all amounts over $1 million) = **$** <br><br> **TOTAL TRUSTEE'S FEES =** | **<$6,416.64>** | **N/A** |
| **(f)** | New Value | **N/A** | $0 |
| **(g)** | Dollar Amount Available for General Unsecured Claims:  (a) plus (f) minus (b), (c), (d) and (e) = | $6,496,000 | $9,640,000 |
| **(h)** | Dollar Amount of General Unsecured Claims: = | $1,868 | $1,868 |
| **(i)** | **% recovery on general unsecured claims:** [(g) divided by (h)] x 100% **=** | 100% | 100% |

| | | CHAPTER 7 | CHAPTER 11 |
|---|---|---|---|
| **CALCULATION OF ESTIMATED PERCENT RECOVERY – D. HALEVY** | | **CHAPTER 7** | **CHAPTER 11** |
| **(a)** | Total value of the Debtor's assets: <br> See Exhibit __ for a list of all property of the bankruptcy estate, valuations, and valuation methods. | $330,358 | $1,902,145 |

| (b) | Administrative Expense Claims: | <$80,000> | <$80,000> |
|---|---|---|---|
| (c) | Tax Claims: | <$0> | <$0> |
| (d) | Other Unsecured Claims to be Paid Before General Unsecured Claims: | <$0> | <$0> |
| (e) | Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets sufficient to pay the administrative and general unsecured claimants, § 326 indicates the chapter 7 trustee is entitled to fees of:<br><br>   * 25% on the first $5,000 of all moneys disbursed = **$1,250**,<br>   * 10% on any amount over $5,000 but less than $50,000 = **$4,500**,<br>   * 5% on any amount over $50,000 but not in excess of $1 million = **$4,891.09**,<br>   * 3% on all amounts over $1 million) = **$**        ,<br><br>   **TOTAL TRUSTEE'S FEES =** | <$10,641.09> | N/A |
| (f) | New Value | N/A | $0 |
| (g) | Dollar Amount Available for General Unsecured Claims:  (a) plus (f) minus (b), (c), (d) and (e) = | $239,716 | **$1,822,145** |
| (h) | Dollar Amount of General Unsecured Claims: = | $166,000 | $166,000 |
| (i) | **% recovery on general unsecured claims:** [(g) divided by (h)] x 100% **=** | 100% | 100% |

| CALCULATION OF ESTIMATED PERCENT RECOVERY – S. HALEVY | | CHAPTER 7 | CHAPTER 11 |
|---|---|---|---|
| (a) | Total value of the Debtor's assets:<br>See Exhibit __ for a list of all property of the bankruptcy estate, valuations, and valuation methods. | $3,558,000 | $9,282,000 |
| (b) | Administrative Expense Claims: | <$80,000> | <$80,000> |
| (c) | Tax Claims: | <$0> | <$0> |
| (d) | Other Unsecured Claims to be Paid Before General Unsecured Claims: | <$0> | <$0> |
| (e) | Trustee's Fees:  Assuming the chapter 7 trustee disburses the net liquidation value of assets to claimants, § 326 indicates the chapter 7 trustee is entitled to fees of:<br><br>   * 25% on the first $5,000 of all moneys disbursed = **$1,250**,<br>   * 10% on any amount over $5,000 but less than $50,000 = **$4,500**,<br>   * 5% on any amount over $50,000 but not in excess of $1 million = **$500**,<br>   * 3% on all amounts over $1 million) = **$**        ,<br><br>   **TOTAL TRUSTEE'S FEES =** | <$6,250> | N/A |
| (f) | New Value | N/A | $0 |
| (g) | Dollar Amount Available for General Unsecured Claims:  (a) plus (f) minus (b), (c), (d) and (e) = | $3,471,750 | $9,202,000 |
| (h) | Dollar Amount of General Unsecured Claims: = | $0 | $0 |
| (i) | **% recovery on general unsecured claims:** [(g) divided by (h)] x 100% **=** | N/A% | N/A% |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                    Page 15                    **VZ CH11.DISCLSR.PLAN**

## VIII. PLAN PROVISIONS: TREATMENT OF CLAIMS

Below is a summary of who gets paid what and when and from what source.  The Proponent is usually not required by law to pay the holder of an unsecured claim or interest everything it would otherwise be entitled to, had a bankruptcy case not commenced.

**A.  ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. [§ 365]

1.  ☐  There are no executory contracts or unexpired leases.

2.  ☒  **Assumption**.  The post-confirmation debtor will perform all related obligations whether arising before or after confirmation of the Plan.  Any arrearages arising before confirmation of the Plan will be paid by the first day of the month following the Effective Date unless the parties agree otherwise or the court finds that a longer payment schedule still provides the creditor with timely cure and adequate assurance of future performance.  Obligations that arise after confirmation of the Plan will be paid as they come due.

☐ **Previously Assumed**:

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | | DATE OF ORDER TO ASSUME | CURE AMOUNT: Must be paid on Effective Date |
|---|---|---|---|
| (a) | | | $ |
| (b) | | | $ |

☒ **To be Assumed on the Effective Date**.

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | | CURE AMOUNT: Must be paid on Effective Date |
|---|---|---|
| (a) | All of the Debtors' leases with tenants will be assumed | $0 |
| (b) | Alan Gomperts – Tesla lease will be assumed | $0 |

3.  ☐  **Rejection**. Claims arising from the rejection of an executory contract or unexpired lease are treated as general unsecured claims in CLASS #2, except to the extent the court orders otherwise.  A claim arising from the rejection must be filed no later than 30 days after the date of the order confirming the Plan.

| DESCRIPTION OF EXECUTORY CONTRACT OR UNEXPIRED LEASE | |
|---|---|
| (a) | ☐ Rejected: ☐ Order Entered on:<br>☐ Deemed Rejected on:<br>☐ To be Rejected on the Effective Date |
| (b) | ☐ Rejected: ☐ Order Entered on:<br>☐ Deemed Rejected on:<br>☐ To be Rejected on the Effective Date |

☐ **See Exhibit _____** for additional executory contracts and unexpired leases to be assumed or rejected.

**B.  UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(A) and § 1129(a)(9)(C), UNLESS A CLAIMANT CONSENTS TO A DIFFERENT TREATMENT**. §§ 1129(a)(9)(A) and (C) require that certain claims be treated one at a time, rather than as a class.  Even if another claimant votes to accept a lesser treatment, the claims listed below are not altered.  The debtor must prove to the court that claims are either being treated as 1129(a)(9) requires, or that the claimant agreed to some other treatment.

1. **Administrative Expense Claims** - § 507(a)(2) and § 1129(a)(9)(A). These include: (1) court-approved claims of attorneys and other professionals; and (2) United States trustee fees under 28 U.S.C. chapter 123.

☒ The deadline to file administrative expensive claims is (*date*) <u>TO BE SET</u>.

☐ There are no administrative expense claims.

☒ All administrative expense claims ☐ have been filed and/or ☒ are anticipated to be filed, and the claims and amounts indicated below are the amounts requested or anticipated to be requested:

| Claimant: Weintraub Zolkin Talerico & Selth LLP (in Broadway, SLA, and Negev Debtor Cases) | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) ☐ Actual ☒ Estimated | **Interest Rate** (if any) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Payments** |
| $ 350,000 | % | $350,000 | ☐ Monthly ☐ Quarterly | $ | $ | months |

| Claimant: Saul Ewing (in Individual Debtor Cases) | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) ☐ Actual ☒ Estimated | **Interest Rate** (if any) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Payments** |
| $ 250,000 | % | $250,000 | ☐ Monthly ☐ Quarterly | $ | $ | months |

2. **Tax Claims -** § 507(a)(8) and § 1129(a)(9)(C). Must be paid in full within 5 years after the Petition Date.

☐ There are no tax claims    ☒ All tax claims have been filed or scheduled, and are reflected on Exhibits B and G:

| Claimant: Los Angeles County Tax Assessor (Seaton) | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) ☐ Actual ☐ Estimated | **Interest Rate** (§511) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Payments** |
| | | | ☐ Monthly ☐ Quarterly | $ | $ | |

☐ **See Exhibit** ____ for additional unsecured claims (not listed in VII.C) on which voting is not allowed.

   ☐ **§ 507(a)(2)** – Administrative Expense Claims

   ☐ **§ 507(a)(8)** – Tax Claims

   ☐ **§ 507(a)(3)** – Involuntary Gap Claims Allowed Under § 502(f)

C. **UNSECURED CLAIMS THAT MUST BE TREATED AS REQUIRED BY § 1129(a)(9)(B) – CLASS #1.**

§ 1129(a)(9)(B) requires certain unsecured claims to be treated with priority over general unsecured claims, and pay them in full on the Effective Date or as soon as practicable after unless claimants vote as a class to accept deferred payments.  If so, claims are impaired and claimants are entitled to vote to accept or reject the Plan.

☒ There are no claims in CLASS #1.

☐ **CLASS #1a**: <u>§ 507(a)(1) - Wage and Commission Claims</u>

| Claimant: | | | | | | |
|---|---|---|---|---|---|---|
| **Claim Amount** (less paid to date) ☐ Actual ☐ Estimated | **Interest Rate** (if any) | **Amount Paid on Effective Date** | **Amount Paid After Effective Date** | | | |
| | | | **Frequency** | **Each Payment** | **Balloon Pymts** | **Term of Payments** |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*    Page 17    **VZ CH11.DISCLSR.PLAN**

| $ | % | $ | ☐ Monthly<br>☐ Quarterly | $ | $ | months |
|---|---|---|---|---|---|---|

☐ See Exhibit _____ for additional unsecured claims (not listed above) in Class #1:

    ☐ **CLASS #1(a)**: § 507(a)(4) **-** Wage and Commission Claims

    ☐ **CLASS #1(b)**: § 507(a)(5) – Employee Benefit Plan Contribution Claims

    ☐ **CLASS #1(c)**: § 507(a)(6) – Grain Producer and Fisherman Claims

    ☐ **CLASS #1(d)**: § 507(a)(7) – Consumer Deposit Claims

**D.** **OTHER UNSECURED CLAIMS** **– CLASS #2**.

☐ There are no claims in **CLASS #2**.

☒ See Exhibit B for a list of all **CLASS #2** claimants and amount owed to each. Treatment is set forth in **Exhibit G**.

1. ☐ **CLASS #2a**: Nominal Unsecured Claims. These include "nominal" claims of $_____ or less, and any larger unsecured claims whose claimant agreed to reduce its claim to this amount. Claimants are **not entitled to vote** to accept or reject the Plan.

    Claimants will be paid the nominal amount on the Effective Date, or as soon as practicable thereafter. Estimated total payments are $_____.

2. ☐ **CLASS #2b**: General unsecured claims. These are unsecured claims not included in **CLASS #2a**, and will be paid as follows. Claimants are **entitled to vote** to reject or accept the Plan.

    ☐ Percent Plan. Each claimant in CLASS #2b will be paid _____% of its claim beginning the first relevant date after the Effective Date:

        a. Over _____ years in equal ☐ monthly ☐ quarterly installments, due on the first day of each calendar month/quarter;

        b. ☐ with interest at the rate of _____% per annum, or ☒ without interest; and.

        c. The amount each claimant receives depends on the total amount of allowed claims in this class.

    ☐ Pot Plan. Each member of CLASS #2b will be paid a pro rata share of a fund totaling $_____, created by the Debtor's payment:

        a. Pro rata means the entire fund amount divided by the total of all allowed claims in this class.

        b. Payment amount is $_____ per ☐ month ☐ quarter for a period of _____ months/quarters,

        c. Payments will begin on (*date*): _____

        ☒ Other: **See Exhibit G1**

**E.** **SECURED CLAIMS** **– CLASS #3, CLASS #4 and Class #5.**

**CLASS #3 - Unimpaired Non-Insider Claims**. Claimants **are not entitled** to vote to accept or reject the Plan. Until claims are fully paid, claimants retain their interest in the property securing the claim. Treatment for classes 3.6(a), 3.6(b), 3.6(c), 3.6(d), 3.6(e), 3.7(a), 3.8(a), 3.8(b), 3.8(c) is the assumption and performance of the loan agreements for these creditors, who will keep their security and priority of liens. Each of these Class 3 loans are current and no cure payments are required. Class 3 Claims are identified in **Exhibit B** and treatment is set forth in **Exhibit G**.

**CLASS #4 - Impaired Non-Insider Claims**. Claimants **are entitled** to vote to accept or reject the Plan. Until claims are fully paid, claimants retain their interest in the property securing the claim. Class 4 Claims are identified in **Exhibit B** and treatment is set forth in **Exhibit G**.

☐ There are no claims in CLASS #4.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*          Page 18          **VZ CH11.DISCLSR.PLAN**

| ☐ **CLASS #4a** | **Claimant:** |
| --- | --- |
| | **Basis for secured status:** |
| | **Priority of lien:** |
| | ☐ Lien is not modified in any way. |
| | ☐ Lien is modified as follows: |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| $ | $ | % | | $ | | $ | |

| **Address or Other Description of Collateral Securing Claim 4a:** | | |
| --- | --- | --- |
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser <br> ☐ Other: |

☐ Additional Comments relating to Class #4a:

| ☐ **CLASS #4b** | **Claimant:** |
| --- | --- |
| | **Basis for secured status:** |
| | **Priority of lien:** |
| | ☐ Lien is not modified in any way. |
| | ☐ Lien is modified as follows: |

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| $ | $ | % | | $ | | $ | |

| **Address or Other Description of Collateral Securing Claim 4b:** | | |
| --- | --- | --- |
| **Value:** $ | **Valuation Method** | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser <br> ☐ Other: |

☐ Additional Comments relating to Class #4b:

| ☐ **CLASS #4c** | **Claimant:** |
| --- | --- |
| | **Basis for secured status:** |
| | **Priority of lien:** |
| | ☐ Lien is not modified in any way. |
| | ☐ Lien is modified as follows: |

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                    Page 19                                    **VZ CH11.DISCLSR.PLAN**

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
|---|---|---|---|---|---|---|---|
| $ | $ | % | | $ | | $ | |

| Address or Other Description of Collateral Securing Claim 4c: | | |
|---|---|---|
| Value: $ | Valuation Method | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser <br> ☐ Other: |

☐ Additional Comments relating to Class #4c:

☒ **See Exhibit \_\_\_\_** for more impaired secured claims. Label as Class #4d, #4e, etc.

**CLASS #5 - Insider Claims**. These are claims of persons defined in 11 U.S.C. §101(31).  Essentially, an insider is a person with a close relationship with the Debtor other than a creditor-debtor relationship.  Treatment is:

☒ There are no claims in CLASS #5.

| ☐ **CLASS #5a** | **Claimant:** <br><br> **Basis for secured status:** <br><br> **Priority of lien:** <br> ☐ Lien is not modified in any way. <br> ☐ Lien is modified as follows: |
|---|---|

| Total Amount of Allowed Claim | Total Amount of Payments Over Time to Satisfy Secured Claim | Interest Rate | First Payment Date | Amount of Each Installment | Frequency of Payments | Total Yearly payments | Final Payment date |
|---|---|---|---|---|---|---|---|
| $ | $ | % | | $ | | $ | |

| Address or Other Description of Collateral Securing Claim 5a: | | |
|---|---|---|
| Value: $ | Valuation Method | ☐ Order on motion or stipulation  ☐ Declaration: Certified appraiser <br> ☐ Other: |

☐ Additional Comments relating to Class #5a:

☐ **See Exhibit \_\_\_\_** for more insider secured claims. Label as Class #5b, #5c, etc.

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                   Page 20                        **VZ CH11.DISCLSR.PLAN**

F. **SHAREHOLDER OR PARTNER INTERESTS**

☒ Under the Plan, Shareholders simply retain their shares of stock.

☐ Shareholders redeem their shares of stock and receive the following consideration:                     .

☐ Partner's interest(s) in partnership Debtor:
   1.   Each partner's interest in the debtor shall remain as it is now.  The identity of the general partners are:
                  . There ☐ are no limited partners                     .
                       ☐ are limited partners and their identities are as follows:                     .

   2.   The interest of ☐ some or ☐ all of the partners changes under the Plan as follows:                     .

☐ The ☐ Articles of Incorporation or ☐ Bylaws have been changed to include a provision prohibiting the
issuance of nonvoting equity securities as required by 11 U.S.C. §1123(a)(6).

IX. <u>**UNCLAIMED OR UNDELIVERABLE PLAN DISTRIBUTIONS**</u>. Payments or other distributions made
under the Plan that are unclaimed or undeliverable for six (6) months after the attempted distribution will revest in the
post-confirmation debtor free of restrictions.  Any entitlement to distribution will be barred.

X. <u>**EFFECT OF CONFIRMATION**</u>.

A. **General Comments**

The provisions of a confirmed Plan bind the Debtor, any entity acquiring property under the Plan, and any claimant,
interest holder, or general partner of the Debtor, even those who do not vote to accept the Plan.

The confirmation of the Plan vests all property of the estate in the Debtor.

The automatic stay is lifted upon confirmation as to property of the estate.  However, the stay continues to prohibit
collection or enforcement of pre-petition claims against the Debtor or the Debtor's property until the date the Debtor
receives a discharge, if any.  If the Debtor does not seek a discharge, the discharge is deemed denied and the stay
as to the Debtor and the Debtor's property terminates on entry of the order confirming the Plan.

B. **Discharge of Liability for Payment of Debts; Termination of Rights and Interests of Equity Security
Holders and General Partners Provided for by the Plan**

☒ Individual Debtors will seek an order of discharge pursuant to 11 U.S.C. § 1141(d)(5)(C).

☐ Debtor is not eligible for a discharge pursuant to 11 U.S.C. § 1141(d)(3) because:

   ☐ the Plan provides for the liquidation of all, or substantially all, of the property of the estate.

   ☐ the Debtor will not engage in business after consummation of the Plan.

   ☐ the Debtor would be denied a discharge under 11 U.S.C. § 727(a) if the case were a case under
     chapter 7.

☒ Corporate Debtors are a corporate debtor thus pursuant to 11 U.S.C. §1141(d)(5)-(6), "[t]he confirmation of the
plan does not discharge the Debtor from any debt of a kind specified in 11 U.S.C. §523(a)(2)(A)-(B) that is owed to
a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of Chapter
37 of title 31 or any similar State statute, or for a tax or customs duty with respect to which the debtor made a
fraudulent tax return or willfully attempted in any manner to evade or to defeat such tax or such customs duty."

C. **Modification of the Plan**

The Proponent may modify the Plan pursuant to 11 U.S.C. § 1127.

D. **Final Decree**

Once the Plan has been consummated, a final decree may be entered upon motion of the Proponent.  The effect
of the final decree is to close the bankruptcy case.  After such closure, a party seeking any type of relief relating to
a Plan provision can seek such relief in a state court of general jurisdiction.

## XI. <u>LIST OF EXHIBITS AND DECLARATIONS</u>.

A. **<u>MANDATORY</u>**

**Exhibit A:**    Declaration of **Alan Gomperts** to support all assertions in this Disclosure Statement, and all information provided in all other Exhibits.

**Exhibit B**:    List of all claims (*next to each claim, indicate whether or not the claim is disputed and scheduled Or unscheduled, and include the class number*).

**Exhibit C**:    List of all property of the estate (including cash on hand) and going concern and liquidation valuations of all listed property as of the date of plan confirmation.  Include appendices to describe valuation methods such as order entered determining value, declaration of appraiser with approach used, qualifications as expert, etc.  For rental property include average monthly cash flow, deducting for debt service and ordinary, necessary operating expenses for the past three months and the past two years. Estimates of collections and likelihood of collections of accounts receivable and lawsuits should also be provided.

**Exhibit D**:    Projected income, expenses, and plan payments prepared on (*date*) <u>January 16, 2025</u>, to support that the plan is feasible during the plan term, as referred to in section V.C.  Details include proposed plan payments to be made on the Effective Date and for each month and/or quarter of the Plan Term. Sources and uses of funds and any expense fluctuations are explained.

**Exhibit E**:    Financial records:

☒    Balance sheets, income and expense statements, cash flow statements for the period including the most recent twelve-month calendar year and all months subsequent thereto. Sources and uses of funds and any expense fluctuations are explained.

☐    Evidence of funds constituting the source of funds on the effective date

B. **<u>OPTIONAL</u>**

☐ **Exhibit F**:    Declarations:    ☐ Certified Appraisers
☐ Contributor of New Value (regarding ability to provide funding)
☐ Other:

☒ **Exhibit G**:    Other Exhibits:  (1) Schedule of Creditor Classes and Plan Treatment

Date: <u>January 16, 2025</u>

/s/ Derrick Talerico
Signature of attorney for proponent

WEINTRAUB ZOLKIN TALERICO & SELTH LLP

Derrick Talerico
Counsel for Broadway Avenue Investments, LLC, SLA Investments, LLC, Negev Investments, LLC

And

SAUL EWING LLP
Zev Shechtman
Counsel to Debtors Alan Gomperts, Daniel Halevy, and Susan Halevy

**EXHIBIT A - DECLARATION IN SUPPORT OF DISCLOSURE STATEMENT AND PLAN**

I, Alan Gomperts have personal knowledge of the facts set forth in this declaration.

1.  The name of the individual(s) who prepared this Disclosure Statement and Plan is(are) Derrick Talerico.

2.  The source of all financial data is the Debtors' books and records.

3.  All facts and representations in the Disclosure Statement and Plan are true to the best of my knowledge.

4.  No fact has been omitted that is material to a claimant or equity security holder in voting to accept or reject the proposed Plan.

5.  The name of the person(s) who prepared the cash flow projections and the other financial documents is(are) Alan Gomperts, and such person(s) was (were) acting within the capacity of President or person-most-knowledgeable for the Debtor (or Proponent).

6.  The accounting method(s) used to prepare the cash flow projections and other financial documents is(are).

I declare under penalty of perjury under the laws of the United States that the following statements are true and based upon personal knowledge.

Date:  <u>January 16, 2025</u>

_____
Signature of Declarant

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                    Page 23                    **VZ CH11.DISCLSR.PLAN**

# EXHIBIT B

# Claims List

Exhibit B

### BROADWAY AVENUE INVESTMENTS LLC

| Class | Schedule # | Schedule Amount | POC # | POC Amount | Controlling Claim Amt | Creditor Name (collateral, position) | 2.3(b) | 2.3(c) | 2.3(d) | 2.3(e) | 2.3(f) | 4.3(o) | 4.3(p) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4.3(o) | 2.1 | $16,162,043.85 | 2 | $16,162,043.85 | $16,162,043.85 | Archway Real Estate Income | | | | | | | $16,162,043.85 |
| 2.3(f) | 2.2 | $44,997.00 | | | $44,997.00 | Los Angeles County Tax Assessor | | | | | $44,997.00 | $44,997.00 | |
| 2.3(b) | 3.2 | $303,655.00 | | | $303,655.00 | California Refrigeration & Supply | $303,655.00 | | | | | | |
| 2.3(e) | 3.3 | $40,000.00 | | | $40,000.00 | Commune Events, Inc. | | | | $40,000.00 | | | |
| 2.3(c) | 3.5 | $50,000.00 | | | $50,000.00 | Montechai Mikey Acoca | | $50,000.00 | | | | | |
| 2.3(d) | 3.7 | $250.00 | | | $250.00 | Seston Investments, Inc. | | | | | | | |
| 2.3(e) | 3.8 | $14,756.09 | | | $14,756.09 | Sharon Gompertz | | | | $14,756.09 | | | |
| 2.3(e) | 3.9 | $24,774.01 | | | $24,774.01 | Sienna Rose, Inc. | | | | $24,774.01 | | | |
| | | | | | | **Broadway Class Totals:** | $303,655.00 | $50,000.00 | | $79,530.10 | $44,997.00 | $44,997.00 | $16,162,043.85 |
| | | | | | | **Amount to be Paid through Plan:** | $303,655.00 | $50,000.00 | $25,000.00 | $53,459.40 | $0.00 | $0.00 | $16,162,043.85 |
| | | | | | | **Monthly Payments:** | $297.62 | | | $890.99 | | | |

### SLA INVESTMENTS LLC

| Class | Schedule # | Schedule Amount | POC # | POC Amount | Controlling Claim Amt | Creditor Name (collateral, position) | 2.4(b) | 2.4(c) | 2.4(d) | 2.4(e) | 2.4(f) | 4.4(o) | 4.4(p) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4.4(o) | 2.1 | $125,000.00 | 2 | $131,875.00 | $131,875.00 | Archway Real Estate Income | | | | | $131,875.00 | $131,875.00 | |
| 4.4(p) | 2.2 | $1,805,483.00 | 3 | $1,802,928.27 | $1,802,928.27 | Harvest Small Business Finance | | | | | | | $1,802,928.27 |
| 2.4(e) | 2.3 | $18,934.00 | | | $18,934.00 | Los Angeles County Tax Assessor | | | | $18,934.00 | | | |
| 2.4(d) | 3.1 | $20,000.00 | | | $20,000.00 | Commune Events, Inc. | | | $20,000.00 | | | | |
| 2.4(c) | 3.2 | $1,000.00 | | | $1,000.00 | David Garay | | $1,000.00 | | | | | |
| 2.4(c) | 3.3 | $3,600.00 | | | $3,600.00 | Earth Bean Coffee LLC | | $3,600.00 | | | | | |
| 2.4(c) | 3.4 | $500.00 | | | $500.00 | Elhasi Sy dba David Garay | | $500.00 | | | | | |
| 2.4(b) | 3.5 | $39,101.93 | | | $39,101.93 | Los Angeles Dept of Water and Power | $39,101.93 | | | | | | |
| 2.4(c) | 3.6 | $2,000.00 | | | $2,000.00 | Miracle Walls | | $2,000.00 | | | | | |
| 2.4(c) | 3.7 | $2,000.00 | | | $2,000.00 | Nijia Burch dba Instance Bas LLC | | $2,000.00 | | | | | |
| 2.4(c) | 3.8 | $1,000.00 | | | $1,000.00 | Saul Ed Fail | | $1,000.00 | | | | | |
| 2.4(c) | 3.9 | $2,000.00 | | | $2,000.00 | Seruhi Canzanes | | $2,000.00 | | | | | |
| 2.4(d) | 3.10 | $128,100.00 | | | $128,100.00 | Sienna Rose, Inc. | | | $128,100.00 | | | | |
| | | | | | | **SLA Class Totals:** | $39,101.93 | $12,500.00 | $148,100.00 | $18,934.00 | $131,875.00 | $131,875.00 | $1,802,928.27 |
| | | | | | | **Amount to be Paid through Plan:** | $39,101.93 | $0.00 | $0.00 | | | $22,495.20 | $2,212,407.12 |
| | | | | | | **Monthly Payments:** | $465.50 | | | | | $374.92 | $26,338.18 |

### NEGEV INVESTMENTS LLC

| Class | Schedule # | Schedule Amount | POC # | POC Amount | Controlling Claim Amt | Creditor Name (collateral, position) | 2.5(b) | 2.5(c) | 2.5(d) | 2.5(e) | 2.5(f) | 4.5(o) | 4.5(p) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4.5(o) | 2.1 | $1,300,000.00 | 2 | $1,371,500.00 | $1,371,500.00 | Archway Real Estate Income | | | | | $1,371,500.00 | $1,371,500.00 | |
| 2.5(e) | 2.2 | $168,307.00 | 1 | $192,772.88 | $192,772.88 | Riverside County Tax Collector | | | | $192,772.88 | | | |
| 2.5(b) | 2.3 | $10,000.00 | | | $10,000.00 | Commune Events, Inc. | $10,000.00 | | | | | | |
| 2.5(d) | 3.1 | $1,679.38 | 3 | $1,679.38 | $1,679.38 | Franchise Tax Board | | | $1,679.38 | | | | |
| | | | | | | **Negev Class Totals:** | $10,000.00 | | $1,679.38 | $192,772.88 | $1,371,500.00 | $1,371,500.00 | |
| | | | | | | **Amount to be Paid through Plan:** | $0.00 | | $1,679.38 | $229,027.80 | | $0.00 | |
| | | | | | | **Monthly Payments:** | $0.00 | | $0.00 | $13,817.13 | | | |

Page 1

Exhibit B

Page 2

**ALAN GOMPERTS**

| Class | Schedule # | Schedule Amount | POC # | POC Amount | Controlling Claim Amt | Creditor Name (collateral, position) |
|---|---|---|---|---|---|---|
| 4.6(a) | 2.1 | $2,566,348.86 | 9 | $2,715,337.50 | $2,715,337.50 | Archway Real Estate Income (Greenbelt Second) |
| 3.6(a) | 2.2 | $1,250,000.00 | 4 | $1,251,849.32 | $1,251,849.32 | Wells Fargo (Oakhurst) |
| 3.6(b) | 2.3 | $30,636.00 | ASSUME | $30,000.00 | $30,000.00 ASSUME | Wells Fargo (Tesla) |
| 3.6(c) | 2.4 | $728,121.00 | 2 | $729,602.93 | $729,602.93 | Wells Fargo (Bagley) |
| 3.6(d) | 2.5 | $363,480.00 | | $363,480.00 | $363,480.00 | Wells Fargo (Canfield) |
| 3.6(e) | 2.6 | $181,952.20 | | $182,490.84 | $182,490.84 | Wells Fargo (Greenfield First) |
| 2.6(d) | 4.2 | $15,683,398.00 | 5 | $16,154,423.25 | $16,154,423.25 | Archway Real Estate Income (Guaranty) |
| 2.6(d) | 4.3 | $123,958.00 | 7 | $131,812.50 | $131,812.50 | Archway Real Estate Income (Guaranty) |
| 2.6(d) | 4.4 | $3,936.00 | 8 | $3,936.00 | $3,936.00 | Balboa Capital Corp. (Guaranty) |
| 2.6(c) | 4.5 | $51,738.00 | | $51,738.00 | $51,738.00 | Commune Events Inc. |
| 2.6(e) | 4.6 | $2,091,941.00 | 6 | $39,944,142.22 | $39,944,142.22 | KDM California LLC (Guaranty) |
| 2.6(f) | | | 9 | $3,332.78 | $3,332.78 ASSUME | Wells Fargo (Tesla) |
| 2.6(g) | | | 1 | $72,000.00 | | Internal Revenue Service |
| 2.6(f) | | | 10 | $1,802,928.27 | $1,802,928.27 | Harvest Small Business Finance LLC |

A. Gomperts Class Totals:
Amount to be Paid through Plan:
Monthly Payments:

**DANIEL HALEVY**

| Class | Schedule # | Schedule Amount | POC # | POC Amount | Controlling Claim Amt | Creditor Name (collateral, position) |
|---|---|---|---|---|---|---|
| 4.7(a) | 2.1 | $2,575,000.00 | 8 | $2,715,337.50 | $2,715,337.50 | Archway Real Estate Income (Horner) |
| 3.7(a) | 3.1 | $780,000.00 | | | $780,000.00 | Altruis Capital Group Inc. |
| 2.7(b) | | $88,502.40 | | $87,821.85 | $87,821.85 | American Express (Guaranty) |
| 2.7(d) | 4.2 | $15,683,398.00 | 6 | $16,154,423.25 | $16,154,423.25 | Archway Real Estate Income (Guaranty) |
| 2.7(d) | 4.3 | $125,958.00 | | $131,812.50 | $131,812.50 | Archway Real Estate Income (Guaranty) |
| 2.7(d) | 4.4 | $3,936.00 | | | $3,936.00 | Balboa Capital Corp. (Guaranty) |
| 2.7(c) | 4.5 | $51,738.00 | | | $51,738.00 | Commune Events Inc. |
| 2.7(d) | 4.6 | $2,091,941.00 | | $39,944,142.22 | $39,944,142.22 | KDM California LLC (Guaranty) |
| 2.7(d) | | | 1 | | $113,726.21 | Wells Fargo Bank Small Business Lending Div |
| 2.7(c) | | | 5 | $1,675.23 | $1,675.23 | Los Angeles Dept of Water and Power |
| 2.7(f) | | | 9 | | $113,726.21 | Harvest - Mateo Guaranty |
| 2.7(f) | | | 10 | | $1,447,917.08 | Harvest - Sienna Rose Guaranty |

D. Halevy Class Totals:
Amount to be Paid through Plan:
Monthly Payments:

**SUSAN HALEVY**

| Class | Schedule # | Schedule Amount | POC # | POC Amount | Controlling Claim Amt | Creditor Name (collateral, position) |
|---|---|---|---|---|---|---|
| 4.8(a) | 2.1 | $2,575,000.00 | 5 | $2,715,337.50 | $2,715,337.50 | Archway Real Estate Income (Palm, 2nd) |
| 3.8(a) | 2.2 | $2,090,481.53 | | | $2,090,481.53 | Chase Bank (Rodbury) |
| 3.8(b) | 2.3 | $1,514,632.09 | 1 | $1,511,818.16 | $1,511,818.16 | First Foundation Bank (Palm, 1st) |
| 2.8(b) | | $958,240.00 | | $957,789.00 | $957,789.00 | Shellpoint Mortgage Servicing (Linden) |
| 2.8(d) | 4.2 | $15,683,398.00 | 4 | $16,154,423.25 | $16,154,423.25 | Archway Real Estate Income (David Guaranty) |
| 2.8(d) | 4.3 | $1,336,000.00 | 6 | | $1,336,000.00 | Archway Real Estate Income (David Guaranty) |
| 2.8(d) | 4.4 | $3,936.00 | | | $3,936.00 | Balboa Capital Corp. (Guaranty) |
| 2.8(c) | 4.5 | $51,738.00 | | | $51,738.00 | Commune Events Inc. |
| 2.8(e) | 4.6 | $2,091,941.00 | 3 | $39,944,142.22 | $39,944,142.22 | KDM California LLC (David Guaranty) |
| 2.8(f) | | | 7 | $1,802,928.27 | $1,802,928.27 | Harvest - Sienna Rose Guaranty |

S. Halevy Class Totals:
Amount to be Paid through Plan:
Monthly Payments:

# EXHIBIT C

# Assets

**EXHIBIT C - Page 27**

| Asset | Chapter 7 Liquidation Value | Chapter 11 Going Concern Value (FMV) | Chapter 11 Avg Monthly Cash Flow | Notes |
|---|---|---|---|---|
| **BROADWAY AVENUE INVESTMENTS LLC** | | | | |
| Cash | $0 | $0 | | |
| 737 S. Broadway | $7,500,000 | $12,500,000 | $150,000 | |
| Total Value for Unsecured Creditors: | $0 | $0 | | |
| **SLA INVESTMENTS LLC** | | | | |
| Cash | $48,766 | $102,000 | | |
| 1040 S. Los Angeles Street | $1,219,515 | $3,500,000 | | |
| EarthBean Coffee Receivable | $5,000 | $5,000 | | Outstanding receivable for unpaid rent during COVID |
| Total Value for Unsecured Creditors: | $0 | $0 | $8,500 | |
| **NEGEV INVESTMENTS LLC** | $300 | $300 | | |
| 12800 Foxdale Drive, Desert Hot Springs, CA | $770,000 | $2,300,000 | | |
| Total Value for Unsecured Creditors: | $0 | $0 | $0 | |
| **ALAN GOMPERTS** | | | | |
| 264 S. Oakhurst | $2,300,000 | $2,800,000 | | |
| 3538 Greenfield Avenue | $0 | $1,300,000 | | |
| 2247 S. Canfield | $1,521,964 | $2,000,000 | | |
| 2220 Bagley Avenue | $1,647,847 | $2,500,000 | | After exemption |
| Honda Accord - 2015 | $0 | $7,000 | | After exemption |
| Honda Odyssey - 2016 | $8,500 | $9,000 | | |
| Tesla 3 - 2022 | $0 | $0 | | After exemptions |
| DIP Account | $284,000 | $284,000 | | |
| Money Market Account | $800,000 | $800,000 | | |
| Etrade Account | $20,000 | $20,000 | | |
| Broadway Avenue Investments, LLC (33.33%) | $0 | $0 | | |
| Seaton Investments, LLC (25%) | $0 | $0 | | |
| SLA Investments, LLC (25%) | $0 | $0 | | |
| Sienna Rose Inc. (25%) | $0 | $0 | | No assets |
| Total Value for Unsecured Creditors: | $6,582,311 | $9,720,000 | $67,916 | |

**EXHIBIT C - Page 28**

| Asset | Chapter 7 Liquidation Value | Chapter 11 Going Concern Value (FMV) | Chapter 11 Avg Monthly Cash Flow | Notes |
|---|---|---|---|---|
| **DANIEL HALEVY** | | | | |
| 8561 Horner | $0 | $1,500,000 | | After secured liens |
| Ford Ranger - 1999 | $0 | $3,000 | | After exemption |
| Rolls Royce - 1979 | $10,000 | $10,000 | | |
| Ford F250 - 1986 | $0 | $4,000 | | After exemption |
| Honda Odyssey - 2011 | $5,900 | $8,000 | | After exemption |
| DIP Accounts | $3,300 | $3,300 | | |
| Sienna Rose Inc. (31%) | $0 | $0 | | No assets |
| 820 S. Spring Street, LLC (31%) | $0 | $0 | | No assets |
| Commune Events, Inc. (100%) | $0 | $0 | | No assets |
| 802 Mateo St., LLC (100%) | $0 | $0 | | |
| Almighty Builders, Inc. (100%) | $0 | $0 | | No assets |
| Broadway Avenue Investments, LLC (33.33%) | $0 | $0 | | |
| Seaton Investments, LLC (25%) | $0 | $0 | | |
| SLA Investments, LLC (25%) | $311,158 | $374,645 | | |
| Total Value for Unsecured Creditors: | $330,358 | $1,902,945 | $24,000 | |
| | | | | |
| **SUSAN HALEVY** | | | | |
| 237 S. Linden | $1,434,798 | $3,200,000 | | After homestead and liens and 7% cost of sale |
| 133 S. Palm | $0 | $2,500,000 | | No value after secured liens |
| 140 S. Roxbury (50% partnership) | $883,807 | $2,150,000 | | Liq. value at 20% discount to value of prtnshp hldngs |
| Tesla 3 | $11,000 | $20,000 | | After exemption |
| Tesla X | $18,000 | $20,000 | | |
| Cash | $300 | $300 | | |
| DIP Accounts | $6,500 | $6,500 | | |
| Stock - Public Storage | $86,000 | $86,000 | | |
| Sienna Rose Inc. (25%) | $0 | $0 | | No assets |
| 820 S. Spring Street, LLC (30.1%) | $0 | $0 | | Value of anticipated distributions to members |
| Negev Investments, LLC (100%) | $0 | $0 | | |
| 341 S. Canon, LLC (100%) | $1,118,000 | $1,300,000 | | Undeveloped plot for SFR |
| Broadway Avenue Investments, LLC (33.33%) | $0 | $0 | | |
| Colyton Investments, LLC (100%) | $0 | $0 | | |
| Seaton Investments, LLC (41%) | $0 | $0 | | |
| Seapiper Inn, Inc. (100%) | $0 | $0 | | No assets |
| Total Value for Unsecured Creditors: | $3,558,406 | $9,282,800 | $13,917 | |

* All secured property is valued after deducting for liens
** All commercial real estate is valued at a 10% discount in chapter 7 on account of the cost of sale and some loss in value for a liquidation sale
*** Single family homes are valued at a 7% discount in chapter 7 on account of the cost of sale and some loss in value for a liquidation sale

**EXHIBIT C - Page 29**

# EXHIBIT D

# Projections

**737 S. Broadway**
**Cash Flow Projection**

| | Lease Year 1 | Lease Year 1 | Lease Year 1 | Lease Year 1 | Lease Year 1 | Lease Year 1 | Lease Year 1 | Lease Year 1 | Lease Year 1 | Lease Year 2 | Lease Year 2 | Lease Year 2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2025 May | 2025 June | 2025 July | 2025 August | 2025 September | 2025 October | 2025 November | 2025 December | 2026 January | 2026 February | 2026 March | 2026 April |
| **Cash** | 2,900,000 | 2,452,733 | 2,007,767 | 1,563,600 | 1,114,630 | 1,044,772 | 974,914 | 892,056 | 809,198 | 724,340 | 641,482 | 657,124 |
| Rental Income | - | - | - | - | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 200,000 | 200,000 |
| | 2,900,000 | 2,452,733 | 2,007,767 | 1,563,600 | 1,214,630 | 1,144,772 | 1,074,914 | 992,056 | 909,198 | 824,340 | 841,482 | 857,124 |
| **Expenses** | | | | | | | | | | | | |
| Maintenance | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| Insurance | - | - | - | - | - | - | - | - | - | - | - | - |
| Accounting | - | - | - | - | 2,000 | 2,000 | - | - | 2,000 | - | - | - |
| Legal | - | - | - | - | - | - | - | - | - | - | - | - |
| Property Taxes | - | - | - | - | - | - | - | - | - | - | - | - |
| Management Fee | - | - | - | - | - | - | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Taxes Licenses | 1,500 | 800 | - | - | - | - | - | - | - | - | 1,500 | 1,500 |
| Utilities | 1,600 | - | - | - | - | - | - | - | - | - | - | - |
| Total Expenses | 10,600 | 8,300 | 7,500 | 7,500 | 9,500 | 9,500 | 22,500 | 22,500 | 24,500 | 22,500 | 24,000 | 24,000 |
| **Net Operating Cash** | 2,889,400 | 2,444,433 | 2,000,267 | 1,556,100 | 1,205,130 | 1,135,272 | 1,052,414 | 969,556 | 884,698 | 801,840 | 817,482 | 833,124 |
| TI Payments | 400,000 | 400,000 | 400,000 | 400,000 | - | - | - | - | - | - | - | - |
| Plan Payments | - | - | - | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 |
| | 400,000 | 400,000 | 400,000 | 404,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 |
| Archway Interest 7% | - | - | - | - | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 |
| Streit Interest 11% | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 |
| | 36,667 | 36,667 | 36,667 | 36,667 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 |
| **Net Cash** | 2,452,733 | 2,007,767 | 1,563,600 | 1,114,630 | 1,044,772 | 974,914 | 892,056 | 809,198 | 724,340 | 641,482 | 657,124 | 672,766 |

| | |
|---|---|
| Broadway | 16,162,044 |
| Negev | 1,371,500 |
| SLA Investments | 131,875 |
| Personal Real Estate | 2,715,336 |
| **Total Debt** | **20,380,755** |

| | |
|---|---|
| Streit Loan | **4,000,000** |

737 S. Broadway
Cash Flow Projection

| | Lease Year 2 2026 May | Lease Year 2 2026 June | Lease Year 2 2026 July | Lease Year 2 2026 August | Lease Year 2 2026 September | Lease Year 2 2026 October | Lease Year 2 2026 November | Lease Year 2 2026 December | Lease Year 2 2027 January | Lease Year 2 2027 February | Lease Year 3 2027 March | Lease Year 3 2027 April |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash** | 672,766 | 688,408 | 704,750 | 721,892 | 739,034 | 754,176 | 769,318 | 786,460 | 803,603 | 818,745 | 835,887 | 857,529 |
| Rental Income | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 200,000 | 206,000 | 206,000 |
| | 872,766 | 888,408 | 904,750 | 921,892 | 939,034 | 954,176 | 969,318 | 986,460 | 1,003,603 | 1,018,745 | 1,041,887 | 1,063,529 |
| **Expenses** | | | | | | | | | | | | |
| Maintenance | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| Insurance | - | - | - | - | - | - | - | - | - | - | - | - |
| Accounting | - | - | - | - | 2,000 | 2,000 | - | - | 2,000 | - | - | - |
| Legal | - | - | - | - | - | - | - | - | - | - | - | - |
| Property Taxes | - | - | - | - | - | - | - | - | - | - | - | - |
| Management Fee | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Taxes Licenses | 1,500 | 800 | - | - | - | - | - | - | - | - | 1,500 | 1,500 |
| Utilities | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Expenses | 24,000 | 23,300 | 22,500 | 22,500 | 24,500 | 24,500 | 22,500 | 22,500 | 24,500 | 22,500 | 24,000 | 24,000 |
| | | | | | | | | | | | | |
| **Net Operating Cash** | 848,766 | 865,108 | 882,250 | 899,392 | 914,534 | 929,676 | 946,818 | 963,960 | 979,103 | 996,245 | 1,017,887 | 1,039,529 |
| **TI Payments** | | | | | | | | | | | | |
| Plan Payments | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 |
| | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 |
| Archway Interest 7% | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 |
| Streit Interest 11% | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 |
| | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 |
| **Net Cash** | 688,408 | 704,750 | 721,892 | 739,034 | 754,176 | 769,318 | 786,460 | 803,603 | 818,745 | 835,887 | 857,529 | 879,171 |

| | |
|---|---|
| Broadway | 16,162,044 |
| Negev | 1,371,500 |
| SLA Investments | 131,875 |
| Personal Real Estate | 2,715,336 |
| **Total Debt** | **20,380,755** |

Streit Loan    4,000,000

**737 S. Broadway**
**Cash Flow Projection**

| | Lease Year 3 2027 May | Lease Year 3 2027 June | Lease Year 3 2027 July | Lease Year 3 2027 August | Lease Year 3 2027 September | Lease Year 3 2027 October | Lease Year 3 2027 November | Lease Year 3 2027 December | Lease Year 3 2028 January | Lease Year 3 2028 February | Lease Year 4 2028 March | Lease Year 4 2028 April |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash** | 879,171 | 900,813 | 923,155 | 946,297 | 969,439 | 990,581 | 1,011,723 | 1,034,865 | 1,058,007 | 1,079,149 | 1,102,291 | 1,130,113 |
| Rental Income | 206,000 | 206,000 | 206,000 | 206,000 | 206,000 | 206,000 | 206,000 | 206,000 | 206,000 | 206,000 | 212,180 | 212,180 |
| | 1,085,171 | 1,106,813 | 1,129,155 | 1,152,297 | 1,175,439 | 1,196,581 | 1,217,723 | 1,240,865 | 1,264,007 | 1,285,149 | 1,314,471 | 1,342,293 |
| **Expenses** | | | | | | | | | | | | |
| Maintenance | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| Insurance | - | - | - | - | - | - | - | - | - | - | - | - |
| Accounting | - | - | - | - | 2,000 | 2,000 | - | - | 2,000 | - | - | - |
| Legal | - | - | - | - | - | - | - | - | - | - | - | - |
| Property Taxes | - | - | - | - | - | - | - | - | - | - | - | - |
| Management Fee | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Taxes Licenses | 1,500 | 800 | - | - | - | - | - | - | - | - | 1,500 | 1,500 |
| Utilities | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Expenses | 24,000 | 23,300 | 22,500 | 22,500 | 24,500 | 24,500 | 22,500 | 22,500 | 24,500 | 22,500 | 24,000 | 24,000 |
| **Net Operating Cash** | 1,061,171 | 1,083,513 | 1,106,655 | 1,129,797 | 1,150,939 | 1,172,081 | 1,195,223 | 1,218,365 | 1,239,507 | 1,262,649 | 1,290,471 | 1,318,293 |
| **TI Payments** | | | | | | | | | | | | |
| Plan Payments | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 |
| | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 | 4,804 |
| Archway Interest 7% | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 118,888 | 20,499,643 |
| Streit Interest 11% | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 36,667 | 4,036,667 |
| | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 155,554 | 24,536,310 |
| **Net Cash** | 900,813 | 923,155 | 946,297 | 969,439 | 990,581 | 1,011,723 | 1,034,865 | 1,058,007 | 1,079,149 | 1,102,291 | 1,130,113 | (23,222,820) |

| | |
|---|---|
| Broadway | 16,162,044 |
| Negev | 1,371,500 |
| SLA Investments | 131,875 |
| Personal Real Estate | 2,715,336 |
| **Total Debt** | **20,380,755** |

| | |
|---|---|
| Streit Loan | **4,000,000** |

Negev Investments, LLC

|  | 2025 |  |  |  |  |  |  |  |  | 2026 |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 | Month 9 | Month 10 | Month 11 | Month 12 | Month 13 |
|  | May | June | July | August | September | October | November | December | January | February | March | April | May |
| Income per Management agreement | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,500 |

**Mortgage**
1st Trust Deed      1,300,000
Paid By Broadway

**EXHIBIT D - Page 34**

Negev Investments, LLC

|  | Month 14 June | Month 15 July | Month 16 August | Month 17 September | Month 18 October | Month 19 November | Month 20 December | 2027 Month 21 January | Month 22 February | Month 23 March | Month 24 April | Month 25 May | Month 26 June |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Income per Management agreement | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 2,000 | 2,000 |

**Mortgage**
1st Trust Deed          1,300,000
                        Paid By Broadway

Negev Investments, LLC

| | Month 27 July | Month 28 August | Month 29 September | Month 30 October | Month 31 November | Month 32 December | Month 33 January | Month 34 February | Month 35 March | Month 36 April |
|---|---|---|---|---|---|---|---|---|---|---|
| Income per Management agreement | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |

**Mortgage**
1st Trust Deed    1,300,000
Paid By Broadway

SLA Investments, LLC

| | 2025 Month 1 May | Month 2 June | Month 3 July | Month 4 August | Month 5 September | Month 6 October | Month 7 November | Month 8 December | 2026 Month 9 January | Month 10 February | Month 11 March |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash | 102,000 | 96,911 | 94,323 | 91,734 | 89,145 | 87,890 | 86,634 | 85,379 | 84,123 | 82,867 | 83,612 |
| Rent | 11,600 | 11,600 | 11,600 | 11,600 | 11,600 | 11,600 | 11,600 | 11,600 | 11,600 | 13,600 | 13,600 |
| | 113,600 | 108,511 | 105,923 | 103,334 | 100,745 | 99,490 | 98,234 | 96,979 | 95,723 | 96,467 | 97,212 |
| **Fixed Expenses:** | | | | | | | | | | | |
| Property Taxes | - | - | - | - | - | - | - | - | - | - | - |
| Insurance | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 |
| Total Fixed Expenses | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 |
| **Operating Expenses:** | | | | | | | | | | | |
| Repairs and Maintenance | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| Taxes & Licenses | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Utilities | 1,333 | 1,333 | 1,333 | 1,333 | | | | | | | |
| Management Fee | 2,500 | | | | | | | | | | |
| Total Operating Expenses | 6,433 | 3,933 | 3,933 | 3,933 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 |
| Total Expenses | 6,833 | 4,333 | 4,333 | 4,333 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 | 3,000 |
| Net Operating Cash | 4,767 | 7,267 | 7,267 | 7,267 | 8,600 | 8,600 | 8,600 | 8,600 | 8,600 | 10,600 | 10,600 |
| Plan Payments | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 |
| Mortgage Interest | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 |
| Net Cash Flow | 96,911 | 94,323 | 91,734 | 89,145 | 87,890 | 86,634 | 85,379 | 84,123 | 82,867 | 83,612 | 84,356 |

Mortgage
1st Trust Deed
2nd Trust Deed    1,802,928
paid off through
Broadway Loan

SLA Investments, LLC

|  | Month 12 April | Year 13 May | Month 14 June | Month 15 July | Month 16 August | Month 17 September | Month 18 October | Month 19 November | Month 20 December | 2027 Month 21 January |
|---|---|---|---|---|---|---|---|---|---|---|
| Cash | 84,356 | 66,166 | 62,511 | 63,255 | 63,999 | 64,744 | 46,554 | 47,298 | 51,043 | 54,787 |
| Rent | 13,600 | 13,600 | 13,600 | 13,600 | 13,600 | 13,600 | 13,600 | 16,600 | 16,600 | 16,600 |
|  | 97,956 | 79,766 | 76,111 | 76,855 | 77,599 | 78,344 | 60,154 | 63,898 | 67,643 | 71,387 |
| **Fixed Expenses:** | | | | | | | | | | |
| Property Taxes | 18,934 | - | - | - | - | 18,934 | - | - | - | - |
| Insurance | 400 | 4,800 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 |
| **Total Fixed Expenses** | 19,334 | 4,800 | 400 | 400 | 400 | 19,334 | 400 | 400 | 400 | 400 |
| **Operating Expenses:** | | | | | | | | | | |
| Repairs and Maintenance | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| Taxes & Licenses | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Utilities | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 |
| Management Fee | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| **Total Operating Expenses** | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 |
| **Total Expenses** | 21,934 | 7,400 | 3,000 | 3,000 | 3,000 | 21,934 | 3,000 | 3,000 | 3,000 | 3,000 |
| **Net Operating Cash** | (8,334) | 6,200 | 10,600 | 10,600 | 10,600 | (8,334) | 10,600 | 13,600 | 13,600 | 13,600 |
| Plan Payments | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 |
| Mortgage Interest | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 |
| Net Cash Flow | 66,166 | 62,511 | 63,255 | 63,999 | 64,744 | 46,554 | 47,298 | 51,043 | 54,787 | 58,532 |

Mortgage
1st Trust Deed  1,802,928  paid off through
2nd Trust Deed  Broadway Loan

SLA Investments, LLC

| | Month 22 February | Month 23 March | Month 24 April | Month 25 May | Year 26 June | Month 27 July | Month 28 August | Month 29 September | Month 30 October | Month 31 November |
|---|---|---|---|---|---|---|---|---|---|---|
| Cash | 58,532 | 62,276 | 66,020 | 69,765 | 54,575 | 58,319 | 64,064 | 69,808 | 74,219 | 61,697 |
| Rent | 16,600 | 16,600 | 16,600 | 16,600 | 16,600 | 18,600 | 18,600 | 18,600 | 20,600 | 20,600 |
| | 75,132 | 78,876 | 82,620 | 86,365 | 71,175 | 76,919 | 82,664 | 88,408 | 94,819 | 82,297 |
| **Fixed Expenses:** | | | | | | | | | | |
| Property Taxes | - | - | - | 18,934 | - | - | - | - | 18,934 | - |
| Insurance | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 |
| **Total Fixed Expenses** | 400 | 400 | 400 | 19,334 | 400 | 400 | 400 | 400 | 19,334 | 400 |
| **Operating Expenses:** | | | | | | | | | | |
| Repairs and Maintenance | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| Taxes & Licenses | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 |
| Utilities | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 |
| Management Fee | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| **Total Operating Expenses** | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 2,600 | 3,933 | 3,933 | 3,933 |
| **Total Expenses** | 3,000 | 3,000 | 3,000 | 21,934 | 3,000 | 3,000 | 3,000 | 4,333 | 23,267 | 4,333 |
| **Net Operating Cash** | 13,600 | 13,600 | 13,600 | (5,334) | 13,600 | 15,600 | 15,600 | 14,267 | (2,667) | 16,267 |
| **Plan Payments** | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 | 841 |
| **Mortgage Interest** | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 |
| Net Cash Flow | 62,276 | 66,020 | 69,765 | 54,575 | 58,319 | 64,064 | 69,808 | 74,219 | 61,697 | 68,108 |

**Mortgage**
1st Trust Deed
2nd Trust Deed

1,802,928
paid off through
Broadway Loan

SLA Investments, LLC

|  | Month 32 December | 2028 Month 33 January | Month 34 February | Month 35 March | Month 36 April |
|---|---|---|---|---|---|
| Cash | 68,108 | 74,519 | 80,931 | 87,342 | 93,754 |
| Rent | 20,600 | 20,600 | 20,600 | 20,600 | 20,600 |
|  | 88,708 | 95,119 | 101,531 | 107,942 | 114,354 |
| **Fixed Expenses:** |  |  |  |  |  |
| Property Taxes | - | - | - | - | - |
| Insurance | 400 | 400 | 400 | 400 | 400 |
| **Total Fixed Expenses** | 400 | 400 | 400 | 400 | 400 |
| **Operating Expenses:** |  |  |  |  |  |
| Repairs and Maintenance | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| Taxes & Licenses | 100 | 100 | 100 | 100 | 100 |
| Utilities | 1,333 | 1,333 | 1,333 | 1,333 | 1,333 |
| Management Fee | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 |
| **Total Operating Expenses** | 3,933 | 3,933 | 3,933 | 3,933 | 3,933 |
| **Total Expenses** | 4,333 | 4,333 | 4,333 | 4,333 | 4,333 |
| **Net Operating Cash** | 16,267 | 16,267 | 16,267 | 16,267 | 16,267 |
| **Plan Payments** | 841 | 841 | 841 | 841 | 841 |
| **Mortgage Interest** | 9,015 | 9,015 | 9,015 | 9,015 | 9,015 |
| Net Cash Flow | 74,519 | 80,931 | 87,342 | 93,754 | 100,165 |

**Mortgage**
1st Trust Deed    1,802,928
2nd Trust Deed    paid off through
Broadway Loan

**EXHIBIT D - Page 40**

# EXHIBIT E

# Financials

**Broadway Avenue Investments, LLC**
## Preliminary Balance Sheet
**As of December 31, 2024**

|  | Dec 31, 24 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| **Farmers and Merchants Checking** | 16,250.12 |
| **Farmers Tax Account** | 200.00 |
| **Total Checking/Savings** | 16,450.12 |
| **Other Current Assets** | |
| **Construction In Progress** | 145,902.99 |
| **Intercompany Receivable-Seaton** | -250.00 |
| **Intercompany Receivable - SR** | -25,774.01 |
| **Total Other Current Assets** | 119,878.98 |
| **Total Current Assets** | 136,329.10 |
| **Fixed Assets** | |
| **Accumulated Depreciation** | -1,327,676.00 |
| **Building** | 7,785,613.74 |
| **Land** | 2,847,848.00 |
| **Total Fixed Assets** | 9,305,785.74 |
| **Other Assets** | |
| **Accumulated amort, loan fees** | -519,347.00 |
| **Loan Fees** | 519,347.00 |
| **Total Other Assets** | 0.00 |
| **TOTAL ASSETS** | **9,442,114.84** |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| **Loan - Archway** | 19,393,418.02 |
| **Member Loans - Daniel Halevy** | 73,708.25 |
| **Member Loans - Sue Halevy** | 251,629.82 |
| **Total Other Current Liabilities** | 19,718,756.09 |
| **Total Current Liabilities** | 19,718,756.09 |
| **Long Term Liabilities** | |
| **Acoca Loan** | 50,000.00 |
| **Total Long Term Liabilities** | 50,000.00 |
| **Total Liabilities** | 19,768,756.09 |
| **Equity** | |
| **Member 1 Equity_Alan** | -3,341,013.51 |
| **Member 2 Equity_Sue** | -1,405,412.02 |
| **Member3 Equity_Daniel** | -3,341,022.02 |
| **Retained Earnings** | -2,198,086.00 |
| **Net Income** | -41,107.70 |
| **Total Equity** | -10,326,641.25 |
| **TOTAL LIABILITIES & EQUITY** | **9,442,114.84** |

**Broadway Avenue Investments, LLC**
## Preliminary Profit & Loss
**December 2024**

|                           | Dec 24   |
|---------------------------|---------:|
| **Ordinary Income/Expense** |          |
| **Expense**               |          |
| **Utilities**             | 492.16   |
| **Total Expense**         | 492.16   |
| **Net Ordinary Income**   | -492.16  |
| **Net Income**            | **-492.16** |

**Broadway Avenue Investments, LLC**
## Preliminary Statement of Cash Flows
**December 2024**

|  | Dec 24 |
|---|---|
| **OPERATING ACTIVITIES** | |
| **Net Income** | -492.16 |
| **Net cash provided by Operating Activities** | -492.16 |
| **Net cash increase for period** | -492.16 |
| **Cash at beginning of period** | 16,942.28 |
| **Cash at end of period** | **16,450.12** |

**Negev Investments, LLC**
## Preliminary Balance Sheet
**As of December 31, 2024**

|  | Dec 31, 24 |
|---|---|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| **Farmers Checking** | 92.06 |
| **Farmers Tax Account** | 200.00 |
| **Total Checking/Savings** | 292.06 |
| **Other Current Assets** | |
| **Receivable - Seapiper** | 16,791.90 |
| **Total Other Current Assets** | 16,791.90 |
| **Total Current Assets** | 17,083.96 |
| **Fixed Assets** | |
| **Building Improvements - Solar** | 171,200.00 |
| **Buildings and Improvements** | 954,800.00 |
| **Land** | 145,200.00 |
| **Total Fixed Assets** | 1,271,200.00 |
| **TOTAL ASSETS** | **1,288,283.96** |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| **Member Loan** | 200.00 |
| **Note Payable - Ygrene** | 160,357.43 |
| **Total Other Current Liabilities** | 160,557.43 |
| **Total Current Liabilities** | 160,557.43 |
| **Total Liabilities** | 160,557.43 |
| **Equity** | |
| **Members Equity** | 1,128,034.47 |
| **Net Income** | -307.94 |
| **Total Equity** | 1,127,726.53 |
| **TOTAL LIABILITIES & EQUITY** | **1,288,283.96** |

**Negev Investments, LLC**
## Prevailing Profit & Loss
**December 2024**

|  | Dec 24 |
|---|---|
| **Net Income** | **0.00** |

**Negev Investments, LLC**

## Prevailing Statement of Cash Flows

**December 2024**

|  | Dec 24 |
|---|---|
| Cash at beginning of period | 292.06 |
| **Cash at end of period** | **292.06** |

# SLA Investments, LLC
## Preliminary Balance Sheet
### As of December 31, 2024

|  | Dec 31, 24 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| Farmers and Merchants Checking | 73,301.30 |
| Farmers Tax Account | 200.00 |
| **Total Checking/Savings** | 73,501.30 |
| **Total Current Assets** | 73,501.30 |
| **Fixed Assets** | |
| Accumulated Depreciation | -214,996.00 |
| Buildings | 1,328,597.70 |
| Land | 2,109,733.00 |
| **Total Fixed Assets** | 3,223,334.70 |
| **Other Assets** | |
| Accumulated Amort, loan fee | -39,793.00 |
| Loan Fees | 72,350.00 |
| **Total Other Assets** | 32,557.00 |
| **TOTAL ASSETS** | **3,329,393.00** |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| Loan payable, Seaton | -7,000.00 |
| Loans payable, Sienna Rose | 128,100.00 |
| Tenant Security Deposits Held | 15,619.10 |
| **Total Other Current Liabilities** | 136,719.10 |
| **Total Current Liabilities** | 136,719.10 |
| **Long Term Liabilities** | |
| Harvest Small Business Finance | 1,829,856.95 |
| Member Loans | -6,625.00 |
| **Total Long Term Liabilities** | 1,823,231.95 |
| **Total Liabilities** | 1,959,951.05 |
| **Equity** | |
| Capital-Sue Halevy | 1,076,854.33 |
| Capital, Alan Gomperts | 135,961.11 |
| Capital, Daniel Halevy | 135,958.08 |
| Capital, Simon Harkam | 103,327.44 |
| Retained Earnings | -123,604.05 |
| Net Income | 40,945.04 |
| **Total Equity** | 1,369,441.95 |
| **TOTAL LIABILITIES & EQUITY** | **3,329,393.00** |

## SLA Investments, LLC
## Preliminary Profit & Loss
### December 2024

|  | Dec 24 |
|---|---|
| **Ordinary Income/Expense** | |
| **Income** | |
| Rental Income | 11,150.00 |
| **Total Income** | 11,150.00 |
| **Expense** | |
| Repairs and Maintenance | 3,712.48 |
| **Total Expense** | 3,712.48 |
| **Net Ordinary Income** | 7,437.52 |
| **Net Income** | **7,437.52** |

## SLA Investments, LLC
## Preliminary Statement of Cash Flows
### December 2024

|  | Dec 24 |
|---|---|
| **OPERATING ACTIVITIES** | |
| Net Income | 7,437.52 |
| **Net cash provided by Operating Activities** | 7,437.52 |
| **Net cash increase for period** | 7,437.52 |
| **Cash at beginning of period** | 66,063.78 |
| **Cash at end of period** | **73,501.30** |

# EXHIBIT G

# Claims by Class

| Creditor Class | Impaired | Entitled to Vote | Description | % of Claim | Term | Installments | Interest | Description |
|---|---|---|---|---|---|---|---|---|
| **Class 2** | | | | | | | | |
| | | | **General Unsecured Claims** | | | | | |
| 2.3(b) | X | Y | Third party claim | 100% | 7 years | Quarterly | No | |
| 2.3(d) | X | Y | Third party claim secured by non-debtor collateral | 50% | 7 years | xx | xx | |
| 2.3(d) | X | N | Insider Claim | 0% | xx | xx | xx | Insider claims will be canceled upon confirmation |
| 2.4(b) | X | Y | Third party claims | 100% | 7 years | Quarterly | xx | |
| 2.4(c) | X | N | Tenant security deposits | xx | xx | xx | xx | Tenant security deposits will be treated per the terms of the tenants' leases |
| 2.4(d) | X | N | Insider Claim | 0% | xx | xx | xx | Insider claims will be canceled upon confirmation |
| 2.4(e) | X | N | Insider Claim | 0% | xx | xx | 7% | Insider claims will be canceled upon confirmation |
| 2.5(b) | X | N | County Tax Claim | 100% | 5 years | Quarterly | 7% | |
| 2.5(b) | X | N | Insider Claim | 0% | xx | xx | xx | Insider claims will be canceled upon confirmation |
| 2.5(c) | X | Y | State Tax Claims | 100% | 5 years | Quarterly | 7% | |
| 2.5(c) | X | Y | County Tax Claims | 100% | 5 years | Quarterly | 7% | |
| 2.6(b) | X | Y | Car lease payment | 100% | Eff Date | xx | No | Car lease to be assumed |
| 2.6(c) | X | N | Insider Claim | 0% | xx | xx | xx | Insider claims will be canceled upon confirmation. Creditors will maintain their rights on these guaranties until the principal obligation is paid in full. There will be a temporary injunction against collection on these guaranties during the Plan. |
| 2.6(d) | X | Y | Guarantees on co-debtor obligations | 0% | xx | xx | xx | |
| 2.6(d) | X | Y | Federal Claims | 100% | Eff Date | xx | xx | Creditors will maintain their rights on these guaranties. |
| 2.6(f) | X | Y | Guarantees on non-debtor obligations | 0% | xx | xx | xx | |
| 2.7(b) | X | Y | Third party claims | 100% | 7 years | Quarterly | xx | Insider claims will be canceled upon confirmation |
| 2.7(c) | X | N | Insider Claim | 0% | xx | xx | xx | Creditors will maintain their rights on these guaranties until the principal obligation is paid in full. There will be a temporary injunction against collection on these guaranties during the Plan. |
| 2.7(d) | X | Y | Guarantees on co-debtor obligations | 0% | xx | xx | xx | Primary obligation for services provided to Seaton/Colyton and SLA and paid in Plan by Seaton/Colyton (directly) and SLA (2.4(b)) |
| 2.7(f) | X | Y | Third party claim - co-debtor payment | 100% | 7 years | Quarterly | No | Creditors will maintain their rights on these guaranties. |
| 2.7(g) | X | Y | Guarantees on non-debtor obligations | 0% | xx | xx | xx | |
| 2.8(b) | X | Y | Third party claims | 100% | 7 years | Quarterly | No | Creditors will maintain their rights on these guaranties until the principal obligation is paid in full. There will be a temporary injunction against collection on these guaranties during the Plan. |
| 2.8(b) | X | Y | Guarantees on co-debtor obligations | 0% | xx | xx | xx | |
| 2.8(b) | X | N | Insider Claim | 0% | xx | xx | xx | Insider claims will be canceled upon confirmation |
| 2.8(b) | X | Y | Guarantees on non-debtor obligations | 0% | xx | xx | xx | Creditors will maintain their rights on these guaranties. |
| **Class 3** | | | | | | | | |
| | | | **Secured Claims – Reinstated Loan** | | | | | |
| 3.6(b) | X | N | Secured by Oakhurst property, 1st lien | 100% | xx | xx | xx | |
| 3.6(b) | X | N | Secured by Tesla car | 100% | xx | xx | xx | |
| 3.6(b) | X | N | Secured by Bagley property, 1st lien | 100% | xx | xx | xx | |
| 3.6(b) | X | N | Secured by Canfield property, 1st lien | 100% | xx | xx | xx | |
| 3.6(b) | X | N | Secured by Greenfield property, 1st lien | 100% | xx | xx | xx | These loans are current and will be performed per the terms of the applicable loan agreements, notes, and all other relevant loan documents. |
| 3.7(a) | X | N | Secured by Homer property, 1st lien | 100% | xx | xx | xx | |
| 3.8(a) | X | N | Secured by Roxbury property, 1st lien | 100% | xx | xx | xx | |
| 3.8(b) | X | N | Secured by Palm property, 1st lien | 100% | xx | xx | xx | |
| 3.8(b) | X | N | Secured by Linden property, 1st lien | 100% | xx | xx | xx | |
| | | | **Secured Claims – Restructured Loan** | | | | | |
| **Class 4** | | | | | | | | |
| 4.3(a) | X | Y | Secured by Broadway property, 1st lien | 100% | 3 years | Monthly | 7% | Joint obligation with Classes 4.4(a), 4.5(a), 4.6(a), 4.7(a), 4.8(a); only one Plan payment, no double payment. |
| 4.4(a) | X | Y | Secured by SLA property, 2nd lien | 100% | 3 years | Monthly | 7% | Joint obligation with Classes 4.3(a), 4.5(a), 4.6(a), 4.7(a), 4.8(a); only one Plan payment, no double payment. |
| 4.4(b) | X | Y | Secured by SLA property, 1st lien | 100% | 7 years | Monthly | 6% | |
| 4.5(a) | X | Y | Secured by Negev property, 1st lien | 100% | 3 years | Monthly | 7% | Joint obligation with Classes 4.3(a), 4.4(a), 4.6(a), 4.7(a), 4.8(a); only one Plan payment, no double payment. |
| 4.6(a) | X | Y | Secured by Greenfield property, 2nd lien | 100% | 3 years | Monthly | 7% | Joint obligation with Classes 4.3(a), 4.4(a), 4.5(a), 4.7(a), 4.8(a); only one Plan payment, no double payment. |
| 4.7(a) | X | Y | Secured by Homer property, 2nd lien | 100% | 3 years | Monthly | 7% | Joint obligation with Classes 4.3(a), 4.4(a), 4.5(a), 4.6(a), 4.8(a); only one Plan payment, no double payment. |
| 4.8(a) | X | Y | Secured by Palm property, 2nd lien | 100% | 3 years | Monthly | 7% | Joint obligation with Classes 4.3(a), 4.4(a), 4.5(a), 4.6(a), 4.7(a); only one Plan payment, no double payment. |

** The number following the decimal indicates the Debtor against which the claim is held as follows:
x.3 - Broadway; x.4 - SLA; x.5 - Negev; x.6 - A. Gomperts; x.7 - D. Halevy; x.8 - S. Halevy

**All quarterly installment payments are due on the first day of each calendar quarter

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION – JANUARY 2025** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 16, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 16, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo                    (via Priority Mail)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 16, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Seaton Investments, LLC – Jointly Administered

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com; gvanderfin@polsinelli.com, jnava@polsinelli.com; zyoung@polsinelli.com; mschuster@polsinelli.com;
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Christopher Crowell**: ccrowell@hrhlaw.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com
- Attorneys for Creditor Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@hrhlaw.com
- Courtesy NEF/Interested Party Avi Muhtar: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- Attorneys for Creditor UrbanlimeReal Estate: **Lovee D Sarenas**: lovee.sarenas@dinsmore.com; wendy.yones@dinsmore.com
- Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC: **David B Shemano**: dshemano@shemanolaw.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form has been approved for use in chapter 11 cases assigned to Judge Vincent P. Zurzolo.

*February 2019*                                    Page 25                                **VZ CH11.DISCLSR.PLAN**