Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
David B. Zolkin (State Bar No. 155410
dzolkin@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtor Broadway Avenue
Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>　　Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☒ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ and<br>2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:　　February 25, 2025<br>Time:　　11:00 a.m.<br>Crtrm:　　255 E. Temple Street<br>　　　　　Courtroom 1368<br>　　　　　Los Angeles, CA 90012 |

Debtor, Broadway Avenue Investments, LLC ("Broadway"), hereby files this *Motion of Debtor and Debtor In Possession for Order Authorizing the Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* ("Motion"). In support of the Motion, the Debtor represents as follows:

## I.    GENERAL BACKGROUND

On March 18, 2024 (the "Individual Petition Date") and on March 19, 2024 (the "Corporate Petition Date"), each of the above-captioned jointly administered debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court entered an order on April 1, 2024 for the Debtors' cases to be jointly administered [Dkt. 16]. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in the Bankruptcy Cases.

On April 1, 2024, the Court entered an order; (1) setting July 16, 2024 as the claims bar date; (2) setting September 20, 2024 as the last date for a hearing to be held on objections to claims; and (3) setting December 12, 2024 as the date for a hearing on a motion for approval of adequacy of disclosure statement.

On December 19, 2024, the Court entered an order [Dkt. 364] granting relief from the automatic stay in favor of Archway Broadway Loan SPE, LLC ("Archway") which will allow Archway to foreclose upon the property located at 737 S. Broadway, Los Angeles, CA, 90014 (the "Property") as of April 11, 2025.

On January 16, 2025, Broadway and certain other jointly administered debtors filed a joint plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Dkt. 398]. A motion to approve the Disclosure Statement is due to be filed on February 6, 2025 and will be set for hearing on February 27, 2025. If the Disclosure Statement is approved, a hearing to confirm the Plan would be scheduled for April 10, 2025.

On January 30, 2025 at a hearing on an Order to Show Cause why the above-captioned debtors' cases should not be dismissed, debtors Seaton Investment, LLC and Colyton Investments, LLC were agreed to dismissal and the Court entered an order dismissing their cases. The OSC was

discharged as to the other debtors.

## II. STATEMENT OF FACTS

### A. Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article Ill of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B. The Cases and the Debtor

The Individual Debtors are family and operate a family business together. Debtor Susan Halevy is mother to debtor Daniel Halevy and three other non-debtor children, including Sharon Gomperts, wife of debtor Alan Gomperts.

Susan's husband, David Halevy (deceased), together with Daniel and Alan, and on occasion non-debtor Simon Harkham, invest in and operate real estate properties, including debtors Seaton, Broadway and SLA. Upon David Halevy's passing in 2023, his interests, to the extent they were not community property, passed to Susan via the Halevy Trust (defined below). As such, Susan Halevy is now the owner – direct, beneficial, equitable, or otherwise – of all interests in the various Debtors previously owned by David Halevy.

These Bankruptcy Cases present two real estate investments that require a restructuring to address defaults on their senior loans: (1) the buildings at 440 Seaton Street, Los Angeles, CA, 90013, and 421 Colyton Street, Los Angeles, CA, 90013, which together are operated as an economic unit and are owned by Debtors Seaton and Colyton, respectively; and (2) the building at 737 S. Broadway, Los Angeles, CA, 90014, owned by Debtor Broadway. As set forth above, the Seaton and Colyton bankruptcy cases have been dismissed, leaving the Broadway case and the Property as the focus of the remaining jointly administered cases.

The Individual Debtors have each jointly and severally guaranteed (1) certain debt owed to KDM California LLC ("KDM") on account of KDM's $37.1 million in principal amount loaned

jointly to Seaton and Colyton and secured by the Seaton/Colyton Buildings, and (2) approximately $19.1 million of loans made by Archway Capital on account of the Broadway Building (the "Broadway Loans"). All of Archway Capital's rights and obligations on the Broadway Loans have been transferred post-petition to Archway. The Individual Debtors' guaranty liability to Archway is bifurcated into secured and unsecured tranches. Approximately $15 million of Archway's Broadway Loans are made directly to Broadway and guaranteed by the Individual Debtors without collateral. Approximately $4 million of Archway's Broadway Loans are made pursuant to three loans to related entities or groups and are secured by pledges of various real properties owned by the Individual Debtors, 1040 S. Los Angeles Street, Los Angeles, CA (owned and pledged by SLA), and 12800 Foxdale Drive, Desert Hot Springs, CA (owned and pledged by Negev).

Broadway was formed in July 2013 for the purpose of acquiring, developing, and operating the Property. Broadway's membership consists of: (1) the Halevy Trust (Susan Halevy, beneficial owner); (2) the G&H Trust (Alan Gomperts and Sharon Gomperts, beneficial owners of community property); and (3) Daniel Halevy.

Broadway acquired the Property in 2013. The Property is an eight-story structure. At the time it was acquired by Broadway, only the ground floor was habitable. Broadway understands the seven higher floors had not been occupied since the 1950s. In 2015, Broadway entered into a 15-year lease with The GAP for the ground floor of the Property and developed a plan to remodel and modernize the entire Property to make every floor habitable and available to lease to commercial tenants. The GAP took possession of the ground floor on a temporary certificate of occupancy. In March 2020, after first confirming the full term of its lease, The GAP exercised a one-time early termination provision on its lease as the uncertainty of COVID began to take hold. No other tenant has occupied the Property since The GAP moved out.

A majority of the intensive remodel and modernization of the Property took place between 2015 and 2020. The improvements that were performed included the rehabilitation of the façade of the first three floors of the Property per the guidance of the Cultural Heritage Commission, installation of a fire and life safety system throughout the building, modernization of the elevator,

installation of an HVAC system, fire pump and sprinkler system, emergency backup generator and replacement and installation of electric and plumbing systems throughout the building.

With an end to the remodel and modernization in sight, Broadway refinanced its outstanding loans with a single loan from Archway in July 2021, in the original principal amount of $16,942,500 (the "Broadway Loan"). The Broadway Loan was guaranteed by David Halevy, Daniel Halevy, and Alan Gomperts.

The Broadway Loan matured on August 1, 2022. After commencing an action for breach against its guarantors and filing a notice of default to begin foreclosure on the Broadway Building, the parties agreed to a restructure (the "Broadway Restructure") that extended the maturity date of the Broadway Loan to December 1, 2023, affirmed the balance due under the Broadway Loan in the principal amount of $15,241,093, and called for $4 million in new loans (the "New Loans") from Archway to benefit the Broadway Loan and the Broadway Building. The New Loans were made via three loan agreements: (1) to Negev for $1,300,000 (the "Negev Loan"); (2) to SLA for $125,000 (the "SLA Loan"); and (3) jointly to David Halevy, the Halevy Trust, Alan Gomperts, the G&H Trust, and Daniel Halevy for $2,575,000 (the "Guarantor Loan"). The Negev Loan was secured by the real property located at 12800 Foxdale Drive, Desert Hot Springs, California, and was guaranteed by David Halevy, with the guaranty secured by David Halevy's membership interests in Negev. The SLA Loan was secured by the real property located at 1040 S. Los Angeles Street and was guaranteed by David Halevy, Susan Halevy, Alan Gomperts, and Daniel Halevy, with the guarantees secured by the guarantors' membership interests in SLA. The Guarantor Loans were secured by the following real property: (1) 3538 Greenfield Avenue, Los Angeles, California (owned by the G&H Trust); (2) 133 S. Palm Drive, Beverly Hills, California (owned by the Halevy Trust); and (3) 8561 Horner Street, Los Angeles, California (owned by Daniel Halevy). The $4 million of proceeds from the New Loans were distributed exclusively for the benefit of Archway and the Broadway Loan, with $1,701,407.01 applied to pay down the balance of the Broadway Loan.

As of the Petition Date, the Debtor's scheduled the outstanding debt owed to Archway at $15,663,398 on the Broadway Loan, $1,336,020 on the Negev Loan, $128,958 on the SLA Loan,

and $2,646,348.96 on the Guarantor Loan. Archway filed a proof of claim stating the amount owed by Broadway as of the Petition Date was $16,162,043.85 plus post-petition interest, fees, and costs.

**C.    The Lease**

Broadway seeks court authority to enter into a lease with View Behavioral Health, LLC ("VBH") or a designated subsidiary of VBH substantially in the form as attached as Exhibit 1 to the Declaration of Jack Stephens.

Through its ownership of its subsidiaries, VBH provides medical and social services on both an in-patient and out-patient basis, serving over 1,000 patients per year. VBH and/or its operating subsidiaries have been in business for over 15 years. Jack Stephens, the Chief Executive Officer of VBH, has worked in the medical services industry for 40 years. VBH is a viable tenant, ready and able to perform on the Lease.

The only condition to VBH's obligation to make rent payments detailed in the Lease and Exhibit C thereto is the acquisition of a certificate of occupancy (or temporary certificate of occupancy) as set forth in the Lease. As set forth above in the section titled "Certificate of Occupancy" and as supported by the declarations of Daniel Halevy and Alan Gomperts, Broadway anticipates a certificate of occupancy for the entire building at the Property will be in place within the first six months of the Lease, resulting in $200,000 monthly lease payment obligations beginning in month seven of the Lease.

Under the terms of the Lease, Broadway has an obligation to build-out the first three floors for VBH. The cost for this build-out is estimated to be between $2.3M. Broadway will fund this build-out from the proceeds of a $4 million loan from Streit Lending (the "Streit Loan"), for which Broadway has submitted a motion for Court approval. Broadway will make the initial six months of interest payments on the Streit Loan from voluntary interest reserves and thereafter from the rent generated by the Lease.

**D.    The Loan**

As explained above, Broadway seeks post-petition financing to be used to fund the build-out requirements of the Lease. Broadway has obtained a letter of intent to loan (the "LOI") through Streit Lending (as broker) and Vicino Limited Partnership (as lender) (the "Streit Loan"). The LOI is

attached as Exhibit 1 to the Declaration of Auriel Streit, along with a form of loan documentation expected to be used for the Stret Loan (Exhibit 2). The Streit Loan will only be made on a first lien priority basis and thus requires priming Archway's current first lien position. Broadway has tried – over the course of its bankruptcy case – to obtain funding to support a lease that does not prime Archway. Although Broadway thought such loans would be available (and previously presented such loans to the Court), any potential loan presented to Broadway that did not require a first lien position was ultimately withdrawn. Broadway believes the cost of the Streit Loan is fair and reasonable. Traditional bank financing is not available for this loan. The terms for the Streit Loan are competitive for a loan on single asset real estate in bankruptcy. The material terms of the Streit Loan – set forth in the LOI – are summarized as follows:

  i. Amount: $4 million principal loan;
  ii. Origination fee: 2%
  iii. Term: 12 months with options for two one-year extensions;
  iv. Annual extension fee: 1%
  v. Interest rate: 10.5% (adjustable in years 2 and 3)
  vi. Loan amortization: interest only payments
  vii. Security interest: First priority lien on the Property

## II. LEGAL ARGUMENT

Section 364(d) of the Bankruptcy Code provides:

(1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if
    a. the trustee is unable to obtain such credit otherwise; and
    b. there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.
(2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

A court may authorize a priming lien only if (a) the debtor-in-possession is unable to obtain such credit otherwise and (b) there is adequate protection to existing lienholders to-be- primed. "To obtain DIP financing that involves a senior or "priming" lien on encumbered property, the debtor-in-possession must show that (1) it was unable to obtain credit without granting such liens and (2)

the value of the prepetition lender's lien that will be primed by the DIP lender's lien is adequately protected." *Wells Fargo Bank, N.A. v. Sonora Desert Dairy, L.L.C. (In re Sonora Desert Dairy, L.L.C.)*, 2015 Bankr. LEXIS 18, *30-31.

The touchstone of any motion to borrow is that the preexisting secured debt be adequately protected. See 11 U.S.C. § 364(d)(1)(B); *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994). The debtor bears the burden of proof on this issue. See 11 U.S.C. § 364(d)(2). "The purpose of the adequate protection requirement under § 364(d) is to protect an existing lienholder from any decrease in the value of its security interest resulting from the priming lien….Adequate protection may be provided by (1) periodic cash payments, (2) additional or replacement liens or (3) other relief resulting in the "indubitable equivalent" of the secured creditor's interest. *In re Sonora Desert Dairy, L.L.C., at* *31-32.

### A. The Debtor Cannot Obtain any Other Source of Unsecured Financing and the Streit Loan Terms are Fair and Reasonable

Broadway has tried and cannot obtain unsecured administrative credit due to its current lack of equity in the Property, current lack of income, and current bankruptcy status. As set forth above and in the *Declaration of Alan Gomperts*, Broadway has tried unsuccessfully for many months to obtain financing that does not prime Archway. Broadway believes the cost of the Streit Loan is fair and reasonable. Traditional bank financing is not available for this loan. The terms for the Streit Loan are competitive for a loan on single asset real estate in bankruptcy.

### B. The Lease Provides Adequate Protection to Archway

Broadway does not currently generate revenue. Its sole asset is a commercial building that has no tenants. The Streit Loan and the full-building lease (approval sought by separate motion) will enable Broadway to generate cash flow (rent) that will allow Broadway to confirm the Plan that can pay secured liens in full and provide a return for unsecured creditors. Absent the Streit Loan, the value of the Property (and hence the value of the Broadway estate) is far less than the secured lien on the Property. The Plan – made possible by the Lease and the Streit Loan – will turn what could be an administratively insolvent case into a successful restructure.

The Streit Loan will compromise Archway's secured position by $4 million. However, the Streit Loan is only made if the Lease is approved and executed. As set forth in the *Declaration of Chris Maling* – an expert on commercial real estate and the downtown Los Angeles market – the Property has a current value of $8,325,000. If Broadway signs the long-term lease with VBH, the value would instantly increase to $17,000,000 – an increase of $8,675,000. The Lease cannot exist without the Streit Loan to support it. But the two together – the Lease and the Streit Loan – creates $8,675,000 of value immediately, just as a function of having a long-term lease in place. The increase in value more than covers the $4 million dollar priming lien and adds new collateral value of $4,675,000 that serves to significantly increase Archway's secured position. Not only is Archway adequately protected by the Streit Loan – it receives a multi-million dollar benefit. The increase in value of the Property that results from the Lease and Streit Loan provides Archway with indubitable equivalent protection of its interests compromised by the Streit Loan.

### III.   PROCEDURAL REQUIREMENTS

In compliance with Rule 4001 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 4001-2 of the Local Bankruptcy Rules ("LBR"), the Debtor has completed and filed Form 4001.2 Finance Statement with the Motion.

Pursuant to FRBP 4001(c)(1)(A), a proposed form of order is attached as Exhibit 1.

### IV.   CONCLUSION

For the reasons set forth herein, Broadway respectfully requests that the Court enter an order:

1. Granting the Motion in its entirety;
2. Authorizing the Debtor to enter into the Streit Loan;
3. Granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: February 4, 2025          **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
    Derrick Talerico
    Counsel to Debtor Broadway Avenue Investments, LLC

# EXHIBIT 1

# Proposed Order

EXHIBIT 1 - Page 10

Derrick Talerico (SBN 223763)
dtalerico@wztslaw.com
David B. Zolkin (SBN 155410
dzolkin@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtor Broadway Avenue Investments, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☒ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ and<br>2:24-12076-VZ<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC'S MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364**<br><br><u>Hearing</u>:<br>Date:    February 25, 2025<br>Time:    11:00 a.m.<br>Courtroom: 1368<br>255 East Temple St.<br>Los Angeles, CA 90012 |

On February 25, 2025, at 11:00 a.m., the Court held a hearing (the "Hearing") on the *Motion of Debtor and Debtor In Possession for Order Authorizing the Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* ("Motion") [Doc. No. ___] filed by Broadway Avenue Investments, LLC ("Broadway"), one of the debtors and debtors-in-possession in the pending jointly administered chapter 11 bankruptcy cases herein. Appearances at the Hearing were as noted on the record.

The Court, having considered the Motion, any oppositions filed with the Court, and any reply filed to such oppositions, the arguments and representations of counsel at the Hearing, and having found notice of the Motion to have been proper, and good cause appearing therefor,

**IT IS ORDERED:**

1. Broadway's Motion is granted;

2. Broadway may enter into a loan agreement for a loan (the "Loan") with Streit Lending as broker and Vicino Limited Partnership as lender in a principal amount of up to $4 million and on the material terms set forth in the Letter of Intent presented in support of the Motion;

3. Vicino Limited Partnership shall – by virtue of this Order – have a first priority senior lien on the real property located at 737 S. Broadway, Los Angeles, CA 90014, in the amount of the Loan.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
    11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. Section 364; Memorandum of Points and Authorities in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 4, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 4, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo    (via Priority Mail)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2025 | Martha E. Araki | */s/ Martha E. Araki* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

Seaton Investments, LLC – Jointly Administered

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.</u>: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley</u>: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- <u>Attorneys for Creditor First Foundation Bank</u>: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- <u>Attorneys for Creditor Korth Direct Mortgage, Inc.</u>: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com; gvanderfin@polsinelli.com, jnava@polsinelli.com; zyoung@polsinelli.com; mschuster@polsinelli.com;
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- <u>Attorneys for Creditor United States of America on behalf of the Internal Revenue Service</u>: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- <u>Courtesy NEF/Interested Party</u>: **Christopher Cramer**: secured@becket-lee.com
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Christopher Crowell**: ccrowell@hrhlaw.com
- <u>Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC</u>: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com
- <u>Attorneys for Creditor Wells Fargo National Bank West</u>: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jacqueline L James**: jjames@hrhlaw.com
- <u>Courtesy NEF/Interested Party Avi Muhtar</u>: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- <u>Attorneys for Creditor UrbanLime Real Estate</u>: **Lovee D Sarenas**: lovee.sarenas@dinsmore.com; wendy.yones@dinsmore.com
- <u>Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC</u>: **David B Shemano**: dshemano@shemanolaw.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A.</u>: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- <u>US Trustee's Office</u>: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**