Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
David B. Zolkin (State Bar No. 155410
dzolkin@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtor Broadway Avenue
Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re: | Lead Case No. 2:24-bk-12079-VZ |
|---|---|
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ |
| Debtors and Debtors In Possession. | |
| ☐ Affects All Debtors. | |
| ☐ Affects Seaton Investments, LLC | Chapter 11 |
| ☐ Affects Colyton Investments, LLC | **MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO POST-PETITION LEASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ☒ Affects Broadway Avenue Investments, LLC | |
| ☐ Affects SLA Investments, LLC | |
| ☐ Affects Negev Investments, LLC | |
| ☐ Affects Alan Gomperts | |
| ☐ Affects Daniel Halevy | |
| ☐ Affects Susan Halevy | |
| | Hearing: |
| | Date:    February 25, 2025 |
| | Time:    11:00 a.m. |
| | Crtrm:   255 E. Temple Street |
| |          Courtroom 1368 |
| |          Los Angeles, CA 90012 |

Debtor, Broadway Avenue Investments, LLC ("Broadway") hereby files this *Motion of Debtor and Debtor In Possession for Order Authorizing the Debtor to Enter into Post-Petition Lease Pursuant to 11 U.S.C. § 363* ("Motion"). In support of the Motion, the Debtor represents as follows:

## I.     GENERAL BACKGROUND

On March 18, 2024 (the "Individual Petition Date") and on March 19, 2024 (the "Corporate Petition Date"), each of the above-captioned jointly administered debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate and manage their affairs as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court entered an order on April 1, 2024 for the Debtors' cases to be jointly administered [Dkt. 16]. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in the Bankruptcy Cases.

On April 1, 2024, the Court entered an order; (1) setting July 16, 2024 as the claims bar date; (2) setting September 20, 2024 as the last date for a hearing to be held on objections to claims; and (3) setting December 12, 2024 as the date for a hearing on a motion for approval of adequacy of disclosure statement.

On December 19, 2024, the Court entered an order [Dkt. 364] granting relief from the automatic stay in favor of Archway Broadway Loan SPE, LLC ("Archway") which will allow Archway to foreclose upon the property located at 737 S. Broadway, Los Angeles, CA, 90014 (the "Property") as of April 11, 2025.

On January 16, 2025, Broadway and certain other jointly administered debtors filed a joint plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Dkt. 398]. A motion to approve the Disclosure Statement is due to be filed on February 6, 2025 and will be set for hearing on February 27, 2025. If the Disclosure Statement is approved, a hearing to confirm the Plan would be scheduled for April 10, 2025.

On January 30, 2025 at a hearing on an Order to Show Cause why the above-captioned debtors' cases should not be dismissed, debtors Seaton Investment, LLC and Colyton Investments,

1 LLC were agreed to dismissal and the Court entered an order dismissing their cases. The OSC was
2 discharged as to the other debtors.

## II. STATEMENT OF FACTS

### A. Jurisdiction and Venue

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### B. The Cases and the Debtor

The Individual Debtors are family and operate a family business together. Debtor Susan Halevy is mother to debtor Daniel Halevy and three other non-debtor children, including Sharon Gomperts, wife of debtor Alan Gomperts.

Susan's husband, David Halevy (deceased), together with Daniel and Alan, and on occasion non-debtor Simon Harkham, invest in and operate real estate properties, including debtors Seaton, Broadway and SLA. Upon David Halevy's passing in 2023, his interests, to the extent they were not community property, passed to Susan via the Halevy Trust (defined below). As such, Susan Halevy is now the owner – direct, beneficial, equitable, or otherwise – of all interests in the various Debtors previously owned by David Halevy.

These Bankruptcy Cases present two real estate investments that require a restructuring to address defaults on their senior loans: (1) the buildings at 440 Seaton Street, Los Angeles, CA, 90013, and 421 Colyton Street, Los Angeles, CA, 90013, which together are operated as an economic unit and are owned by Debtors Seaton and Colyton, respectively; and (2) the building at 737 S. Broadway, Los Angeles, CA, 90014, owned by Debtor Broadway. As set forth above, the Seaton and Colyton bankruptcy cases have been dismissed, leaving the Broadway case and the Property as the focus of the remaining jointly administered cases.

The Individual Debtors have each jointly and severally guaranteed (1) certain debt owed to KDM California LLC ("KDM") on account of KDM's $37.1 million in principal amount loaned jointly to Seaton and Colyton and secured by the Seaton/Colyton Buildings, and (2) approximately $19.1 million of loans made by Archway Capital on account of the Broadway Building (the "Broadway Loans"). All of Archway Capital's rights and obligations on the Broadway Loans have been transferred post-petition to Archway. The Individual Debtors' guaranty liability to Archway is bifurcated into secured and unsecured tranches. Approximately $15 million of Archway's Broadway Loans are made directly to Broadway and guaranteed by the Individual Debtors without collateral. Approximately $4 million of Archway's Broadway Loans are made pursuant to three loans to related entities or groups and are secured by pledges of various real properties owned by the Individual Debtors, 1040 S. Los Angeles Street, Los Angeles, CA (owned and pledged by SLA), and 12800 Foxdale Drive, Desert Hot Springs, CA (owned and pledged by Negev).

Broadway was formed in July 2013 for the purpose of acquiring, developing, and operating the Property. Broadway's membership consists of: (1) the Halevy Trust (Susan Halevy, beneficial owner); (2) the G&H Trust (Alan Gomperts and Sharon Gomperts, beneficial owners of community property); and (3) Daniel Halevy.

Broadway acquired the Property in 2013. The Property is an eight-story structure. At the time it was acquired by Broadway, only the ground floor was habitable. Broadway understands the seven higher floors had not been occupied since the 1950s. In 2015, Broadway entered into a 15-year lease with The GAP for the ground floor of the Property and developed a plan to remodel and modernize the entire Property to make every floor habitable and available to lease to commercial tenants. The GAP took possession of the ground floor on a temporary certificate of occupancy. In March 2020, after first confirming the full term of its lease, The GAP exercised a one-time early termination provision on its lease as the uncertainty of COVID began to take hold. No other tenant has occupied the Property since The GAP moved out.

A majority of the intensive remodel and modernization of the Property took place between 2015 and 2020. The improvements that were performed included the rehabilitation of the façade of the first three floors of the Property per the guidance of the Cultural Heritage Commission,

installation of a fire and life safety system throughout the building, modernization of the elevator, installation of an HVAC system, fire pump and sprinkler system, emergency backup generator and replacement and installation of electric and plumbing systems throughout the building.

With an end to the remodel and modernization in sight, Broadway refinanced its outstanding loans with a single loan from Archway in July 2021, in the original principal amount of $16,942,500 (the "Broadway Loan"). The Broadway Loan was guaranteed by David Halevy, Daniel Halevy, and Alan Gomperts.

The Broadway Loan matured on August 1, 2022. After commencing an action for breach against its guarantors and filing a notice of default to begin foreclosure on the Broadway Building, the parties agreed to a restructure (the "Broadway Restructure") that extended the maturity date of the Broadway Loan to December 1, 2023, affirmed the balance due under the Broadway Loan in the principal amount of $15,241,093, and called for $4 million in new loans (the "New Loans") from Archway to benefit the Broadway Loan and the Broadway Building. The New Loans were made via three loan agreements: (1) to Negev for $1,300,000 (the "Negev Loan"); (2) to SLA for $125,000 (the "SLA Loan"); and (3) jointly to David Halevy, the Halevy Trust, Alan Gomperts, the G&H Trust, and Daniel Halevy for $2,575,000 (the "Guarantor Loan"). The Negev Loan was secured by the real property located at 12800 Foxdale Drive, Desert Hot Springs, California, and was guaranteed by David Halevy, with the guaranty secured by David Halevy's membership interests in Negev. The SLA Loan was secured by the real property located at 1040 S. Los Angeles Street and was guaranteed by David Halevy, Susan Halevy, Alan Gomperts, and Daniel Halevy, with the guarantees secured by the guarantors' membership interests in SLA. The Guarantor Loans were secured by the following real property: (1) 3538 Greenfield Avenue, Los Angeles, California (owned by the G&H Trust); (2) 133 S. Palm Drive, Beverly Hills, California (owned by the Halevy Trust); and (3) 8561 Horner Street, Los Angeles, California (owned by Daniel Halevy). The $4 million of proceeds from the New Loans were distributed exclusively for the benefit of Archway and the Broadway Loan, with $1,701,407.01 applied to pay down the balance of the Broadway Loan.

As of the Petition Date, the Debtor's scheduled the outstanding debt owed to Archway at $15,663,398 on the Broadway Loan, $1,336,020 on the Negev Loan, $128,958 on the SLA Loan, and $2,646,348.96 on the Guarantor Loan. Archway filed a proof of claim stating the amount owed by Broadway as of the Petition Date was $16,162,043.85 plus post-petition interest, fees, and costs.

### C. Certificate of Occupancy

Over the past four years, there have been a multitude of issues that have prevented Broadway from obtaining a certificate of occupancy for the Property. In 2020 the backup generator and fire pump help up issuance of a certificate of occupancy. Subcontractors had ordered incorrect items for the generator and the pump. The generator was not powerful enough to handle all energy loads in an emergency. The fire pump controller was ordered with the wrong voltage and had to be replaced. The new parts were ordered, but due to COVID it took months to get the needed parts. In addition, Broadway had to relocate the generator. After the Building Department authorized locating the generator at the back of the building, LAFD directed that the generator had to be relocated to an area with additional surrounding clearance. This caused a substantial delay to the certificate of occupancy. The sprinkler system also delayed the certificate of occupancy. Broadway was told the Property didn't need water curtains on the upper floors, however when LAFD came to close out permits they said water curtains were required. This required Broadway to go back to the architect and engineer to redo calculations for the fire pump and sprinkler systems. This process took a year to complete. Broadway also had to make revisions due to a code change for the DAS (Distributed Antenna System) fire alert system.

All of the issues standing in the way of obtaining a certificate of occupancy have been addressed. The spreadsheet attached as Exhibit 1 to the *Declaration of Daniel Halevy* identifies all of the remaining open permits for work needed to be completed for a certificate of occupancy. All of these permits have either been closed or are scheduled for inspection in early February. Broadway is also scheduling fire alarm and backup generator inspections with LAFD for early February after which Broadway will be ready for a final building walk-through for a certificate of occupancy. Even if some final items are identified for repair or change, Broadway has no reason to believe it would result in any significant delay in obtaining the certificate of occupancy.

### D. The Lease

Broadway seeks court authority to enter into a lease with View Behavioral Health, LLC ("VBH") or a designated subsidiary of VBH substantially in the form as attached as Exhibit 1 to the *Declaration of Jack Stephens*.[1]

Through its ownership of its subsidiaries, VBH provides medical and social services on both an in-patient and out-patient basis, serving over 1,000 patients per year. VBH and/or its operating subsidiaries have been in business for over 15 years. Jack Stephens, the Chief Executive Officer of VBH, has worked in the medical services industry for 40 years. VBH is a viable tenant, ready and able to perform on the Lease.

The only condition to VBH's obligation to make rent payments detailed in the Lease and Exhibit C thereto is the acquisition of a certificate of occupancy (or temporary certificate of occupancy) as set forth in the Lease. As set forth above in the section titled "Certificate of Occupancy" and as supported by the declarations of Daniel Halevy and Alan Gomperts, Broadway anticipates a certificate of occupancy for the entire building at the Property will be in place within the first six months of the Lease, resulting in $200,000 monthly lease payment obligations beginning in month seven of the Lease.

Under the terms of the Lease, Broadway has an obligation to build-out the first three floors for VBH. The cost for this build-out is estimated to be between $2.3M. Broadway will fund this build-out from the proceeds of a $4 million loan from Streit Lending (the "Streit Loan"), for which Broadway has submitted a motion for Court approval. Broadway will make the initial six months of interest payments on the Streit Loan from voluntary interest reserves and thereafter from the rent generated by the Lease.

Broadway has searched for tenants for the building for years through direct efforts and with multiple brokers to no avail. Since COVID, the downtown Los Angeles market has been extremely

---

[11] VBH or its designee will be the primary obligor on the Lease. DMB Fund, a California non-profit d/b/a Broadway Community Care Centers is also listed as a lessor on the lease for the purposes of applying for grants or other government subsidiaries related to the operation at the Property. Broadway is not looking to DMB for performance of any rent obligation on the Lease.

challenging. A medical and social services tenant like VBH appears to be the best and perhaps only option for leasing the entire Property. If the Lease is approved, the Property – currently without any tenant – will be fully leased, and the rent generated by the Lease will allow Broadway to propose a plan to pay its creditors. The material terms of the Lease are summarized as follows:

    i. Term: 15 years;

    ii. Extension: 1 5-year option;

    iii. Rent: Schedule set forth on Exhibit C to the Lease;

    iv. Security Deposit: 2 months of Base Rent ($400,000);

    v. Rent abatement: 6 months;

    vi. Option to Purchase: Prior to termination of Lease

### III. LEGAL ARGUMENT

"Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Such use, sale or lease must be based upon a debtor's sound business judgment. The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company.'" In re Integrated Resources, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)). In connection with decisions related to the use of leases to maximize value of the estate, courts show deference to a debtor's sound business decisions. In re Ernst Home Ctr., Inc., 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). SCI and PropCo each exercised proper business judgment in entering into the Master Lease Compromise Agreement." *In re Station Casinos, Inc.*, 2010 Bankr. LEXIS 5447, *7-8.

Entering into the Lease is an appropriate exercise of Broadway's business judgment. Broadway has searched exhaustively for tenants for the Property – large and small – pre-petition and throughout these cases. These efforts have culminated in the proposed 15-year, whole-building Lease with VBH. The Lease and the Streit Loan will allow Broadway to confirm the Plan to pay its creditors.

## IV. CONCLUSION

For the reasons set forth herein, Broadway respectfully requests that the Court enter an order:

1. Granting the Motion in its entirety;

2. Authorizing the Debtor to enter into the Lease with VBH of its designee;

3. Granting such other and further relief as this Court deems just and proper under the circumstances.

Dated: February 4, 2025              **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
       Derrick Talerico
Counsel to Debtor Broadway Avenue Investments, LLC,

DEBTOR'S MOTION TO APPROVE LEASE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter into Post-Petition Lease; Memorandum of Points and Authorities in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 4, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 4, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo          (via Priority Mail)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Seaton Investments, LLC – Jointly Administered

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com; gvanderfin@polsinelli.com, jnava@polsinelli.com; zyoung@polsinelli.com; mschuster@polsinelli.com;
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Christopher Crowell**: ccrowell@hrhlaw.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com
- Attorneys for Creditor Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@hrhlaw.com
- Courtesy NEF/Interested Party Avi Muhtar: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- Attorneys for Creditor UrbanLime Real Estate: **Lovee D Sarenas**: lovee.sarenas@dinsmore.com; wendy.yones@dinsmore.com
- Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC: **David B Shemano**: dshemano@shemanolaw.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**