-3-

# DECLARATION OF
# ALAN D. GOMPERTS

## DECLARATION OF ALAN D. GOMPERTS

I, Alan D. Gomperts, hereby declare as follows:

1. I am the managing member of Seaton Investments, LLC, Broadway Avenue Investments, LLC, and SLA Investments, LLC, and the authorized representative of Colyton Investments, LLC and Negev Investments, LLC, the corporate debtors and debtors in possession herein. I make this declaration in support of the *Broadway Avenue Investments, LLC's Motion to Approve Lease and Motion to Approve Financing*.

2. I have been intimately involved in business investments and ventures with my brother-in-law Daniel Halevy, mother-in-law Susan Halevy, and now deceased father-in-law David Halevy for decades, including all Broadway Avenue Investments, LLC ("Broadway"). As such, I am familiar with the management, operations, finances, and books and records of Broadway specifically and generally as to Susan Halevy and Daniel Halevy as they relate to Broadway.

3. I, on behalf of Broadway, have negotiated a final form of lease for the property located at 737 S. Broadway, Los Angeles, CA, 90014 (the "Property") with Jack Stephens of View Behavioral Health, LLC ("VBH"). The final form of lease is attached to the Declaration of Jack Stephens as Exhibit 1 (the "Lease"). I believe VBH is a viable tenant for the Property and VBH and Jack Stephens have the experience to operate a successful health care facility at the Property.

4. Broadway has searched for tenants for the building for years through direct efforts and with multiple brokers to no avail. Since COVID, the downtown Los Angeles market has been extremely challenging. A medical and social services tenant like VBH appears to be the best and perhaps only option for leasing the entire Property. If the Lease is approved, the Property – currently without any tenant – will be fully leased, and the rent generated by the Lease will allow Broadway to propose a plan to pay its creditors. I believe entering into the Lease is in the best interest of Broadway and its creditors and will enable Broadway to confirm the plan of reorganization filed with the court on January 16, 2025.

5. The only condition to VBH's obligation to make rent payments detailed in the Lease and Exhibit C thereto is the acquisition of a certificate of occupancy (or temporary certificate of occupancy) as set forth in the Lease. Based upon my intimate knowledge of the Property and

-4-

working with Daniel Halevy, who is principally responsible for Property improvements and obtaining a certificate of occupancy, I anticipate a certificate of occupancy for the entire building at the Property will be in place within the first six months of the Lease, resulting in $200,000 monthly lease payment obligations beginning in month seven of the Lease.

6. Under the terms of the Lease, Broadway has an obligation to build-out the first three floors for VBH. The cost for this build-out is estimated to be $2.3M. Broadway will fund this build-out from the proceeds of a $4 million loan from Streit Lending (the "Streit Loan"), for which Broadway has submitted a motion for Court approval. Broadway will make the initial six months of interest payments on the Streit Loan from voluntary interest reserves and thereafter from the rent generated by the Lease. Traditional bank financing is not available for this loan. The terms for the Streit Loan are competitive for a loan on single asset real estate in bankruptcy. I have looked for financing that would not require priming the current first priority lien lender, but could not find any lender that would take a junior position on new money.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of February, 2025, at Los Angeles, California.

ALAN D. GOMPERTS

-5-