Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>　　　　Debtors and Debtors-in-Possession.<br><br>Affects:<br><br>☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☒ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br><br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and<br>2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**ARCHWAY BROADWAY LOAN SPE, LLC'S OMNIBUS EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF MOTIONS OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO POST-PETITION LEASE AND POST-PETITION DIP FINANCING**<br><br>Date:　　February 25, 2025<br>Time:　　11:00 a.m.<br>Crtrm.:　　1368<br>　　　　　255 E. Temple Street<br>　　　　　Los Angeles, CA 90012<br><br>Hon. Vincent P. Zurzolo |

Archway Broadway Loan SPE, LLC ("Archway") objects to the declarations submitted in support of the *Motion Of Debtor And Debtor In Possession Broadway Avenue Investments, LLC For Order Authorizing Debtor To Enter Into Post-Petition Lease* (Dkt. 420) and the *Motion of Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. Section 364* (Dkt. 418) filed in the lead case of those jointly-administered debtors, Seaton Investments, LLC ("Seaton"), Colyton Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev" and collectively with Seaton, Colyton, Broadway and SLA, the "Corporate Debtors") and Alan Gomperts ("Mr. Gomperts"), Daniel Halevy ("Mr. Halevy"), and Susan Halevy ("Ms. Halevy" and collectively with Mr. Gomperts and Mr. Halevy, the "Individual Debtors" and collectively with the Corporate Debtors, the "Debtors"), as follows:

| No. | Testimony | Objection |
|---|---|---|
| **Alan D. Gomperts (Dkt. 421-1)** | | |
| 1. | Gomperts Declaration ¶ 3, 4:16–17:<br><br>"VBH and Jack Stephens have the experience to operate a successful health care facility at the Property." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 2. | Gomperts Declaration ¶ 4, 4:21–23:<br><br>"If the Lease is approved, the Property-currently without any tenant - will be fully leased, and the rent generated by the Lease will allow Broadway to propose a plan to pay its creditors." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |

OMNIBUS EVIDENTIARY OBJECTIONS TO DECLARATIONS RE LEASE AND LOAN MOTIONS

| No. | Testimony | Objection |
|---|---|---|
| 3. | Gomperts Declaration ¶ 5, 4:28–5:4:<br><br>"Based upon my intimate knowledge of the Property and working with Daniel Halevy, who is principally responsible for Property improvements and obtaining a certificate of occupancy, I anticipate a certificate of occupancy for the entire building at the Property will be in place within the first six months of the Lease, resulting in $200,000 monthly lease payment obligations beginning in month seven of the Lease." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation.<br><br>Mr. Gomperts is also misconstruing the Lease, as it only requires rent payments to commence six months *after* a TCO/CO is obtained, not before. |
| 4. | Gomperts Declaration ¶ 5, 4:28–5:4:<br><br>"Based upon my intimate knowledge of the Property and working with Daniel Halevy, who is principally responsible for Property improvements and obtaining a certificate of occupancy, I anticipate a certificate of occupancy for the entire building at the Property will be in place within the first six months of the Lease, resulting in $200,000 monthly lease payment obligations beginning in month seven of the Lease." | **Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Gomperts is not testifying as an expert, but his testimony as to the timing of obtaining a CO is a conclusion, which is based on scientific, technical, and/or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. |
| 5. | Gomperts Declaration ¶ 5, 5:10:<br><br>"Traditional bank financing is not available for this loan." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 6. | Gomperts Declaration ¶ 5, 5:10–11:<br><br>"The terms for the Streit Loan are competitive for a loan on single asset real estate in bankruptcy." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 7. | Gomperts Declaration ¶ 5, 5:11–13:<br><br>"I have looked for financing that would not require priming the current first priority lien lender, but could not find any lender that would take a junior position on new money." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

2
OMNIBUS EVIDENTIARY OBJECTIONS TO DECLARATIONS RE LEASE AND LOAN MOTIONS

| No. | Testimony | Objection |
|---|---|---|
| | **Daniel Halevy (Dkt. 421-2)** | |
| 8. | Halevy Declaration ¶ 6, 8:14–15:<br><br>"All of the issues standing in the way of obtaining a certificate of occupancy have been addressed." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 9. | Halevy Declaration ¶ 6, 8:15–16:<br><br>"The spreadsheet attached as Exhibit 1 identifies all of the remaining open permits for work needed to be completed for a certificate of occupancy." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 10. | Halevy Declaration:<br><br>Exhibit 1. | **Hearsay. Fed. R. Evid. 802.**<br>The exhibit is an out of court statement offered for the truth of the matter asserted. It is hearsay and inadmissible.<br><br>On February 7, 2025, Archway served a demand under Fed. R. Evid. 1006 for copies of the documents underling this summary of data. As of the signing of these Objections, no such production has been made and no arrangements for copying and/or inspection have been permitted, despite such demand. |
| 11. | Halevy Declaration ¶ 6, 8:16–17:<br><br>"All of these permits have either been closed or are scheduled for inspection in early February." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 12. | Halevy Declaration ¶ 6, 8:17–19:<br><br>"I am also scheduling fire alarm and backup generator inspections with LAFD for early February after which we will be ready for a final building walk-through for a certificate of occupancy." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

| No. | Testimony | Objection |
|---|---|---|
| 13. | Halevy Declaration ¶ 6, 8:19–21:<br><br>"Even if some final items are identified for repair or change, I have no reason to believe it would result in any significant delay in obtaining the certificate of occupancy." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 14. | Halevy Declaration ¶ 6, 8:19–21:<br><br>"Even if some final items are identified for repair or change, I have no reason to believe it would result in any significant delay in obtaining the certificate of occupancy." | **Improper Lay Opinion (Fed. R. Evid. 701)**<br>Mr. Halevy is not testifying as an expert, but his testimony as to the timing of obtaining a CO is a conclusion, which is based on scientific, technical, and/or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Halevy's testimony is inadmissible and should be stricken. |
| | **Christopher Maling (Dkt. 421-3)** | |
| 15. | Maling Declaration ¶ 3, 12:17–19:<br><br>"I … understand all the improvements that have been made to seek approval from the City of Los Angeles for the Certificate of Occupancy." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 16. | Maling Declaration ¶ 4, 12:20–21:<br><br>"Based on the as is condition of the property, the current value for the property as a vacant structure is $8,325,000 which equates to $111.00/sq. ft." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 17. | Maling Declaration ¶ 4, 12:20–21:<br><br>"Based on the as is condition of the property, the current value for the property as a vacant structure is $8,325,000 which equates to $111.00/sq. ft." | **Improper Testimony. Fed. R. Evid 701.**<br>Mr. Maling is not a licensed real estate appraiser, and he does not establish that his opinions of value are based on the application of appropriate principles and methods, including USPAP. |

4
OMNIBUS EVIDENTIARY OBJECTIONS TO DECLARATIONS RE LEASE AND LOAN MOTIONS

| No. | Testimony | Objection |
|---|---|---|
| 18. | Maling Declaration ¶ 4, 12:20–23:<br><br>"In the event the court approves of the material terms of the proposed lease and the proposed financing and if the loan is made and the lease is executed by a tenant with the financial ability to perform on the lease, the estimate the value of the Property will be $17,000,000." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 19. | Maling Declaration ¶ 4, 12:20–23:<br><br>"In the event the court approves of the material terms of the proposed lease and the proposed financing and if the loan is made and the lease is executed by a tenant with the financial ability to perform on the lease, the estimate the value of the Property will be $17,000,000." | **Improper Testimony. Fed. R. Evid 701.**<br>Mr. Maling is not a licensed real estate appraiser, and he does not establish that his opinions of value are based on the application of appropriate principles and methods, including USPAP. |
| 20. | Maling Declaration ¶ 6, 12:27–28:<br><br>"In two years once the property is fully stabilized I estimate the value of the Property will be $27,500,000." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| 21. | Maling Declaration ¶ 6, 12:27–28:<br><br>"In two years once the property is fully stabilized I estimate the value of the Property will be $27,500,000." | **Improper Testimony. Fed. R. Evid 701.**<br>Mr. Maling is not a licensed real estate appraiser, and he does not establish that his opinions of value are based on the application of appropriate principles and methods, including USPAP. |
| | **Jack Stephens (Dkt. 421-4)** | |
| 22. | Stephens Declaration:<br><br>Exhibit 2. | **Hearsay. Fed. R. Evid. 802.**<br>The Valuation is an out of court statement being offered for the truth of the matter asserted. No exception to the hearsay prohibition is applicable. The Court should exclude and strike the entire exhibit. |

| No. | Testimony | Objection |
|---|---|---|
| 23. | Stephens Declaration ¶ 5, 18:23–24:<br><br>"VBH understands the financial obligations of the Lease and will be able to fulfil its rent obligations should the court approve the Lease." | **Lack of Foundation. Fed. R. Evid. 602.**<br>The quoted testimony is speculative and lacks foundation. |
| | **Auriel Streit (Dkt. 421-5)** | |
| 24. | Streit Declaration:<br><br>Exhibit 1. | **Hearsay. Fed. R. Evid. 802.**<br>The exhibit is an out of court statement offered for the truth of the matter asserted. It is hearsay and inadmissible. There are no exceptions or exemptions that apply. The exhibit should be stricken. |
| 25. | Streit Declaration:<br><br>Exhibit 2. | **Hearsay. Fed. R. Evid. 802.**<br>The exhibit is an out of court statement offered for the truth of the matter asserted. It is hearsay and inadmissible. There are no exceptions or exemptions that apply. The exhibit should be stricken.<br><br>The exhibit is also not attached to the declaration. |

DATED: February 11, 2025        FRANDZEL ROBINS BLOOM & CSATO, L.C.


By:    /s/ Gerrick M. Warrington
       GERRICK M. WARRINGTON
       Attorneys for Secured Creditor
       ARCHWAY BROADWAY LOAN SPE, LLC