Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
David B. Zolkin (State Bar No. 155410)
dzolkin@wztslaw.com
Paige T. Rolfe (State Bar No. 331096)
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtor Broadway Avenue
Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors in Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☒ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ and<br>2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**BROADWAY AVENUE INVESTMENTS, LLC'S REPLY TO ARCHWAY BROADWAY LOAN SPE, LLC'S OMNIBUS EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF BROADWAY'S MOTIONS TO AUTHORIZE POST-PETITION LEASE AND POST-PETITION FINANCING**<br><br>Hearing:<br>Date:  February 25, 2025<br>Time:  11:00 a.m.<br>Crtrm.: 1368, Hon. Vincent P. Zurzolo<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

By and through undersigned counsel, Debtor Broadway Avenue Investments, LLC ("Broadway") hereby submits the following reply in response to Archway Broadway Loan SPE, LLC's ("Archway") *Omnibus Evidentiary Objections to Declarations Submitted in Support of Motions of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter into Post-Petition Lease and Post-Petition DIP Financing* [Doc. No. 429-7].

**I.**

**RESPONSES TO EVIDENTARY OBJECTIONS**

| Statement | Objection | Response |
|---|---|---|
| **Alan D. Gomperts [Doc. No. 421-1]** | | |
| 1. Gomperts Declaration ¶ 3, 4:16–17:<br><br>"VBH and Jack Stephens have the experience to operate a successful health care facility at the Property." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Gomperts' declaration establish his personal knowledge of the matters to which he is testifying.<br><br>Also admissible as a lay witness opinion by FRE 701. |
| 2. Gomperts Declaration ¶ 4, 4:21–23:<br><br>"If the Lease is approved, the Property-currently without any tenant - will be fully leased, and the rent generated by the Lease will allow Broadway to propose a plan to pay its creditors." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Gomperts' declaration establish his personal knowledge of the matters to which he is testifying.<br><br>Also admissible as a lay witness opinion by FRE 701. |

| Statement | Objection | Response |
|---|---|---|
| 3. Gomperts Declaration ¶ 5, 4:28–5:4:<br><br>"Based upon my intimate knowledge of the Property and working with Daniel Halevy, who is principally responsible for Property improvements and obtaining a certificate of occupancy, I anticipate a certificate of occupancy for the entire building at the Property will be in place within the first six months of the Lease, resulting in $200,000 monthly lease payment obligations beginning in month seven of the Lease." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation.<br><br>Mr. Gomperts is also misconstruing the Lease, as it only requires rent payments to commence six months after a TCO/CO is obtained, not before. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Gomperts' declaration establish his personal knowledge of the matters to which he is testifying.<br><br>Also admissible as a lay witness opinion by FRE 701.<br><br>Archway's argument that Mr. Gomperts' testimony misconstrues the Lease is not a proper evidentiary objection and does not cite to any authority. |
| 4. Gomperts Declaration ¶ 5, 4:28–5:4:<br><br>"Based upon my intimate knowledge of the Property and working with Daniel Halevy, who is principally responsible for Property improvements and obtaining a certificate of occupancy, I anticipate a certificate of occupancy for the entire building at the Property will be in place within the first six months of the Lease, resulting in $200,000 monthly lease payment obligations beginning in month seven of the Lease." | Improper Lay Opinion (Fed. R. Evid. 701)<br><br>Mr. Gomperts is not testifying as an expert, but his testimony as to the timing of obtaining a CO is a conclusion, which is based on scientific, technical, and/or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Gomperts's testimony is inadmissible and should be stricken. | Admissible per FRE 701. Mr. Gomperts is offering his opinion as to the likelihood of obtaining a CO based on his own perception, as stated in this paragraph, not based on scientific, technical or other specialized knowledge.<br><br>The estimated timeline for obtaining a Certificate of Occupancy is helpful to determining a fact in issue, as obtaining a CO is a key part of Debtor's reorganization. |
| 5. Gomperts Declaration ¶ 5, 5:10:<br><br>"Traditional bank financing is not available for this loan." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Gomperts' declaration |

**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**
**11766 WILSHIRE BLVD., SUITE 730**
**LOS ANGELES, CA 90025**

| Statement | Objection | Response |
|---|---|---|
| | | establish his personal knowledge of the matters to which he is testifying. Also admissible as a lay witness opinion by FRE 701. |
| 6. Gomperts Declaration ¶ 5, 5:10–11: "The terms for the Streit Loan are competitive for a loan on single asset real estate in bankruptcy." | Lack of Foundation. Fed. R. Evid. 602. The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Gomperts' declaration establish his personal knowledge of the matters to which he is testifying. Also admissible as a lay witness opinion by FRE 701. |
| 7. Gomperts Declaration ¶ 5, 5:11–13: "I have looked for financing that would not require priming the current first priority lien lender, but could not find any lender that would take a junior position on new money." | Lack of Foundation. Fed. R. Evid. 602. The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Gomperts' declaration establish his personal knowledge of the matters to which he is testifying. |
| **Daniel Halevy [Doc. No. 421-2]** | | |
| 8. Halevy Declaration ¶ 6, 8:14–15: "All of the issues standing in the way of obtaining a certificate of occupancy have been addressed." | Lack of Foundation. Fed. R. Evid. 602. The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraph 1 of Mr. Halevy's declaration establishes his personal knowledge of the matters to which he is testifying. |

| **Statement** | **Objection** | **Response** |
|---|---|---|
| 9. Halevy Declaration ¶ 6, 8:15–16:<br><br>"The spreadsheet attached as Exhibit 1 identifies all of the remaining open permits for work needed to be completed for a certificate of occupancy." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraph 1 of Mr. Halevy's declaration establishes his personal knowledge of the matters to which he is testifying. |
| 10. Halevy Declaration: Exhibit 1. | Hearsay. Fed. R. Evid. 802.<br><br>The exhibit is an out of court statement offered for the truth of the matter asserted. It is hearsay and inadmissible. On February 7, 2025, Archway served a demand under Fed. R. Evid. 1006 for copies of the documents underling this summary of data. As of the signing of these Objections, no such production has been made and no arrangements for copying and/or inspection have been permitted, despite such demand. | Not hearsay by FRE 803(6). The chart in Exhibit 1 was prepared to record a regularly conducted activity, at or near the time it occurred, by someone with knowledge, and was prepared in the ordinary course of business.<br><br>Broadway served its Objection and Response to Archway's Fed. R. Evid. 1006 demand on February 12, 2025. Broadway's response preserved its objection that the exhibit is admissible as an FRE 803(6) business record, and is not an FRE 1006 summary of voluminous evidence for which it is required to produce underlying documents. However, as a professional courtesy and in the interest of full disclosure, Broadway produced the underlying documents to Archway on February 12, 2025. |
| 11. Halevy Declaration ¶ 6, 8:16–17:<br><br>"All of these permits have either been closed or are scheduled for inspection in early February." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraph 1 of Mr. Halevy's declaration establishes his personal knowledge of the |

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-5-
BROADWAY'S REPLY TO ARCHWAY'S OMNIBUS EVIDENTIARY OBJECTIONS

| Statement | Objection | Response |
|---|---|---|
| | | matters to which he is testifying. |
| 12. Halevy Declaration ¶ 6, 8:17–19:<br><br>"I am also scheduling fire alarm and backup generator inspections with LAFD for early February after which we will be ready for a final building walk-through for a certificate of occupancy." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraph 1 of Mr. Halevy's declaration establishes his personal knowledge of the matters to which he is testifying.<br><br>Also admissible as a lay witness opinion by FRE 701. |
| 13. Halevy Declaration ¶ 6, 8:19–21:<br><br>"Even if some final items are identified for repair or change, I have no reason to believe it would result in any significant delay in obtaining the certificate of occupancy." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraph 1 of Mr. Halevy's declaration establishes his personal knowledge of the matters to which he is testifying.<br><br>Also admissible as a lay witness opinion by FRE 701. |
| 14. Halevy Declaration ¶ 6, 8:19–21:<br><br>"Even if some final items are identified for repair or change, I have no reason to believe it would result in any significant delay in obtaining the certificate of occupancy." | Improper Lay Opinion (Fed. R. Evid. 701)<br><br>Mr. Halevy is not testifying as an expert, but his testimony as to the timing of obtaining a CO is a conclusion, which is based on scientific, technical, and/or other specialized knowledge within the scope of Fed. R. Evid. 702. Moreover, he has not established it is not helpful to understanding his testimony or of a fact in issue. Therefore, Mr. Halevy's | Admissible per FRE 701. Mr. Halevy is offering his opinion as to the likelihood of obtaining a CO based on his own perception, not based on scientific, technical or other specialized knowledge. Mr. Halevy's foundation for this opinion is outlined in paragraphs 1, 5, and 6 of his declaration.<br><br>The estimated timeline for obtaining a Certificate of Occupancy is helpful to determining a fact in issue, as |

| Statement | Objection | Response |
|---|---|---|
| | testimony is inadmissible and should be stricken. | obtaining a CO is a key part of Debtor's reorganization. |
| **Christopher Maling [Doc. No. 421-3]** | | |
| 15. Maling Declaration ¶ 3, 12:17–19:<br><br>"I … understand all the improvements that have been made to seek approval from the City of Los Angeles for the Certificate of Occupancy." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Maling's declaration establish his personal knowledge of the matters to which he is testifying. |
| 16. Maling Declaration ¶ 4, 12:20–21:<br><br>"Based on the as is condition of the property, the current value for the property as a vacant structure is $8,325,000 which equates to $111.00/sq. ft." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Maling's declaration establish his personal knowledge of the matters to which he is testifying.<br><br>Also admissible as a lay witness opinion by FRE 701. |
| 17. Maling Declaration ¶ 4, 12:20–21:<br><br>"Based on the as is condition of the property, the current value for the property as a vacant structure is $8,325,000 which equates to $111.00/sq. ft." | Improper Testimony. Fed. R. Evid 701.<br><br>Mr. Maling is not a licensed real estate appraiser, and he does not establish that his opinions of value are based on the application of appropriate principles and methods, including USPAP. | Admissible per FRE 701.<br><br>Mr. Maling is offering his opinion as to the value of the property based on his own perception, and his foundation for this opinion is outlined in paragraphs 1-3 of his declaration, and his CV, which is attached as Exhibit 1.<br><br>Alternatively, admissible per FRE 702 as an expert opinion. Mr. Maling has specialized knowledge and expertise, as shown by his CV attached as Exhibit 1, which enable him to |

| Statement | Objection | Response |
|---|---|---|
| | | offer an opinion on the value of real estate. |
| 18. Maling Declaration ¶ 4, 12:20–23:<br><br>"In the event the court approves of the material terms of the proposed lease and the proposed financing and if the loan is made and the lease is executed by a tenant with the financial ability to perform on the lease, the estimate the value of the Property will be $17,000,000." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Maling's declaration establish his personal knowledge of the matters to which he is testifying.<br><br>Also admissible as a lay witness opinion by FRE 701. |
| 19. Maling Declaration ¶ 4, 12:20–23:<br><br>"In the event the court approves of the material terms of the proposed lease and the proposed financing and if the loan is made and the lease is executed by a tenant with the financial ability to perform on the lease, the estimate the value of the Property will be $17,000,000." | Improper Testimony. Fed. R. Evid 701.<br><br>Mr. Maling is not a licensed real estate appraiser, and he does not establish that his opinions of value are based on the application of appropriate principles and methods, including USPAP. | Admissible per FRE 701.<br><br>Mr. Maling is offering his opinion as to the value of the property based on his own perception, and his foundation for this opinion is outlined in paragraphs 1-3 of his declaration, and his CV, which is attached as Exhibit 1.<br><br>Alternatively, admissible per FRE 702 as an expert opinion. Mr. Maling has specialized knowledge and expertise, as shown by his CV attached as Exhibit 1, which enable him to offer an opinion on the value of real estate. |
| 20. Maling Declaration ¶ 6, 12:27–28:<br><br>"In two years once the property is fully stabilized I estimate the value of the Property will be $27,500,000." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Maling's declaration establish his personal knowledge of the matters to which he is testifying. |

| Statement | Objection | Response |
|---|---|---|
|  |  | Also admissible as a lay witness opinion by FRE 701. |
| 21. Maling Declaration ¶ 6, 12:27–28:<br><br>"In two years once the property is fully stabilized I estimate the value of the Property will be $27,500,000." | Improper Testimony. Fed. R. Evid 701.<br><br>Mr. Maling is not a licensed real estate appraiser, and he does not establish that his opinions of value are based on the application of appropriate principles and methods, including USPAP. | Admissible per FRE 701.<br><br>Mr. Maling is offering his opinion as to the value of the property based on his own perception, and his foundation for this opinion is outlined in paragraphs 1-3 of his declaration, and his CV, which is attached as Exhibit 1.<br><br>Alternatively, admissible per FRE 702 as an expert opinion. Mr. Maling has specialized knowledge and expertise, as shown by his CV attached as Exhibit 1, which enable him to offer an opinion on the value of real estate. |
| **Jack Stephens [Doc. No. 421-4]** | | |
| 22. Stephens Declaration:<br><br>Exhibit 2. | Hearsay. Fed. R. Evid. 802.<br><br>The Valuation is an out of court statement being offered for the truth of the matter asserted. No exception to the hearsay prohibition is applicable. The Court should exclude and strike the entire exhibit. | Not hearsay per FRE 803(6). The valuation document is a business record, prepared in the ordinary course of business. Mr. Stephens' declaration, at paragraphs 1 and 5, establishes sufficient foundation for admission. |
| 23. Stephens Declaration ¶ 5, 18:23–24:<br><br>"VBH understands the financial obligations of the Lease and will be able to fulfil its rent obligations should the court approve the Lease." | Lack of Foundation. Fed. R. Evid. 602.<br><br>The quoted testimony is speculative and lacks foundation. | Admissible per FRE 602. All that the Rule requires is evidence of the declarant's personal knowledge, which may be based on their own testimony. Paragraphs 1-3 of Mr. Stephens' declaration establish his personal knowledge of the matters to which he is testifying. |

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-9-
BROADWAY'S REPLY TO ARCHWAY'S OMNIBUS EVIDENTIARY OBJECTIONS

| Statement | Objection | Response |
|---|---|---|
|  |  | Also admissible as a lay witness opinion by FRE 701. |

Dated:  February 18, 2025    **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By:  */s/ Derrick Talerico*
     Derrick Talerico
     Paige T. Rolfe
Counsel to Debtor Broadway Avenue Investments, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **BROADWAY AVENUE INVESTMENTS, LLC'S REPLY TO ARCHWAY BROADWAY LOAN SPE, LLC'S OMNIBUS EVIDENTIARY OBJECTIONS TO DECLARATIONS SUBMITTED IN SUPPORT OF BROADWAY'S MOTIONS TO AUTHORIZE POST-PETITION LEASE AND POST-PETITION FINANCING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 18, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 18, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo          (via Priority Mail)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 18, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

Seaton Investments, LLC – Jointly Administered

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com; gvanderfin@polsinelli.com, jnava@polsinelli.com; zyoung@polsinelli.com; mschuster@polsinelli.com;
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Christopher Crowell**: ccrowell@hrhlaw.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@frandzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com
- Attorneys for Creditor Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@hrhlaw.com
- Courtesy NEF/Interested Party Avi Muhtar: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- Attorneys for Creditor UrbanLime Real Estate: **Lovee D Sarenas**: lovee.sarenas@dinsmore.com; wendy.yones@dinsmore.com
- Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC: **David B Shemano**: dshemano@shemanolaw.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**