Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
David B. Zolkin (State Bar No. 155410
dzolkin@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtor Broadway Avenue
Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☒ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ and<br>2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**REPLY TO: ARCHWAY BROADWAY LOAN SPE, LLC'S OMNIBUS OBJECTIONS TO: MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO ENTER INTO POST-PETITION LEASE; AND MOTION OF DEBTOR AND DEBTOR IN POSSESSION BROADWAY AVENUE INVESTMENTS, LLC FOR ORDER AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. § 364; AND DECLARATIONS OF ALAN D. GOMPERTS, JACK STEPHENS, TIMA BELL AND DERRICK TALERICO IN** |

-1-
DEBTORS REPLY RE ARCHWAY'S OMNIBUS OPPOSITION TO LEASE AND LOAN MOTIONS

**SUPPORT THEREOF**

Hearing:
Date:     February 25, 2025
Time:    11:00 a.m.
Crtrm:   1368
             255 E. Temple Street
             Los Angeles, CA 90012

Debtor, Broadway Avenue Investments, LLC ("Broadway") files this *Reply* (the "Reply") to *Archway Broadway Loan SPE, LLCs Omnibus Objections to: Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter into Post-Petition Lease; and Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* ("Omnibus Objection") [Dkt. 429].

## THE LOAN

The Motion to approve the Loan from Streit/Vicino must be denied. On February 17, 2025, Streit/Vicino withdrew its LOI.

Beginning February 5, 2025 and continuing on February 6, 2025, Archway Broadway Loan SPE, LLC ("Archway") issued sweeping discovery consisting of twelve separate document requests to eleven different entities or individuals regarding Broadway's *Motion for Order Authorizing Debtor to Obtain Post-Petition Financing* [Dkt. 418] and *Motion for Order Authorizing Debtor to Enter into Post-Petition Lease* [Dkt. 420]. True and correct copies of the discovery issues by Archway are attached as **Exhibit A** to the Declaration of Derrick Talerico ("Talerico Decl.") annexed hereto. The discovery does not even attempt to be tailored to relevant information or to limit the burden of production, asking each entity to produce everything in existence concerning, the debtor, the lease, the loan, the lender, financial statements, tax returns – just to scratch the surface. By any measure, the discovery issued by Archway would be deemed excessive.

Broadway immediately communicated with the parties from whom Archway sought discovery to inform them of the discovery requests and to urge production of the requested

documents within the week regardless of whether they were served or not. In order to coordinate responses from eleven different entities, Saul Ewing (counsel to the individual debtors in these cases), immediately scrambled a team of discovery specialists to facilitate the gathering of documents and production. Production began less than a week after Broadway received notice of the document requests and is ongoing.

In response to Archway's discovery, Streit Lending and Vicino immediately provided Broadway's counsel with a screenshot of a bank account demonstrating sufficient funds to make the proposed loan, which Broadway's counsel agreed to keep confidential. Streit/Vicino instructed Broadway's counsel to offer this document to Archway and its counsel subject to an agreement to keep the document confidential. On February 11, 2025, Broadway's counsel emailed counsel to Archway to inform them of the Streit/Vicino document and request an agreement to keep the document confidential if produced. Archway has yet to respond. On February 13, 2025, Broadway's counsel informed counsel to Archway that documents had been produced from a number of parties and status on others. Counsel renewed the request from Streit/Vicino to produce their bank statement balance subject to confidentiality. Broadway's counsel also offered to facilitate deposition for any third party even though no request for deposition had yet been made and relayed Chris Maling's offer to be deposed on February 14, 2025 or the week of February 17, 2025. Broadway's counsel also confirmed that no party was evading service and that Broadway was in contact directly with most parties from whom discovery was sought and they had either responded or were preparing responses.

If Archway's goal in issuing such unfettered discovery was to overwhelm or intimidate any of the targeted parties –Archway has succeeded. After Archway failed to agree to keep their bank information confidential and after consulting with their counsel Streit and Vicino informed Broadway on Monday February 17, 2025 that they were withdrawing their LOI. Broadway's understanding of the reason for the withdrawal was concern over being dragged into discovery litigation over document productions and

depositions – before even making a loan. Broadway understands Streit/Vicino is preparing a declaration to inform the Court of their withdrawal.

After losing the Streit/Vicino loan on Monday February 18, 2025, Broadway immediately reached out to two alternate lenders who have experience in distressed lending. Late in the afternoon on Tuesday February 18, 2025, Broadway's counsel received an LOI from Serene Investment Management, LLC ("Serene"). The Serene LOI is attached as **<u>Exhibit B</u>** to the Talerico Decl. Serene is represented on this loan by Loeb & Loeb LLP. Serene is a known distressed lender. After speaking with Adam Phillips at Serene and Lance Jurich at Loeb & Loeb LLP, Broadway believes that Serene understands the bankruptcy court process involved for loan approval and the possibility of receiving extensive discovery demands from Archway, which will not deter them from a loan commitment. Broadway will have a new motion for financing submitted to the Court to be heard April 1, 2025 at 11:00 a.m., prior to the targeted April 10, 2025 confirmation hearing.

**THE LEASE**

Without a loan in place, there can be no lease. Broadway asks the Court to continue the Lease Motion to April 1, 2025 at 11:00 a.m.

In it's Opposition, Archway raises three issues with the proposed Lease. It argues that Lease would interfere with its relief from stay order, that the lease amounts to a sub rosa plan, and that Broadway has not met its burden to approve the Lease. The first two issues can be addressed together. At this point in the march toward the April 11, 2025 date for possible foreclosure, the approval of the Lease and a loan can be contingent upon confirmation of a plan on the targeted April 10, 2025 confirmation hearing date. Broadway believes it would be beneficial to have the Lease and new loan motion to be decided prior to confirmation – on April 1, 2025 – but if approved, have the approval be contingent upon approval of the plan nine days later. This way, either the plan is confirmed with the Lease and a loan, or there will be no plan for Broadway and Archway can proceed with foreclosure without the Lease or loan in place.

Archway also challenges whether Broadway has established that the Lease should be approved. The issues on zoning, permitted use, and certificate of occupancy are addressed by the

-4-
DEBTORS REPLY RE ARCHWAY'S OMNIBUS OPPOSITION TO LEASE AND LOAN MOTIONS

attached Declaration of architect Tima Bell. The certificate of occupancy schedule set forth in the Declaration of Daniel Halevy in support of the motion to approve the Lease is realistic and achievable. Broadway and the lessee expect the lessee's obligation to make rent payments to begin in month seven of the Lease as set forth in the attached Declarations of Alan Gomperts and Jack Stephens. The Gomperts and Stephens declarations also clarify two points raised by Archway - the timing of the obligation to pay rent following issuance of a certificate of occupancy and how the tenant reimbursement will function, which will be reflected in a modified Lease.

VBH has provided financial information to Archway in response to its discovery requests, is gathering any additional responsive documents to produce on a rolling basis, and stands ready to respond to any further inquiry from Archway and sit for deposition.

**CONCLUSION**

Archway's strategy has been revealed – overwhelm everyone possibly involved in the Broadway restructure with document requests and depositions, draw out discovery until its foreclosure date, and then claim Broadway's time to confirm a plan has expired. Broadway is keenly aware that its time is short. It has proactively engaged to coordinate timely discovery responses from eleven different parties. Broadway quickly responded when its lender backed-out under Archway's intimidating discovery posture to find a replacement lender. Broadway and VBH heard Archway's challenge to the plans set forth in the Lease and both confirmed they understand their undertakings and are ready to perform their respective obligations. \

Broadway asks that the Lease motion be continued to April 1, 2025 to coincide with a to-be-filed new loan motion. Broadway and the new lender will employ extreme diligence to produce and continue to produce documents and be available for depositions. Despite the myriad challenges thrown in its path, Broadway still stands with a lease and loan that can be approved and form the backbone of a restructuring for these cases.

Dated: February 18, 2025         **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
    Derrick Talerico
    Counsel to Debtor Broadway Avenue Investments, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

-6-
DEBTORS REPLY RE ARCHWAY'S OMNIBUS OPPOSITION TO LEASE AND LOAN MOTIONS

-7-