WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

## DECLARATION OF DERRICK TALERICO

I, Derrick Talerico, hereby declare as follows:

1.    I am an attorney duly admitted to practice law in the state of California and am admitted inter alia to the United States District Court for the Central District of California, and therefore to practice in the United States Bankruptcy Court for the Central District of California.  I have personal knowledge of the facts stated herein and knowledge based on business records of my law practice and of my law firm Weintraub Zolkin Talerico & Selth LLP (the "Firm").

2.    I am the general bankruptcy counsel for Seaton Investments, LLC, ("Seaton"), Colyton Investments, LLC ("Colyton"), Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev;" and, collectively with Seaton, Colyton, Broadway, and SLA, the "Corporate Debtors"), the above-captioned corporate chapter 11 debtors and debtors-in-possession.

3.    Beginning February 5, 2025 and continuing on February 6, 2025, Archway Broadway Loan SPE, LLC ("Archway") issued sweeping discovery consisting of twelve separate document requests to eleven different entities or individuals regarding Broadway's *Motion for Order Authorizing Debtor to Obtain Post-Petition Financing* [Dkt. 418] and *Motion for Order Authorizing Debtor to Enter into Post-Petition Lease* [Dkt. 420]. True and correct copies of the discovery issued by Archway are attached as **Exhibit A**. The discovery does not even attempt to be tailored to relevant information or to limit the burden of production, asking each entity to produce everything in existence concerning, the debtor, the lease, the loan, the lender, financial statements, tax returns – just to scratch the surface. By any measure, the discovery issued by Archway would be deemed excessive.

4.    Broadway immediately communicated with the parties from whom Archway sought discovery to inform them of the discovery requests and to urge production of the requested documents within the week regardless of whether they were served or not. In order to coordinate responses from eleven different entities, Saul Ewing (counsel to the individual debtors in these cases), immediately scrambled a team of discovery specialists to facilitate

the gathering of documents and production. Production began less than a week after Broadway received notice of the document requests and is ongoing.

5.      In response to Archway's discovery, Streit Lending and Vicino immediately provided me with a screenshot of a bank account demonstrating sufficient funds to make the proposed loan, which I agreed to keep confidential. Streit/Vicino instructed me to offer this document to Archway and its counsel subject to an agreement to keep the document confidential. On February 11, 2025, I emailed counsel to Archway to inform them of the Streit/Vicino document and request an agreement to keep the document confidential if produced. Archway has yet to respond.

6.      On February 13, 2025, I informed counsel to Archway that documents had been produced from a number of parties and status on others. I renewed the request from Streit/Vicino to produce their bank statement balance subject to confidentiality. I also offered to facilitate deposition for any third party even though no request for deposition had yet been made. I relayed Chris Maling's offer to be deposed on February 14, 2025 or the week of February 17, 2025. I also confirmed that no party was evading service and that we were in contact directly with most parties from whom discovery was sought and they had either responded or were preparing responses. I have not received any response from that email to date.

7.      If Archway's goal in issuing such unfettered discovery was to overwhelm or intimidate any of the targeted parties – I believe Archway was successful. After Archway failed to agree to keep their bank information confidential and after consulting with their counsel Streit and Vicino informed me on Monday February 17, 2025 that they were withdrawing their LOI.  My understanding of the reason for the withdrawal was concern over being dragged into discovery litigation over document productions and depositions – before even making a loan. I understand Streit/Vicino is preparing a declaration to inform the Court of their withdrawal.

8.      After losing the Streit/Vicino loan on Monday February 18, 2025, I immediately reached out to two alternate lenders who have experience in distressed lending.

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Late in the afternoon on Tuesday February 18, 2025, I received the attached LOI from Serene Investment Management, LLC ("Serene"). The Serene LOI is attached as **Exhibit B**. Serene is represented on this loan by Loeb & Loeb LLP. Serene is a known distressed lender. After speaking with Adam Phillips at Serene and Lance Jurich at Loeb & Loeb LLP, I believe that Serene understands the bankruptcy court process involved for loan approval and the possibility of receiving extensive discovery demands from Archway, which will not deter them from a loan commitment. Broadway will have a new motion for financing submitted to the Court to be heard prior to the targeted April 10, 2025 confirmation hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of February, 2025, at Los Angeles, California.

*/s/ Derrick Talerico*
DERRICK TALERICO

# EXHIBIT A

# Archway Discovery

1   Michael Gerard Fletcher (State Bar No. 070849)
    mfletcher@frandzel.com
2   Gerrick M. Warrington (State Bar No. 294890)
    gwarrington@frandzel.com
3   FRANDZEL ROBINS BLOOM & CSATO, L.C.
    1000 Wilshire Boulevard, Nineteenth Floor
4   Los Angeles, California 90017-2427
    Telephone: (323) 852-1000
5   Facsimile: (323) 651-2577

6   Attorneys for Secured Creditor
    ARCHWAY BROADWAY LOAN SPE, LLC

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                       **LOS ANGELES DIVISION**

11

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☐ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☒ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | **ARCHWAY BROADWAY LOAN SPE, LLC'S NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE**<br><br>Fed. R. Civ. P. 45; Fed. R. Bankr. P. 9016, 9014(c)<br><br>Hon. Vincent P. Zurzolo |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that Archway Broadway Loan SPE, LLC has issued

3  Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises

4  In A Bankruptcy Case (Or Adversary Proceeding). The Subpoenas were issued pursuant to

5  Rule 45 of the Federal Rules of Civil Procedure, made applicable to contested matters, pursuant to

6  Rules 9014(c) and 9016 of the Federal Rules of Bankruptcy Procedure. The contested matters to

7  which the Subpoenas relate is Broadway Avenue Investment, LLC's *Motion of Debtor and Debtor*

8  *in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-*

9  *Petition Financing Pursuant to 11 U.S.C. § 364* (Dkt. 418) and/or its *Motion of Debtor and*

10 *Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter*

11 *into Post-Petition Lease* (Dkt. 420). True and correct copies of the Subpoenas are attached hereto

12 collectively as **Exhibit A**.

13 DATED:  February 5, 2025              FRANDZEL ROBINS BLOOM & CSATO, L.C.

14

15

16                              By:    /s/ Gerrick M. Warrington
                                      _____
17                                     GERRICK M. WARRINGTON
                                       Attorneys for Secured Creditor
                                       ARCHWAY BROADWAY LOAN SPE, LLC
18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Exhibit A.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____     District of _California_____

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

_____
Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

View Behavioral Health, LLC c/o Conrad Nilo, Agent for Service of Process, 2600 Redondo Avenue Suite 500, Long Beach, CA
To: 90806

_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _February 5, 2025_____

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                                Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC_____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5473455v1 | 101415-0002                                    1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---



American LegalNet, Inc.
www.FormsWorkFlow.com

## Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" or "VBH" means View Behavioral Health, LLC, including its agents, representatives, and principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

13.     As used herein, the term "LOAN" means the loan referred to in the LOAN

MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender

referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents

seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or

control, including those in the possession, custody or control of YOUR employees, agents,

representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is

vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be

ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in

advance of the due date of YOUR response so that objections as to the language or scope of the

request can be eliminated, and full and complete responses and production can be made in good

faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that

the request is burdensome or oppressive, please specify the amount of time reasonably needed to

comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege,

please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

(b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the DIP LOAN.

5.      ALL DOCUMENTS RELATING TO the DIP LENDER.

6.      ALL DOCUMENTS RELATING TO the LEASE.

7.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

8.      ALL DOCUMENTS RELATING TO DMB.

9.      ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited
financial statements, including profit and loss statements, income statements, cash
flow statements, balance sheets, and interest-holder and/or shareholder equity.

10.     ANY DOCUMENTS RELATING TO YOUR tax returns.

11.     ANY DOCUMENTS RELATING TO licenses, permits, both governmental and
private, RELATING TO the BROADWAY PROPERTY.

12.     ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or
other financial accounts, including bank statements.

13.     ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational
structure.

14.     ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

15.     ANY DOCUMENTS RELATING TO YOUR liabilities.

16.     ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

17.     ALL DOCUMENTS RELATING TO YOUR license to conduct business in
California.

18.     ALL DOCUMENTS RELATING TO any litigation or claims, commenced or
threatened, against YOU or any of YOUR current or former officers, owners,
and/or controllers, within the past five years.

19.     ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered
against YOU or any of YOUR current or former officers, owners, or controllers in
the past five years.

20.     ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or
judgments entered against YOU or any of YOUR current or former officers,
owners, or controllers in the past five years.

21.     ALL DOCUMENTS RELATING TO any contempt sanctions entered against
YOU or any of YOUR current or former officers, owners, or controllers in the past
five years.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of _California_____

In re
SEATON INVESTMENTS, LLC, *et al.*, _____

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: View Behavioral Health-Colton LLC, c/o Conrad Nilo, Agent for Service of Process, 2600 Redondo Avenue Suite 500, Long Beach, CA  90806

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 5, 2025 _____

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington_____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5473466v1 | 101415-0002

1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 2:24-bk-12079-VZ    Doc 436-4    Filed 02/18/25    Entered 02/18/25 23:59:13    Desc
Declaration to Derrick Talerico and Exhibits    Page 18 of 107
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" means View Behavioral Health-Colton LLC, including any of their agents, officers, representatives, and/or principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

13.     As used herein, the term "LOAN" means the loan referred to in the LOAN

MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender

referred to in the LOAN MOTION.

### **INSTRUCTIONS**

1.     Except where otherwise specified, these Requests for Production of Documents

seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or

control, including those in the possession, custody or control of YOUR employees, agents,

representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is

vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be

ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in

advance of the due date of YOUR response so that objections as to the language or scope of the

request can be eliminated, and full and complete responses and production can be made in good

faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that

the request is burdensome or oppressive, please specify the amount of time reasonably needed to

comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege,

please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

(b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the DIP LOAN.

5.      ALL DOCUMENTS RELATING TO the DIP LENDER.

6.      ALL DOCUMENTS RELATING TO the LEASE.

7.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

8.      ALL DOCUMENTS RELATING TO DMB.

9.      ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited
financial statements, including profit and loss statements, income statements, cash
flow statements, balance sheets, and interest-holder and/or shareholder equity.

10.     ANY DOCUMENTS RELATING TO YOUR tax returns.

11.     ANY DOCUMENTS RELATING TO licenses, permits, both governmental and
private, RELATING TO the BROADWAY PROPERTY.

12.     ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or
other financial accounts, including bank statements.

13.     ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational
structure.

14.     ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

15.     ANY DOCUMENTS RELATING TO YOUR liabilities.

16.     ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

17.     ALL DOCUMENTS RELATING TO YOUR license to conduct business in
California.

18.     ALL DOCUMENTS RELATING TO any litigation or claims, commenced or
threatened, against YOU or any of YOUR current or former officers, owners,
and/or controllers, within the past five years.

19.     ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered
against YOU or any of YOUR current or former officers, owners, or controllers in
the past five years.

20.    ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or

judgments entered against YOU or any of YOUR current or former officers,

owners, or controllers in the past five years.

21.    ALL DOCUMENTS RELATING TO any contempt sanctions entered against

YOU or any of YOUR current or former officers, owners, or controllers in the past

five years.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case (or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California

In re
SEATON INVESTMENTS, LLC, *et al.*, _____
Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy
Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: View Behavioral Health-Colton II LLC c/o Conrad Nilo, Agent for Service of Process, 2600 Redondo Avenue Suite 500, Long Beach, CA 90806
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 5, 2025 _____

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                              Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5473503v1 | 101415-0002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 2:24-bk-12079-VZ    Doc 436-4    Filed 02/18/25    Entered 02/18/25 23:59:13    Desc
Declaration to Derrick Talerico and Exhibits    Page 26 of 107

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

## **Exhibit A**

## **DEFINITIONS**

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.     As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.     As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.     As used herein, the term "YOU" or "YOUR" or "VBH" means View Behavioral Health-Colton II LLC, including its agents, representatives, and principals.

6.     As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.     As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.     As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.     As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

13.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

**<u>INSTRUCTIONS</u>**

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1. ALL DOCUMENTS RELATING TO BROADWAY.

2. ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3. ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4. ALL DOCUMENTS RELATING TO the DIP LOAN.

5. ALL DOCUMENTS RELATING TO the DIP LENDER.

6. ALL DOCUMENTS RELATING TO the LEASE.

7. ALL DOCUMENTS RELATING TO the LEASE MOTION.

8. ALL DOCUMENTS RELATING TO DMB.

9. ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited financial statements, including profit and loss statements, income statements, cash flow statements, balance sheets, and interest-holder and/or shareholder equity.

10. ANY DOCUMENTS RELATING TO YOUR tax returns.

11. ANY DOCUMENTS RELATING TO licenses, permits, both governmental and private, RELATING TO the BROADWAY PROPERTY.

12. ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or other financial accounts, including bank statements.

13. ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational structure.

14. ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

15. ANY DOCUMENTS RELATING TO YOUR liabilities.

16. ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

17. ALL DOCUMENTS RELATING TO YOUR license to conduct business in California.

18. ALL DOCUMENTS RELATING TO any litigation or claims, commenced or threatened, against YOU or any of YOUR current or former officers, owners, and/or controllers, within the past five years.

19. ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

20.     ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or

judgments entered against YOU or any of YOUR current or former officers,

owners, or controllers in the past five years.

21.     ALL DOCUMENTS RELATING TO any contempt sanctions entered against

YOU or any of YOUR current or former officers, owners, or controllers in the past

five years.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central District of California

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The DMB Fund, Attn: Judy Cox, Agent for Service of Process, 2350 Castle Heights Avenue, Los Angeles, CA 90034
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 5, 2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Gerrick M. Warrington
*Attorney's signature*
Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5469954v1 | 101415-0002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):*  _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

_____   on *(date)* _____; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $  _____ for travel and $  _____ for services, for a total of $ _____.

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 2:24-bk-12079-VZ    Doc 436-4    Filed 02/18/25    Entered 02/18/25 23:59:13    Desc
Declaration to Derrick Talerico and Exhibits    Page 34 of 107
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

## Exhibit A

### DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" or "DMB" means The DMB Fund, including its agents, representatives, and principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "VBH" means View Behavioral Health, LLC, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

13.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the DIP LOAN.

5.      ALL DOCUMENTS RELATING TO the DIP LENDER.

6.      ALL DOCUMENTS RELATING TO the LEASE.

7.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

8.      ALL DOCUMENTS RELATING TO VBH.

9.      ALL DOCUMENTS RELATING TO David Schwarcz.

15.     ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited financial statements, including profit and loss statements, income statements, cash flow statements, balance sheets, and interest-holder and/or shareholder equity.

10.     ANY DOCUMENTS RELATING TO YOUR tax returns.

11.     ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or other financial accounts, including bank statements.

12.     ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational structure.

13.     ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

14.     ANY DOCUMENTS RELATING TO YOUR liabilities.

15.     ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

16.     ALL DOCUMENTS RELATING TO YOUR non-profit status.

17.     ALL DOCUMENTS RELATING TO YOUR license to conduct business in California.

18.     ALL DOCUMENTS RELATING TO any litigation or claims, commenced or threatened, against YOU or any of YOUR current or former officers, owners, and/or controllers, within the past five years.

19.     ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

20.     ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

21.     ALL DOCUMENTS RELATING TO any contempt sanctions entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## PROOF OF SERVICE

### In re SEATON INVESTMENTS, LLC, et al., 2:24-bk-12079-VZ

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 5, 2025, I served true copy(ies) of the **ARCHWAY BROADWAY LOAN SPE, LLC'S NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: achase@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 5, 2025, at Los Angeles, California.

/s/ Annette Chase
Annette Chase

**SERVICE LIST**

Derrick Talerico                                    Counsel to Corporate Debtors
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Suite 730
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: dtalerico@wztslaw.com

Courtesy Copy to:

Zev Shechtman                                       Counsel to Individual Debtors
Ryan Coy
Saul Ewing LLP
1888 Century Park East
Suite 1500
Los Angeles, CA 90067
310-255-6130
Fax : 310-255-6200
Email: Zev.Shechtman@saul.com
Ryan.Coy@saul.com

Kelly L Morrison                                    Office of the United States Trustee
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-2656
Fax : 213-894-2603
Email: kelly.l.morrison@usdoj.gov

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  Michael Gerard Fletcher (State Bar No. 070849)
   mfletcher@frandzel.com
2  Gerrick M. Warrington (State Bar No. 294890)
   gwarrington@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   1000 Wilshire Boulevard, Nineteenth Floor
4  Los Angeles, California 90017-2427
   Telephone: (323) 852-1000
5  Facsimile: (323) 651-2577

6  Attorneys for Secured Creditor
   ARCHWAY BROADWAY LOAN SPE, LLC
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

| 12 | In re | Lead Case No. 2:24-bk-12079-VZ |
|---|---|---|
| 13 | SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| 14 | Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; |
| 15 | | 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| 16 | Affects: | Chapter 11 |
| 17 | ☐ All Debtors | **ARCHWAY BROADWAY LOAN SPE,** |
| 18 | ☐ Seaton Investments, LLC ☐ Colyton Investments, LLC | **LLC'S NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE** |
| 19 | ☒ Broadway Avenue Investments, LLC ☐ SLA Investments, LLC | Fed. R. Civ. P. 45; Fed. R. Bankr. P. 9016, 9014(c) |
| 20 | ☐ Negev Investments, LLC ☐ Alan Gomperts | |
| 21 | ☐ Daniel Halevy ☐ Susan Halevy | Hon. Vincent P. Zurzolo |

22

23

24

25

26

27

28

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          **PLEASE TAKE NOTICE** that Archway Broadway Loan SPE, LLC has issued

3    Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises

4    In A Bankruptcy Case (Or Adversary Proceeding). The Subpoenas were issued pursuant to

5    Rule 45 of the Federal Rules of Civil Procedure, made applicable to contested matters, pursuant to

6    Rules 9014(c) and 9016 of the Federal Rules of Bankruptcy Procedure. The contested matters to

7    which the Subpoenas relate is Broadway Avenue Investment, LLC's *Motion of Debtor and Debtor*

8    *in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-*

9    *Petition Financing Pursuant to 11 U.S.C. § 364* (Dkt. 418) and/or its *Motion of Debtor and*

10   *Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter*

11   *into Post-Petition Lease* (Dkt. 420). True and correct copies of the Subpoenas are attached hereto

12   collectively as **Exhibit A**.

13   DATED:  February 6, 2025                FRANDZEL ROBINS BLOOM & CSATO, L.C.

14

15

16                                    By:        /s/ Gerrick M. Warrington
                                          GERRICK M. WARRINGTON
17                                        Attorneys for Secured Creditor
                                          ARCHWAY BROADWAY LOAN SPE, LLC

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# EXHIBIT A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California

In re
SEATON INVESTMENTS, LLC, *et al.*,
_____
Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy
_____ Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Christopher E. Maling, Avison Young, 601 South Figueroa Street, Suite 4450, Los Angeles, CA 90017
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025 _____

CLERK OF COURT

OR

_____        /s/ Gerrick M. Warrington
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*
                                                            Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5473977v1 | 101415-0002

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____for travel and $ _____for services, for a total of $_____.


     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 2:24-bk-12079-VZ    Doc 436-4    Filed 02/18/25    Entered 02/18/25 23:59:13    Desc
B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)
Declaration to Derrick Talerico and Exhibits    Page 47 of 107

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

## Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined
in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of
reduction of information or data to tangible form, including emails, computer or magnetic
memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature,
however produced or reproduced, including originals, drafts, or non-identical copies, wherever
located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS
books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs,
printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms,
telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-
copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical
compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work,
graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements,
invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes,
stenographic notes, computer discs, telephone records, schedules, bids, voice recordings,
transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the
foregoing when the original is not available or if the copy contains any additional writing or is not
an identical copy without change or interlineations of the original. The term DOCUMENT shall
also include "ESI," meaning all electronically stored information, including, without limitation, e-
mails, electronically stored data on magnetic or optical storage media as an "active" file or files
(readily readable by one or more computer applications or forensics software); any "deleted" but
recoverable electronic files on said media; any electronic file fragments (files that have been
deleted and partially overwritten with new data); and slack (data fragments stored randomly from
random access memory on a hard drive during the normal operation of a computer [RAM slack]
or residual data left on the hard drive after new data has overwritten some but not all of
previously stored data).

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" means Christopher E. Maling, an individual.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.      As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.      As used herein, the term "VBH" means View Behavioral Health, LLC, and any of its subsidiaries, a tenant listed on the LEASE.

12.      As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

13.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP

Loan filed in the BANKRUPTCY CASE at docket number 418.

14.     As used herein, the term "LOAN" means the loan referred to in the LOAN

MOTION.

15.     As used herein, the term "DIP LENDER" means the debtor in possession lender

referred to in the LOAN MOTION.

## **INSTRUCTIONS**

1.     Except where otherwise specified, these Requests for Production of Documents

seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or

control, including those in the possession, custody or control of YOUR employees, agents,

representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is

vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be

ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in

advance of the due date of YOUR response so that objections as to the language or scope of the

request can be eliminated, and full and complete responses and production can be made in good

faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that

the request is burdensome or oppressive, please specify the amount of time reasonably needed to

comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege,

please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

(b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.      ALL DOCUMENTS RELATING TO the DIP LOAN.

6.      ALL DOCUMENTS RELATING TO the DIP LENDER.

7.      ALL DOCUMENTS RELATING TO the LEASE.

8.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

9.      ALL DOCUMENTS RELATING TO DMB.

10.     ALL DOCUMENTS RELATING TO VBH.

11.     ALL DOCUMENTS RELATING TO any YOUR opinions concerning the
        BROADWAY PROPERTY as set forth in the LOAN MOTION.

12.     ALL DOCUMENTS RELATING TO YOUR declaration submitted in support of
        the LOAN MOTION and LEASE MOTION.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Almighty Builders Inc., Daniel Halevy, Agent for Service of Process, 133 South Palm Dr Apt 5, Beverly Hills, CA 90212
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025 _____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Gerrick M. Warrington _____
*Attorney's signature*
Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):*  _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows:  _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $  _____.

My fees are $  _____ for travel and $  _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

**TALERICO DECL. - EXHIBIT A - Page 54**

## Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" means Almighty Builders, Inc.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

12.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

13.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## INSTRUCTIONS

1.      Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.      The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.      If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.      If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.      If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.    ALL DOCUMENTS RELATING TO BROADWAY.

2.    ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.    ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.    ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.    ALL DOCUMENTS RELATING TO the DIP LOAN.

6.    ALL DOCUMENTS RELATING TO the DIP LENDER.

7.    ALL DOCUMENTS RELATING TO the LEASE.

8.    ALL DOCUMENTS RELATING TO the LEASE MOTION.

9.    ALL DOCUMENTS RELATING TO any certificate of occupancy concerning the BROADWAY PROPERTY.

10.    ALL DOCUMENTS RELATING TO any temporary certificate of occupancy concerning the BROADWAY PROPERTY.

11.    ALL DOCUMENTS RELATING TO construction budgets, subcontractors, labor, materials, architectural plans, permits, approvals, inspections, construction timelines, cost overruns RELATING TO the BROADWAY PROPERTY.

12.    ALL DOCUMENTS RELATING TO contracts, work orders, and/or change orders related to the work performed at the BROADWAY PROPERTY.

13.    ALL DOCUMENTS RELATING TO work that YOU have completed on the BROADWAY PROPERTY, including all improvements, repairs, renovations, or alterations made.

14.    ALL DOCUMENTS RELATING TO work that YOU have not yet completed on the BROADWAY PROPERTY.

15.    ALL DOCUMENTS RELATING TO reports, certifications, or documentation confirming that the construction work at BROADWAY PROPERTY complies with applicable local, state, and federal building codes and regulations.

16.    ALL DOCUMENTS RELATING TO ANY completion certificate or any other DOCUMENT verifying that the construction work on the BROADWAY PROPERTY has been completed.

17.    ALL DOCUMENTS RELATING TO ANY insurance policies covering the construction project at BROADWAY PROPERTY, including but not limited to general liability, workers' compensation, and property insurance.

18.    ALL DOCUMENTS RELATING TO ANY performance bond or payment bond was required for the BROADWAY PROPERTY.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central                                   District of  California

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

Debtor
*(Complete if issued in an adversary proceeding)*

Plaintiff

v.

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Jack Stephens, 2600 Redondo Avenue Suite 500, Long Beach, CA  90806
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 6, 2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Gerrick M. Warrington
*Attorney's signature*
Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)* Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are: Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

**TALERICO DECL. - EXHIBIT A - Page 61**

Case 2:24-bk-12079-VZ    Doc 436-4    Filed 02/18/25    Entered 02/18/25 23:59:13    Desc
Declaration to Derrick Talerico and Exhibits    Page 62 of 107

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

## Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.  As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.  As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.  As used herein, the term "YOU" or "YOUR" means Jack Stephens, an individual.

6.  As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.  As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.  As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.  As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.  As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.  As used herein, the term "VBH" means View Behavioral Health, LLC, and all of its subsidiaries, a tenant listed on the LEASE.

12.  As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

13.  As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

14.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

15.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

**INSTRUCTIONS**

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.    ALL DOCUMENTS RELATING TO BROADWAY.

2.    ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.    ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.    ALL DOCUMENTS RELATING TO the DIP LOAN.

5.    ALL DOCUMENTS RELATING TO the DIP LENDER.

6.    ALL DOCUMENTS RELATING TO the LEASE.

7.    ALL DOCUMENTS RELATING TO the LEASE MOTION.

8.    ALL DOCUMENTS RELATING TO DMB.

9.    ALL DOCUMENTS RELATING TO VBH.

10.   ALL DOCUMENTS RELATING TO VBH's current audited and/or unaudited financial statements, including profit and loss statements, income statements, cash flow statements, balance sheets, and interest-holder and/or shareholder equity.

11.   ANY DOCUMENTS RELATING TO VBH's tax returns.

12.   ANY DOCUMENTS RELATING TO VBH's savings, checking, deposit, and/or other financial accounts, including bank statements.

13.   ANY DOCUMENTS RELATING TO VBH's hierarchical and/or organizational structure.

14.   ANY DOCUMENTS RELATING TO VBH's current and/or fixed assets.

15.   ANY DOCUMENTS RELATING TO VBH's liabilities.

16.   ANY DOCUMENTS RELATING TO VBH's revenue and expenses.

17.   ALL DOCUMENTS RELATING TO VBH's license to conduct business in California.

18.   ALL DOCUMENTS RELATING TO any litigation or claims, commenced or threatened, against VBH or any of its current or former officers, owners, and/or controllers, within the past five years.

19.   ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered against VBH or any of its current or former officers, owners, or controllers in the past five years.

20. ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or judgments entered against VBH or any of its current or former officers, owners, or controllers in the past five years.

21. ALL DOCUMENTS RELATING TO any contempt sanctions entered against VBH or any of its current or former officers, owners, or controllers in the past five years.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re
SEATON INVESTMENTS, LLC, *et al.*, _____

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

_____ Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Noah Emanuel Streit, Agent for Service of Process for Streit Capital Corp., 15350 Sherman Way, #210, Van Nuys, CA 91406
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025 _____

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
                                          Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects in a Case or Adversary Bankruptcy or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---


American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" means Streit Capital Corp., including its agents, officers, representatives, and principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.      As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.      As used herein, the term "VBH" means View Behavioral Health, LLC, a tenant listed on the LEASE.

12.      As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

13.     As used herein, the term "DIP LOAN" means the debtor in possession loan referred to in the LOAN MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## **INSTRUCTIONS**

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.      ALL DOCUMENTS RELATING TO the DIP LOAN.

6.      ALL DOCUMENTS RELATING TO the DIP LENDER.

7.      ALL DOCUMENTS RELATING TO the letter of intent filed concurrently with
the LOAN MOTION.

8.      ALL DOCUMENTS RELATING TO the LEASE.

9.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

10.     ALL DOCUMENTS RELATING TO VBH.

15.     ALL DOCUMENTS RELATING TO the source of capital RELATING TO the
DIP LOAN.

16.     ALL DOCUMENTS RELATING TO any investor funds RELATING TO the DIP
LOAN.

11.     ANY DOCUMENTS RELATING TO YOUR Financial wherewithal to make the
LOAN.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re
SEATON INVESTMENTS, LLC, *et al.*, _____

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Aric A Streit, Agent for Service of Process, Vicino LLC, General Partner of Vicino Limited Partnership, 15350 Sherman Way, #210, Van Nuys, CA  91406

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025 _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Gerrick M. Warrington _____
*Attorney's signature*
Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)* Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  …
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

5473962v1 | 101415-0002

**TALERICO DECL. - EXHIBIT A - Page 77**

American LegalNet, Inc.
www.FormsWorkFlow.com

# Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3.  As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.  As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.  As used herein, the term "YOU" or "YOUR" means Vicino LLC, a California limited liability company, including its agents, officers, representatives, and principals.

6.  As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.  As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.  As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.  As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.  As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.  As used herein, the term "VBH" means View Behavioral Health, LLC, a tenant listed on the LEASE.

12.  As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

13.     As used herein, the term "DIP LOAN" means the debtor in possession loan referred to in the LOAN MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.      ALL DOCUMENTS RELATING TO the DIP LOAN.

6.      ALL DOCUMENTS RELATING TO the DIP LENDER.

7.      ALL DOCUMENTS RELATING TO the letter of intent filed concurrently with the LOAN MOTION.

8.      ALL DOCUMENTS RELATING TO the LEASE.

9.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

10.     ALL DOCUMENTS RELATING TO VBH.

15.     ALL DOCUMENTS RELATING TO the source of capital RELATING TO the DIP LOAN.

16.     ALL DOCUMENTS RELATING TO any investor funds RELATING TO the DIP LOAN.

11.     ANY DOCUMENTS RELATING TO DIP LENDER's financial wherewithal to make the LOAN.

12.     ANY DOCUMENTS RELATING TO Vicino Limited Partnership.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of __California__

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Simon Financial, Inc. c/o Agent for Service of Process, Debbie A Simon 12311 Darlington Avenue, Los Angeles, CA 90049
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025

CLERK OF COURT

OR

_____            /s/ Gerrick M. Warrington
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*
                                                Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)* Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5474053v1 | 101415-0002                               1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 2:24-bk-12079-VZ    Doc 436-4    Filed 02/18/25    Entered 02/18/25 23:59:13    Desc
Declaration to Derrick Talerico and Exhibits    Page 84 of 107

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

3


American LegalNet, Inc.
www.FormsWorkFlow.com

## Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

3. As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4. As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5. As used herein, the term "YOU" or "YOUR" means Simon Financial, Inc., a California corporation, and its agents, officers, and representatives.

6. As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7. As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8. As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9. As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10. As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11. As used herein, the term "VBH" means View Behavioral Health, LLC.

12. As used herein, the term "CNN" means Collaborative Neuroscience Network LLC dba Oceanview Adult Psychiatric Hospital

13. As used herein, the term "VBHC" means View Behavioral Health Colton, LLC.

14. As used herein, the term "VBHC2" means View Behavioral Health Colton 2 LLC.

15.     As used herein, the term "STEPHENS" means Jack Stephens.

16.     As used herein, the term "OPINION" means the opinion letter you signed, which is dated June 9, 2024, concerning VBH, CNN, VBHC, and VBHC2.

17.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

18.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

19.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

**INSTRUCTIONS**

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

## DOCUMENTS TO BE PRODUCED

1. ALL DOCUMENTS RELATING TO BROADWAY.

2. ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3. ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4. ALL DOCUMENTS RELATING TO the LOAN MOTION.

5. ALL DOCUMENTS RELATING TO the DIP LOAN.

6. ALL DOCUMENTS RELATING TO the DIP LENDER.

7. ALL DOCUMENTS RELATING TO the LEASE.

8. ALL DOCUMENTS RELATING TO the LEASE MOTION.

9. ALL DOCUMENTS RELATING TO VBH.

10. ALL DOCUMENTS RELATING TO CNN.

11. ALL DOCUMENTS RELATING TO VBHC.

12. ALL DOCUMENTS RELATING TO VBHC2.

13. ALL DOCUMENTS RELATING TO STEPHENS.

14. ALL DOCUMENTS RELATING TO YOUR OPINION submitted in support of the LOAN MOTION and LEASE MOTION.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1

## PROOF OF SERVICE

2

### In re SEATON INVESTMENTS, LLC, et al., 2:24-bk-12079-VZ

3

I, the undersigned, declare and certify as follows:

4

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

5

6

7

On February 6, 2025, I served true copy(ies) of the **ARCHWAY BROADWAY LOAN SPE, LLC'S NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

8

9

### SEE ATTACHED SERVICE LIST

10

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

11

12

13

14

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: achase@frandzel.com.

15

16

17

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

18

19

Executed on February 6, 2025, at Los Angeles, California.

20

21

/s/ Annette Chase
Annette Chase

22

23

24

25

26

27

28

**SERVICE LIST**

Derrick Talerico                                    Counsel to Corporate Debtors
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Suite 730
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: dtalerico@wztslaw.com

Courtesy Copy to:

Zev Shechtman                                      Counsel to Individual Debtors
Ryan Coy
Saul Ewing LLP
1888 Century Park East
Suite 1500
Los Angeles, CA 90067
310-255-6130
Fax : 310-255-6200
Email: Zev.Shechtman@saul.com
Ryan.Coy@saul.com

Kelly L Morrison                                   Office of the United States Trustee
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-2656
Fax : 213-894-2603
Email: kelly.l.morrison@usdoj.gov

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☒ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☐ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | **ARCHWAY BROADWAY LOAN SPE, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEBTORS, SET ONE, RE RENEWED LEASE AND DIP LOAN MOTIONS**<br><br>Fed. R. Bankr. P. 9014(c); Fed. R. Civ. P. 34<br><br>Hon. Vincent P. Zurzolo |

1

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  **PROPOUNDING PARTY: Archway Broadway Loan SPE, LLC**

2  **RESPONDING PARTY: Broadway Avenue Investments LLC**

3  **SET NO.: One**

4       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to contested

5  matters via Rules 9014(c) and 7034 of the Federal Rules of Bankruptcy Procedure, Archway

6  Broadway Loan SPE, LLC propounds its First Set of Requests for Production of Documents upon

7  the above-referenced Debtor in connection with the renewed lease and loan motions filed by the

8  Debtors in these jointly-administered chapter 11 cases on February 4, 2025.

9  **DEFINITIONS**

10      1.    As used herein, the term "ALL" means any and all.

11      2.    The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in

12  Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of

13  reduction of information or data to tangible form, including emails, computer or magnetic memory

14  or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however

15  produced or reproduced, including originals, drafts, or non-identical copies, wherever located.

16  The term DOCUMENT or DOCUMENTS shall include, but not be limited to,

17  COMMUNICATIONS, books, contracts, agreements, correspondence, notes of conversations,

18  computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports,

19  bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes,

20  telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data

21  compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys,

22  sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases,

23  advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files,

24  quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings,

25  transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the

26  foregoing when the original is not available or if the copy contains any additional writing or is not

27  an identical copy without change or interlineations of the original. The term DOCUMENT shall

28  also include "ESI," meaning all electronically stored information, including, without limitation, e-

2

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  mails, electronically stored data on magnetic or optical storage media as an "active" file or files

2  (readily readable by one or more computer applications or forensics software); any "deleted" but

3  recoverable electronic files on said media; any electronic file fragments (files that have been

4  deleted and partially overwritten with new data); and slack (data fragments stored randomly from

5  random access memory on a hard drive during the normal operation of a computer [RAM slack] or

6  residual data left on the hard drive after new data has overwritten previously stored data).

7      3.      As used herein, the term "COMMUNICATION" means any oral or written

8  communication or exchange of information between two or more persons, including, without

9  limitation, written contact by such means as a letter, email, text message, SMS message, social

10  medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral

11  contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone

12  conversation, or otherwise, and every other mode of intentionally conveying meaning.

13      4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well

14  as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting,

15  concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, or

16  summarizing, in whole or in part, the DOCUMENT.

17      5.      As used herein, the term "YOU," "YOURS," and "BROADWAY" means

18  Broadway Avenue Investments LLC, a California limited liability company.

19      6.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton

20  Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United

21  States Bankruptcy Court for the Central District of California, lead case number

22  2:24-bk-12079-VZ.

23      7.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease

24  filed in the BANKRUPTCY CASE at docket number 420.

25      8.      As used herein, the term "LEASE" means the lease referred to in the LEASE

26  MOTION.

27      9.      As used herein, the term "LOAN MOTION" means the Motion to Approve DIP

28  Loan filed in the BANKRUPTCY CASE at docket number 418.

10.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

11.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

12.     As used herein, the term "VBH" means View Behavioral Health, LLC.

13.     As used herein, the term "CNN" means Collaborative Neuroscience Network LLC dba Oceanview Adult Psychiatric Hospital

14.     As used herein, the term "VBHC" means View Behavioral Health Colton, LLC.

15.     As used herein, the term "VBHC2" means View Behavioral Health Colton 2 LLC.

16.     As used herein, the term "STEPHENS" means Jack Stephens.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1  (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

2  or participated in its preparation; and (e) the identity of all individuals who received copies of it.

3  **REQUESTS FOR PRODUCTION**

4  1.  ALL DOCUMENTS RELATING TO the LEASE.

5  2.  ALL DOCUMENTS RELATING TO VBH.

6  3.  ALL DOCUMENTS RELATING TO CNN.

7  4.  ALL DOCUMENTS RELATING TO VBHC.

8  5.  ALL DOCUMENTS RELATING TO VBHC2.

9  6.  ALL DOCUMENTS RELATING TO STEPHENS.

10  7.  ALL DOCUMENTS RELATING TO any proposed tenant under the LEASE,

11  including current audited and/or unaudited financial statements, profit and loss statements, income

12  statements, cash flow statements, balance sheets, interest-holder and/or shareholder equity, tax

13  returns, savings, checking, deposit, and/or other financial accounts, including bank statements,

14  hierarchical and/or organizational structure, current and/or fixed assets, liabilities, revenue and

15  expenses, non-profit status, license to conduct business in California, threatened or commenced

16  civil litigation or criminal inquiries or prosecutions, civil judgments, criminal convictions,

17  sanctions, contempt orders, of any such proposed tenant.

18  8.  ALL DOCUMENTS RELATING TO the DIP LOAN.

19  9.  ALL DOCUMENTS RELATING TO the DIP LENDER.

20  10.  ALL DOCUMENTS RELATING TO the broker of the DIP LOAN.

21  11.  ALL DOCUMENTS RELATING TO the broker of the DIP LOAN.

22  12.  ALL DOCUMENTS RELATING TO any certificate of occupancy concerning the

23  BROADWAY PROPERTY.

24  13.  ALL DOCUMENTS RELATING TO any temporary certificate of occupancy

25  concerning the BROADWAY PROPERTY.

26  14.  ALL DOCUMENTS RELATING TO construction budgets, subcontractors, labor,

27  materials, architectural plans, permits, approvals, inspections, construction

28  timelines, cost overruns RELATING TO the BROADWAY PROPERTY.

5

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

15.    ALL DOCUMENTS RELATING TO contracts, work orders, and/or change orders related to the work performed at the BROADWAY PROPERTY.

16.    ALL DOCUMENTS RELATING TO construction, repair, and/or tenant improvement work completed on the BROADWAY PROPERTY, including all improvements, repairs, renovations, or alterations made.

17.    ALL DOCUMENTS RELATING TO construction, repair, and/or tenant improvement work commenced, but not yet completed, on the BROADWAY PROPERTY, including all improvements, repairs, renovations, or alterations made.

18.    ALL DOCUMENTS RELATING TO reports, certifications, or documentation confirming that the construction work at BROADWAY PROPERTY complies with applicable local, state, and federal building codes and regulations.

19.    ALL DOCUMENTS RELATING TO ANY completion certificate or any other DOCUMENT verifying that the construction work on the BROADWAY PROPERTY has been completed.

20.    ALL DOCUMENTS RELATING TO ANY insurance policies covering the construction project at BROADWAY PROPERTY, including but not limited to general liability, workers' compensation, and property insurance.

21.    ALL DOCUMENTS RELATING TO ANY performance bond or payment bond was required for the BROADWAY PROPERTY.

22.    ALL DOCUMENTS RELATING TO Zenith Healthcare Management, LLC.

23.    ALL DOCUMENTS RELATING TO Steven Bombola.

24.    ALL DOCUMENTS RELATING TO David Schwarcz.

25.    ALL DOCUMENTS RELATING TO Judy Cox.

26.    ALL DOCUMENTS RELATING TO Steve Gold.

27.    ALL DOCUMENTS RELATING TO valuation of the BROADWAY PROPERTY.

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
RE DEBTORS' RENEWED LEASE AND DIP LOAN MOTIONS

1    DATED:  February 6, 2025                FRANDZEL ROBINS BLOOM & CSATO, L.C.

2

3                                                    By:        /s/ Gerrick M. Warrington

4                                                              GERRICK M. WARRINGTON
                                                             Attorneys for Secured Creditor
5                                                              ARCHWAY BROADWAY LOAN SPE, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

7

**TALERICO DECL. - EXHIBIT A - Page 97**

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## PROOF OF SERVICE

### In re SEATON INVESTMENTS, LLC, et al., 2:24-bk-12079-VZ

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California.  I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction.  My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 6, 2025, I served true copy(ies) of the **ARCHWAY BROADWAY LOAN SPE, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEBTORS, SET ONE, RE RENEWED LEASE AND DIP LOAN MOTIONS**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: achase@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 6, 2025, at Los Angeles, California.


_____
/s/ Annette Chase
Annette Chase

8

**SERVICE LIST**

Derrick Talerico                                Counsel to Corporate Debtors
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Suite 730
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: dtalerico@wztslaw.com

Zev Shechtman                                   Counsel to Individual Debtors
Ryan Coy
Saul Ewing LLP
1888 Century Park East
Suite 1500
Los Angeles, CA 90067
310-255-6130
Fax : 310-255-6200
Email: Zev.Shechtman@saul.com
Ryan.Coy@saul.com

Kelly L Morrison                                Office of the United States Trustee
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-2656
Fax : 213-894-2603
Email: kelly.l.morrison@usdoj.gov

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
  gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☒ All Debtors | **ARCHWAY BROADWAY LOAN SPE, LLC'S DEMAND FOR DELIVERY OF VOLUMINOUS WRITINGS AND RECORDS** |
| ☐ Seaton Investments, LLC ☐ Colyton Investments, LLC ☐ Broadway Avenue Investments, LLC ☐ SLA Investments, LLC ☐ Negev Investments, LLC ☐ Alan Gomperts ☐ Daniel Halevy ☐ Susan Halevy | |
| | Fed. R. Evid. 1006 |
| | Hon. Vincent P. Zurzolo |

1

1    TO COUNSEL:

2          Pursuant to Rule 1006 of the Federal Rules of Evidence, Archway Broadway Loan SPE,

3    LLC hereby requests that you deliver copies of the original documents underlying Exhibit 1 to the

4    Declaration of Daniel Halevy, which appears at Docket Number 421-2 at page 5 of 5.

5          Please deliver same as follows:

6          Date/time: On or before Tuesday, February 11, 2025, at noon Pacific Time

7          Method: By delivering printed copies of same to Archway, in care of Gerrick M.

8    Warrington at Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, Nineteenth Floor,

9    Los Angeles, California 90017-2427, or by emailing PDF copies to gwarrington@frandzel.com.

10   DATED:  February 7, 2025              FRANDZEL ROBINS BLOOM & CSATO, L.C.

11

12                                        By:        /s/ Gerrick M. Warrington
13                                              GERRICK M. WARRINGTON
                                                Attorneys for Secured Creditor
14                                              ARCHWAY BROADWAY LOAN SPE, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## PROOF OF SERVICE

### In re SEATON INVESTMENTS, LLC, et al., 2:24-bk-12079-VZ

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 7, 2025, I served true copy(ies) of the **ARCHWAY BROADWAY LOAN SPE, LLC'S DEMAND FOR DELIVERY OF VOLUMINOUS WRITINGS AND RECORDS**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: achase@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 7, 2025, at Los Angeles, California.

_____
/s/ Annette Chase
Annette Chase

FED. R. EVID. 1006 DEMAND

**TALERICO DECL. - EXHIBIT A - Page 102**

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**SERVICE LIST**

Derrick Talerico                             Counsel to Corporate Debtors
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Suite 730
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: dtalerico@wztslaw.com

Zev Shechtman                               Counsel to Individual Debtors
Ryan Coy
Saul Ewing LLP
1888 Century Park East
Suite 1500
Los Angeles, CA 90067
310-255-6130
Fax : 310-255-6200
Email: Zev.Shechtman@saul.com
Ryan.Coy@saul.com

Courtesy Copy to:

Kelly L Morrison                            Office of the United States Trustee
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-2656
Fax : 213-894-2603
Email: kelly.l.morrison@usdoj.gov

4

# EXHIBIT B

# Serene LOI



**DIP Term Sheet**

February 18, 2025

This Term Sheet sets forth the terms and conditions of the Credit Facility (the "Facility") to be provided by Serene Investment Management, LLC, or affiliates ("Lender") to the Borrower. This term sheet is non-binding and is merely an expression of interest until approval of the financing by the Bankruptcy Court. Lender is comfortable funding the Facility as outlined in this Term Sheet upon approval and is very familiar and experienced with DIP Financings. Sample transactions can be found online at www.sereneim.com.

| | |
|---|---|
| **Borrower:** | Broadway Avenue Investments, LLC |
| **Facility Amount:** | $3,500,000 Term Loan (the 'Commitment'), fully funded upon entry of the Final Order. |
| **Term:** | Twelve (12) months. |
| **Use of Proceeds:** | Funding tenant improvements, operational cash flow needs, and other approved restructuring costs as per an approved DIP Budget. |
| **Interest Rate & MOIC:** | Structured for 1.3x MOIC at maturity or early payoff. |
| **Default Rate:** | +8% upon any Event of Default. The Default Rate shall automatically accrue from and after the occurrence and continuance of any Event of Default in the definitive loan documents, whether or not any notice is given. |
| **Facility Fee:** | Back-ended to maturity or early payoff, structured to ensure 1.3x MOIC is met. |
| **Pre-Pay / Make Whole:** | Minimum MOIC of 1.3x the Commitment. |

**Contingent Transactions:**    An Order granting super-priority administrative claims and priming liens, subject to Bankruptcy Court approval.

**Expenses:**    Borrower shall be responsible for all costs.

**Covenants:**    Standard DIP Covenants in Loan Documents on Final Order.

**Work Fee / Break-Up:**    $100,000 if another lender is selected for Final Order.

**Priority, Liens, Collateral:**    In addition to litigation claims and other standard DIP collateral, Super Priority Priming Liens and administrative claims on:

- First-priority lien on 737 S. Broadway, Los Angeles, CA 90014.
- Priming over Archway Capital, subject to court approval.

Sincerely,

*Adam Phillips*

Adam Phillips
Principal
Serene Investment Management, LLC
www.sereneim.com

**By:** _____

**Name:** Adam Phillips
**Title:** Principal
**Entity:** Serene Investment Management, LLC

**By:** _____

**Name:**
**Title:**
**Entity:**