ZEV SHECHTMAN (Bar No. 266280)
zev.shechtman@saul.com
CAROL CHOW (Bar No. 169299)
carol.chow@saul.com
RYAN F. COY (Bar No. 324939)
ryan.coy@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100

Counsel to Debtors
Alan Gomperts, Daniel Halevy, and
Susan Halevy

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re:

SEATON INVESTMENTS, LLC, *et al.*,

Debtors and Debtors in Possession.

☐ Affects All Debtors.
☐ Affects Seaton Investments, LLC
☐ Affects Colyton Investments, LLC
☒ Affects Broadway Avenue Investments, LLC
☒ Affects SLA Investments, LLC
☒ Affects Negev Investments, LLC
☒ Affects Alan Gomperts
☒ Affects Daniel Halevy
☒ Affects Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:
2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ
and 2:24-bk-12076-VZ

Chapter 11

**DEBTORS' STATUS REPORT RE CONTINUED HEARING ON ORDER TO APPEAR TO EXPLAIN WHY CASES SHOULD NOT BE DISMISSED**

Hearing:
Date: February 27, 2025
Time: 11:00 a.m.
Crtrm.: 1368

1

Debtors Alan Gomperts, Daniel Halevy, and Susan Halevy (collectively, the "Individual Debtors") and debtors Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), and Negev Investments, LLC ("Negev," and collectively with Broadway and SLA, the "Corporate Debtors," and collectively with the Individual Debtors, the "Debtors") hereby submit this status update to the responses of Debtors (Docket Nos. 397, 412) re Order to Appear to Explain why Cases Should not be Dismissed (Docket No. 367) (the "OSC"). The Debtors wish to apprise the Bankruptcy Court of the most recent developments in their cases prior to the OSC hearing.

Given the Debtors' progress and recent developments, the Debtors request that the Court continue the OSC hearing to April 10, 2025—the anticipated hearing on confirmation of the Debtors' joint plan of reorganization.

## I.  BACKGROUND

On December 20, 2024, the Court entered the OSC requiring the Debtors to "show cause why the above-captioned bankruptcy cases should not be converted or dismissed pursuant to 11 U.S.C. § 1112." OSC at p. 2.

On January 16, 2025, the Debtors filed a response to the OSC ("Response to OSC," Docket No. 397), and on January 29, 2025, the Debtors filed a further status update regarding the OSC ("Status Update re OSC," Docket No. 412).[1]

At the prior OSC hearing, on January 30, 2025, counsel for the Debtors indicated that two of the debtors, Seaton Investments, LLC and Colyton Investments, LLC, could be dismissed. Before the January 30, 2025 hearing, the Debtors had submitted an updated plan of organization dated January 16, 2025. Then, on February 6, 2025, the Debtors submitted an amended plan of reorganization (the "Plan") and disclosure statement ("Disclosure Statement")(Docket No. 426), and the Debtors filed a motion for approval of the adequacy of information in the Disclosure Statement (Docket No. 427), which is set for hearing concurrently with the continued OSC hearing.

As to Broadway and the payments to be made to Archway Broadway Loan SPE, LLC

---

[1] To avoid redundancy, the Debtors hereby incorporate the facts, evidence, and arguments contained in the Response to OSC and the Status Update re OSC.

2

("Archway"), the Plan's provisions rely on rental income to be generated by the real property located at 737 S. Broadway, Los Angeles, CA 90014 (the "Broadway Building"). Broadway has been able to acquire a tenant for the Broadway Building, and the potential tenant would enter a lease with Broadway, which would support the payments proposed by the Plan. Broadway sought approval to enter into this lease post-petition under a motion that is set for hearing on February 25, 2025 (Docket No. 420).

## II. STATUS UPDATE

The hearing on the Disclosure Statement is scheduled with the continued hearing on the OSC, and the Debtors request the approval of the Disclosure Statement on February 27, 2025 and request a finding that the Disclosure Statement contains adequate information. If the Court approves the adequacy of the Disclosure Statement, then it appears the issue raised in connection with the OSC would be mooted or at least resolved, and the Debtors request that the Court either discharge the OSC, or at further continue the OSC to April 10, 2025 to be heard concurrently with the anticipated confirmation hearing.

Notwithstanding the significant progress that the Debtors have made since the entry of the OSC, creditor Archway has demonstrated its true intentions as it has continued on its path of scorched-earth litigation, harassing and overwhelming anyone attempting to transact with Broadway and the other debtors. Archway's strategy is clear: create as many controversies and issues as possible in order to delay progress beyond the scheduled foreclosure date in April.[2] Unfortunately, Archway's tactics have been partially successful as the lender, Streit Lending, decided to withdraw its Letter of Intent ("LOI") instead of hiring counsel to respond to Archway's overbroad and excessive discovery requests.

Nonetheless, the Debtors and their counsel have attempted to cooperate in good faith with Archway's discovery, attempting to independently request production of documents regardless of whether Archway properly served the related 11-12 document demands. The Debtors have helped

---

[2] *See* Broadway's reply to Archway's omnibus objections, filed on February 18, 2025 ("Broadway Reply," Docket No. 436).

3

to facilitate the rolling production of documents less than a week after receiving notice of the subpoenas, even though Archway set deadline for production of March 10, 2025—well after the scheduled hearings on February 25 and 27, 2025.  In connection with such productions of documents, Archway's counsel has refused to agree to confidentiality of any sensitive third-party business records and Archway appears unwilling to cooperate on protections of sensitive third-party information or any limitations on the scope of the plainly overbroad discovery requested.

However, through the Debtors' diligent efforts, new lending has been secured with a new LOI from Serene Investment Management, LLC (*see* Broadway Reply, Docket No. 436).

The Debtors' Plan and Disclosure Statement are adequate and feasible, and the Debtors believe that they will be in a position to seek confirmation of the Plan on April 10, 2025.  Therefore, the Debtors believe that dismissal or conversion under § 1112 is not appropriate, and the Court should either discharge the OSC or continue the hearing on the OSC to April 10, 2025 to allow them an opportunity to have their Disclosure Statement approved and their Plan confirmed.

### III. CONCLUSION

For the foregoing reasons, the Debtors request that the Court discharge the OSC or that the Court continue the hearing on the OSC to April 10, 2025 to be heard concurrently with the anticipated hearing on the Debtors' confirmation of the Plan.

Dated: February 20, 2025    SAUL EWING LLP


By:   /s/ Ryan Coy
      Zev Shechtman
      Ryan Coy
Attorneys for Individual Debtors

Dated: February 20, 2025         WEINTRAUB ZOLKIN TALERICO & SELTH LLP

By: /s/ Derrick Talerico
Derrick Talerico
Attorneys for Corporate Debtors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **Debtors' Status Report Re Continued Hearing on Order to Appear to Explain Why Cases Should not be Dismissed** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 20, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2025 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:

- **Scott R Albrecht**  salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- **Tanya Behnam**  tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Jacquelyn H Choi**  jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Carol Chow**  Carol.Chow@saul.com, hannah.richmond@saul.com,easter.santamaria@saul.com
- **Robert F Conte**  robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **Ryan Coy**  ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com
- **Christopher Cramer**  secured@becket-lee.com
- **Christopher Crowell**  ccrowell@hrhlaw.com
- **Turner Falk**  turner.falk@saul.com, tnfalk@recap.email
- **Michael G Fletcher**  mfletcher@frandzel.com, sking@frandzel.com
- **Todd S. Garan**  ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Richard Girgado**  rgirgado@counsel.lacounty.gov
- **Jacqueline L James**  jjames@hrhlaw.com
- **Kelly L Morrison**  kelly.l.morrison@usdoj.gov
- **Avi Edward Muhtar**  amuhtar@crownandstonelaw.com
- **Bruce D Poltrock**  bpoltrock@frandzel.com, achase@frandzel.com
- **Paige Selina Poupart**  ppoupart@frandzel.com, achase@frandzel.com
- **Lovee D Sarenas**  lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com
- **Zev Shechtman**  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **David B Shemano**  dshemano@shemanolaw.com
- **Derrick Talerico**  dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Garrick Vanderfin**  gvanderfin@polsinelli.com, zyoung@Polsinelli.com;ladocketing@polsinelli.com
- **Gerrick Warrington**  gwarrington@frandzel.com, achase@frandzel.com
- **Jennifer C Wong**  bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                         **F 9013-3.1.PROOF.SERVICE**