Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
David B. Zolkin (State Bar No. 155410
dzolkin@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to
Broadway Avenue Investments, LLC
SLA Investments, LLC and Negev Investments, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☒ Affects Broadway Avenue Investments, LLC<br>☒ Affects SLA Investments, LLC<br>☒ Affects Negev Investments, LLC<br>☒ Affects Alan Gomperts<br>☒ Affects Daniel Halevy<br>☒ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**DEBTOR'S REPLY TO OPPOSITION AND OBJECTION TO JOINT DEBTORS MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT**<br><br>Hearing:<br>Date:     February 27, 2025<br>Time:    11:00 a.m.<br>Crtrm:   1368<br>          255 E. Temple Street<br>          Los Angeles, CA 90012 |

## I. INTRODUCTION

Two objections have filed to the Debtors' Motion to Approve Adequacy of Disclosure Statement: one by Archway Broadway Loan SPE, LLC ("Archway") [Doc. 434] and another, jointly by Harvest Small Business Finance, LLC and Harvest Commercial Capital, LLC (together, "Harvest") [Doc. 433]. Archway's objection includes a laundry list of concerns primarily relating to its own litigation against the Debtors. Most of Archway's comments are either plan confirmation issues or issues that Archway is the most knowledgeable about because the issues relate to Archway's very active litigation campaign against the Debtors. Thus, the proposed edits serve no purpose other than to attempt to expand pending litigation into this proceeding focusing on the adequacy of disclosure. Archway should not be permitted to weaponize the disclosure statement approval process for its own purposes. Nevertheless, the Debtors will attempt to address some of these comments with light revisions to the Disclosure Statement.

Harvest raised discrete issues, some of which can be easily addressed with revisions, or otherwise, as discussed below.

The Disclosure Statement provides adequate disclosure, or is easily updatable, and should be approved as adequate. In the alternative, the Court may provide conditional approval of adequacy of disclosure, reserving final approval for the hearing on plan confirmation.

## II. DISCUSSION OF ARCHWAY'S OBJECTION

### A. Notice is proper.

Despite Archway's rhetoric, the Debtors gave notice of the hearing on the Disclosure Statement to all creditors entitled to notice on January 16, 2025 [Doc. 399], 42 days before the currently scheduled hearing as required by LBR 3017-1. The local rules do not state that there can be no revisions to the proposed disclosure statement between the date of notice and the date of the hearing. Indeed, the form of NOTICE OF MOTION AND MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT approved for use in cases assigned to this Court, provides a line item and check-box to indicate that an Amended Disclosure Statement and Plan was filed after the Notice of Hearing and is attached to the motion:

3.  ☒ Amended Disclosure Statement and/or Plan:

☒ Attached is an Amended Disclosure Statement and Plan that was filed after the Notice of Hearing on Adequacy of Disclosure Statement was filed.

Approval of the Disclosure Statement is a dynamic process requiring some flexibility to address concerns of creditors and the Court. It is not unusual for amendments to occur throughout the process. Indeed, a 42-day period contemplates some adjustments.

Here, Archway is objecting to the fact that the Debtors updated the disclosure statement during the process. The amendments at issue occurred 21 days before the hearing, and Archway had time to object. No one, other than Archway, objects on this ground. Moreover, it is sometimes necessary to revise a disclosure statement multiple times to make sure that the issues raised by creditors and the court are adequately addressed. The Debtors intend to submit a redline which will address revisions prompted by these very objections. In a complex case, as chapter 11 cases often are, one should not expect a disclosure statement to remain static and completely unchanged throughout a 42-day notice period. That would be contrary to both the letter and the spirit of the law. The Debtors will serve the approved Disclosure Statement on all creditors entitled to vote.

### B. There is no substantive consolidation even though the Debtors are sharing resources to address Archway's claim.

Again, Archway is raising a hypothetical argument of another creditor—one that is inapt for Archway itself. Archway has a secured claim against Broadway guaranteed by the Individual Debtors. The primary focus of this Plan is to procure funds sufficient to make Broadway cashflow positive so it can pay off Archway. The Individual Debtors are contributing their own resources to this cause. The Individual Debtors have much to lose as the principals of Broadway and guarantors of the debt. Archway is complaining about the Debtors' effort to pool some of their resources to pay Archway. This is not substantive consolidation, because the Debtors are not combining all of their assets and all of their liabilities. *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000). Further, Archway always knew that it was lending to a family business and demanded the guaranties of the family members who owned the business. Substantive consolidation is inappropriate when lenders have relied on the separateness of entities when they extended credit. *Id*. at 766. Here, Archway relied on the Individual Debtors' guaranties and other security for the loan. That does not mean that substantive consolidation applies. Archway tries to prove too much.

The Debtors have a shared burden as it relates to their debt to Archway. Combining their resources to tackle a mutual problem is a feature, not a defect, of the Debtors' plan. But it is not a substantive consolidation of debtor estates.

### C. Adequacy of Information

#### 1. **The standard for adequacy of information**

Information in a disclosure statement must allow creditors to make "an informed judgment about the plan." The adequacy of the information provided in a disclosure statement is decided on a "case-by-case" basis. *In re Brotby*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003). The bankruptcy court enjoys wide discretion in this determination. *Id.*; *In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991). There is no single list of factors for a court to consider and no single piece of information that is dispositive. *Ferretti*, 128 B.R. at 19. While courts provide flexible guidance on what needs to be in a disclosure statement, courts also caution against overloading the disclosure statement with facts and figures. As one court note opined:

> The disclosure statement [] should not be burdened with overly technical and extremely numerous additions, where such information would serve only to diminish the understanding of a typical creditor or interest holder.

*In re Cardinal Congregate I*, 121 B.R. 760, 765–66 (Bankr. S.D. Ohio 1990).

Ordinarily, courts should decide confirmation issues at the hearing on plan confirmation and avoid turning the disclosure statement hearing into a premature confirmation hearing. *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 153 (3d Cir. 2012). Yet, a court should not approve a disclosure statement that is "patently unconfirmable." *Id*. Thus, if the court concludes that it is "obvious" that a later confirmation hearing will be "futile," the court has the discretion to withhold approval of the disclosure statement. *Id.* at 154–55 (3d Cir. 2012).

When the court determines that a disclosure statement is adequate prior to plan solicitation, that determination does not prevent the court from considering adequacy of disclosure further at plan confirmation. Thus, a court might grant conditional approval subject to certain conditions being met at plan confirmation. *In re St. Margaret's Health - Peru*, 659 B.R. 691, 698 (Bankr. N.D. Ill. 2024) ("Conditional approval is just that – conditional. The court may revisit the question of the adequacy

of disclosure at plan confirmation, if necessary.") (citing *In re Islet Sciences, Inc*., 640 B.R. 425, 460 (Bankr. D. Nev. 2022)).

2. **The Disclosure Statement provides adequate information.**

Archway is a sophisticated party that already has an extensive amount of information about the Debtors. *In re Copy Crafters Quickprint, Inc*., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) ("In ascertaining the adequacy of information in a disclosure statement, the bankruptcy court must consider each creditor's access to outside sources of information."). Archway is presently in litigation against the Debtors in multiple venues and proceedings. It is not surprising that the most fulsome objection to adequacy of disclosure should come from Archway, a party intent to vote against the Plan if it cannot outright prevent plan solicitation. Archway's vote against the Plan can already be assumed, but there are other creditors whose votes need to be solicited, and their views are yet to be heard.

3. **Certain of the issues raised in Archway's objection are confirmation issues.**

The concerns raised regarding financing and the Lease go to feasibility which is a confirmation issue. See 11 U.S.C. § 1129. Similarly, evidence in support of plan projections is a confirmation issue. The Debtors expect to have a contested confirmation hearing where feasibility will be at issue. Thus, Archway's concerns regarding funding for the Plan and the projections will be open to address at confirmation.

4. **The Debtors will revise the Disclosure Statement to address Archway's comments as follows:**

    a. **Funding of the Plan**

Archway's concern is that rent does not start until six months after the certificate of occupancy is obtained and for there to be sufficient cash flow to make plan payments in month seven, there must be a certificate of occupancy for the entire building. Here again, this is confirmation issue. However, Archway's concern stems from a reading of the Lease that admittedly were less than clear. As set forth in the declarations from Jack Stephens and Alan Gomperts in support of the Debtors' Reply to Archway's Opposition to the Lease Motion [Doc. 436], the Debtor and the proposed tenant both understood that the rent requirement in month seven triggers so long as there is a certificate of

occupancy obtained sometime in the six months prior to month seven…not six months after a certificate of occupancy is obtained. Any operating expenses or other payments due prior to the commencement of rent would be funded from Loan proceeds. The source of funding can already be ascertained from the information set forth in the Plan, but nevertheless, the Debtors will add language in addendum to address this reality.

### b. Lease

Whether the Lease will be approved and consummated is, again, a confirmation issue that goes to feasibility. The Debtors experienced challenges with this Property predating and persisting in these bankruptcies. Archway successfully obtained relief from the automatic stay. Without the Lease, the Plan will not be confirmable. Despite ongoing challenges, the question is whether disclosure is adequate, not whether it is certain that the Lease will be approved and consummated. If the Debtors do not have the Lease (or a viable lease) in place prior to or at confirmation, the Debtors will not be able to confirm this Plan. No additional disclosure is required to address this basic fact of the Plan. Nevertheless, the Debtors will add language to address this concern.

### c. Archway Relief from Stay

Archway obtained relief from stay which allowed it to immediately post a notice of default and to foreclose no earlier than April 11, 2025. Archway asks for more information on what this means. As the litigant prosecuting those claims, Archway is well aware of the facts. Archway suggests that it could bring suit against Broadway and take any action against the Broadway property – other than foreclose – right now. Debtors are shocked that Archway believes the relief from stay order provides it with the right to take such action against Broadway prior to April 11, 2025. Nevertheless, the Debtors will add language to address this concern to inform creditors that if Archway takes action that Debtors believe is a violation of the automatic stay, the Debtors may need to seek emergency relief from the Bankruptcy Court to address Archway's actions.

### d. Cramdown and Timeline

Archway may vote against the Plan, but other classes of creditors may vote in favor of the Plan. Archway is not the only class of creditors entitled to vote on the Plan. Accordingly, Archway's vote against the Plan is not dispositive.

Archway alleges that it lacks time to conduct discovery, revealing its gameplan to run the clock on confirmation. Rule 9014 allows discovery in contested matters. Contested matters sometimes afford only 21 days between notice and the hearing. Here, however, there will be at least 84 days between the service of notice of the hearing on the Disclosure Statement and the hearing on plan confirmation. The Debtors have been providing document productions weeks ahead of the deadlines set forth in Archway's subpoenas served on and after February 5, 2025, and offering witnesses to be deposed in advance of the Disclosure Statement hearing. The Debtors are not opposed to discovery being taken in advance of the confirmation hearing. They have been and will continue to take all reasonable steps to cooperate on reasonable discovery requests. The Debtors have supplied the Declaration of Zev Shechtman discussing their efforts to make sure Archway's discovery demands are satisfied.

### e. Timing of Payment of Loan

The Debtors expect that the Loan approved by the Court will be a one to three year term, potentially subject to extensions. When the Loan matures, it is anticipated that the Broadway property can be sold or the Loan can be refinanced to pay the Loan. Regardless, lien holders retain their collateral which will have far more value than it does today. The Debtors will add language to address this concern.

### f. Archway Claims Against Debtor Alan Gomperts

Archway again commits ink to its ludicrous argument that Broadway was required to make a capital call to fund payments to creditors based upon a misunderstanding or misreading (or both) of Broadway's Operating Agreement. The Court has already dismissed Archway's arguments as folly. There is no reason to amend the Disclosure Statement on this non-issue.

### g. Archway's Litigation Against Debtors Susan Halevy and Daniel Halevy

Archway suggests that it is necessary for the Disclosure Statement to discuss Archway's pending lawsuit against Daniel and Susan Halevy. The Debtors disagree. They will nevertheless add language to address this comment.

/ / /

### h. Archway's Fraudulent Transfer Claim

Archway complains that the Debtors fail to address the prepetition transfer from Susan Halevy to Cannon LLC which Archway alleges is a fraudulent transfer. This is the same transfer for which Archway is suing Cannon LLC in Superior Court alleging fraudulent transfer. The Court previously abstained from this litigation, in which Archway argued that assets of the Debtors inherited from decedent David Halevy were not property of their bankruptcy estates. Again, this is an issue that Archway, a party engrossed in litigation on these matters, is well-aware of. It is not of interest to any other creditor. Nevertheless, the Debtors will add language to address this comment.

### i. Archway's Cross-Collateralization

The level of detail which Archway requires in the Disclosure Statement on this and other issues will not make the Disclosure Statement more intelligible to the average reader. Like many of the other comments, Archway is asking the Debtor to provide more narrative about Archway, and to describe specific loan provisions. The docket of these proceedings is replete with information about Archway. The information demanded here is not required by the Code or case law interpreting it. The Debtors will not attempt to add disclosures that will unnecessarily complicate the Disclosure Statement.

### j. Adequate Protection

The Debtors need not establish adequate protection to provide adequate disclosure. Issues of adequate protection should be raised in contested matters where such issues are particularly pertinent. The Debtors understand that establishing adequate protection is necessary under certain circumstances. The Court should not allow Archway to collapse multiple proceedings into one by requiring other complex issues to be litigated as part of the disclosure statement hearing.

### k. Evidentiary Basis for Projections

Any dispute regarding evidence in support of the Debtors' financial projections should be reserved for plan confirmation.

///

///

///

### III. DISCUSSION OF HARVEST'S OBJECTION

#### A. Harvest's Objections are Addressed by Amendment

Harvest has stated a few discrete objections which can be resolved by revision or do not require revision.

##### 1. **Deadline for SLA to repay the SLA Loan**

SLA intends to repay the SLA Loan by the conclusion of the Plan's three-year term. The Disclosure Statement will be updated to clarify that.

##### 2. **Discharge of Individual Debtors**

The Debtors will seek a discharge upon the conclusion of payments under the Plan.

##### 3. **Treatment of Mateo Guaranty and 1129(a)(15)(A)**

Harvest's claim against Debtor Daniel Halevy on account of the Mateo Loan is an unsecured guaranty claim. Debtor Daniel Halevy will seek a discharge after Harvest is paid what it is entitled to receive as an unsecured creditor. The Debtors expect that the non-debtor obligor, 802 Mateo St., LLC, will pay the secured claim in full, thus extinguishing the guaranty claim against Daniel Halevy. The Disclosure Statement does not require updating to address this comment.

### IV. CONCLUSION

Attached as **Exhibit 1** is the Debtors' proposed Disclosure Statement Addendum to address the concerns raised by Archway and Harvest. With this Addendum, the Court should find that disclosure is adequate and approve the Disclosure Statement.

Dated: February 20, 2025     **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
Derrick Talerico
Counsel to Broadway Avenue Investments, Inc.,
SLA Investments, Inc. and Negev Investments, Inc.

and

**SAUL EWING LLP**
Counsel to Alan Gomperts, Daniel Halevy, and Susan Halevy

# EXHIBIT 1

# Proposed Disclosure Statement Addendum

EXHIBIT 1 - Page 10

## Addendum to Disclosure Statement

The Debtors provide the following additional disclosures to address comments made by creditors:

**Additions Responsive to Archway**

1. **Effect of Debtors Uncured Default Under Plan.**

If the Debtors fail to make plan payments, the Debtors shall have 5 business days from the date of written notice to cure such default. If the Debtors fail to cure such default, any creditor entitled to payment, who has not been paid, may seek controversial, dismissal, appointment of a trustee, or other remedies available at law or equity.

2. **Uncertainty Regarding Funding**

It is uncertain in the Debtors will be able to obtain adequate funding for the Plan. As of February 20, 2025, the Debtors are seeking to finalize their financing for the Broadway Lease. Failure to obtain adequate funding on or before the Effective Date will prevent the Debtors to perform under the Plan.

3. **Uncertainty Regarding the Lease**

The Plan relies on approval of the Broadway Lease, its consummation, and the Tenant's timely payments. There are significant risks that the Lease will not be approved, consummated, or that payments will be made under the Lease.

4. **Archway Relief From Stay**

Archway has relief from stay to foreclose on Broadway effective April 11, 2025. Archway asserts that the effect of such order is to allow Broadway to pursue other remedies against Broadway. If Archway takes action that Debtors believe is a violation of the automatic stay, the Debtors may need to seek emergency relief from the Bankruptcy Court to address Archway's actions.

5. **Timing of Payment of DIP Loan**

The Debtors expect that the DIP Loan will be a one-three year term, potentially subject to extensions. When the Loan matures, it is anticipated that the Broadway property can be sold or the Loan can be refinanced to pay the Loan.

### 6. Archway's Litigation Against Debtors Susan Halevy and Daniel Halevy

Archway has a pending lawsuit, Los Angeles Superior Court Case No. 2SMCV0113, against Daniel and Susan Halevy and others which Archway describes as follows:

> There is pending litigation by Archway against Ms. Halevy, in her capacity as Trustee of the Halevy Family Trust Dated September 8, 2010 ("Halevy Trust"); 341 South Cannon LLC, a California limited liability company ("Cannon LLC"); Mr. Halevy, in his capacity as Personal Representative of the estate of nondebtor David Halevy, which is pending in Los Angeles Superior Court.

### 7. Archway's Fraudulent Transfer Claim

Archway alleges that the was a fraudulent transfer to Cannon LLC. Archway is pursuing that same claim against Cannon LLC in the above-mentioned action.

**Additions Responsive to Harvest**

### 8. Deadline for SLA to repay the SLA Loan

SLA intends to repay the SLA Loan by the conclusion of the Plan's three-year term.

### 9. Discharge of Individual Debtors

The Debtors will seek a discharge upon the conclusion of payments under the Plan.

### 10. Treatment of Mateo Loan

Harvest's claim against Debtor Daniel Halevy on account of the Mateo Loan is an unsecured guaranty claim. Debtor Daniel Halevy will seek a discharge after Harvest is paid what it is entitled to receive as an unsecured creditor. The Debtors expect that the non-debtor obligor, 802 Mateo St., LLC, will pay the secured claim in full, thus extinguishing the guaranty claim against Daniel Halevy.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
   11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **DEBTORS REPLY TO OPPOSITION AND OBJECTION TO JOINT DEBTORS MOTION TO APPROVE ADEQUACY OF DISCLOSURE STATEMENT,** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 20, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 20, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo         (via personal delivery)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Seaton Investments, LLC – Jointly Administered

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:

- <u>Attorneys for Corporate Debtors Seaton Investment, LLC, Colyton Investments, LLC, Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.</u>: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Haley</u>: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- <u>Attorneys for Creditor First Foundation Bank</u>: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- <u>Attorneys for Creditor Korth Direct Mortgage, Inc.</u>: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com, tanyabehnam@gmail.com; ccripe@polsinelli.com; ladocketing@polsinelli.com; gvanderfin@polsinelli.com, jnava@polsinelli.com; zyoung@polsinelli.com; mschuster@polsinelli.com;
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- <u>Attorneys for Creditor United States of America on behalf of the Internal Revenue Service</u>: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- <u>Courtesy NEF/Interested Party</u>: **Christopher Cramer**: secured@becket-lee.com
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Christopher Crowell**: ccrowell@hrhlaw.com
- <u>Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC</u>: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com
- <u>Attorneys for Creditor Wells Fargo National Bank West</u>: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jacqueline L James**: jjames@hrhlaw.com
- <u>Courtesy NEF/Interested Party Avi Muhtar</u>: **Avi Edward Muhtar**: amuhtar@eaccidents.com
- <u>Attorneys for Creditor UrbanLime Real Estate</u>: **Lovee D Sarenas**: lovee.sarenas@dinsmore.com; wendy.yones@dinsmore.com
- <u>Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC</u>: **David B Shemano**: dshemano@shemanolaw.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A.</u>: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- <u>US Trustee's Office</u>: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**