1  ZEV SHECHTMAN (BAR NO. 266280)
   Zev.Shechtman@saul.com
2  CAROL CHOW (BAR NO. 169299)
   carol.chow@saul.com
3  RYAN COY (BAR NO. 324939)
   ryan.coy@saul.com
4  SAUL EWING LLP
   1888 Century Park East, Suite 1500
5  Los Angeles, California 90067
   Telephone:  (310) 255-6100
6  Facsimile:  (310) 255-6200

7  Attorneys for Alan Gomperts, Daniel Halevy,
   Susan Halevy, Debtors and Debtors in Possession

8

9              UNITED STATES BANKRUPTCY COURT

10      CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

11

12  In re                                  Lead Case No. 2:24-bk-12079-VZ

13  SEATON INVESTMENTS, LLC, et al.,,      Jointly Administered with Case Nos.:
                                           2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
            Debtors and Debtors In Possession.  2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
14                                         2:24-bk-12074-VZ; 2:24-bk-12075-VZ and
                                           2:24-bk-12076-VZ
15  ☐ Affects All Debtors.
                                           Chapter 11
16  ☐ Affects Seaton Investments, LLC
                                           **DECLARATION OF ZEV SHECHTMAN
17  ☐ Affects Colyton Investments, LLC     IN SUPPORT OF DEBTOR'S REPLY  TO
                                           OPPOSITION AND OBJECTION TO
18  ☒ Affects Broadway Avenue Investments, LLC  JOINT DEBTORS MOTION TO
                                           APPROVE ADEQUACY OF
19  ☒ Affects SLA Investments, LLC         DISCLOSURE STATEMENT**

20  ☒ Affects Negev Investments, LLC       Date:      February 27, 2025
                                           Time:      11:00 a.m.
21  ☒ Affects Alan Gomperts                Crtrm.:    1368
                                                      255 E. Temple Street
22  ☒ Affects Daniel Halevy                          Los Angeles, CA 90012

23  ☒ Affects Susan Halevy

24

25

26

27

28

SAUL EWING LLP
5 PARK PLAZA, SUITE 650
IRVINE, CALIFORNIA 92614
(949) 252-2777

SAUL EWING LLP
5 PARK PLAZA, SUITE 650
IRVINE, CALIFORNIA 92614
(949) 252-2777

DECLARATION OF ZEV SHECHTMAN

I, Zev Shechtman, declare as follows:

1.     I am an attorney duly licensed to practice before all of the courts in the State of California.  I am a partner with Saul Ewing LLP ("SE"), counsel of record for Alan Gomperts, Daniel Halevy, and Susan Halevy (the "Individual Debtors").  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2.     I submit this declaration in support of the Debtors' reply in support of their motion to approve the DS.

3.     On February 5, 2025 (7:17 p.m.), I received via email a copy of *Archway Broadway Loan SPE, LLC'S Notice of Subpoenas Issued in a Bankruptcy Case*, a copy of which is attached hereto as Exhibit 1 (the "First Notice of Subpoenas).  The First Notice of Subpoenas included a batch of four subpoenas served on the following parties:

        a.     View Behavioral Health, LLC

        b.     View Behavioral Health-Colton LLC

        c.     View Behavioral Health-Colton II LLC

        d.     The DMB Fund

4.     Each of the subpoenas included with the First Notice of Subpoenas stated a March 10, 2025 deadline for production of 21 categories of documents.

5.     On February 6, 2025 (4:07 p.m.) I received via email a copy of another *Archway Broadway Loan SPE, LLC'S Notice of Subpoenas Issued in a Bankruptcy Case*, a copy of which is attached hereto as Exhibit 2 (the "Second Notice of Subpoenas).  The Second Notice of Subpoenas included a batch of six subpoenas served on the following parties:

        a.     Christopher E. Maling, Avison Young

        b.     Almighty Builders Inc. (an entity belonging to Debtor Daniel Halevy)

        c.     Jack Stephens

        d.     Noah Emanuel Streit

        e.     Aric A. Streit

1                    f.        Simon Financial, Inc.

2          6.        Each of the subpoenas included with the Second Notice of Subpoenas stated a

3    March 10, 2025 deadline for production of between 11 and 21 categories of documents.

4          7.        On February 6, 2025 (5:16 p.m.), I received via email a copy of *Archway*

5    *Broadway Loan SPE, LLC'S Request for Production of Documents Propounded to Debtors, Set*

6    *One, re Renewed Lease and DIP Loan Motions*, a copy of which is attached as Exhibit 3 (the

7    "Broadway Document Demand"), demanding production of 27 categories of documents by Debtor

8    Broadway.  Although a deadline was not stated in the document production, I believe that the

9    deadline to respond is 30 days after the date of service.

10         8.        Collectively, the document demands comprised of the First Notice of Subpoena, the

11   Second Notice of Subpoenas, and the Broadway Document Demand are referred to as the

12   "Archway Document Requests."

13         9.        Accordingly, the Debtors received notice of 11 Archway Document Requests on

14   February 5 and 6, 2025, directed on 11 parties, 9 of which are not the Debtor or affiliated with the

15   Debtors—third parties.

16         10.       Although the hearings on the contested matters underlying the Archway Document

17   Requests were scheduled for February 25 and 27, 2025, the discovery demands had a March 10,

18   2025 production deadline, or March 8, 2025 in the case of the Broadway Document Demand.

19         11.       Because mere compliance with the plain language of the eleven Archway

20   Document Requests by these third parties would likely not result in any production of documents

21   before the upcoming hearings, I determined to employ SE's resources to assist with the production

22   and to encourage all parties to provide responsive documents as soon as possible.

23

24

25

26

27

28

SAUL EWING LLP
5 PARK PLAZA, SUITE 650
IRVINE, CALIFORNIA 92614
(949) 252-2777

12.    On February 10, 2025, I sent Archway's counsel an email stating:

Gerrick,

We have received document requests from Archway for all of the below parties:

| Party |
| --- |
| Christopher Maling |
| Almighty Builders, Inc. – Daniel Halevy |
| Jack Stephens |
| Noah Emanuel Streit (an agent, Streit Capital Corp.) |
| Aric Streit (an agent, Vicino LLC) |
| Simon Financial, Inc. |
| View Behavioral Health, LLC – Conrad Nilo |
| View Behavioral Health-Colton LLC – Conrad Nilo |
| View Behavioral Health-Colton II LLC – Conrad Nilo |
| Broadway Avenue Investments LLC |

My firm does not represent these parties. However, our clients, the individual debtors, are joint proponents of the plan and movants in the subject contested matters. Accordingly, we represent parties most interested in making sure that responses to document requests are expeditiously provided.

In furtherance of that effort, we will be utilizing my firm's staff and e-discovery resources to assemble responsive documents, Bates number and produce them in an appropriate manner. Thus, we intend that responsive documents to be deposited with us, assembled and produced to you.

-Zev

A copy of that email is attached as Exhibit "4." I received no direct response to that email.

SAUL EWING LLP
5 PARK PLAZA, SUITE 650
IRVINE, CALIFORNIA 92614
(949) 252-2777

13.    Since then, my SE colleagues and I have been continuously following up with the respondents to receive, Bates number, and produce the documents in a timely manner.  As of this time, SE has coordinated the service of production of seven sets of documents from five parties to Archway on a rolling basis.  We expect to receive more documents in the near future from additional parties and may receive additional documents from some of the parties who have already provided sets of documents.

14.    In order to do this, SE has emailed an electronic link to each responding party to provide the documents.  Each responding party has submitted the documents through that link and then SE has Bates numbered and delivered the documents to Archway.

15.    Absent this coordination, I was and continue to be concerned that meaningful production of documents would not have been done before the February 25 and 27, 2025 hearings, particularly from the nine parties that were not the Debtors or affiliated with the Debtors.

16.    At the January 30, 2025 hearing, Archway complained regarding third-parties' cooperation with discovery and the Court emphasized the importance of financial information being provided.  See Exhibit 4, January 30, 2024 transcript page 13, lines 5-6.  The Court indicated that a lack of cooperation with discovery could be cause for dismissal.  Id. at lines 10-13.

17.    Even though the discovery is primarily being proffered on non-Debtor third parties, including parties not controlled by the Debtors, the Debtors will suffer the consequences if responsive documents are not produced, and produced early.

18.    Accordingly, it is imperative to the Debtors' success in these cases that SE has coordinated discovery to help get discovery done as early as possible.

SAUL EWING LLP
5 PARK PLAZA, SUITE 650
IRVINE, CALIFORNIA 92614
(949) 252-2777

19.    The following chart documents the status of all discovery coordinated by SE as of February 20, 2025.

| Party | Production/Bates No. | Notes re Redactions / Privilege |
|---|---|---|
| Christopher Maling | MALING 000001-24 (2/12) & privilege log (2/19) | Emails subject to Attorney Client Privilege; Attorney Work Production; Joint Interest Privilege |
| Almighty Builders, Inc. – Daniel Halevy | - ALMIGHTY 000001-22 (2/12) & privilege log (2/19)<br><br>- ALMIGHTY 000023-41 (2/20) | redacted SSNs |
| Broadway Avenue Investments, LLC | - BROADWAY 000001-97 (2/12) & privilege log (2/19)<br><br>- BROADWAY 000098-371 (2/20) | redacted bank account number |
| Jack Stephens | STEPHENS 00001-75 (2/12) | |
| Noah Emanuel Streit (an agent, Streit Capital Corp.) | *No production expected / loan offer withdrawn* | |
| Aric Streit (an agent, Vicino LLC) | *No production expected / loan offer withdrawn* | |
| Simon Financial, Inc. | *Awaiting / expected (2/20-2/21)* | |
| View Behavioral Health, LLC – Conrad Nilo | *Awaiting / expected (2/20-2/21)* | |
| View Behavioral Health-Colton LLC – Conrad Nilo | *Awaiting / expected (2/20-2/21)* | |
| View Behavioral Health-Colton II LLC – Conrad Nilo | *Awaiting / expected (2/20-2/21)* | |
| The DMB Fund (Steve Gold) | DMB 000001-50 (2/18) | |

SAUL EWING LLP
5 PARK PLAZA, SUITE 650
IRVINE, CALIFORNIA 92614
(949) 252-2777

6

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct to the best of my knowledge.

3    Executed on this 20th day of February, 2025, at Los Angeles, California.

4

5    _____

     Zev Shechtman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAUL EWING LLP
5 PARK PLAZA, SUITE 650
IRVINE, CALIFORNIA 92614
(949) 252-2777

# EXHIBIT 1

Michael Gerard Fletcher (State Bar No. 070849)
mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☐ All Debtors <br> ☐ Seaton Investments, LLC <br> ☐ Colyton Investments, LLC <br> ☒ Broadway Avenue Investments, LLC <br> ☐ SLA Investments, LLC <br> ☐ Negev Investments, LLC <br> ☐ Alan Gomperts <br> ☐ Daniel Halevy <br> ☐ Susan Halevy | **ARCHWAY BROADWAY LOAN SPE, LLC'S NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE** <br><br> Fed. R. Civ. P. 45; Fed. R. Bankr. P. 9016, 9014(c) <br><br> Hon. Vincent P. Zurzolo |

5469410v1 | 101415-0002

1

NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE

Exhibit 1
7

Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
(323) 852-1000

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2      **PLEASE TAKE NOTICE** that Archway Broadway Loan SPE, LLC has issued

3  Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises

4  In A Bankruptcy Case (Or Adversary Proceeding). The Subpoenas were issued pursuant to

5  Rule 45 of the Federal Rules of Civil Procedure, made applicable to contested matters, pursuant to

6  Rules 9014(c) and 9016 of the Federal Rules of Bankruptcy Procedure. The contested matters to

7  which the Subpoenas relate is Broadway Avenue Investment, LLC's *Motion of Debtor and Debtor*

8  *in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-*

9  *Petition Financing Pursuant to 11 U.S.C. § 364* (Dkt. 418) and/or its *Motion of Debtor and*

10 *Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter*

11 *into Post-Petition Lease* (Dkt. 420). True and correct copies of the Subpoenas are attached hereto

12 collectively as **Exhibit A**.

13 DATED:  February 5, 2025          FRANDZEL ROBINS BLOOM & CSATO, L.C.

15                                   By:      /s/ Gerrick M. Warrington
16                                         GERRICK M. WARRINGTON
17                                         Attorneys for Secured Creditor
                                           ARCHWAY BROADWAY LOAN SPE, LLC

Exhibit A.

Exhibit 1
9

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

View Behavioral Health, LLC c/o Conrad Nilo, Agent for Service of Process, 2600 Redondo Avenue Suite 500, Long Beach, CA
To: 90806

*(Name of person to whom the subpoena is directed)*

☒ **Production**: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 5, 2025

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington
Signature of Clerk or Deputy Clerk          *Attorney's signature*
                                       Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

5473455v1 | 101415-0002

1

American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 1**
**10**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

                *Server's signature*

_____

                *Printed name and title*

_____

                *Server's address*


Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 1**
**11**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

　*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

　*(2) Command to Produce Materials or Permit Inspection.*
　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

　*(3) Quashing or Modifying a Subpoena.*
　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

　*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

　*(2) Claiming Privilege or Protection.*
　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

5473455v1 | 101415-0002


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 1**
**12**

**Exhibit A**

**DEFINITIONS**

1.     As used herein, the term "ALL" means any and all.

2.     The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 1**
13

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" or "VBH" means View Behavioral Health, LLC, including its agents, representatives, and principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

**Exhibit 1**
14

13.    As used herein, the term "LOAN" means the loan referred to in the LOAN

MOTION.

14.    As used herein, the term "DIP LENDER" means the debtor in possession lender

referred to in the LOAN MOTION.

## INSTRUCTIONS

1.    Except where otherwise specified, these Requests for Production of Documents

seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.    The DOCUMENTS described herein are those in YOUR possession, custody or

control, including those in the possession, custody or control of YOUR employees, agents,

representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.    If YOU contend YOU cannot fully respond to any request herein because it is

vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be

ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in

advance of the due date of YOUR response so that objections as to the language or scope of the

request can be eliminated, and full and complete responses and production can be made in good

faith when due.

4.    If YOU refuse to produce any DOCUMENT requested herein on the ground that

the request is burdensome or oppressive, please specify the amount of time reasonably needed to

comply with the request and how much compliance would cost.

5.    If YOU refuse to produce any DOCUMENT based upon a claim of privilege,

please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

(b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 1**
**15**

## DOCUMENTS TO BE PRODUCED

1. ALL DOCUMENTS RELATING TO BROADWAY.

2. ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3. ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4. ALL DOCUMENTS RELATING TO the DIP LOAN.

5. ALL DOCUMENTS RELATING TO the DIP LENDER.

6. ALL DOCUMENTS RELATING TO the LEASE.

7. ALL DOCUMENTS RELATING TO the LEASE MOTION.

8. ALL DOCUMENTS RELATING TO DMB.

9. ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited financial statements, including profit and loss statements, income statements, cash flow statements, balance sheets, and interest-holder and/or shareholder equity.

10. ANY DOCUMENTS RELATING TO YOUR tax returns.

11. ANY DOCUMENTS RELATING TO licenses, permits, both governmental and private, RELATING TO the BROADWAY PROPERTY.

12. ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or other financial accounts, including bank statements.

13. ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational structure.

14. ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

15. ANY DOCUMENTS RELATING TO YOUR liabilities.

16. ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

17. ALL DOCUMENTS RELATING TO YOUR license to conduct business in California.

18. ALL DOCUMENTS RELATING TO any litigation or claims, commenced or threatened, against YOU or any of YOUR current or former officers, owners, and/or controllers, within the past five years.

19. ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

**Exhibit 1**
**16**

20.    ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

21.    ALL DOCUMENTS RELATING TO any contempt sanctions entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

**Exhibit 1**
**17**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

View Behavioral Health-Colton LLC, c/o Conrad Nilo, Agent for Service of Process, 2600 Redondo Avenue Suite 500, Long Beach,
To: CA  90806
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 5, 2025

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington
Signature of Clerk or Deputy Clerk          *Attorney's signature*
                                            Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5473466v1 | 101415-0002

1

Exhibit 1
18

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:



## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

3

**Exhibit 1**
**20**

**Exhibit A**

**DEFINITIONS**

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 1**
21

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" means View Behavioral Health-Colton LLC, including any of their agents, officers, representatives, and/or principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

**Exhibit 1**
22

13.     As used herein, the term "LOAN" means the loan referred to in the LOAN

MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender

referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents

seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or

control, including those in the possession, custody or control of YOUR employees, agents,

representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is

vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be

ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in

advance of the due date of YOUR response so that objections as to the language or scope of the

request can be eliminated, and full and complete responses and production can be made in good

faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that

the request is burdensome or oppressive, please specify the amount of time reasonably needed to

comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege,

please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

(b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 1**
23

## DOCUMENTS TO BE PRODUCED

1.    ALL DOCUMENTS RELATING TO BROADWAY.

2.    ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.    ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.    ALL DOCUMENTS RELATING TO the DIP LOAN.

5.    ALL DOCUMENTS RELATING TO the DIP LENDER.

6.    ALL DOCUMENTS RELATING TO the LEASE.

7.    ALL DOCUMENTS RELATING TO the LEASE MOTION.

8.    ALL DOCUMENTS RELATING TO DMB.

9.    ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited
financial statements, including profit and loss statements, income statements, cash
flow statements, balance sheets, and interest-holder and/or shareholder equity.

10.    ANY DOCUMENTS RELATING TO YOUR tax returns.

11.    ANY DOCUMENTS RELATING TO licenses, permits, both governmental and
private, RELATING TO the BROADWAY PROPERTY.

12.    ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or
other financial accounts, including bank statements.

13.    ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational
structure.

14.    ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

15.    ANY DOCUMENTS RELATING TO YOUR liabilities.

16.    ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

17.    ALL DOCUMENTS RELATING TO YOUR license to conduct business in
California.

18.    ALL DOCUMENTS RELATING TO any litigation or claims, commenced or
threatened, against YOU or any of YOUR current or former officers, owners,
and/or controllers, within the past five years.

19.    ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered
against YOU or any of YOUR current or former officers, owners, or controllers in
the past five years.

**Exhibit 1**
**24**

20.    ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or
judgments entered against YOU or any of YOUR current or former officers,
owners, or controllers in the past five years.

21.    ALL DOCUMENTS RELATING TO any contempt sanctions entered against
YOU or any of YOUR current or former officers, owners, or controllers in the past
five years.

**Exhibit 1**
**25**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California

In re
SEATON INVESTMENTS, LLC, *et al.*,

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

View Behavioral Health-Colton II LLC c/o Conrad Nilo, Agent for Service of Process, 2600 Redondo Avenue Suite 500, Long Beach,
To: CA  90806
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 5, 2025

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington
Signature of Clerk or Deputy Clerk          *Attorney's signature*
                                        Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC                                        , who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

5473503v1 | 101415-0002

1

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 1
26

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit A**

**DEFINITIONS**

1.        As used herein, the term "ALL" means any and all.

2.        The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 1**
29

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" or "VBH" means View Behavioral Health-Colton II LLC, including its agents, representatives, and principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

**Exhibit 1**
30

13.    As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

14.    As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## INSTRUCTIONS

1.    Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.    The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.    If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.    If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.    If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 1**
**31**

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the DIP LOAN.

5.      ALL DOCUMENTS RELATING TO the DIP LENDER.

6.      ALL DOCUMENTS RELATING TO the LEASE.

7.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

8.      ALL DOCUMENTS RELATING TO DMB.

9.      ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited financial statements, including profit and loss statements, income statements, cash flow statements, balance sheets, and interest-holder and/or shareholder equity.

10.     ANY DOCUMENTS RELATING TO YOUR tax returns.

11.     ANY DOCUMENTS RELATING TO licenses, permits, both governmental and private, RELATING TO the BROADWAY PROPERTY.

12.     ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or other financial accounts, including bank statements.

13.     ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational structure.

14.     ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

15.     ANY DOCUMENTS RELATING TO YOUR liabilities.

16.     ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

17.     ALL DOCUMENTS RELATING TO YOUR license to conduct business in California.

18.     ALL DOCUMENTS RELATING TO any litigation or claims, commenced or threatened, against YOU or any of YOUR current or former officers, owners, and/or controllers, within the past five years.

19.     ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

**Exhibit 1**
**32**

20.     ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

21.     ALL DOCUMENTS RELATING TO any contempt sanctions entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

**Exhibit 1**
33

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re
SEATON INVESTMENTS, LLC, *et al.*,
Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

<div align="center">Debtor</div>
<div align="center">*(Complete if issued in an adversary proceeding)*</div>

_____
<div align="center">Plaintiff</div>
<div align="center">v.</div>
_____
<div align="center">Defendant</div>

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The DMB Fund, Attn: Judy Cox, Agent for Service of Process, 2350 Castle Heights Avenue, Los Angeles, CA 90034
<div align="center">*(Name of person to whom the subpoena is directed)*</div>

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 5, 2025

<div align="center">CLERK OF COURT</div>

<div align="center">OR</div>

_____          /s/ Gerrick M. Warrington
<div align="center">*Signature of Clerk or Deputy Clerk*          *Attorney's signature*</div>
<div align="right">Gerrick M. Warrington</div>

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

<div align="center">**Notice to the person who issues or requests this subpoena**</div>
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5469954v1 | 101415-0002

<div align="center">1</div>

<div align="center">**Exhibit 1**</div>
<div align="center">34</div>

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

3

**Exhibit 1**

**36**

## Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 1**
**37**

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" or "DMB" means The DMB Fund, including its agents, representatives, and principals.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.     As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.     As used herein, the term "VBH" means View Behavioral Health, LLC, a tenant listed on the LEASE.

12.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

**Exhibit 1**
38

13.    As used herein, the term "LOAN" means the loan referred to in the LOAN

MOTION.

14.    As used herein, the term "DIP LENDER" means the debtor in possession lender

referred to in the LOAN MOTION.

## INSTRUCTIONS

1.    Except where otherwise specified, these Requests for Production of Documents

seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.    The DOCUMENTS described herein are those in YOUR possession, custody or

control, including those in the possession, custody or control of YOUR employees, agents,

representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.    If YOU contend YOU cannot fully respond to any request herein because it is

vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be

ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in

advance of the due date of YOUR response so that objections as to the language or scope of the

request can be eliminated, and full and complete responses and production can be made in good

faith when due.

4.    If YOU refuse to produce any DOCUMENT requested herein on the ground that

the request is burdensome or oppressive, please specify the amount of time reasonably needed to

comply with the request and how much compliance would cost.

5.    If YOU refuse to produce any DOCUMENT based upon a claim of privilege,

please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

(b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 1**
39

## DOCUMENTS TO BE PRODUCED

1. ALL DOCUMENTS RELATING TO BROADWAY.

2. ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3. ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4. ALL DOCUMENTS RELATING TO the DIP LOAN.

5. ALL DOCUMENTS RELATING TO the DIP LENDER.

6. ALL DOCUMENTS RELATING TO the LEASE.

7. ALL DOCUMENTS RELATING TO the LEASE MOTION.

8. ALL DOCUMENTS RELATING TO VBH.

9. ALL DOCUMENTS RELATING TO David Schwarcz.

15. ALL DOCUMENTS RELATING TO YOUR current audited and/or unaudited financial statements, including profit and loss statements, income statements, cash flow statements, balance sheets, and interest-holder and/or shareholder equity.

10. ANY DOCUMENTS RELATING TO YOUR tax returns.

11. ANY DOCUMENTS RELATING TO YOUR savings, checking, deposit, and/or other financial accounts, including bank statements.

12. ANY DOCUMENTS RELATING TO YOUR hierarchical and/or organizational structure.

13. ANY DOCUMENTS RELATING TO YOUR current and/or fixed assets.

14. ANY DOCUMENTS RELATING TO YOUR liabilities.

15. ANY DOCUMENTS RELATING TO YOUR revenue and expenses.

16. ALL DOCUMENTS RELATING TO YOUR non-profit status.

17. ALL DOCUMENTS RELATING TO YOUR license to conduct business in California.

18. ALL DOCUMENTS RELATING TO any litigation or claims, commenced or threatened, against YOU or any of YOUR current or former officers, owners, and/or controllers, within the past five years.

19. ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

**Exhibit 1**
**40**

20.    ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or judgments entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

21.    ALL DOCUMENTS RELATING TO any contempt sanctions entered against YOU or any of YOUR current or former officers, owners, or controllers in the past five years.

**Exhibit 1**
**41**

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

## PROOF OF SERVICE

### In re SEATON INVESTMENTS, LLC, et al., 2:24-bk-12079-VZ

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California.  I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction.  My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 5, 2025, I served true copy(ies) of the **ARCHWAY BROADWAY LOAN SPE, LLC'S NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: achase@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 5, 2025, at Los Angeles, California.


_____
/s/ Annette Chase
Annette Chase

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**

Derrick Talerico                                   Counsel to Corporate Debtors
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Suite 730
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: dtalerico@wztslaw.com

Courtesy Copy to:

Zev Shechtman                                     Counsel to Individual Debtors
Ryan Coy
Saul Ewing LLP
1888 Century Park East
Suite 1500
Los Angeles, CA 90067
310-255-6130
Fax : 310-255-6200
Email: Zev.Shechtman@saul.com
Ryan.Coy@saul.com

Kelly L Morrison                                   Office of the United States Trustee
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-2656
Fax : 213-894-2603
Email: kelly.l.morrison@usdoj.gov

NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE

**Exhibit 1**
**43**

# EXHIBIT 2

1 │ Michael Gerard Fletcher (State Bar No. 070849)
    mfletcher@frandzel.com
2 │ Gerrick M. Warrington (State Bar No. 294890)
    gwarrington@frandzel.com
3 │ FRANDZEL ROBINS BLOOM & CSATO, L.C.
    1000 Wilshire Boulevard, Nineteenth Floor
4 │ Los Angeles, California 90017-2427
    Telephone: (323) 852-1000
5 │ Facsimile: (323) 651-2577

6 │ Attorneys for Secured Creditor
    ARCHWAY BROADWAY LOAN SPE, LLC

7

8 │                    **UNITED STATES BANKRUPTCY COURT**

9 │                    **CENTRAL DISTRICT OF CALIFORNIA**

10 │                        **LOS ANGELES DIVISION**

11

12 │ In re                                  Lead Case No. 2:24-bk-12079-VZ

13 │ SEATON INVESTMENTS, LLC, *et al.*,     Jointly Administered with Case Nos.:

14 │          Debtors and Debtors-in-       2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
                 Possession.                2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
15 │                                        2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
                                            2:24-bk-12076-VZ
16 │
     Affects:                               Chapter 11
17 │
     ☐ All Debtors                          **ARCHWAY BROADWAY LOAN SPE,**
18 │ ☐ Seaton Investments, LLC              **LLC'S NOTICE OF SUBPOENAS ISSUED**
     ☐ Colyton Investments, LLC             **IN A BANKRUPTCY CASE**
19 │ ☒ Broadway Avenue Investments, LLC
     ☐ SLA Investments, LLC                 Fed. R. Civ. P. 45; Fed. R. Bankr. P. 9016,
20 │ ☐ Negev Investments, LLC               9014(c)
     ☐ Alan Gomperts
21 │ ☐ Daniel Halevy                        Hon. Vincent P. Zurzolo
     ☐ Susan Halevy
22

23

24

25

26

27

28

5474181v1 | 101415-0002                    1
NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE

**Exhibit 2**
**44**

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Archway Broadway Loan SPE, LLC has issued Subpoenas To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding). The Subpoenas were issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to contested matters, pursuant to Rules 9014(c) and 9016 of the Federal Rules of Bankruptcy Procedure. The contested matters to which the Subpoenas relate is Broadway Avenue Investment, LLC's *Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 364* (Dkt. 418) and/or its *Motion of Debtor and Debtor in Possession Broadway Avenue Investments, LLC for Order Authorizing Debtor to Enter into Post-Petition Lease* (Dkt. 420). True and correct copies of the Subpoenas are attached hereto collectively as **Exhibit A**.

DATED: February 6, 2025

FRANDZEL ROBINS BLOOM & CSATO, L.C.

By: /s/ Gerrick M. Warrington
GERRICK M. WARRINGTON
Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

# EXHIBIT A

**Exhibit 2**
**46**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re
SEATON INVESTMENTS, LLC, *et al.*,
Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Debtor
*(Complete if issued in an adversary proceeding)*

_____

Plaintiff
v.
_____

Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Christopher E. Maling, Avison Young, 601 South Figueroa Street, Suite 4450, Los Angeles, CA 90017
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025 _____

CLERK OF COURT

OR

_____          /s/ Gerrick M. Warrington
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*
          Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5473977v1 | 101415-0002

1

Exhibit 2
47

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                                          *Server's signature*

_____
                                          *Printed name and title*

_____
                                          *Server's address*

Additional information concerning attempted service, etc.:



**Exhibit 2**
**48**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

5473977v1 | 101415-0002

3



**Exhibit 2**
**49**

## Exhibit A

## DEFINITIONS

1.     As used herein, the term "ALL" means any and all.

2.     The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 2**
**50**

3.     As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.     As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.     As used herein, the term "YOU" or "YOUR" means Christopher E. Maling, an individual.

6.     As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.     As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.     As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.     As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.    As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.    As used herein, the term "VBH" means View Behavioral Health, LLC, and any of its subsidiaries, a tenant listed on the LEASE.

12.    As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

**Exhibit 2**
51

13.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

14.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

15.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 2**
**52**

## DOCUMENTS TO BE PRODUCED

1.    ALL DOCUMENTS RELATING TO BROADWAY.

2.    ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.    ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.    ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.    ALL DOCUMENTS RELATING TO the DIP LOAN.

6.    ALL DOCUMENTS RELATING TO the DIP LENDER.

7.    ALL DOCUMENTS RELATING TO the LEASE.

8.    ALL DOCUMENTS RELATING TO the LEASE MOTION.

9.    ALL DOCUMENTS RELATING TO DMB.

10.   ALL DOCUMENTS RELATING TO VBH.

11.   ALL DOCUMENTS RELATING TO any YOUR opinions concerning the
      BROADWAY PROPERTY as set forth in the LOAN MOTION.

12.   ALL DOCUMENTS RELATING TO YOUR declaration submitted in support of
      the LOAN MOTION and LEASE MOTION.

**Exhibit 2**
**53**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____    District of California _____

In re
SEATON INVESTMENTS, LLC, *et al.*, _____
Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

<div align="center">Debtor
<i>(Complete if issued in an adversary proceeding)</i></div>

_____

<div align="center">Plaintiff
v.</div>

_____

<div align="center">Defendant</div>

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Almighty Builders Inc., Daniel Halevy, Agent for Service of Process, 133 South Palm Dr Apt 5, Beverly Hills, CA  90212

<div align="center"><i>(Name of person to whom the subpoena is directed)</i></div>

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025 _____

<div align="center">CLERK OF COURT</div>

<div align="center">OR</div>

_____    /s/ Gerrick M. Warrington _____
<div align="center"><i>Signature of Clerk or Deputy Clerk</i>      <i>Attorney's signature</i>
Gerrick M. Warrington</div>

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

<div align="center">**Notice to the person who issues or requests this subpoena**</div>
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5474084v1 | 101415-0002

<div align="center">1

Exhibit 2
54</div>

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

3

Exhibit 2
56

**Exhibit A**

**DEFINITIONS**

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 2**

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" means Almighty Builders, Inc.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.      As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.      As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

12.      As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

13.      As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

**Exhibit 2**
58

## <u>INSTRUCTIONS</u>

1.      Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.      The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.      If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.      If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.      If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 2**
**59**

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.      ALL DOCUMENTS RELATING TO the DIP LOAN.

6.      ALL DOCUMENTS RELATING TO the DIP LENDER.

7.      ALL DOCUMENTS RELATING TO the LEASE.

8.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

9.      ALL DOCUMENTS RELATING TO any certificate of occupancy concerning the
BROADWAY PROPERTY.

10.     ALL DOCUMENTS RELATING TO any temporary certificate of occupancy
concerning the BROADWAY PROPERTY.

11.     ALL DOCUMENTS RELATING TO construction budgets, subcontractors, labor,
materials, architectural plans, permits, approvals, inspections, construction
timelines, cost overruns RELATING TO the BROADWAY PROPERTY.

12.     ALL DOCUMENTS RELATING TO contracts, work orders, and/or change orders
related to the work performed at the BROADWAY PROPERTY.

13.     ALL DOCUMENTS RELATING TO work that YOU have completed on the
BROADWAY PROPERTY, including all improvements, repairs, renovations, or
alterations made.

14.     ALL DOCUMENTS RELATING TO work that YOU have not yet completed on
the BROADWAY PROPERTY.

15.     ALL DOCUMENTS RELATING TO reports, certifications, or documentation
confirming that the construction work at BROADWAY PROPERTY complies
with applicable local, state, and federal building codes and regulations.

16.     ALL DOCUMENTS RELATING TO ANY completion certificate or any other
DOCUMENT verifying that the construction work on the BROADWAY
PROPERTY has been completed.

**Exhibit 2**
60

17.    ALL DOCUMENTS RELATING TO ANY insurance policies covering the construction project at BROADWAY PROPERTY, including but not limited to general liability, workers' compensation, and property insurance.

18.    ALL DOCUMENTS RELATING TO ANY performance bond or payment bond was required for the BROADWAY PROPERTY.

**Exhibit 2**
**61**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re
SEATON INVESTMENTS, LLC, *et al.*, _____

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

Debtor
*(Complete if issued in an adversary proceeding)*

_____

Plaintiff
v.
_____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Jack Stephens, 2600 Redondo Avenue Suite 500, Long Beach, CA  90806 _____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE<br>First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026<br>(213) 250-1111 | DATE AND TIME<br>March 10, 2025, 10:00 a.m. Pacific Time |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 6, 2025 _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Gerrick M. Warrington _____
*Attorney's signature*
Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

5473977v1 | 101415-0002

1

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 2
62

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

     I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:



**Exhibit 2**
**63**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 2**
64

**Exhibit A**

**DEFINITIONS**

1.        As used herein, the term "ALL" means any and all.

2.        The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 2**
**65**

3.      As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.      As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.      As used herein, the term "YOU" or "YOUR" means Jack Stephens, an individual.

6.      As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.      As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.      As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.      As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.      As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.      As used herein, the term "VBH" means View Behavioral Health, LLC, and all of its subsidiaries, a tenant listed on the LEASE.

12.      As used herein, the term "DMB" means The DMB Fund, a tenant listed on the LEASE.

13.      As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

**Exhibit 2**
66

14.     As used herein, the term "LOAN" means the loan referred to in the LOAN

MOTION.

15.     As used herein, the term "DIP LENDER" means the debtor in possession lender

referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents

seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or

control, including those in the possession, custody or control of YOUR employees, agents,

representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is

vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be

ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in

advance of the due date of YOUR response so that objections as to the language or scope of the

request can be eliminated, and full and complete responses and production can be made in good

faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that

the request is burdensome or oppressive, please specify the amount of time reasonably needed to

comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege,

please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

(b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 2**
**67**

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the DIP LOAN.

5.      ALL DOCUMENTS RELATING TO the DIP LENDER.

6.      ALL DOCUMENTS RELATING TO the LEASE.

7.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

8.      ALL DOCUMENTS RELATING TO DMB.

9.      ALL DOCUMENTS RELATING TO VBH.

10.     ALL DOCUMENTS RELATING TO VBH's current audited and/or unaudited financial statements, including profit and loss statements, income statements, cash flow statements, balance sheets, and interest-holder and/or shareholder equity.

11.     ANY DOCUMENTS RELATING TO VBH's tax returns.

12.     ANY DOCUMENTS RELATING TO VBH's savings, checking, deposit, and/or other financial accounts, including bank statements.

13.     ANY DOCUMENTS RELATING TO VBH's hierarchical and/or organizational structure.

14.     ANY DOCUMENTS RELATING TO VBH's current and/or fixed assets.

15.     ANY DOCUMENTS RELATING TO VBH's liabilities.

16.     ANY DOCUMENTS RELATING TO VBH's revenue and expenses.

17.     ALL DOCUMENTS RELATING TO VBH's license to conduct business in California.

18.     ALL DOCUMENTS RELATING TO any litigation or claims, commenced or threatened, against VBH or any of its current or former officers, owners, and/or controllers, within the past five years.

19.     ALL DOCUMENTS RELATING TO any civil sanctions or judgments entered against VBH or any of its current or former officers, owners, or controllers in the past five years.

**Exhibit 2**
**68**

20.    ALL DOCUMENTS RELATING TO any criminal sanctions, convictions, or

judgments entered against VBH or any of its current or former officers, owners, or

controllers in the past five years.

21.    ALL DOCUMENTS RELATING TO any contempt sanctions entered against

VBH or any of its current or former officers, owners, or controllers in the past five

years.

**Exhibit 2**
**69**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of _California_

In re
SEATON INVESTMENTS, LLC, *et al.,*

Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Debtor
*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Noah Emanuel Streit, Agent for Service of Process for Streit Capital Corp., 15350 Sherman Way, #210, Van Nuys, CA 91406
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

/s/ Gerrick M. Warrington
*Attorney's signature*
Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)* Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

5473920v1 | 101415-0002

1

American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit 2
70

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any):* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                *Server's signature*

                                        _____
                                            *Printed name and title*

                                        _____
                                            *Server's address*


Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B)*Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 2**
**72**

## Exhibit A

## DEFINITIONS

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

## Exhibit 2

3.    As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.    As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.    As used herein, the term "YOU" or "YOUR" means Streit Capital Corp., including its agents, officers, representatives, and principals.

6.    As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.    As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.    As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.    As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.    As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.    As used herein, the term "VBH" means View Behavioral Health, LLC, a tenant listed on the LEASE.

12.    As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

**Exhibit 2**
74

13.     As used herein, the term "DIP LOAN" means the debtor in possession loan referred to in the LOAN MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 2**
**75**

## DOCUMENTS TO BE PRODUCED

1.     ALL DOCUMENTS RELATING TO BROADWAY.

2.     ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.     ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.     ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.     ALL DOCUMENTS RELATING TO the DIP LOAN.

6.     ALL DOCUMENTS RELATING TO the DIP LENDER.

7.     ALL DOCUMENTS RELATING TO the letter of intent filed concurrently with the LOAN MOTION.

8.     ALL DOCUMENTS RELATING TO the LEASE.

9.     ALL DOCUMENTS RELATING TO the LEASE MOTION.

10.    ALL DOCUMENTS RELATING TO VBH.

15.    ALL DOCUMENTS RELATING TO the source of capital RELATING TO the DIP LOAN.

16.    ALL DOCUMENTS RELATING TO any investor funds RELATING TO the DIP LOAN.

11.    ANY DOCUMENTS RELATING TO YOUR Financial wherewithal to make the LOAN.

**Exhibit 2**
**76**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central                                                     District of California

In re
SEATON INVESTMENTS, LLC, *et al.*,           Lead Case No. 2:24-bk-12079-VZ
Affects:
☐ All Debtors                                              Jointly Administered with Case Nos.:
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC                           2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
☒ Broadway Avenue Investments, LLC            2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
☐ SLA Investments, LLC                                 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
☐ Negev Investments, LLC                             2:24-bk-12076-VZ
☐ Alan Gomperts
☐ Daniel Halevy                                            Chapter 11
☐ Susan Halevy
                     Debtor
        *(Complete if issued in an adversary proceeding)*

_____
                     Plaintiff
                        v.
_____
                     Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Aric A Streit, Agent for Service of Process, Vicino LLC, General Partner of Vicino Limited Partnership, 15350 Sherman Way, #210, Van Nuys, CA  91406
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  **See attachment:  Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  February 6, 2025
                     CLERK OF COURT

                                             OR

_____              /s/ Gerrick M. Warrington
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*
                                             Gerrick M. Warrington

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC                                 , who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA  90017-2427; (323) 852-1000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

5473962v1 | 101415-0002

American LegalNet, Inc.
www.FormsWorkFlow.com

1

Exhibit 2
77

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.


       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:



## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 2**

**Exhibit A**

**DEFINITIONS**

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 2**
**80**

3.        As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.        As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.        As used herein, the term "YOU" or "YOUR" means Vicino LLC, a California limited liability company, including its agents, officers, representatives, and principals.

6.        As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.        As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.        As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.        As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.        As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.        As used herein, the term "VBH" means View Behavioral Health, LLC, a tenant listed on the LEASE.

12.        As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

**Exhibit 2**
81

13.     As used herein, the term "DIP LOAN" means the debtor in possession loan referred to in the LOAN MOTION.

14.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## INSTRUCTIONS

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 2**
**82**

## DOCUMENTS TO BE PRODUCED

1.      ALL DOCUMENTS RELATING TO BROADWAY.

2.      ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.      ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.      ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.      ALL DOCUMENTS RELATING TO the DIP LOAN.

6.      ALL DOCUMENTS RELATING TO the DIP LENDER.

7.      ALL DOCUMENTS RELATING TO the letter of intent filed concurrently with the LOAN MOTION.

8.      ALL DOCUMENTS RELATING TO the LEASE.

9.      ALL DOCUMENTS RELATING TO the LEASE MOTION.

10.      ALL DOCUMENTS RELATING TO VBH.

15.      ALL DOCUMENTS RELATING TO the source of capital RELATING TO the DIP LOAN.

16.      ALL DOCUMENTS RELATING TO any investor funds RELATING TO the DIP LOAN.

11.      ANY DOCUMENTS RELATING TO DIP LENDER's financial wherewithal to make the LOAN.

12.      ANY DOCUMENTS RELATING TO Vicino Limited Partnership.

**Exhibit 2**
**83**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of California _____

In re
SEATON INVESTMENTS, LLC, *et al.*,
Affects:
☐ All Debtors
☐ Seaton Investments, LLC
☐ Colyton Investments, LLC
☒ Broadway Avenue Investments, LLC
☐ SLA Investments, LLC
☐ Negev Investments, LLC
☐ Alan Gomperts
☐ Daniel Halevy
☐ Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:

2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and
2:24-bk-12076-VZ

Chapter 11

<div align="center">Debtor</div>
*(Complete if issued in an adversary proceeding)*

_____
<div align="center">Plaintiff</div>
<div align="center">v.</div>
_____
<div align="center">Defendant</div>

<div align="center">

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

</div>

To: Simon Financial, Inc. c/o Agent for Service of Process, Debbie A Simon 12311 Darlington Avenue, Los Angeles, CA 90049
<div align="center">*(Name of person to whom the subpoena is directed)*</div>

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See attachment: Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| First Legal Records, 1517 W Beverly Boulevard, Los Angeles, CA 90026 (213) 250-1111 | March 10, 2025, 10:00 a.m. Pacific Time |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 6, 2025 _____

<div align="center">CLERK OF COURT</div>

<div align="center">OR</div>

_____     /s/ Gerrick M. Warrington
<div align="center">*Signature of Clerk or Deputy Clerk*       *Attorney's signature*</div>
<div align="center">Gerrick M. Warrington</div>

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Archway Broadway Loan SPE, LLC _____, who issues or requests this subpoena, are:
Gerrick M. Warrington, Frandzel Robins Bloom & Csato, L.C., 1000 Wilshire Boulevard, 19th Floor, Los Angeles, CA 90017-2427; (323) 852-1000

<div align="center">**Notice to the person who issues or requests this subpoena**</div>
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

5474053v1 | 101415-0002

<div align="center">1</div>

Exhibit 2
84

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit 2**
**85**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)


American LegalNet, Inc.
www.FormsWorkFlow.com

**Exhibit A**

**DEFINITIONS**

1.      As used herein, the term "ALL" means any and all.

2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of reduction of information or data to tangible form, including emails, computer or magnetic memory or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however produced or reproduced, including originals, drafts, or non-identical copies, wherever located.  The term DOCUMENT shall include, but is not limited to, COMMUNICATIONS books, contracts, agreements, correspondence, notes of conversations, computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings, transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the foregoing when the original is not available or if the copy contains any additional writing or is not an identical copy without change or interlineations of the original. The term DOCUMENT shall also include "ESI," meaning all electronically stored information, including, without limitation, e-mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data).

**Exhibit 2**
**87**

3.	As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.	As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, mentioning or summarizing, in whole or in part, the DOCUMENT and/or the subject matter referred to in the request.

5.	As used herein, the term "YOU" or "YOUR" means Simon Financial, Inc., a California corporation, and its agents, officers, and representatives.

6.	As used herein, the term "BROADWAY" means Broadway Avenue Investments, LLC, a California limited liability company, including its officers, directors, and members.

7.	As used herein, the term "BROADWAY PROPERTY" means the real property located at 737 South Broadway, Los Angeles, California.

8.	As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

9.	As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

10.	As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

11.	As used herein, the term "VBH" means View Behavioral Health, LLC.

12.	As used herein, the term "CNN" means Collaborative Neuroscience Network LLC dba Oceanview Adult Psychiatric Hospital

13.	As used herein, the term "VBHC" means View Behavioral Health Colton, LLC.

14.	As used herein, the term "VBHC2" means View Behavioral Health Colton 2 LLC.

**Exhibit 2**
88

15.     As used herein, the term "STEPHENS" means Jack Stephens.

16.     As used herein, the term "OPINION" means the opinion letter you signed, which is dated June 9, 2024, concerning VBH, CNN, VBHC, and VBHC2.

17.     As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

18.     As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

19.     As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

## **<u>INSTRUCTIONS</u>**

1.     Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.     The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.     If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.     If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.     If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.); (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it or participated in its preparation; and (e) the identity of all individuals who received copies of it.

**Exhibit 2**
**89**

## **DOCUMENTS TO BE PRODUCED**

1.     ALL DOCUMENTS RELATING TO BROADWAY.

2.     ALL DOCUMENTS RELATING TO the BROADWAY PROPERTY.

3.     ALL DOCUMENTS RELATING TO the BANKRUPTCY CASE.

4.     ALL DOCUMENTS RELATING TO the LOAN MOTION.

5.     ALL DOCUMENTS RELATING TO the DIP LOAN.

6.     ALL DOCUMENTS RELATING TO the DIP LENDER.

7.     ALL DOCUMENTS RELATING TO the LEASE.

8.     ALL DOCUMENTS RELATING TO the LEASE MOTION.

9.     ALL DOCUMENTS RELATING TO VBH.

10.    ALL DOCUMENTS RELATING TO CNN.

11.    ALL DOCUMENTS RELATING TO VBHC.

12.    ALL DOCUMENTS RELATING TO VBHC2.

13.    ALL DOCUMENTS RELATING TO STEPHENS.

14.    ALL DOCUMENTS RELATING TO YOUR OPINION submitted in support of
the LOAN MOTION and LEASE MOTION.

**Exhibit 2**
**90**

**PROOF OF SERVICE**

**In re SEATON INVESTMENTS, LLC, et al., 2:24-bk-12079-VZ**

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 6, 2025, I served true copy(ies) of the **ARCHWAY BROADWAY LOAN SPE, LLC'S NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: achase@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 6, 2025, at Los Angeles, California.

_____
/s/ Annette Chase
Annette Chase

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000



**SERVICE LIST**

| | |
|---|---|
| Derrick Talerico | Counsel to Corporate Debtors |
| Weintraub Zolkin Talerico & Selth LLP | |
| 11766 Wilshire Blvd | |
| Suite 730 | |
| Los Angeles, CA 90025 | |
| 310-207-1494 | |
| Fax : 310-442-0660 | |
| Email: dtalerico@wztslaw.com | |

Courtesy Copy to:

| | |
|---|---|
| Zev Shechtman | Counsel to Individual Debtors |
| Ryan Coy | |
| Saul Ewing LLP | |
| 1888 Century Park East | |
| Suite 1500 | |
| Los Angeles, CA 90067 | |
| 310-255-6130 | |
| Fax : 310-255-6200 | |
| Email: Zev.Shechtman@saul.com | |
| Ryan.Coy@saul.com | |

| | |
|---|---|
| Kelly L Morrison | Office of the United States Trustee |
| Office of the US Trustee | |
| 915 Wilshire Blvd., Ste. 1850 | |
| Los Angeles, CA 90017 | |
| 213-894-2656 | |
| Fax : 213-894-2603 | |
| Email: kelly.l.morrison@usdoj.gov | |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5474181v1 | 101415-0002                                  4

NOTICE OF SUBPOENAS ISSUED IN A BANKRUPTCY CASE

**Exhibit 2**
**92**

# EXHIBIT 3

Michael Gerard Fletcher (State Bar No. 070849)
    mfletcher@frandzel.com
Gerrick M. Warrington (State Bar No. 294890)
    gwarrington@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 Wilshire Boulevard, Nineteenth Floor
Los Angeles, California 90017-2427
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor
ARCHWAY BROADWAY LOAN SPE, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: |
| Debtors and Debtors-in-Possession. | 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ; and 2:24-bk-12076-VZ |
| Affects: | Chapter 11 |
| ☒ All Debtors<br>☐ Seaton Investments, LLC<br>☐ Colyton Investments, LLC<br>☐ Broadway Avenue Investments, LLC<br>☐ SLA Investments, LLC<br>☐ Negev Investments, LLC<br>☐ Alan Gomperts<br>☐ Daniel Halevy<br>☐ Susan Halevy | **ARCHWAY BROADWAY LOAN SPE, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEBTORS, SET ONE, RE RENEWED LEASE AND DIP LOAN MOTIONS**<br><br>Fed. R. Bankr. P. 9014(c); Fed. R. Civ. P. 34<br><br>Hon. Vincent P. Zurzolo |

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
RE DEBTORS' RENEWED LEASE AND DIP LOAN MOTIONS

**Exhibit 3**
**93**

1  **PROPOUNDING PARTY:  Archway Broadway Loan SPE, LLC**

2  **RESPONDING PARTY:  Broadway Avenue Investments LLC**

3  **SET NO.:  One**

4          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, made applicable to contested

5  matters via Rules 9014(c) and 7034 of the Federal Rules of Bankruptcy Procedure, Archway

6  Broadway Loan SPE, LLC propounds its First Set of Requests for Production of Documents upon

7  the above-referenced Debtor in connection with the renewed lease and loan motions filed by the

8  Debtors in these jointly-administered chapter 11 cases on February 4, 2025.

9                                      **DEFINITIONS**

10         1.      As used herein, the term "ALL" means any and all.

11         2.      The term "DOCUMENT" or "DOCUMENTS" refers to any "writing" as defined in

12  Rule 1001 of the Federal Rules of Evidence, and includes, without limitation, all forms of

13  reduction of information or data to tangible form, including emails, computer or magnetic memory

14  or storage, and any written, recorded, or filmed graphic matter of any kind or nature, however

15  produced or reproduced, including originals, drafts, or non-identical copies, wherever located.

16  The term DOCUMENT or DOCUMENTS shall include, but not be limited to,

17  COMMUNICATIONS, books, contracts, agreements, correspondence, notes of conversations,

18  computer tapes, discs, printouts, keypunch cards, e-mails, memoranda, diaries, notes, reports,

19  bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes,

20  telexes, telegrams, tele-copies, facsimile reproductions or "faxes," factual compilations, data

21  compilations, statistical compilations, plans diagrams, journals, change orders, studies, surveys,

22  sketches, art work, graphics, check ledgers, catalogues, brochures, pamphlets, press releases,

23  advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files,

24  quotes, stenographic notes, computer discs, telephone records, schedules, bids, voice recordings,

25  transcriptions, and telephone commercial photoboards, drafts of the foregoing, and copies of the

26  foregoing when the original is not available or if the copy contains any additional writing or is not

27  an identical copy without change or interlineations of the original. The term DOCUMENT shall

28  also include "ESI," meaning all electronically stored information, including, without limitation, e-

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

---

2

mails, electronically stored data on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data); and slack (data fragments stored randomly from random access memory on a hard drive during the normal operation of a computer [RAM slack] or residual data left on the hard drive after new data has overwritten previously stored data).

3.    As used herein, the term "COMMUNICATION" means any oral or written communication or exchange of information between two or more persons, including, without limitation, written contact by such means as a letter, email, text message, SMS message, social medial post, and/or message, memorandum, telegram, telex, or any other documents, and/or oral contact, heard or overheard, by such means as a face-to-face meeting, cell phone, radio, telephone conversation, or otherwise, and every other mode of intentionally conveying meaning.

4.    As used herein, the term "RELATING TO" means the DOCUMENT itself as well as any other DOCUMENTS evidencing, describing, establishing, supporting, constituting, concerning, relating, referring, referencing, establishing, memorializing, containing, reflecting, or summarizing, in whole or in part, the DOCUMENT.

5.    As used herein, the term "YOU," "YOURS," and "BROADWAY" means Broadway Avenue Investments LLC, a California limited liability company.

6.    As used herein, the term "BANKRUPTCY CASE" means the lead case of Seaton Investments, LLC in these jointly-administered chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Central District of California, lead case number 2:24-bk-12079-VZ.

7.    As used herein, the term "LEASE MOTION" means the Motion to Approve Lease filed in the BANKRUPTCY CASE at docket number 420.

8.    As used herein, the term "LEASE" means the lease referred to in the LEASE MOTION.

9.    As used herein, the term "LOAN MOTION" means the Motion to Approve DIP Loan filed in the BANKRUPTCY CASE at docket number 418.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

3

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
RE DEBTORS' RENEWED LEASE AND DIP LOAN MOTIONS

Exhibit 3
95

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

10.    As used herein, the term "LOAN" means the loan referred to in the LOAN MOTION.

11.    As used herein, the term "DIP LENDER" means the debtor in possession lender referred to in the LOAN MOTION.

12.    As used herein, the term "VBH" means View Behavioral Health, LLC.

13.    As used herein, the term "CNN" means Collaborative Neuroscience Network LLC dba Oceanview Adult Psychiatric Hospital

14.    As used herein, the term "VBHC" means View Behavioral Health Colton, LLC.

15.    As used herein, the term "VBHC2" means View Behavioral Health Colton 2 LLC.

16.    As used herein, the term "STEPHENS" means Jack Stephens.

**INSTRUCTIONS**

1.    Except where otherwise specified, these Requests for Production of Documents seeks DOCUMENTS for the time period from January 1, 2024, to present.

2.    The DOCUMENTS described herein are those in YOUR possession, custody or control, including those in the possession, custody or control of YOUR employees, agents, representatives or attorneys, or anyone acting on YOUR behalf or their behalf.

3.    If YOU contend YOU cannot fully respond to any request herein because it is vague, ambiguous, or unintelligible, or because the nature or scope of the request cannot be ascertained, please contact the undersigned and obtain any necessary clarifications sufficiently in advance of the due date of YOUR response so that objections as to the language or scope of the request can be eliminated, and full and complete responses and production can be made in good faith when due.

4.    If YOU refuse to produce any DOCUMENT requested herein on the ground that the request is burdensome or oppressive, please specify the amount of time reasonably needed to comply with the request and how much compliance would cost.

5.    If YOU refuse to produce any DOCUMENT based upon a claim of privilege, please state with respect to each such DOCUMENT: (a) its nature (e.g. letter, memorandum, etc.);

1  (b) its title, if any; (c) the date it was prepared; (d) the identity of the individual(s) who prepared it

2  or participated in its preparation; and (e) the identity of all individuals who received copies of it.

3  **REQUESTS FOR PRODUCTION**

4  1.    ALL DOCUMENTS RELATING TO the LEASE.

5  2.    ALL DOCUMENTS RELATING TO VBH.

6  3.    ALL DOCUMENTS RELATING TO CNN.

7  4.    ALL DOCUMENTS RELATING TO VBHC.

8  5.    ALL DOCUMENTS RELATING TO VBHC2.

9  6.    ALL DOCUMENTS RELATING TO STEPHENS.

10  7.    ALL DOCUMENTS RELATING TO any proposed tenant under the LEASE,

11  including current audited and/or unaudited financial statements, profit and loss statements, income

12  statements, cash flow statements, balance sheets, interest-holder and/or shareholder equity, tax

13  returns, savings, checking, deposit, and/or other financial accounts, including bank statements,

14  hierarchical and/or organizational structure, current and/or fixed assets, liabilities, revenue and

15  expenses, non-profit status, license to conduct business in California, threatened or commenced

16  civil litigation or criminal inquiries or prosecutions, civil judgments, criminal convictions,

17  sanctions, contempt orders, of any such proposed tenant.

18  8.    ALL DOCUMENTS RELATING TO the DIP LOAN.

19  9.    ALL DOCUMENTS RELATING TO the DIP LENDER.

20  10.    ALL DOCUMENTS RELATING TO the broker of the DIP LOAN.

21  11.    ALL DOCUMENTS RELATING TO the broker of the DIP LOAN.

22  12.    ALL DOCUMENTS RELATING TO any certificate of occupancy concerning the
23          BROADWAY PROPERTY.

24  13.    ALL DOCUMENTS RELATING TO any temporary certificate of occupancy
25          concerning the BROADWAY PROPERTY.

26  14.    ALL DOCUMENTS RELATING TO construction budgets, subcontractors, labor,
27          materials, architectural plans, permits, approvals, inspections, construction
28          timelines, cost overruns RELATING TO the BROADWAY PROPERTY.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

5

**Exhibit 3**
97

15. ALL DOCUMENTS RELATING TO contracts, work orders, and/or change orders related to the work performed at the BROADWAY PROPERTY.

16. ALL DOCUMENTS RELATING TO construction, repair, and/or tenant improvement work completed on the BROADWAY PROPERTY, including all improvements, repairs, renovations, or alterations made.

17. ALL DOCUMENTS RELATING TO construction, repair, and/or tenant improvement work commenced, but not yet completed, on the BROADWAY PROPERTY, including all improvements, repairs, renovations, or alterations made.

18. ALL DOCUMENTS RELATING TO reports, certifications, or documentation confirming that the construction work at BROADWAY PROPERTY complies with applicable local, state, and federal building codes and regulations.

19. ALL DOCUMENTS RELATING TO ANY completion certificate or any other DOCUMENT verifying that the construction work on the BROADWAY PROPERTY has been completed.

20. ALL DOCUMENTS RELATING TO ANY insurance policies covering the construction project at BROADWAY PROPERTY, including but not limited to general liability, workers' compensation, and property insurance.

21. ALL DOCUMENTS RELATING TO ANY performance bond or payment bond was required for the BROADWAY PROPERTY.

22. ALL DOCUMENTS RELATING TO Zenith Healthcare Management, LLC.

23. ALL DOCUMENTS RELATING TO Steven Bombola.

24. ALL DOCUMENTS RELATING TO David Schwarcz.

25. ALL DOCUMENTS RELATING TO Judy Cox.

26. ALL DOCUMENTS RELATING TO Steve Gold.

27. ALL DOCUMENTS RELATING TO valuation of the BROADWAY PROPERTY.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

6

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
RE DEBTORS' RENEWED LEASE AND DIP LOAN MOTIONS

Exhibit 3
98

DATED:  February 6, 2025            FRANDZEL ROBINS BLOOM & CSATO, L.C.


By:        /s/ Gerrick M. Warrington
           GERRICK M. WARRINGTON
           Attorneys for Secured Creditor
           ARCHWAY BROADWAY LOAN SPE, LLC

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

7

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
RE DEBTORS' RENEWED LEASE AND DIP LOAN MOTIONS

Exhibit 3
99

## PROOF OF SERVICE

### In re SEATON INVESTMENTS, LLC, et al., 2:24-bk-12079-VZ

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles, State of California.  I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction.  My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

On February 6, 2025, I served true copy(ies) of the **ARCHWAY BROADWAY LOAN SPE, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEBTORS, SET ONE, RE RENEWED LEASE AND DIP LOAN MOTIONS**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

### SEE ATTACHED SERVICE LIST

**BY MAIL:**  I placed the envelope for collection and mailing at Los Angeles, California. The envelope was mailed with postage fully prepaid.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused said document(s) to be transmitted by electronic mail. This service may be based on a court order, Code of Civil Procedure 1010.6, or an agreement among the parties to accept service by email. The name(s) and e-mail addresses of the person(s) served are set forth in the above service list. The document(s) were transmitted by electronic transmission and without error from the following email address: achase@frandzel.com.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 6, 2025, at Los Angeles, California.

_____
/s/ Annette Chase
Annette Chase

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

8

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
RE DEBTORS' RENEWED LEASE AND DIP LOAN MOTIONS

Exhibit 3
100



**SERVICE LIST**

Derrick Talerico                                    Counsel to Corporate Debtors
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd
Suite 730
Los Angeles, CA 90025
310-207-1494
Fax : 310-442-0660
Email: dtalerico@wztslaw.com

Zev Shechtman                                       Counsel to Individual Debtors
Ryan Coy
Saul Ewing LLP
1888 Century Park East
Suite 1500
Los Angeles, CA 90067
310-255-6130
Fax : 310-255-6200
Email: Zev.Shechtman@saul.com
Ryan.Coy@saul.com

Kelly L Morrison                                    Office of the United States Trustee
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017
213-894-2656
Fax : 213-894-2603
Email: kelly.l.morrison@usdoj.gov

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE,
RE DEBTORS' RENEWED LEASE AND DIP LOAN MOTIONS

**Exhibit 3**
**101**

FRANDZEL ROBINS BLOOM & CSATO, L.C.
1000 WILSHIRE BOULEVARD, NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017-2427
(323) 852-1000

# EXHIBIT 4

**Shechtman, Zev M.**

| | |
|---|---|
| **From:** | Shechtman, Zev M. |
| **Sent:** | Monday, February 10, 2025 1:30 PM |
| **To:** | Gerrick Warrington |
| **Cc:** | Chow, Carol; Coy, Ryan; Derrick Talerico |
| **Subject:** | Archway-Broadway Document Production |

Gerrick,

We have received document requests from Archway for all of the below parties:

| Party |
|---|
| Christopher Maling |
| Almighty Builders, Inc. – Daniel Halevy |
| Jack Stephens |
| Noah Emanuel Streit (an agent, Streit Capital Corp.) |
| Aric Streit (an agent, Vicino LLC) |
| Simon Financial, Inc. |
| View Behavioral Health, LLC – Conrad Nilo |
| View Behavioral Health-Colton LLC – Conrad Nilo |
| View Behavioral Health-Colton II LLC – Conrad Nilo |
| Broadway Avenue Investments LLC |

My firm does not represent these parties.  However, our clients, the individual debtors, are joint proponents of the plan and movants in the subject contested matters.  Accordingly, we represent parties most interested in making sure that responses to document requests are expeditiously provided.

In furtherance of that effort, we will be utilizing my firm's staff and e-discovery resources to assemble responsive documents, Bates number and produce them in an appropriate manner.  Thus, we intend that responsive documents to be deposited with us, assembled and produced to you.

-Zev

**Zev M. Shechtman**
Partner
 (310) 255-6130



✉ zev.shechtman@saul.com

**Read my bio >>**

SAUL EWING LLP

1888 Century Park East
Suite 1500
Los Angeles, CA 90067

**CA • DE • FL • IL • MA • MD • MN • NJ • NY • PA • DC**

2

**Exhibit 4**
**102**

# EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

IN RE:                         )    CASE NO: 2:24-bk-12079-VZ
                               )    CHAPTER  11
                               )
SEATON INVESTMENTS, LLC,       )    Los Angeles, California
                               )
                               )    Thursday, January 30, 2025
          Debtor.             )
_____)    11:00 a.m.

JOINTLY ADMINISTERED WITH:
2:24-bk-12074-VZ (ALAN GOMPERTS);
2:24-BK-12075-VZ (DANIEL HALEVY);
2:24-BK-12076-VZ (SUSAN HALEVY);
2:24-BK-12080-VZ (COLYTON INVESTMENTS, LLC);
2:24-BK-12081-VZ (BROADWAY AVENUE INVESTMENTS, LLC);
2:24-BK-12082-VZ (SLA INVESTMENTS, LLC);
2:24-BK-12091-VZ (NEGEV INVESTMENTS, LLC)


HEARING RE:


    #6.00   ORDER TO APPEAR TO EXPLAIN WHY CASES
        SHOULD NOT BE DISMISSED [DKT.NO.367]


    BEFORE THE HONORABLE VINCENT P. ZURZOLO,
        UNITED STATES BANKRUPTCY JUDGE



APPEARANCES:              See Page 2


Court Recorder [DECRO]:  Shemainee Carranza
                         855 460-9641


Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

**APPEARANCES:**


| | |
|---|---|
| **For Archway Broadway**<br>**Loan SPE:** | **GERRICK WARRINGTON, ESQ.**<br>**Frandzel Robins Bloom & Csato**<br>**1000 Wilshire Boulevard**<br>**19th Floor**<br>**Los Angeles, CA 90017**<br>**323-658-9792** |
| **For Seaton, et al.:** | **DERRICK TALERICO, ESQ.**<br>**Weintraub Zolkin Talerico & Selth**<br>**11766 Wilshire Boulevard**<br>**Suite 730**<br>**Los Angeles, CA 90025**<br>**310-207-1494** |
| **Alan Gomperts, et al.:** | **ZEV SHECHTMAN, ESQ.**<br>**Saul Ewing**<br>**1888 Century Park East**<br>**Suite 1500**<br>**Los Angeles, CA 90067**<br>**310-255-6130** |
| **For Korth Direct**<br>**Mortgage:** | **JULIE GLAZER, ESQ.**<br>**Polsinelli**<br>**2049 Century Park East**<br>**Suite 2900**<br>**Los Angeles, CA 90067**<br>**310-556-1801** |
| **For Harvest Small**<br>**Business Finance:** | **CHRISTOPHER CROWELL, ESQ.**<br>**Hemar Rousso & Heald**<br>**15910 Ventura Boulevard**<br>**12th Floor**<br>**Encino, CA 91436**<br>**818-907-3126** |

3

1          **Los Angeles, CA; Thursday, January 30, 2025; 11:07 a.m.**

2                              --oOo--

3          **THE COURT:**  All right.  Let's turn to No. 6 on the 11

4    o'clock calendar.  This is a hearing on an order to explain why

5    the cases of Seaton Investments and related debtors should not

6    be dismissed.

7          Can I please have an appearance on behalf of the Seat

8    entities first?

9          **MR. TALERICO:**  Good morning, Your Honor, Derek

10   Talerico, counsel for Seaton, Colyton, Broadway, SLA and Negev

11   and also in the courtroom are its principals of some of those

12   entities, Alan Gomperts and Daniel Halevy.

13         **THE COURT:**  Okay.  Good morning.  And on behalf of

14   the individual debtors.

15         **MR. SCHECHTMAN:**  Good morning, Your Honor. Zev

16   Schechtman, Saul Ewing on behalf of the individual debtors,

17   Alan Gomperts, Daniel Halevy and Susan Halevy.

18         **THE COURT:**  Good morning.  And let's see, do we have

19   any appearance on behalf of Arch Broadway?

20         **MR. WARRINGTON:**  Good morning, Your Honor, Gerrick

21   Warrington for Archway Broadway Loan SPE and in the audience is

22   Bobby Khorshidi the principal of Archway.

23         **THE COURT:**  Okay.  Good morning.  Do I have an

24   appearance on the phone on behalf of Wells Fargo Bank?

25         Anyone appearing?  There's no one on your list from

4

1   Wells Fargo Bank?  Okay.  How about Urbanlime Real Estate?

2          You show an appearance for them?  Okay.  How about

3   Korth Direct Mortgage?

4          **MS. GLAZER:**  Good morning, Your Honor, this is Julie

5   Glazer on behalf of Korth Direct Mortgage.

6          **THE COURT:**  Good morning.  And let's see.  Do we have

7   an appearance on behalf of Harvest Small Business Finance?

8          **MR. CROWELL:**  Good morning, Your Honor, this is

9   Christopher Crowell for Harvest Small Business Finance.

10         **THE COURT:**  Good morning.  Mr. Crowell, in the

11  future, could you please register timely?

12         **MR. CROWELL:**  Yes, I will do that, Your Honor, my

13  apologies.

14         **THE COURT:**  Thank you.  That's okay, no apologies,

15  just timely compliance.

16         Okay.  As I stated, this is a hearing as to why these

17  cases should not be dismissed, converted or trustee appointed.

18  I received a response.  I know there's a status report that was

19  filed very recently.  Mr. Talerico, is there anything else you

20  want to say?

21         **MR. TALERICO:**  Yes, Your Honor.  First as to Seaton

22  and Colyton as we indicated in the initial filing, those

23  debtors are agreeable to having their cases dismissed and have

24  worked out with Course Direct, whose counsel is on the phone

25  for that result.  And so we ask that those two cases do be

5

1   dismissed today.  There's no longer any utility for them to

2   remain in a bankruptcy.

3           **THE COURT:**  Okay.

4           **MR. TALERICO:**  As to the other corporate entities

5   Broadway, SLA and Negev, as we've submitted, we believe there

6   is a tangible real reorganization yet to be had for those

7   entities.  A plan was filed on January 16th I believe which

8   timing-wise could be heard for confirmation on April 10.  And

9   also Your Honor will recall April 11 is the effective date of

10  relief from stay on that Broadway entity.

11          So this timing is really the last shot, the only shot

12  now at this point for restructuring for that entity, which now

13  if Seaton and Colyton are dismissed is now the central asset to

14  be reorganized by these joint debtors.

15          The backbone of that plan, vis a vis the Broadway

16  debtor is having a lease in place to generate income.  As we've

17  indicated and I don't know, you know, if Your Honor had to

18  chance to look at what was filed yesterday, it was late but it

19  was timing-wise, it was an update on things that had just

20  happened.  So I wanted to give you the most recent information.

21          The debtors are intending to bring a motion next

22  Tuesday to approve a lease with a tenant and there are

23  currently two tenants they are negotiating with, both of which

24  are committed to material terms and finalizing around the edges

25  of their leases.

6

1          It's the first time the debtor has been in a position

2     in this past couple of weeks where they actually have options

3     on how to move forward and who to do it with.  In addition,

4     both leases require funding, because there's an obligation on

5     the debtor to do certain TI work.

6          The debtors have secured and we've submitted, Your

7     Honor can see a letter of intent from Straight Lending, who's a

8     known lender, reputable lender, who's willing to do the loan

9     required to support the leases.  And we would bring a motion to

10    approve that financing next week, alongside a motion to approve

11    a lease with one of the potential tenants.

12         Signing-wise, we would schedule that hearing for

13    February 25th, which would be two days prior to the timing that

14    a disclosure statement hearing would be held.  A disclosure

15    statement hearing would be February 27th with a motion to

16    approve that disclosure statement being filed next week on the

17    6th.

18         So the idea is even though the plan allows for a

19    lease and financing to be approved and done through the plan,

20    nobody wants to wait and see on that.  We have the folks ready

21    to submit that to the Court now.  And so we're going to do just

22    that.

23         And come February 25th we will know if the Court has

24    approved the lease, approved the financing.  And at that point

25    we can amend the disclosure statement to demonstrate that this

7

1  is, in fact, the lease and the financing that supports and was

2  proposed in the plan.

3          So what we ask today is that in recognition that at

4  least on Broadway this case already has an end point, it's

5  April 11th.  Allow those debtors the time afforded by that end

6  date, by that relief from stay to reorganize.  And we believe

7  we've submitted to the Court sufficient update and back up and

8  evidence that, in fact, there is a viable reorganization here

9  to be had and the testing of that viable reorganization is

10  going to occur within the next month.  It's going to be on the

11  motions that are being filed next week.

12          And by February 25th we will know if there's going to

13  be a confirmation or not.  We won't actually have to wait to

14  April 10th to really find out.  We will know if -- obviously

15  there's confirmation standards that are separate from that, but

16  as far as the feasibility which is I think the key aspect will

17  have -- that should be known once we find out if the lease and

18  loan will be approved.

19          **THE COURT:**  Or at least some component of it.

20          **MR. TALERICO:**  Correct.

21          **THE COURT:**  Not all of it.

22          **MR. TALERICO:**  Correct, Your Honor.

23          **THE COURT:**  Okay.

24          **MR. TALERICO:**  So we ask that Seaton and Colyton be

25  dismissed today and that the remaining debtors be allowed this

8

1   final opportunity over this next month to test what they

2   believe is a viable reorganization.  Thank you, Your Honor.

3         **THE COURT:**  Okay.  Thank you very much.

4   Mr. Schechtman, do you wish to be heard?

5         **MR. SCHECHTMAN:**  Your Honor, very briefly.  The

6   individual debtors, two of whom are here are in full support of

7   this plan that's focused on the corporate debtors.  And they're

8   eager to move forward.  Obviously the Court is aware that a lot

9   of the liabilities of the individual debtors relate to these

10  business entities.

11        So it's important for them in their individual cases

12  to see that these business issues get resolved appropriately as

13  Mr. Talerico has explained.  Thank you.

14        **THE COURT:**  You're welcome.

15        **MR. TALERICO:**  Your Honor, I forgot to mention one

16  thing if I could.

17        **THE COURT:**  Sure.

18        **MR. TALERICO:**  Yesterday I did speak with the United

19  States Trustee about the hearing today and she confirmed to me

20  that she does not oppose the dismissal of Seaton and Colyton

21  and they would not be appearing today.

22        **THE COURT:**  It would be really appropriate for her to

23  have communicated that in writing or at the hearing.

24        **MR. TALERICO:**  So I make that representation to the

25  Court.

1          **THE COURT:**  Okay.  Thanks.

2          Mr. Warrington, you wish to be heard?

3          **MR. WARRINGTON:**  Yes, Your Honor, Gerrick Warrington

4    for Archway Broadway Loan SPE, LLC.

5          Your Honor, today we are now 318 days post-bankruptcy

6    filing for Broadway and the other single asset real estate

7    debtors, filed in March.  This is I think by my count, the

8    third or fourth tenant that they've proposed, third or fourth

9    lease.  And in connection with those prior lease motions,

10   Archway objected for various reasons.

11         One of the central reasons that Archway objected was

12   the lack of evidence of the financial wherewithal of the tenant

13   which is key to not just approval of the lease or leases, but

14   key to plan feasibility.

15         It is a component of feasibility and we served

16   discovery in connection with our objections under Rule 9014.

17   And the tenants, this is really odd, they seemingly evaded

18   service of the subpoenas, that's odd.  This happened two go

19   arounds.  So the two prior lease motions, we served discovery

20   each time in connection with the contested matters that arose

21   when we objected to those lease MO motions.

22         Even before these petitions were filed we had been

23   asking for tenant financials, it's a very simple ask.  And to

24   this day and in the filings filed two weeks ago and the filing

25   filed yesterday, there are no tenant financials attached,

1  authenticated, presented.

2         So the problems that plagued these prior lease and

3  loan motions that the debtors ultimately withdrew and that

4  there have never been hearings on persists to this day.  The

5  plan that they filed two weeks ago is interesting, it's a

6  little different than the prior plans that they proposed in

7  June and then later on in October.

8         The plan admits that the lease -- that the plan can't

9  be confirmed if the lease isn't approved.  And yet, there's no

10 evidence to support the feasibility of the plan based on the

11 lease.  The Court set this OFC and in the responses, there's

12 just nothing there to show a viable plan of reorganization

13 here.

14        The second amended plan says if the lease and the

15 loan aren't approved, Broadway will not be able to meet its

16 plan payments.

17        So this is just a rehash of the prior lease motions

18 really.  No tenant financials, no track record about these

19 proposed tenants.  And what is key, a distinction here, is that

20 the loan includes a priming lien under 364(d).  And there's no

21 evidence of adequate protection.

22        So this is really not just a cramdown trial, a full

23 blown cramdown trial, but it's also a full blown evidentiary

24 issue on the priming lien motion.  Archway has rights to

25 discovery under Rule 9014.  These are both contested matters,

11

1   the lease motion and the loan motion, as will be the motion to

2   confirm the plan.  These are contested matters and Archway

3   intends to exercise its rights to discovery.

4           Intends to get to the bottom of what are the tenant

5   financials, among other things.  Feasibility is a key issue

6   here, as is the discount rates.  I think the plan references a

7   subprime discount rate.  So there is going to be experts

8   involved.  There will be written discovery.  There will be oral

9   depositions on both sides.  There's no way this plan gets

10  confirmed before April 11th.  It's not feasible.

11          The Court should dismiss these cases and Broadway and

12  the other single asset real estate cases are the primary focus

13  of Archway's request that the Court dismiss and the Court

14  should stop this veritable revolving door of new tenant after

15  new tenant, each one without any evidence of financials.  Thank

16  you, Your Honor.

17          **THE COURT:**  Thank you very much.  Ms. Glazer, do you

18  wish to be heard?

19          **MS. GLAZER:**  No, Your Honor, we agree with the plan

20  as presented.

21          **THE COURT:**  Okay.  Mr. Crowell?

22          **MR. CROWELL:**  Your Honor, we don't need to be heard.

23          **THE COURT:**  Okay.  So --

24          **MR. TALERICO:**  Your Honor, could I respond briefly?

25          **THE COURT:**  Let me ask the question, Mr. Warrington,

1   did you file a response to the order to show cause?

2           **MR. WARRINGTON:**  No, Your Honor, we did not file a

3   written response.

4           **THE COURT:**  So some of the issues of fact that you

5   raised I have no evidence to establish.

6           **MR. WARRINGTON:**  The evidence has not been presented

7   in connection --

8           **THE COURT:**  Yeah.

9           **MR. WARRINGTON:**  -- with this LLC.

10          **THE COURT:**  Yeah.  Okay.  Do you still want to reply,

11  Mr. Talerico?

12          **MR. TALERICO:**  Maybe not.

13          **THE COURT:**  Okay.  This is a hearing I set because

14  the debtors had a disclosure statement hearing set.  They

15  didn't go forward with their motion to approve the disclosure

16  statement, so just out of a matter of course, I set these

17  hearings so that cases don't get lost in the ether.

18          So today two of the debtors are going in to the

19  ether.  And the question is whether or not it makes sense to

20  give the remaining debtors an opportunity to a final

21  opportunity to present a disclosure statement and a plan and

22  the other motions which are crucial to the success of this --

23  well, of a plan before I make a decision deciding to dismiss

24  the remaining cases.

25          I agree with Mr. Warrington that one could today, I

1  could today easily say, inadequate progress has been made.  And

2  I will say, because the cases are going to go forward, I'll

3  take all the surprise out of this, that if there is not

4  cooperation with the lessee, by the lessees, the tentative

5  lessees with regarding to providing financial information about

6  their ability to carry out their obligations under the lease,

7  that would be a crucial fact in my determination of feasibility

8  and whether or not the case should go forward and whether the

9  motion to enter into the lease would be granted.

10        So if I had -- I have to say, if I had evidence today

11  with regards to discovery being proffered and it had not been

12  responded to, I might very well be dismissing these cases

13  today.

14        So you may gather, that I am going to continue the

15  hearing on this order to show cause as to the remaining debtors

16  to February 27th, 2025 at 11 a.m.

17        So I think it's pretty clear, if you can't -- if the

18  motion to approve the lease isn't granted, that the disclosure

19  statement is inadequate, and it gets denied, there's a relief

20  from stay order that's already been entered and relief from

21  stay is going to allow the Archway creditor to go forward on

22  April 11th I think is the date.  Is that accurate,

23  Mr. Warrington?

24        **MR. WARRINGTON:**  Yes, Your Honor.

25        **THE COURT:**  Yeah.  So everybody knows where you

14

1  stand.  And you know what you've got to do.  And you should

2  obviously talk to each other.  I mean, I understand that you're

3  adversarial, but in terms of things that have to happen i.e.,

4  sharing financial wherewithal of lessees, if you can't make

5  that happen consensually that's a bad sign going forward.

6          So that's the result.  I'll cause orders to be

7  entered dismissing Seaton Investments and Colyton Investment

8  cases.  The order will also include the provision continuing

9  the hearing on the order to appear and explain as to the

10  remaining debtors for February 27th at 11 a.m.

11          And you're welcome to submit a separate response to

12  that, but I think I've made it very clear what the gravamen of

13  the response would be to the order to appear and explain on

14  February 27th.  Okay?  Thank you all very much.

15          **MR. TALERICO:**  Thank you, Your Honor.  An

16  administrative question, if I could?

17          **THE COURT:**  Sure, come to the lectern.  Ask the

18  question.

19          **MR. TALERICO:**  With Seaton and Colyton being

20  dismissed, you know, we do have jointly administered debtors in

21  a joint caption, would the Court like some amended caption that

22  takes them off or how would --

23          **THE COURT:**  After the order is entered dismissing

24  them, then you may submit pleadings with captions that reflect

25  the remaining debtors.

15

1          **MR. TALERICO:**  Okay.  We can just do that, there's no

2  motion --

3          **THE COURT:**  Yeah.

4          **MR. TALERICO:**  -- we need to --

5          **THE COURT:**  Just do that.

6          **MR. TALERICO:**  Thank you, Your Honor.

7          **THE COURT:**  Okay?  All right.  Thank you all very

8  much.  Court is adjourned.

9      **(Proceedings concluded at 11:26 a.m.)**

10                          * * * * *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

16

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    January 31, 2025

             Signed                                           Dated

                    *TONI HUDSON, TRANSCRIBER*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): **Declaration of Zev Shechtman in Support of Debtor's Reply to Opposition and Objection to Joint Debtors Motion to Approve Adequacy of Disclosure Statement** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 21, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **February 21, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 21, 2025 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**:

- **Scott R Albrecht**    salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- **Tanya Behnam**    tbehnam@polsinelli.com,
  tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Jacquelyn H Choi**    jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Carol Chow**    Carol.Chow@saul.com, hannah.richmond@saul.com,easter.santamaria@saul.com
- **Robert F Conte**    robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **Ryan Coy**    ryan.coy@saul.com,
  hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com
- **Christopher Cramer**    secured@becket-lee.com
- **Christopher Crowell**    ccrowell@hrhlaw.com
- **Turner Falk**    turner.falk@saul.com, tnfalk@recap.email
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **Jacqueline L James**    jjames@hrhlaw.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Avi Edward Muhtar**    amuhtar@crownandstonelaw.com
- **Bruce D Poltrock**    bpoltrock@frandzel.com, achase@frandzel.com
- **Paige Selina Poupart**    ppoupart@frandzel.com, achase@frandzel.com
- **Lovee D Sarenas**    lovee.sarenas@dinsmore.com, wendy.yones@dinsmore.com
- **Zev Shechtman**    Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **David B Shemano**    dshemano@shemanolaw.com
- **Derrick Talerico**    dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Garrick Vanderfin**    gvanderfin@polsinelli.com, zyoung@Polsinelli.com;ladocketing@polsinelli.com
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**