Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
Paige T. Rolfe (State Bar No. 331096)
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtor SLA Investments, LLC

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br>Debtors and Debtors In Possession.<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC<br>☐ Affects Colyton Investments, LLC<br>☐ Affects Broadway Avenue Investments, LLC<br>☒ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ and<br>2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**DEBTOR'S OPPOSITION TO HARVEST SMALL BUSINESS FINANCE, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATIONS OF DANIEL HALEVY, BOBBY KORSHIDI, AND ELIZABETH CLARK IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:    January 6, 2026<br>Time:   10:30 a.m.<br>Crtrm:  1368<br>           255 E. Temple Street<br>           Los Angeles, CA 90012 |

-1-
DEBTOR'S OPPOSITION TO HARVEST RELIEF FROM STAY

Debtor SLA Investments, LLC ("SLA" or the "Debtor") hereby opposes the Motion for Relief form the Automatic Stay (the "Motion') [Doc. No. 594] filed by Harvest Small Business Finance, LLC ("Harvest") regarding the Debtor's property located at 1040 S. Los Angeles St., Los Angeles, CA 90015, APN 5145-020-057 (the "Property"). The Motion seeks relief from stay on two grounds: § 362(d)(1) (for cause – lack of adequate protection) and § 362(d)(2) (no equity and not necessary to an effective reorganization). For the reasons set forth below, Harvest fails to establish grounds for relief from the automatic stay and the Motion should be denied.

## I. 362(d)(1) – There is no Cause to Grant Relief from the Automatic Stay

A lack of adequate protection is the only grounds raised by Harvest for relief from the automatic stay pursuant to Section 362(d)(1), arguing that (i) Harvest's interest in the Property is not protected by an adequate equity cushion and (ii) the fair market value of the Property is declining and payments are not being made to protect Harvest against the decline in value. Harvest does not establish cause to grant relief from stay based on failure to provide adequate protection.

First, Harvest's primary argument is that the Property's value is declining due to the Debtor falling behind on its property taxes, for which Harvest claims there is no adequate protection. However, even based upon Harvest's own math, the $9,015 monthly adequate protection payments which the Debtor has been making to Harvest since May 2025 more than offset the taxes that are accruing. Real property taxes on the Property for tax year 2025 totaled $39,199.83, as shown by Exhibit 6 to Harvest's Motion, which is $3,266.65 per month. Even adding 326.66 for the 10% penalty for failure to timely pay taxes on a monthly basis for a total of $3,593.31, the Debtor's adequate protection payments of $9,015 per month are more than sufficient to offset any reduction in value that the ongoing property taxes represent.

Second, Harvest's argument that it is not receiving adequate protection rests on a Property value of $2.1 million. If in fact the Property is worth $2.5 or more, as the attached declarations of Daniel Halevy ($2.5M - $2.6M) and Elizabeth Clark ($2.5M) attest, the equity cushion would be between 10% and 13.5%, using the lien amounts that Harvest asserts (Harvest's lien of $2,154,239.09) and property taxes of $96,795.43. While these percentages are still below the 20%

equity cushion which is the benchmark for requiring no adequate protection payments at all, when considering an equity cushion of 10% to 13.5% *plus* the current payments of $9,015 per month which the Debtor is making to Harvest, Harvest cannot be heard to argue that its position is not adequately protected.

For the reasons stated above, Harvest does not require additional adequate protection payments because Harvest's interest in the collateral does not suffer from a lack of adequate protection.

## II.    362(d)(2) – No Equity and the Property is Necessary for an Effective Reorganization

Section 362(d)(2) has two requirements – that there is no equity in the property and that the property is not necessary for an effective reorganization.

Harvest argues that there is no equity in the Property based on a value of $2,100,000. The Debtor believes that this value is less than the actual value of the Property, which the Debtor asserts may currently be between $2,500,000 and $2,600,000. *See* the attached declarations of Daniel Halevy and Elizabeth Clark. If that is the case, then there may be equity above liens and cost of sale (Harvest tallies these amounts to $2,508,909), and relief from stay may not be granted pursuant to 11 U.S.C. § 362(d)(2).

However, even if for the purposes of the Motion the Property were assumed to have no equity, the test under section 362(d)(2) is conjunctive—it requires both no equity in the property *and* that the property not be necessary for an effective reorganization. The Property—the only significant asset of the Debtor—is undoubtedly necessary for the Debtor's reorganization.

Harvest's argument that the Property is not necessary to reorganization is based solely on the fact that the Debtor has not yet secured approval of a disclosure statement or confirmation of a plan. But the Property is the only asset of the Debtor, whose Bankruptcy Case is being jointly administered with the above-captioned jointly administered debtors (the "Joint Debtors"), and the plan being proposed is joint plan for all of the Joint Debtors.

Since the filing of their cases, the Joint Debtors have been working to assemble what is necessarily a complex joint plan of reorganization involving three corporate debtors with cross-

collateralized debt to one lender and guaranties from three individual debtors in addition to corporate guaranties. While the timeline has not been to Harvest's liking, it is not indicative of the Debtor's inability to confirm a plan.

As Harvest acknowledges, the Debtor's ability to confirm a plan is based upon a settlement reached with the junior lienholder, Archway Broadway Loan SPE, LLC ("Archway"). An agreement has been reached between the Debtor, the other Joint Debtors, and Archway (the "Settlement"). It has been a long process to negotiate the details of the Settlement, which began in earnest in March 2025, but Archway and the Joint Debtors now believe a settlement agreement will be signed in perhaps a matter of days and an amended joint plan of reorganization filed by the end of January 2025. *See* Declarations of Bobby Korshidi and Daniel Halevy annexed hereto.

While the Settlement is complex, in relevant part, it is premised upon Archway retaining its existing lien on the Property as collateral and Archway's perceived value of its interest in the Property. The Property is necessary for reorganization because the Property is necessary for the Settlement, which is the foundation upon which the Joint Debtors' joint plans of reorganization will rest. *See* Declarations of Bobby Korshidi and Daniel Halevy.

As Harvest's primary argument is that the Debtor is unlikely to confirm a feasible plan of reorganization, it would be premature to grant Harvest's Motion for relief from stay before a motion to approve the settlement is heard, which is likely to go forward on January 27, 2026, as currently calendared (the "9019 Motion"). Approval of the 9019 Motion will allow the Debtor to proceed in proposing, confirming, and performing a feasible joint plan of reorganization. Harvest should not be permitted to jeopardize the careful balance reached in the Settlement by removing an important piece of Archway's collateral, before the Settlement is put before the Court to approve.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-4-
DEBTOR'S OPPOSITION TO HARVEST RELIEF FROM STAY

### III. Conclusion

For the reasons set forth herein, Harvest's Motion should be denied. The Debtor should be allowed to proceed in seeking approval of the Settlement with Archway, paving the way for the proposal and confirmation of a joint plan of reorganization.

Dated: December 23, 2025    **WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
     Derrick Talerico
Counsel to Debtor SLA Investments, LLC

# DECLARATION OF DANIEL HALEVY

I, Daniel Halevy, hereby declare as follows:

1. I make this declaration in support of the *Debtor's Opposition to Harvest Small Business Finance, LLC's Motion for Relief from the Automatic Stay* (the "Opposition"). Terms not defined herein shall have the same meanings ascribed to them in the Opposition. I am one of the debtors in these jointly administered Bankruptcy Cases, and I am a member of SLA Investments, LLC (the "Debtor").

2. I believe that the property located at 1040 S. Los Angeles St., Los Angeles, CA 90015, APN 5145-020-057 (the "Property") is currently worth between $2,400,000 to $2,600,000. This estimate of value is based upon my firsthand knowledge of the Property, its location, the commercial retail property market, and comparable properties. I also receive information and updates from the Elizabeth Clark, the broker engaged to market and sell the Property prior to the bankruptcy filing. She also informs me that the Property would sell at about $2,500,000 if listed and marketed today.

3. I, along with the other jointly administered debtors in these cases, have been negotiating a settlement with Archway Capital since at least March 2025. I believe that settlement is days away from being signed and a joint plan based upon the terms of this settlement will be filed by the end of January. The settlement negotiation process with Archway has been complicated due to the number of debtors, notes, properties, and collateral involved. The Property is part of Archway's collateral package and it is my understanding that Archway ascribes value to its second lien position on the Property which is a critical component of the settlement. If relief from stay is granted, it is my understanding that Archway would require the terms of the settlement to be renegotiated, which might not be possible and result in the failure of at least some of the jointly administered debtors' cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of December, 2025, at __Los Angeles__, California.

_____
DANIEL HALEVY

## DECLARATION OF BOBBY KORSHIDI

I, Bobby Korshidi, hereby declare as follows:

1. I make this declaration in support of the *Debtor's Opposition to Harvest Small Business Finance, LLC's Motion for Relief from the Automatic Stay* (the "Opposition"). Terms not defined herein shall have the same meanings ascribed to them in the Opposition.

2. I am the Manager of Archway Broadway Loan SPE, LLC ("Archway"), which holds a junior deed of trust on the Debtor's property located at 1040 S. Los Angeles St., Los Angeles, CA 90015, APN 5145-020-057 (the "Property").

3. In May 2025, Archway and the jointly administered debtors (the "Debtors") in these cases (the "Cases") agreed to terms in principal to resolve Archway's claims against all of the Debtors which would be incorporated in and form the basis of a consensual joint plan of reorganization to be filed by the Debtors. Archway and the Debtors have been drafting the documents and negotiating the details of our agreement since May 2025. Our settlement agreement (the "Settlement") now appears to be in final form. I expect an amended joint plan of reorganization will be filed in January that will resolve these Cases.

4. Archway's analysis of the Property concludes that there is value beyond the first lien that provides value to Archway's lien. Based upon this assessment of value, Archway has assigned value to its assumed interest in the Property that is an integral component to Archway's assessment of the global collateral proposition upon which the Settlement is based. If relief from stay is granted that would allow the Property to be sold at a foreclosure sale, Archway will need to reassess the Settlement. This would risk the entire Settlement which Archway and the Debtors have negotiated.

5. The Property is a necessary part of the Settlement which assumes that the Debtor owns the Property and that Archway retain its interest in the Property as collateral.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of December, 2025, at ___LocationTokyo, Japan_____.



BOBBY KORSHIDI

**DECLARATION VERIFYING SOFTWARE GENERATED SIGNATURE(S)**
*(Attach this declaration immediately after the signature page of any document that is being Filed and that contains a Software Generated Signature, as those terms are defined in LBR 9011-1(b).)*

I, *(print name of declarant)* Derrick Talerico_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. I am an attorney admitted to practice in this district, or alternatively I am an attorney who has been granted leave to appear pro hac vice per LBR 2090-1.

3. As set forth in the table below, either–
   a. <u>Oral verification</u>: I have obtained oral verification from the following person(s), whose Software Generated Signature (as defined in LBR 9011-1(b)(4)(B)) appear(s) on the accompanying document, that the signer intended to sign this document electronically, or alternatively
   b. <u>Explanation</u>: I provide the following explanation why no such verification is provided (*e.g.,* that the signer is represented by a different attorney who will provide a separate declaration confirming their client's oral verification):

|   | Name of signer | Date of oral* verification | -OR-  Explanation why no verification is provided |
|---|---|---|---|
| 1. | Bobby Korshidi | 12/23/2025 | ☐ See explanation below. |
| 2. |  |  | ☐ See explanation below. |
| 3. |  |  | ☐ See explanation below. |
| 4. |  |  | ☐ See explanation below. |
| 5. |  |  | ☐ See explanation below. |

Explanation(s) *(if applicable)*:

☐ see attached continuation sheet

*<u>Verification must be oral</u>. For the avoidance of doubt, verification must be oral, and any written verification is insufficient even if it includes a purported holographic signature, so as to protect against persons who might have access to the hardware and software of the alleged signer and could use such access to create (A) false Software Generated Signatures and (B) false images of holographic signatures purporting to verify those electronic signatures. *See* LBR 9011-1(b)(4)(B).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/2025 | Derrick Talerico | /s/ Derrick Talerico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*October 2024*　　　　　　　　　　Page 1　　　　　　　　**F 9011-1.SIGNATURE.VERIF.DEC**

# DECLARATION OF ELIZABETH CLARK

I, Elizabeth Clark, hereby declare as follows:

1. I make this declaration in support of the *Debtor's Opposition to Harvest Small Business Finance, LLC's Motion for Relief from the Automatic Stay* (the "Opposition"). Terms not defined herein shall have the same meanings ascribed to them in the Opposition.

2. I am a Senior Vice President with Kidder Mathews. I specialize in investment property acquisitions and dispositions. Prior to the Debtor's bankruptcy cases, I was engaged as the broker to market and sell the Debtor's property located at 1040 S. Los Angeles St., Los Angeles, CA 90015, APN 5145-020-057 (the "Property").

3. Prior to the bankruptcy, I had the Property listed at or above $3.5 million, In August 2024, I received an offer to purchase the Property at $2.5 million. In the past year the sub-$3M retail/commercial market has experienced some weakness but has strengthened in the last few months. On this basis I believe the Property would sell for approximately $2.5M if taken to market at number close to that price.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of December, 2025, at Los Angeles , California.



ELIZABETH CLARK

---

-9-
DECLARATION RE DEBTOR'S OPPOSITION TO HARVEST RELIEF FROM STAY

**DECLARATION VERIFYING SOFTWARE GENERATED SIGNATURE(S)**
*(Attach this declaration immediately after the signature page of any document that is being Filed and that contains a Software Generated Signature, as those terms are defined in LBR 9011-1(b).)*

I, *(print name of declarant)* Derrick Talerico_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. I am an attorney admitted to practice in this district, or alternatively I am an attorney who has been granted leave to appear pro hac vice per LBR 2090-1.

3. As set forth in the table below, either–
   a. Oral verification: I have obtained oral verification from the following person(s), whose Software Generated Signature (as defined in LBR 9011-1(b)(4)(B)) appear(s) on the accompanying document, that the signer intended to sign this document electronically, or alternatively
   b. Explanation: I provide the following explanation why no such verification is provided (*e.g.,* that the signer is represented by a different attorney who will provide a separate declaration confirming their client's oral verification):

|   | Name of signer | Date of oral* verification | -OR- Explanation why no verification is provided |
|---|---|---|---|
| 1. | Elizabeth Clark | 12/23/2025 | ☐ See explanation below. |
| 2. |  |  | ☐ See explanation below. |
| 3. |  |  | ☐ See explanation below. |
| 4. |  |  | ☐ See explanation below. |
| 5. |  |  | ☐ See explanation below. |

Explanation(s) *(if applicable)*:




☐ see attached continuation sheet

*Verification must be oral. For the avoidance of doubt, verification must be oral, and any written verification is insufficient even if it includes a purported holographic signature, so as to protect against persons who might have access to the hardware and software of the alleged signer and could use such access to create (A) false Software Generated Signatures and (B) false images of holographic signatures purporting to verify those electronic signatures. *See* LBR 9011-1(b)(4)(B).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/2025 | Derrick Talerico | /s/ Derrick Talerico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*October 2024*    Page 1    **F 9011-1.SIGNATURE.VERIF.DEC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Debtors Opposition to Harvest Small Business Finance, LLCs Motion for Relief From the Automatic Stay; Declarations of Daniel Halevy, Bobby Korshidi, and Elizabeth Clark in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 23, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 23, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo         (via Priority Mail)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 23, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**

Broadway Avenue Investments, LLC – Jointly Administered

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Halevy: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam, Garrick Vanderfin**: gvanderfin@polsinelli.com, tbehnam@polsinelli.com; tanyabehnam@gmail.com; ladocketing@polsinelli.com; zyoung@polsinelli.com; ccripe@polsinelli.com;
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Christopher Crowell, Jessica M Simon**: ccrowell@frandzel.com; mbrandenberg@frandzel.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com; autodocket@frandzel.com
- Attorneys for Creditors NewRez LLC d/b/a Shellpoint Mortgage Servicing, Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@buchalter.com; gvidales@buchalter.com; docket@buchalter.com
- Courtesy NEF/Interested Party Avi Muhtar: **Avi Edward Muhtar**: amuhtar@crownandstonelaw.com
- Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC: **David B Shemano**: dshemano@shemanolaw.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jessica M. Simon**: jsimon@hrhlaw.com; mgranzow@hrhlaw.com
- Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto: **Samantha White**: Samantha.white@wellsfargo.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**