JESSICA M. SIMON – SBN 277581
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile:  (818) 501-2985
Email: jsimon@hrhlaw.com
File No. 4969-20240337

Attorneys for Movant/Secured Creditor,
HARVEST SMALL BUSINESS FINANCE, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES DIVISION)**

| | |
|---|---|
| IN RE:<br><br>SEATON INVESTMENTS, LLC,<br><br>☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC (Dismissed)<br>☐ Affects Colyton Investments, LLC (Dismissed)<br>☐ Affects Broadway Avenue Investments, LLC<br>☒ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy<br><br>                                        Debtors.<br><br>HARVEST SMALL BUSINESS FINANCE, LLC,<br><br>                      Movant,<br><br>vs.<br><br>SLA INVESTMENTS, LLC,<br><br>                      Debtor. | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>**2:24-bk-12082-VZ**; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ<br>and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY [REAL PROPERTY: [1040 S. Los Angeles Street, Los Angeles, CA 90015, APN 5145-020-057]**<br><br>(*Declaration of Jessica Simon filed concurrently herewith*)<br><br><u>Hearing</u><br>DATE:    January 6, 2026<br>TIME:    10:30 a.m.<br>CTRM:   1368<br>JUDGE:  Vincent P. Zurzolo |

## I.     REPLY IN SUPPORT OF MOTION

### A.     Relief from the Automatic Stay Is Warranted Under Section 362(d)(1) For Lack of an Equity Cushion

As Movant demonstrates in its Motion, based on the appraiser's valuation of $2,100,000.00, there is no equity cushion in the Property.[1] (Motion, p. 5.)  Debtor does not contest that. Rather, Debtor claims that the Property should be valued at $2.5 million, resulting in an equity cushion of 10% and 13.5% (depending on inclusion of real property taxes).  (Opposition, p. 2.)  Debtor's valuation is unreliable, and Debtor is mistaken in its equity cushion calculation.

First, Movant has submitted a timely, reliable, and substantiated appraisal showing that the fair market value of the Property is $2.1 million as of October 20, 2025. (See Ex. 5 to Motion, Shioji Decl., ¶ 5, Ex. A thereto.)  Debtor has failed to rebut Harvest's appraisal with sufficient evidence to support Debtor's valuation.

In opposition to the Motion, Debtor primarily contends that there is equity in the Property and an equity cushion, relying on an over one-year old sale offer on the Property for $2.5 million – which did not even proceed – and no other substantiation in support, other than opinions (without more) of the Debtor and a broker.  Specifically, Debtor submits a broker's opinion of value from Ms. Elizabeth Clark who bases her $2.5 million valuation on an offer to purchase the Property for that amount in August 2024 (well over one year ago) and claimed strengthening of the weakened real property market in the last few months.  (See Declaration of Elizabeth Clark to Debtor's Opposition ["Clark Decl."], ¶ 3.)  She submits no sale comparables or basis for her belief that the market has strengthened enough in recent months that the Property would now sell for $2.5 million.  She furthermore does not explain what happened to that offer (for example, whether it was withdrawn or otherwise why the Property was not sold at that price).  In short, her testimony does not demonstrate with credible evidence the Property's value in the present market.  The Debtor, by and through one of its members Mr. Daniel Halevy further testifies to a valuation between $2.4 and $2.6 million, but also fails to support his valuation with any evidence of comparables or otherwise, and therefore it is not persuasive. (See

---

[1] All terms not defined herein were defined in the Motion.

Declaration of Daniel Halevy ["Halevy Decl."], ¶ 2.) *See, e.g.,* In re Bellamy, No. 13-60391-13, 2013 WL 6080260, at *4 (Bankr. D. Mont. Nov. 19, 2013) ("While a debtor's estimate of value may be acceptable in certain cases, the Court may give little weight to an opinion if not based upon sufficient facts," and rejecting debtor's opinion of value where debtor "offered no facts to support his opinion").

By contrast, Harvest submits a recent appraisal (within recent months) of the Property's valuation in the present market, with substantial support including comparables (*see, e.g.,* page 42 of the Appraisal, Ex. 5 to the Motion). Based on vacancies, the appraiser concluded that there would be a decrease in net operating income in 2025, supporting the valuation and further showing why a 2024 offer – again, that was not even accepted – is unreliable to show present value. (*See,* page 54 and Addendum C [Rent Roll] of the Appraisal, Ex. 5 to the Motion). Thus, Harvest's valuation of $2.1 million is the correct valuation to consider, showing that Harvest has no equity cushion in the Property.

Second, even if a $2.5 million valuation were used – and it should not be – contrary to Debtor's claim, there would only be a 3.5% cushion (or a cushion of $76,257.35 with senior tax liens being assessed monthly and continuing to accrue). (Opposition, p. 2.) That is wholly insufficient as adequate protection under the law. *See, e.g.,* In re Lane, 108 B.R. 6, 11 (Bankr. D. Mass. 1989) (equity cushions ranging from 8% to 18% have been deemed inadequate). In re Mellor, 734 F2d 1396, 1400 (9th Cir. 1984) ("A 20% cushion has been held to be an adequate protection for a secured creditor."); In re Helionetics, Inc., 70 BR 433, 440 (Bankr. C.D. Cal. 1987) (20.4% equity cushion was adequate).

Movant's equity cushion calculation is reached by calculating Harvest's lien, senior tax liens, and costs of sale, which total $2,423,742.65, leaving a cushion of only $76,257.35. Specifically, Harvest's lien is at least $2,154,239.09 as of November 20, 2025, 2024 defaulted real property taxes are at least $97,943.65 as of December 2025 (including the additional December penalty assessed of $1,148.22), defaulted December 2025 taxes add another $21,559.91 (including an assessed penalty), and 6% costs of sale of $150,000.00 (assuming in the unlikely event that the Property sells for $2.5

million).[2]  (*See* Jiang Decl., ¶ 8, ¶ 11.e, Ex. 6 Los Angeles Treasurer and Tax Collector Defaulted Tax Roll; Declaration of Jessica Simon filed concurrently herewith, ¶ 2, Ex. 7 [Los Angeles Treasurer and Tax Collector Defaulted Tax Roll as of December 23, 2025].)

Debtor claims that the adequate protection payments that Harvest is receiving of $9,015.00 per month since May 2025 are supposedly adequate to offset the increasing taxes. (*See* Stipulation, Dkt. 510; Opposition, p. 2.)  But Debtor fails to consider that those payments do not even cover interest that continues to accrue under the Loan, much less the monthly obligations, which are normally $19,190.05. (*See* Stipulation, Dkt. 510; Jiang Decl., ¶ 11.a., b., and c.)  Both accruing interest and real property taxes further lead to a decline in an already nonexistent equity cushion (based on the appraiser's valuation of the Property) or insufficient equity cushion (based on the Debtor's submitted, and virtually baseless, opinions of value).  Moreover, the Debtor has an apparent inability to increase the payments to Harvest by any meaningful amount, given that Debtor reports income ranging from $9,700.00 in September 2025 to $10,450.00 in November 2025 only. (*See* Monthly Operating Report ["MOR"] ending 9/30/2025, Part 4, and Preliminary Profit & Loss thereto, Dkt. 582; MOR ending 11/30/2025, Part 4, and Preliminary Profit & Loss thereto, Dkt. 599.)  Thus, for these reasons, Harvest is inadequately protected and stay relief should be granted under 11 U.S.C. § 352(d)(1), with waiver of the 14-day stay.

**B.    Relief From the Automatic Stay Should Be Granted Under Section 362(d)(2) Because There Is No Equity and The Debtor Still Does Not Have an Executed Settlement Agreement or Plan on File**

Movant demonstrates in its Motion that there is no equity in the Property based on its calculation of its lien, plus Archway's lien, and real property taxes, without even including other costs as the Property is fully encumbered with these liens alone based on the $2.1 million appraised valuation. (Motion, at p. 6.)  Again, Debtor does not contest that calculation based on the appraised value of the Property but rather contests it based on its own valuation of the Property.

As set forth above, however, even using the Debtor's valuation – which again should not be used – there still is no equity in the Property.  At most there would be an equity cushion of

---

[2] One cannot sell a property on the market without incurring costs of sale and those costs must be considered.

$76,257.35 for Harvest, but that does not include Archway's lien of at least $131,875.00, which would eat up any equity. Thus, there is no equity for the estate under either valuation.

Next, Debtor does not contest that any reorganization depends on a settlement with the junior lienholder on this Property, Archway. (Opposition, p. 4.) It further acknowledges that a settlement agreement has not been signed as of the time of the Opposition, but believes that it will be signed soon with an amended joint Plan on file by end of January 2025. (Id.) Harvest reminds the Court that the Debtor's Disclosure Statement and Plan (which were not approved) and 9019 Motion were filed over 6 months ago on June 18 and June 19, 2025 respectively (Dkts. 107, 520), both have been continued various times leading to significant delay, and this case has been pending for a few months short of two years (as of March 19, 2024). Harvest is naturally circumspect of any timely executed agreement and Plan confirmation and unwilling to risk its interest in the Property. Based on the lack of equity in the Property and the amount of time and delay that has passed without a confirmable Plan, stay relief is warranted at this time under 11 U.S.C. § 362(d)(2), with waiver of the 14-day stay.

## II. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant it stay relief at this time under Sections 362(d)(1) and (d)(2) to exercise its state law rights and remedies to the Property, including but not limited to recording the Notice of Default, Notice of Sale, and proceeding to foreclose the Property, with waiver of the 14-day stay under FRBP 4001(a)(3).

DATED: December 29, 2025        HEMAR, ROUSSO & HEALD, LLP

BY: /s/ *Jessica M. Simon*
    JESSICA M. SIMON
    Movant/Secured Creditor,
    HARVEST SMALL BUSINESS FINANCE, LLC

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
15910 Ventura Blvd., 12th Floor, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY [REAL PROPERTY: [1040 S. Los Angeles Street, Los Angeles, CA 90015, APN 5145-020-057]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 16, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 29, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 29, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 29, 2025 | MARY ANN GRANZOW | /s/ *MaryAnn Granzow* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

# **SERVICE LIST**

**BY PERSONAL DELIVERY:**

*Chambers' Copy:*
Hon Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

**SERVED BY U.S. MAIL:**

**Debtor**
SLA Investments, LLC
264 S. Oakhurst Drive
Beverly Hills, CA 90212

**Debtor's Attorneys**
Derrick Talerico
Weintraub Zolkin Talerico & Selth LLP
11766 Wilshire Blvd., Suite 730
Los Angeles, CA 90025

**U.S. Trustee**
Kelly L. Morrison
Office of the US Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

**Lienholder**
Second Lienholder
Archway Broadway Loan SPE, LLC
c/o Michael Gerard Fletcher
Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA 90017-2427

Los Angeles County Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

**List of Creditors**

Joshua Mogin Esq.
Thompson Coburn LLP
10100 Santa Monica Blvd., Suite 500
Los Angeles, CA 90067

US Small Business Administration
Office of General Counsel
312 N. Spring Street, 5th Floor
Los Angeles, CA 90012

CA Dept of Tax and Fee Admin
Account Info Group MIC29
PO Box 942879
Sacramento, CA 94279-0029

Employment Development Dept
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Commune Events Inc
802 Mateo Street
Los Angeles, CA 90021

David Garay
1040 S. Los Angeles St., Unit 8
Los Angeles, CA 90015

Earth Bean Coffee LLC
1200 S. Grand Avenue #658
Los Angeles, CA 90015

El Hadj Sy dba Entrapreneur/David Garay
1040 S. Los Angeles Street, Unit #10
Los Angeles, CA 90015

Los Angeles Dept of Water and Power
PO Box 30808
Los Angeles, CA 90030

Miracle Watts
1040 S. Los Angeles Street
Los Angeles, CA 90015

Nijai Burch dba Instant Bae LLC
1040 S. Los Angeles St., Unit #14
Los Angeles, CA 90015

Saul Edi Faal
1040 S. Los Angeles St., Unit #17
Los Angeles, CA 90015

Serafin Canizares
1040 S. Los Angeles Street
Los Angeles, CA 90015

Sienna Rose Inc.
433 Colyton Street
Los Angeles, CA 90013

Southern California Gas
PO Box C
Monterey Park, CA 91756

**SERVED BY COURT VIA NEF:**

- **Scott R Albrecht**   salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- **Tanya Behnam**   tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Jacquelyn H Choi**   jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Carol Chow**   Carol.Chow@saul.com, hannah.richmond@saul.com;easter.santamaria@saul.com;carol.chow@ecf.courtdrive.com;litigationdocketing@saul.com
- **Robert F Conte**   robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **Ryan Coy**   ryan.coy@blankrome.com, michelle.grams@blankrome.com
- **Christopher Cramer**   secured@becket-lee.com
- **Christopher Crowell**   ccrowell@frandzel.com, mbrandenberg@frandzel.com
- **Turner Falk**   turner.falk@saul.com, tnfalk@recap.email
- **Michael G Fletcher**   mfletcher@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Todd S. Garan**   ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Richard Girgado**   rgirgado@counsel.lacounty.gov
- **Jacqueline L James**   jjames@buchalter.com, gvidales@buchalter.com;docket@buchalter.com
- **Kelly L Morrison**   kelly.l.morrison@usdoj.gov
- **Avi Edward Muhtar**   amuhtar@crownandstonelaw.com
- **Bruce D Poltrock**   bpoltrock@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Paige Selina Poupart**   ppoupart@frandzel.com, achase@frandzel.com
- **Zev Shechtman**   Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **David B Shemano**   dshemano@shemanolaw.com
- **Jessica M. Simon**   jsimon@hrhlaw.com, mgranzow@hrhlaw.com
- **Derrick Talerico**   dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Garrick Vanderfin**   gvanderfin@polsinelli.com, zyoung@Polsinelli.com;ladocketing@polsinelli.com
- **Gerrick Warrington**   gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com
- **Samantha White**   samantha.white@wellsfargo.com
- **Jennifer C Wong**   bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com