ZEV SHECHTMAN (BAR NO. 266280)
zev.shechtman@saul.com
STEVEN WERTH (BAR NO. 205434)
steven.werth@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Daniel Halevy
Debtor and Debtor in Possession

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re: SEATON INVESTMENTS, LLC, et al.,<br>    *Now a dismissed case*<br><br>           Debtors and Debtors In Possession. | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ and<br>2:24-bk-12076-VZ |
| ☐  Affects All Debtors.<br><br>☐  Affects Case No.: 2:24-12080-VZ<br>Colyton Investments, LLC -*Now a dismissed case*<br><br>☐  Affects Case No.: 2:24-12081-VZ<br>Broadway Avenue Investments, LLC<br><br>☐  Affects 2:24-12082-VZ<br>SLA Investments, LLC<br><br>☐  Affects 2:24-12091-VZ<br>Negev Investments, LLC<br><br>☐  Affects Case No.: 2:24-12074-VZ<br>Alan Gomperts<br><br>☒  Affects Case No.: 2:24-12075-VZ<br>Daniel Halevy<br><br>☐  Affects Case No.: 2:24-12076-VZ<br>Susan Halevy | Chapter 11<br><br>**DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY NEWREZ LLC AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS OWNER TRUSTEE FOR GS MORTGAGE-BACKED SECURITIES TRUST 2020-NQM1 [DOC. NO. 639]; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DANIEL HALEVY IN SUPPORT THEREOF**<br><br>Date:      May 19, 2026<br>Time:     10:30 a.m.<br>Crtrm.:   1368 |

57816746.1 390855-00001

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, MOVANT, AND INTERESTED PARTIES:**

Chapter 11 debtor Daniel Halevy ("Debtor" or "Daniel") hereby opposes the Motion for Relief from the Automatic Stay (doc. no. 639) ("RFS Motion") filed by NewRez LLC as servicer for U.S. Bank trust national Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1 ("Movant").

This opposition is based on the below memorandum of points and authorities and declaration of the Debtor.

Any reply must be filed with the court and served on the responding party not later than seven days prior to the hearing on the motion.

DATED:  May 5, 2026                    SAUL EWING LLP


By:        /s/ Zev Shechtman
          ZEV SHECHTMAN
          Attorneys for Daniel Halevy
          Debtor and Debtor in Possession

57816746.1 390855-00001                    2

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

The Debtors are preparing to submit to the Court a compromise that will make cash available in the near-term sufficient to pay the cure amount demanded by the Movant. There is a substantial equity cushion in the property, agreed to be around 54%. The Movant is adequately protected. The property is necessary to an effective reorganization, which requires that Daniel keep his home. Although the Debtors have been focused on an overall business reorganization, the maintenance of the Individual Debtors' homesteads is essential to any reorganization and is an important part of their compromise with Archway. For these and other reasons discussed below, Daniel respectfully requests that the Court deny the RFS Motion.

**II.**

**FACTUAL BACKGROUND**

Daniel filed this bankruptcy case on March 24, 2024 (the "Petition Date"), along with his mother, Susan Halevy, and brother-in-law, Alan Gomperts (together, the "Individual Debtors"), and five limited liability company debtors in which the Individual Debtors have shared interests (the "Business Debtors" and, with the Individual Debtors, the "Debtors").

The Debtors have engaged in extensive efforts throughout these chapter 11 cases to reorganize certain of the Business Debtors as part of a compromise with Archway Broadway Loan SPE, LLC ("Archway").

Daniel and his wife and children live in the property that is the subject of the RFS Motion: 8561 Horner Street, Los Angeles, CA 90035 (the "Horner Property").

The Debtors are preparing to file a motion to approve a compromise with Archway which will provide a path toward a consensual resolution, which includes payment of all past due amounts owed to the Movant herein. Specifically, the compromise with Archway expressly allows Daniel to use cash proceeds from the sale of real estate located at 341 South Canon Drive,

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Beverly Hills, CA 90212 ("Canon Property") for purposes of paying the full amount Daniel owes to Movant with respect to the Horner Property. The Canon Property is owned by a non-debtor LLC. However, Archway asserts that the Canon Property should be part of the probate estate of David Halevy, Daniel's father, and Susan's husband. State court litigation is pending with respect to that dispute, and Archway has recorded a *lis pendens* against the Canon Property. Those disputes will be resolved by the Debtors' compromise with Archway.

By the time of the hearing on this RFS Motion, Daniel expects that the Archway compromise motion will be filed for consideration by the Court and the sale of the Canon Property will likely be proceeding in escrow. Indeed, at present, the Canon property is listed for sale and multiple offers have been received. See Exhibit 1. The sale of the Canon Property will provide enough cash to resolve this matter. As explained in Daniel's declaration, the Canon Property will sell for an amount of over $3.1 million. The secured debt on the Canon Property is approximately $1.4 million. Thus, net of commissions and costs of sale, Daniel conservatively estimates that $1.6 million will be available. Pursuant to the compromise with Archway, Daniel and Susan will be able to use the cash proceeds to pay current their mortgage arrearages with respect to their homesteads. Thus, there is a clear, direct, and near-term path to a cure payment to Movant.

According to the RFS Motion, Movant holds the senior debt on the Horner Property and is owed $949,462.00. The only junior lien according to Movant is Archway. Movant contends that the Horner Property has a fair market value of $2.1 million. Thus, according to Movant, there is an equity cushion of $1,150,538.00, or 54 % of the value of the Horner Property. Daniel agrees with this value.

## III.

## LEGAL DISCUSSION

### A.     The RFS Motion should be denied under section 362(d)(1).

The compromise that the Debtors are preparing to submit to this Court will present a feasible, near-term path to a consensual reorganization and payment of all arrearages to Movant. For the compromise to work, the Debtors will not be relying on third parties and there are no

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

contingencies to the sale of the Canon Property.  The sale of the Canon Property is imminent.  Sale of the Canon Property and using the cash proceeds to cure this default (as well as the default on Susan Halevy's personal residence) is of the highest priority to Danny.

Moreover, most of the disputes in these cases have been over business issues with Archway.  The Individual Debtors have not attempted to separately confirm reorganization plans.  The individuals have provided extensive personal resources toward the success of the Debtors' jointly administered cases.  The Individual Debtors require the security of their homesteads to effectively reorganize.

Movant concedes that there is a 54% equity cushion in the Horner Property.  See RFS Motion, ECF page 9 at ¶11.g.  Such an equity cushion is nearly three times the standard requirement of a 20% equity cushion.  *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984).  The existence of junior liens is not relevant to a finding of adequate protection.  Accordingly, despite Movant's request for additional adequate protection, the existence of such a large equity cushion is more than adequate.

Taking into account the lack of prior relief from stay motions with respect to the Horner Property, the undisputedly large equity cushion in the Horner Property, and the near-term resolution through payment, Daniel should be afforded an opportunity to resolve these issues without the added challenges that posed by lifting the stay and allowing foreclosure to move forward.

**B.    The RFS Motion should be denied under section 362(d)(2).**

Pursuant to 11 U.S.C. § 362(d)(2), relief from stay is appropriate if there is no equity in the property and the property is not necessary for an effective reorganization.  The Court must find in favor of Movant on both factors in order to grant relief under section 362(d)(2).

Movant is correct that there is junior debt encumbering the Horner Property.  However, Daniel has a clear path to resolving that junior debt through a compromise with Archway that is imminent.  Under that compromise, Archway will release its lien making it possible for Daniel to use substantial equity to cure the defaults raised by Movant.  While the equity may not be there at the time of this filing, the equity may be available sooner under this compromise than it would be

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

any other way.

This is a motion against Daniel, individually. For Daniel, the ability to maintain his personal residence is central to an effective reorganization. Indeed, a significant aspect of the compromise with Archway that will provide the path to reorganization will be the sale of the Canon Property, negotiated with the explicit purpose of carving out funds for Daniel and Susan to pay the cure amounts to save their personal residences. There is no serious dispute that maintaining an individual debtor's primary residence is necessary to such person's effective reorganization. *In re Bessey*, 65 B.R. 638, 642 (Bankr. S.D. Cal. 1986) (citing *In re Bruce*, 40 B.R. 884, 888 (Bankr.W.D.Va.1984)).

This RFS Motion is the first such motion by Movant against Daniel personally.

There is presently a realistic compromise in place that has no major contingencies and is expected to result in the near-term sale of the Canon Property that will result in the cash proceeds needed to pay Movant. Daniel should be given an opportunity to cure.

For these reasons, relief should be denied under section 362(d)(2).

### IV.

### CONCLUSION

For these reasons, Daniel Havely respectfully requests that the Court deny the pending RFS Motion and grant such other and further relief as the Court deems just and proper in the circumstances.

DATED: May 5, 2026                    SAUL EWING LLP

By:         /s/ Zev Shechtman
                ZEV SHECHTMAN
                Attorneys for Daniel Halevy
                Debtor and Debtor in Possession

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# DECLARATION OF DANIEL HALEVY

I, Daniel Halevy, declare as follows:

1.      I am one of the individual chapter 11 debtors in the above-entitled action.

2.      I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

3.      I submit this declaration in support of the opposition to the pending motion for relief from stay ("RFS Motion") filed by NewRez LLC as servicer for U.S. Bank trust national Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1 ("Movant").NewRez LLC as servicer for U.S. Bank trust national Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1 ("Movant").

4.      I filed this bankruptcy case on March 24, 2024 (the "Petition Date"), along with my mother, Susan Halevy, and brother-in-law, Alan Gomperts (together, the "Individual Debtors"), and five limited liability company debtors in which the Individual Debtors have shared interests (the "Business Debtors" and, with the Individual Debtors, the "Debtors").

5.      The Debtors have engaged in extensive efforts throughout these chapter 11 cases to reorganize certain of the Business Debtors as part of a compromise with Archway Broadway Loan SPE, LLC ("Archway").

6.      My wife, children, and I live in the property that is the subject of the RFS Motion: 8561 Horner Street, Los Angeles, CA 90035 (the "Horner Property").

7.      The Debtors are preparing to file a motion to approve a compromise with Archway which will provide a path toward a consensual resolution, which includes payment of all past due amounts owed to the Movant herein.  Specifically, the compromise with Archway expressly allows me to use cash proceeds from the sale of real estate located at 341 South Canon Drive, Beverly Hills, CA 90212 ("Canon Property") for purposes of paying the full amount Daniel owes to Movant with respect to the Horner Property.  The Canon Property is owned by a non-debtor LLC.  However, Archway asserts that the Canon Property should be part of the probate estate of David Halevy, my father (Susan's husband).  State court litigation is pending with respect to that

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

dispute, and Archway has recorded a lis pendens against the Canon Property. Those disputes will be resolved by the Debtors' compromise with Archway.

8.    By the time of the hearing on this RFS Motion, I expect that the Archway compromise motion will be filed for consideration by the Court and the sale of the Canon Property will likely be proceeding in escrow.

9.    Indeed, at present, the Canon property is listed for sale. Attached hereto as Exhibit 1 is a copy of the listing.

10.    We have received multiple offers.

11.    The sale of the Canon Property will provide enough cash to resolve this matter. I believe that the Canon Property will sell for an amount of over $3.1 million. That is because I have received and reviewed offers at or around this amount.

12.    The secured debt on the Canon Property is approximately $1.4 million.

13.    Thus, net of commissions and costs of sale, I estimates that $1.6 million of net cash sale proceeds will be available. Pursuant to the compromise with Archway, my mother (Susan) and I will be able to use the cash proceeds to pay current are mortgage arrearages with respect to our homesteads. Thus, there is a clear, direct, and near-term path to a cure payment to Movant.

14.    Saving my family's residence and the residence of my mother, and elderly widow, is essential to any plan of reorganization that I would support, or any resolution of these matters.

15.    Movant contends that the Horner Property has a fair market value of $2.1 million. I agree with this value.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 5th day of May, 2026, at Los Angeles, California.

DANIEL HALEVY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DEBTOR DANIEL HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# EXHIBIT 1

Multiple Listing Service Los Angeles Real Estate - TheMLS.com



https://guests.themls.com/Details/CA/Beverly-Hills/341-S-Canon-Dr/90212/26765087.aspx

**Exhibit 1**

**10**

5/4/26, 9:18 PM                                          Multiple Listing Service Los Angeles Real Estate - TheMLS.com



**510 Stonewood Dr**                     **LP: $19.950.000**
**530 Leslie Ln**                        **LP: $24,000,000**
Beverly Hills,  CA  90210                **Distance:** 0.92 mi
**Bed:**  4 | **Bath:** 6 (5,0,1,0)
**Sq Feet:**  6000

MLS Notice/Fair Housing:
Properties & rentals in this MLS are subject to the Fair Housing Act. It is illegal to advertise any preference, limitation, or discrimination because of race, color, religion, sex, handicap, familial status, or national origin, or intention to make any such preference, limitation or discrimination. This MLS will not knowingly accept any advertising that is in violation of the law. All dwellings advertised are available on an equal opportunity basis. The information provided by Combined LA/Westside Multiple Listing Service, Inc. is intended for the sole and exclusive use of its Participants and Subscribers. The information provided herein is copyrighted in 2026 by Combined LA/Westside Multiple Listing Service, Inc., Los Angeles, California. Any unauthorized use or disclosure to persons or entities other than to authorized Participants and Subscribers is strictly prohibited and a violation of the copyright.

©1995-2026 The MLS™ All rights reserved. Terms of Use | Forms | Rules & Regulations | Feedback | Contact Us | DMCA

**Exhibit 1**

**11**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*):**Debtor Daniel Halevy's Opposition to Motion for Relief From the Automatic Stay Filed by NewRez LLC as Servicer for U.S. Bank Trust National Association, not in its Individual Capacity, but Solely as Owner Trustee for GS Mortgage-Backed Securities Trust 2020-NQMI [Doc. No. 639]; Memorandum of Points and Authorities and Declaration of Daniel Halevy in Support Thereof** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 5, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **_____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**,  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 5, 2026 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)**</u>:

- **Scott R Albrecht**    salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- **Tanya Behnam**    tbehnam@polsinelli.com,
tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Jacquelyn H Choi**    jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Carol Chow**    Carol.Chow@saul.com,
hannah.richmond@saul.com;easter.santamaria@saul.com;carol.chow@ecf.courtdrive.com;litigationdocketing@saul.com
- **Robert F Conte**    robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **Ryan Coy**    ryan.coy@blankrome.com, michelle.grams@blankrome.com
- **Christopher Cramer**    secured@becket-lee.com
- **Christopher Crowell**    ccrowell@frandzel.com, mbrandenberg@frandzel.com
- **Turner Falk**    turner.falk@saul.com, tnfalk@recap.email
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **Jacqueline L James**    jjames@buchalter.com,
gvidales@buchalter.com;docket@buchalter.com;pjolley@buchalter.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Avi Edward Muhtar**    amuhtar@crownandstonelaw.com
- **Bruce D Poltrock**    bpoltrock@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Paige Selina Poupart**    Ppoupart@smsm.com, achase@frandzel.com
- **Zev Shechtman**    Zev.Shechtman@saul.com,
zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- **David B Shemano**    dshemano@shemanolaw.com
- **Jessica M. Simon**    jsimon@hrhlaw.com, mgranzow@hrhlaw.com
- **Derrick Talerico**    dtalerico@wztslaw.com, maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Garrick Vanderfin**    gvanderfin@polsinelli.com, zyoung@Polsinelli.com;ladocketing@polsinelli.com
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com
- **Samantha White**    samantha.white@wellsfargo.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**