ZEV SHECHTMAN (BAR NO. 266280)
zev.shechtman@saul.com
STEVEN WERTH (BAR NO. 205434)
steven.werth@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

Attorneys for Susan Halevy
Debtor and Debtor in Possession

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: SEATON INVESTMENTS, LLC, et al.,<br>*Now a dismissed case*<br><br>Debtors and Debtors In Possession. | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ and<br>2:24-bk-12076-VZ |
| ☐ Affects All Debtors.<br><br>☐ Affects Case No.: 2:24-12080-VZ<br>Colyton Investments, LLC -*Now a dismissed case*<br><br>☐ Affects Case No.: 2:24-12081-VZ<br>Broadway Avenue Investments, LLC<br><br>☐ Affects 2:24-12082-VZ<br>SLA Investments, LLC<br><br>☐ Affects 2:24-12091-VZ<br>Negev Investments, LLC<br><br>☐ Affects Case No.: 2:24-12074-VZ<br>Alan Gomperts<br><br>☐ Affects Case No.: 2:24-12075-VZ<br>Daniel Halevy<br><br>☒ Affects Case No.: 2:24-12076-VZ<br>Susan Halevy | Chapter 11<br><br>**DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY METROPOLITAN LIFE INSURANCE COMPANY [DOC. NO. 644]; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF SUSAN HALEVY AND ZEV SHECHTMAN IN SUPPORT THEREOF**<br><br>Date:     June 2, 2026<br>Time:     10:30 a.m.<br>Crtrm.:   1368 |

57904110.2 390855-00001

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE VINCENT ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, MOVANT, AND INTERESTED PARTIES:**

Chapter 11 debtor Susan Halevy ("Debtor" or "Susan") hereby opposes the Motion for Relief from the Automatic Stay (doc. no. 644) ("RFS Motion") filed by Metropolitan Life Insurance Company ("Movant").

This opposition is based on the below memorandum of points and authorities and declaration of the Debtor and Zev Shechtman.

Any reply must be filed with the court and served on the responding party not later than seven days prior to the hearing on the motion.

DATED:  May 19, 2026                    SAUL EWING LLP


                                       By:  _____/s/ Zev Shechtman_____
                                            ZEV SHECHTMAN
                                            Attorneys for Susan Halevy
                                            Debtor and Debtor in Possession

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57904110.2 390855-00001                         2
DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Debtors are preparing to submit to the Court a compromise that will make cash available in the near-term sufficient to pay the cure amount demanded by the Movant. There is substantial equity and a substantial equity cushion in the property, agreed to be $2,101,165.84 and 65.69%. The Movant is adequately protected. The property is necessary to an effective reorganization, which requires that Susan keep her home. Although the Debtors have been focused on an overall business reorganization, the maintenance of the Individual Debtors' homesteads is essential to any reorganization and is an important part of their compromise with Archway. For these and other reasons discussed below, Susan respectfully requests that the Court deny the RFS Motion.

### II.

### FACTUAL BACKGROUND

Susan filed this bankruptcy case on March 24, 2024 (the "Petition Date"), along with her son, Daniel Halevy, and son-in-law, Alan Gomperts (together, the "Individual Debtors"), and five limited liability company debtors in which the Individual Debtors have shared interests (the "Business Debtors" and, with the Individual Debtors, the "Debtors").

The Debtors have engaged in extensive efforts throughout these chapter 11 cases to reorganize certain of the Business Debtors as part of a compromise with Archway Broadway Loan SPE, LLC ("Archway").

Susan lives in the property that is the subject of the RFS Motion: 257 South Linden Drive Beverly Hills, CA 90212 (the "Linden Property"). Before her husband, David Halevy, died, Susan and David lived together in the Linden Property. Title to the Linden Property is held in the Halevy Family Trust. It is a revocable trust. A copy is attached as Exhibit 1. The trust does not have a separate tax ID number. Susan's counsel provided a copy of the trust document attached to

57904110.2 390855-00001                          3

Movant's counsel more than two weeks before the filing of this opposition. The trust is a revocable trust. It provides that the "Settlors reserve the power during their joint lifetimes to further amend, alter or revoke this Trust in any and all respects." Further, "[a]fter the death of the first Settlor to die," the trust provides that "the Surviving Settlor may, in whole or in part, revoke or amend the Survivors Trust." Exhibit 1

The Debtors are preparing to file a motion to approve a compromise with Archway which will provide a path toward a consensual resolution, which includes payment of all past due amounts owed to the Movant herein. Specifically, the compromise with Archway expressly allows Susan to use cash proceeds from the sale of real estate located at 341 South Canon Drive, Beverly Hills, CA 90212 ("Canon Property") for purposes of paying the full amount Susan owes to Movant with respect to the Linden Property. The Canon Property is owned by a non-debtor LLC. However, Archway asserts that the Canon Property should be part of the probate estate of David Halevy, and Susan's late husband. State court litigation is pending with respect to that dispute, and Archway has recorded a *lis pendens* against the Canon Property. Those disputes will be resolved by the Debtors' compromise with Archway.

By the time of the hearing on this RFS Motion, Susan expects that the Archway compromise motion will be filed for consideration by the Court and the sale of the Canon Property will likely be proceeding in escrow. Indeed, at present, the Canon property is listed for sale and multiple offers have been received. See Exhibit 1. The sale of the Canon Property will provide enough cash to resolve this matter. As explained in Susan's declaration, the Canon Property will sell for an amount of over $3.1 million. The secured debt on the Canon Property is approximately $1.4 million. Thus, net of commissions and costs of sale, Susan conservatively estimates that $1.6 million will be available. Pursuant to the compromise with Archway, Daniel and Susan will be able to use the cash proceeds to pay current their mortgage arrearages with respect to their homesteads. Thus, there is a clear, direct, and near-term path to a cure payment to Movant.

According to the RFS Motion, Movant holds the only debt on the Linden Property and is owed $1,097,834.16. Movant contends that the Linden Property has a fair market value of $3.2 million. Thus, according to Movant, there is both equity and an equity cushion of $2,102,165.84,

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

or 65.69% of the value of the Linden Property.  Susan Agrees.

**III.**

**LEGAL DISCUSSION**

**A.**     **The RFS Motion should be denied under section 362(d)(1).**

 **1.**     **Substantial Equity and Equity Cushion Provide Adequate Protection**

 The compromise that the Debtors are preparing to submit to this Court will present a feasible, near-term path to a consensual reorganization and payment of all arrearages to Movant. For the compromise to work, the Debtors will not be relying on third parties and there are no contingencies to the sale of the Canon Property.  The sale of the Canon Property is imminent. Sale of the Canon Property and using the cash proceeds to cure this default (as well as the default on Daniel Halevy's personal residence) is of the highest priority to Susan.

 Moreover, most of the disputes in these cases have been over business issues with Archway.  The Individual Debtors have not attempted to separately confirm reorganization plans. The individuals have provided extensive personal resources toward the success of the Debtors' jointly administered cases.  The Individual Debtors require the security of their homesteads to effectively reorganize.

 Movant concedes that there is a 65.69 equity cushion in the Linden Property.  See RFS Motion, ECF page 9 at ¶11.g.  Such an equity cushion is more than three times the standard requirement of a 20% equity cushion.  *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984). Accordingly, despite Movant's request for additional adequate protection, the existence of such a large equity cushion is more than adequate.

 Movant asserts that lack of payments is sufficient cause for relief from stay.  However, courts generally do not find that lack of payment is a sufficient basis to find cause for relief from stay where the movant is adequately protected.  *In re Avila*, 311 B.R. 81, 84 (Bankr. N.D. Cal. 2004) ("Where a creditor is adequately protected by a large equity cushion, the debtor would suffer a substantial loss in the event of foreclosure, and no economic harm to the creditor would result, relief from stay should not automatically follow a default in payment."); *In re McCollum*, 76 B.R. 797, 799 (Bankr. D. Or. 1987) ("In circumstances where, as in this case, no economic or

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

other harm to the creditor would result, it is appropriate that the stay continue in effect.").

Movant also argues that there is delay in proposing a plan and/or that the Debtors have not established an ability to confirm a plan. While the Court has broad discretion, and may take all relevant circumstances into account in entering relief, these are facts that expressly relate to relief under section 362(d)(2), which Movant has not invoked in the pending RFS Motion.

Taking into account the lack of prior relief from stay motions with respect to the Linden Property, the undisputedly large equity and equity cushion in the Linden Property, and the near-term resolution through payment, Susan should be afforded an opportunity to resolve these issues without the added challenges posed by lifting the stay and allowing foreclosure to move forward.

### 2.    The Halevy Family Trust is Revocable

Movant asserts that there is additional cause because of concerns that Susan does not truly own her home because title is held by her family trust. That is not the case, the Halevy Family Trust is a revocable trust, a standard estate planning vehicle that does not change the nature of the owner's beneficial interest in the property.

Bankruptcy courts recognize that a change in ownership does not occur upon creation of a revocable family or estate trust. In re Schmitt, 215 B.R. 417, 422–23 (B.A.P. 9th Cir. 1997) (holding that property that debtor had not yet inherited as of petition date was not property of the estate at the time of the settlor's death ten months later, because the trust was revocable).

California law expressly provides that a trust is revocable unless expressly made irrevocable. Cal. Prob. Code § 15400 (Section entitled "Presumption of revocability")

Moreover, the trust document expressly states that it is revocable. See Exhibit 1.

Accordingly, the fact that the trust has title to the Linden Property is not "cause" for relief from stay.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## IV.

## **CONCLUSION**

For these reasons, Susan Havely respectfully requests that the Court deny the pending RFS Motion and grant such other and further relief as the Court deems just and proper in the circumstances.

DATED:  May 19, 2026                    SAUL EWING LLP


                                        By:    _____/s/ Zev Shechtman_____
                                                ZEV SHECHTMAN
                                                Attorneys for Susan Halevy
                                                Debtor and Debtor in Possession

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57904110.2 390855-00001                    7

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

## DECLARATION OF SUSAN HALEVY

I, Susan Halevy, declare as follows:

1.     I am one of the individual chapter 11 debtors in the above-entitled jointly administered chapter 11 cases.

2.     I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

3.     I submit this declaration in support of the opposition to the pending motion for relief from stay ("RFS Motion") filed Metropolitan Life Insurance Company ("Movant").

4.     I filed this bankruptcy case on March 24, 2024 (the "Petition Date"), along with my son, Daniel Halevy, and son-in-law, Alan Gomperts (together, the "Individual Debtors"), and five limited liability company debtors in which the Individual Debtors have shared interests (the "Business Debtors" and, with the Individual Debtors, the "Debtors").

5.     The Debtors have engaged in extensive efforts throughout these chapter 11 cases to reorganize certain of the Business Debtors as part of a compromise with Archway Broadway Loan SPE, LLC ("Archway").

6.     I live in the property that is the subject of the RFS Motion: 257 South Linden Drive Beverly Hills, CA 90212 (the "Linden Property").

7.     Before my husband, David Halevy, died, David and I lived together in the Linden Property.

8.     Title to the Linden Property is held in the Halevy Family Trust.  It is a revocable trust.  A true and correct copy is attached hereto as Exhibit 1.  The trust does not have a separate tax ID number.  The trust is a revocable trust.

9.     It provides that the "Settlors reserve the power during their joint lifetimes to further amend, alter or revoke this Trust in any and all respects."  Further, "[a]fter the death of the first Settlor to die," the trust provides that "the Surviving Settlor may, in whole or in part, revoke or amend the Survivors Trust."  See Exhibit 1.

10.     The Debtors are preparing to file a motion to approve a compromise with Archway which will provide a path toward a consensual resolution, which includes payment of all past due

57904110.2 390855-00001

8

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

amounts owed to the Movant herein. Specifically, the compromise with Archway expressly allows me to use cash proceeds from the sale of real estate located at 341 South Canon Drive, Beverly Hills, CA 90212 ("Canon Property") for purposes of paying the full amount I owe to Movant with respect to the Linden Property. The Canon Property is owned by a non-debtor LLC. However, Archway asserts that the Canon Property should be part of the probate estate of David Halevy, my late husband. State court litigation is pending with respect to that dispute, and Archway has recorded a *lis pendens* against the Canon Property. Those disputes will be resolved by the Debtors' compromise with Archway.

11.    By the time of the hearing on this RFS Motion, I expect that the Archway compromise motion will be filed for consideration by the Court and the sale of the Canon Property will likely be proceeding in escrow. Indeed, at present, the Canon property is listed for sale and multiple offers have been received. The sale of the Canon Property will provide enough cash to resolve this matter. The Canon Property is expected to sell for an amount of over $3.1 million. The secured debt on the Canon Property is approximately $1.4 million. Thus, net of commissions and costs of sale, I conservatively estimate that $1.6 million will be available. Pursuant to the compromise with Archway, Daniel and I will be able to use the cash proceeds to pay current our mortgage arrearages with respect to our homesteads. Thus, there is a clear, direct, and near-term path to a cure payment to Movant.

12.    According to the RFS Motion, Movant holds the only debt on the Linden Property and is owed $1,097,834.16. Movant contends that the Linden Property has a fair market value of $3.2 million. Thus, according to Movant, there is both equity and an equity cushion of $2,102,165.84, or 65.69% of the value of the Linden Property. I agree.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 19th day of May, 2026, at Los Angeles, California.

_____
SUSAN HALEVY

SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
(310) 255-6100

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## <u>DECLARATION OF ZEV SHECHTMAN</u>

I, Zev Shechtman, declare as follows:

1.  I am an attorney duly licensed in the State of California and admitted to practice before the United States District Court for the Central District of California and this Bankruptcy Court.  I am a partner with Saul Ewing LLP, counsel of record for Susan Halevy, the respondent herein.  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2.  On May 4, 2026, I sent a copy of the Halevy Family Trust, a copy of which is attached as Exhibit 1 to Susan Halevy's declaration, to Todd Garan counsel to movant, Metropolitan Life Insurance Company.  I previously informed Mr. Garan that the trust is a revocable trust.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of May, 2026, at Los Angeles, California.

*/s/ Zev Shechtman*
Zev Shechtman

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

57904110.2 390855-00001

10

DEBTOR SUSAN HALEVY'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Saul Ewing LLP, 1888 Century Park East, Suite 1500, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*):**Debtor Susan Halevy's Opposition to Motion for Relief From the Automatic Stay Filed by Metropolitan Life Insurance Company [Doc. No. 644]; Memorandum of Points and Authorities and Declarations of Susan Halevy and Zev Shechtman in Support Thereof** served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 19, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **_____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **_____**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 19, 2026 | Hannah Richmond | /s/ Hannah Richmond |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                   **F 9013-3.1.PROOF.SERVICE**

1. **<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) (continued)</u>**:

- **Scott R Albrecht**    salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com
- **Tanya Behnam**    tbehnam@polsinelli.com,
  tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Jacquelyn H Choi**    jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Carol Chow**    Carol.Chow@saul.com,
  hannah.richmond@saul.com;easter.santamaria@saul.com;carol.chow@ecf.courtdrive.com;litigationdocketing@saul.com
- **Robert F Conte**    robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- **Ryan Coy**    ryan.coy@blankrome.com, courtmail@blankrome.com
- **Christopher Cramer**    secured@becket-lee.com
- **Christopher Crowell**    ccrowell@frandzel.com, mbrandenberg@frandzel.com
- **Turner Falk**    turner.falk@saul.com, tnfalk@recap.email
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Todd S. Garan**    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- **Richard Girgado**    rgirgado@counsel.lacounty.gov
- **Jacqueline L James**    jjames@buchalter.com,
  gvidales@buchalter.com;docket@buchalter.com;pjolley@buchalter.com
- **Kelly L Morrison**    kelly.l.morrison@usdoj.gov
- **Avi Edward Muhtar**    amuhtar@crownandstonelaw.com
- **Bruce D Poltrock**    bpoltrock@frandzel.com, sking@frandzel.com,autodocket@frandzel.com
- **Paige Selina Poupart**    Ppoupart@smsm.com, achase@frandzel.com
- **Zev Shechtman**    Zev.Shechtman@saul.com,
  Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- **David B Shemano**    dshemano@shemanolaw.com
- **Jessica M. Simon**    jsimon@hrhlaw.com, mgranzow@hrhlaw.com
- **Derrick Talerico**    dtalerico@wztslaw.com, maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Garrick Vanderfin**    gvanderfin@polsinelli.com, zyoung@Polsinelli.com;ladocketing@polsinelli.com
- **Gerrick Warrington**    gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com
- **Samantha White**    samantha.white@wellsfargo.com
- **Jennifer C Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.