Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
Paige T. Rolfe (State Bar No. 331096)
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtors Broadway Avenue
Investments, LLC, SLA Investments, LLC,
and Negev Investments, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC, *et al.*,<br><br><br><br>Debtors and Debtors in Possession. | Lead Case No. 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ<br>and 2:24-bk-12076-VZ<br><br>Chapter 11 |
| ☐ Affects All Debtors.<br>☐ Affects Seaton Investments, LLC (*Dismissed*)<br>☐ Affects Colyton Investments, LLC (*Dismissed*)<br>☒ Affects Broadway Avenue Investments, LLC<br>☒ Affects SLA Investments, LLC<br>☒ Affects Negev Investments, LLC<br>☒ Affects Alan Gomperts<br>☒ Affects Daniel Halevy<br>☒ Affects Susan Halevy | **MOTION TO MODIFY VARIOUS ORDERS TO DISMISS THE DEBTORS' CASES**<br><br>Hearing:<br>Date:          June 23, 2026<br>Time:          11:00 a.m.<br>Courtroom:  1368<br>                    255 E. Temple Street<br>                    Los Angeles, CA 90012 |

1

Broadway Avenue Investments, LLC ("**Broadway**"), SLA Investments, LLC ("**SLA**"), Negev Investments, LLC ("**Negev**," together with Broadway and SLA, the "**Corporate Debtors**"), Susan Halevy ("**Susan**" or "**Susan Halevy**"), Daniel Halevy ("**Daniel**" or "**Daniel Halevy**"), and Alan Gomperts ("**Alan**" or "**Alan Gomperts**," together with Susan and Daniel, the "**Individual Debtors**," and the Individual Debtors, collectively with the Corporate Debtors, the "**Debtors**"), the debtors and debtors-in-possession in the pending jointly administered chapter 11 bankruptcy cases herein (the "**Cases**"), hereby submit this *Motion to Modify Various Orders to Dismiss the Debtors' Cases* ("**Motion**").

The Motion seeks entry of an order modifying the Court's orders dismissing these Cases effective July 3, 2026 (the "**Dismissal Orders**")[1] solely to extend the effective date of dismissal by approximately three months, through October 3, 2026, to permit the filing, solicitation, approval, and confirmation of a joint chapter 11 plan that is consistent with the settlement embodied in the Debtors' pending Rule 9019 motion.

The proposed extension is necessary and appropriate to carry out the purposes of the Bankruptcy Code, which strongly favor reorganization over liquidation, and will serve the paramount interests of creditors and the estates by enabling confirmation of a plan that provides substantially greater recovery than the alternatives of dismissal, conversion to chapter 7, or foreclosure. The Debtors have had ample opportunity to work out terms with their creditors – in particular, Archway Broadway Loan SPE, LLC ("**Archway**") – but these cases and Archway's interests in the Debtors' assets presented unusual complexity and issues that have kept Debtors and Archway actively engaged throughout to find a path to reorganization that had joint support. Perhaps it's the nature of necessity that the Dismissal Orders impose on the Cases and their resolution, or perhaps it is just coincidence, but the Debtors and Archway have now arrived at a settlement that will allow these cases to confirm a joint plan and avoid the uncertainty and loss of value that would result from dismissals.

/ / /

/ / /

---

[1] The Dismissal Orders are found at the following docket entries for each of the Debtors: Broadway – Dkt. 30; SLA – Dkt. 30; Negev – Dkt. 34; Alan – Dkt. 54; Daniel – Dkt. 53; Susan – Dkt. 51.

## I.    STATEMENT OF FACTS

The Dismissal Order was entered on February 12, 2026. Between that date and June 2, 2026 (the date of the 9019 Motion), the following material developments have occurred:

- The Debtors and Archway have completed negotiation and documentation of a comprehensive Settlement Agreement that resolves all disputes between the parties;

- A motion to approve the Settlement Agreement has been filed with the Court (the "**9019 Motion**");

- A joint plan of reorganization based on the Settlement Agreement (the "**Plan**") will be filed prior to the June 23, 2026 hearing on the 9019 Motion;

- The Settlement Agreement and Plan have the support and commitment of Archway, the Debtors' primary secured creditor;

- The Settlement Agreement provides a framework for a viable plan of reorganization that will maximize return to creditors and the estates;

- The Settlement Agreement also calls for the filing of motion to sell the Broadway property (the "**363 Motion**"). The 363 Motion will be filed in the coming days and is anticipated to present a stalking horse bidder to purchase the Broadway property if marketing efforts do not yield better offers

These material developments constitute changed circumstances that were not present at the time of entry of the Dismissal Orders and that justify modification of the dismissal date to permit confirmation of the Plan.

## II.    ARGUMENT

### A.    Section 105(a) Grants the Court Broad Equitable Authority to Modify the Dismissal Orders.

The Bankruptcy Court possesses broad equitable authority to modify its prior orders when necessary and appropriate to carry out the purposes of the Bankruptcy Code. Section 105(a) provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. 11 USCS § 105. This foundational grant of authority extends to adjusting the timing of dismissal orders to facilitate the achievement of the Code's rehabilitative objectives, particularly where material developments occur after entry of the initial order.

The extension is appropriate because it serves the fundamental purposes of the Bankruptcy Code. The settlement represents a comprehensive resolution of the Debtors' obligations to its primary secured creditor, includes a structured collateral package, and establishes a payment structure designed

3

to avoid foreclosure and the attendant costs and delays of state-court, probate, and community property litigation. Permitting the Court the opportunity to consider and confirm a plan implementing this settlement advances the interests of all stakeholders by providing an orderly reorganization path rather than forcing dismissal that would unravel the settlement and precipitate costly and protracted litigation.

**B.      Section 1112(b) Permits the Court to Decline Dismissal Based on Unusual Circumstances and Reasonable Likelihood of Plan Confirmation**

Section 1112(b)(1) establishes that a case may be dismissed or converted for cause, including when dismissal is in the best interests of the estate and parties in interest. 11 USCS § 1112. However, section 1112(b)(2) provides critical flexibility by providing that the court may not convert or dismiss a case if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor establishes that there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e), or if such sections do not apply, within a reasonable period of time.

The statutory framework of section 1112(b)(2) reflects Congress's recognition that rigid application of dismissal provisions may sometimes frustrate the Code's rehabilitative purposes. The provision contemplates that courts possess discretion to manage the timing and implementation of dismissal orders when circumstances warrant. Extending the effective date of the existing dismissals represents a measured exercise of this discretion and is consistent with the Court's authority to decline dismissal when a reasonable likelihood of plan confirmation exists.

Here, unusual circumstances exist: a comprehensive settlement with the Debtors' primary secured creditor has been finalized, a Rule 9019 motion is scheduled for hearing on June 23, 2026, and a joint plan and property sales are imminent. These developments constitute unusual circumstances that did not exist when the Court entered the February 12, 2026 Dismissal Orders. The three-month extension to October 3, 2026 provides a reasonable time frame within which the Court can evaluate the Settlement Agreement and consider confirmation of a plan implementing the terms of the Settlement Agreement.

## III.    <u>CONCLUSION</u>

The Debtors' Cases have been long and difficult. Whether by necessity or otherwise, the Debtor and Archway have not resolved their disputes in an agreement that allows for orderly sales of assets that will maximize value and avoid the disruption that foreclosures would cause the Debtors' families. Although these Cases have been pending for an exceedingly long time and on one hand it could be argued that no further opportunity to confirm a plans need be given, for the same reason…because of the years of effort that the Debtors, Archway, and their professionals have put into getting to this point of consensus, it is all the more justified to grant the relief requested and extend the automatic dismissal dates for a brief period to allow the pending 9019 Motion and following Plan and property sales to be implemented in these Cases. The Debtors' respectfully request that the Dismissal Orders be modified to move the automatic dismissal date to no earlier than October 3, 2026.

Dated: June 2, 2026                WEINTRAUB ZOLKIN TALERICO & SELTH LLP


By:    <u>/s/ Derrick Talerico</u>
         Derrick Talerico
Attorneys for Debtors Broadway Avenue Investments, LLC,
SLA Investments, LLC, and Negev Investments, LLC

         -and-

SAUL EWING LLP
         Zev Shechtman
Attorneys for Debtors Alan Gomperts, Daniel Halevy, and
Susan Halevy

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Motion To Modify Various Orders to Dismiss the Debtors Cases** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 2, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:


See attached NEF Service List

⊠   Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  June 2, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo                    (via Priority Mail)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 2, 2026 | Martha E. Araki | /s/ Martha E. Araki |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**

Broadway Avenue Investments, LLC – Jointly Administered

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>Attorneys for Corporate Debtors Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.</u>: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Halevy</u>: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- <u>Attorneys for Creditor First Foundation Bank</u>: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- <u>Attorneys for Creditor Korth Direct Mortgage, Inc.</u>: **Tanya Behnam, Garrick Vanderfin**: gvanderfin@polsinelli.com, tbehnam@polsinelli.com; tanyabehnam@gmail.com; ladocketing@polsinelli.com; zyoung@polsinelli.com; ccripe@polsinelli.com;
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- <u>Attorneys for Creditor United States of America on behalf of the Internal Revenue Service</u>: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- <u>Courtesy NEF/Interested Party</u>: **Christopher Cramer**: secured@becket-lee.com
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Christopher Crowell, Jessica M Simon**: ccrowell@frandzel.com; mbrandenberg@frandzel.com
- <u>Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC</u>: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com; autodocket@frandzel.com
- <u>Attorneys for Creditors NewRez LLC d/b/a Shellpoint Mortgage Servicing, Wells Fargo National Bank West</u>: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jacqueline L James**: jjames@buchalter.com; gvidales@buchalter.com; docket@buchalter.com
- <u>Courtesy NEF/Interested Party Avi Muhtar</u>: **Avi Edward Muhtar**: amuhtar@crownandstonelaw.com
- <u>Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC</u>: **David B Shemano**: dshemano@shemanolaw.com
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jessica M. Simon**: jsimon@hrhlaw.com; mgranzow@hrhlaw.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto</u>: **Samantha White**: Samantha.white@wellsfargo.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A.</u>: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- <u>US Trustee's Office</u>: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.