AVI E. MUHTAR (SBN 260728)
**CROWN & STONE LAW, P.C.**
407 N. Maple Drive, Ground Floor
Beverly Hills, California 90210
Telephone: (844) 240-0444
amuhtar@crownandstonelaw.com

Attorneys for HASKELL MUHTAR and
NURIT MUHTAR

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ |
| Debtors and Debtors-in-Possession. | |
| | Chapter 11 |
| ☐ Affects All Debtors<br>☐ Affects Seaton Investments, LLC (*Dismissed*)<br>☐ Affects Colyton Investments, LLC (*Dismissed*)<br>☐ Affects Broadway Avenue Investments, LLC<br>☐ Affects SLA Investments, LLC<br>☐ Affects Negev Investments, LLC<br>☐ Affects Alan Gomperts<br>☐ Affects Daniel Halevy<br>☐ Affects Susan Halevy | **HASKELL AND NURIT MUHTAR'S LIMITED OPPOSITION TO DEBTORS' 9019 MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ARCHWAY BROADWAY LOAN SPE, LLC; DECLARATION OF AVI E. MUHTAR IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:        June 23, 2026<br>Time:        11:00 a.m.<br>Courtroom.:  1368 |

**TO HON. VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES TRUSTEE, THE DEBTORS, ALL CREDITORS AND INTERESTED PARTIES:**

Haskell Muhtar and Nurit Muhtar, individually and in their capacities as Trustees of the Haskell And Nurit Muhtar Revocable Trust (collectively, the "Muhtars"), hereby file their opposition to the *Motion to Approve Settlement Agreement With Archway Broadway Loan SPE, LLC Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 666] (the "Motion") filed by Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), Negev Investments, LLC ("Negev," together with Broadway and SLA, the "Corporate Debtors"), Susan Halevy ("Susan" or "Susan Halevy"), Daniel Halevy ("Daniel" or "Daniel Halevy"), and Alan Gomperts ("Alan" or "Alan Gomperts," together with Susan and Daniel, the "Individual Debtors," and the Individual Debtors, collectively with the Corporate Debtors, the "Debtors"), the debtors and debtors-in-possession in the pending jointly administered chapter 11 bankruptcy cases herein (the "Cases").

The Muhtars oppose the Motion solely to the extent the settlement agreement that is the subject of the Motion (the "Settlement") requires or contemplates any encumbrance of, or the pledge of any interest in, the real property commonly known as 140 South Roxbury Drive, Beverly Hills, California 90212 (the "Roxbury Property"), and to the extent the Settlement conditions its effectiveness on the Muhtars' execution of any document.

The primary basis for this opposition is narrow but fundamental. By granting the proposed junior lien on the Roxbury Property, the Settlement would place the Muhtars in an immediate and incurable default under their senior loan, a loan on which the Muhtars are personally obligated, exposing both the Muhtars and the Roxbury Property to acceleration and foreclosure. Accordingly, and for the reasons further set forth below, the Court should decline to approve the Motion to that limited extent.

## I.  BACKGROUND & RELEVANT FACTS

The Roxbury Property is a 16-unit apartment building. The Muhtars and the Halevy family have jointly owned the property since it was acquired in 1989, more than three decades ago; the Muhtars have operated the building for the entirety of its ownership. The Muhtars, now in their mid-

1

MUHTARS' LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARZHWAY BROADWAY LOAN SPE, LLC

80s, own and have at all times owned an undivided 50% interest. David and Susan Halevy held the other undivided 50% interest until September 2016, when they transferred it to the Halevy Family Trust (the "Halevy Trust"), well before the events giving rise to the Cases and the Settlement. Susan Halevy, as Trustee of the Halevy Trust, continues to hold that 50% interest. The Muhtars are not debtors in the Cases and are not parties to the Settlement.

The Roxbury Property is encumbered by a senior deed of trust in favor of JPMorgan Chase Bank, N.A. ("Chase"), securing a loan in the original principal amount of $2,100,000, dated December 17, 2020 and recorded on January 4, 2021 as Instrument No. 20210006946 in the Official Records of Los Angeles County (the "Deed of Trust"). A true and correct copy of the Deed of Trust is attached as Exhibit '1' to the concurrently filed Declaration of Avi E. Muhtar (the "Muhtar Declaration"). The Deed of Trust was executed by Haskell and Nurit Muhtar, and David and Susan Halevy, as Trustees of the Halevy Trust, as borrowers, and encumbers the entirety of the Roxbury Property.

The Deed of Trust expressly prohibits any further encumbrance of the Roxbury Property. Section 4.13.1 provides, in limited pertinent part, that "Borrower shall not [. . .] further encumber the Property or any interest therein [. . .] without first repaying in full the Note and all other sums secured hereby." The Deed of Trust affords no notice or opportunity to cure a breach of Section 4.13; by its terms, such a breach is an immediate Event of Default that entitles Chase to accelerate the entire indebtedness and to exercise its power of sale against the whole of the Roxbury Property. (Deed of Trust §§ 5.1.3, 5.3.)

Under the Settlement, the Halevy Trust would grant Archway Broadway Loan SPE, LLC ("Archway") a new junior deed of trust encumbering its undivided 50% interest in the Roxbury Property, and Susan would pledge her interest in the property to Archway (collectively, the "Roxbury Encumbrance"). The Settlement further conditions its effectiveness on the Muhtars' execution of an estoppel certificate and a certification of trust concerning the Roxbury Property.

/ / /

/ / /

/ / /



MUHTARS' LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC

CROWN & STONE
— LAW, P.C. —

## II.  OPPOSITION

"[T]he party proposing the compromise [pursuant to Federal Rule of Bankruptcy Procedure 9019], has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986).

> [T]he Second Circuit has explicitly instructed "that when the rights of non-settling parties are implicated by the terms of a settlement, the court cannot approve it without considering the interests of those non-settling parties." *See also In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1026 (2d Cir. 1992) ("Where the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval . . . . [I]f third parties complain to a judge that a decree will be inequitable because it will harm them unjustly, he cannot just brush their complaints aside.").

*In re Miami Metals I, Inc.*, 603 B.R. 531, 535 (Bankr. S.D.N.Y. 2019) (citations omitted) (alteration in the original).

The Muhtars are precisely such non-settling third parties, and their rights are squarely implicated. "[L]ooking only to the fairness of the settlement as between the debtor and the settling claimant contravenes a basic notion of fairness." *Matter of AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir. 1984). Here, the Roxbury Encumbrance would breach Section 4.13.1 of the Deed of Trust and, the instant it is granted, throw the Muhtars into an immediate and incurable Event of Default on their senior loan, a loan on which they are personally obligated, entitling Chase to accelerate the entire indebtedness and to foreclose on the whole of the Roxbury Property. A compromise that can be consummated only by forcing the non-debtor Muhtars into default, and exposing their decades-old interest in the Roxbury Property to foreclosure, is not fair and equitable as to them.

The Roxbury Encumbrance would also breach the owners' agreement concerning the Property. The Muhtars and the Halevy Trust have owned and operated the Roxbury Property together for decades, and the prohibition on further encumbrances in the Deed of Trust, which the owners jointly undertook, evidences the agreement of the owners, as partners in the ownership and operation of the Roxbury Property, that it would not be further encumbered. The Muhtars do not consent to the Roxbury Encumbrance, and they will not execute the estoppel certificate, the certification of trust, or any other document relating to or facilitating an encumbrance of the Roxbury Property. Separately,

3

MUHTARS' LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC

CROWN & STONE
LAW, P.C.

the Muhtars are in no position to consent in any event. The operative documents that would create and govern the Roxbury Encumbrance have not been provided to them in final form, and the Muhtars cannot consent to an encumbrance whose terms are not before them.

Nor would a waiver by Chase cure the problem. The Debtors' counsel has suggested that the resulting default might be cured by a waiver from Chase, but the Muhtars are opposed to that approach and have so advised counsel. Even with a waiver, the Muhtars would be left materially worse off than they are today. A waiver would excuse the breach without removing the lien: the Roxbury Property would still carry a new junior encumbrance it does not bear today, and the Muhtars' equity in a building they have owned and operated for more than three decades would, for the first time, sit behind the claims of a commercial lender they neither selected nor have any relationship with. To the extent Archway's pledge reaches the Property's rents, the encumbrance threatens not only the Muhtars' equity but their operation of the building and their share of its income. The lien would also cloud the owners' ability to refinance the Chase loan, to sell, or to borrow against the Property without Archway's cooperation, and could interfere with any future buyout of the Halevy Trust's interest should the owners pursue that course. And by handing Archway a consensual lien, the Settlement would streamline Archway's path to foreclosing on the fractional Roxbury interest: absent the lien, Archway would have to reduce its claim to judgment and pursue judgment-enforcement remedies to reach that interest at all, and the lien removes those hurdles, making it materially more likely that Archway would look to the Roxbury Property for recovery than it otherwise would. A one-time waiver of a single default does none of this work; it leaves the encumbrance, and every consequence that flows from it, firmly in place. The encumbrance would still breach the owners' agreement.

In any event, the Roxbury Encumbrance appears to be materially unnecessary. To the best of the Muhtars' knowledge, and based on their review of the documents filed in the Cases, there is substantial equity in the other properties being pledged to secure or otherwise available to pay the Archway obligation, and Archway need not reach a fractional interest in the Roxbury Property to be made whole. Whatever the fairness of the Settlement as between the Debtors and Archway, it cannot be approved at the expense of the non-debtor Muhtars.

CROWN & STONE
LAW, P.C.

4

MUHTARS' LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC

At bottom, the Settlement would hand Archway collateral it never bargained for. When Archway extended the credit that gave rise to these Cases, the Roxbury Property was no part of its security, and it could not have been: the Muhtars were strangers to that transaction and owed Archway nothing, and their building was already subject to a senior Deed of Trust forbidding the very encumbrance Archway now seeks. Whatever the fairness of the Settlement as between the Debtors and Archway, Archway should not be permitted to obtain through a bankruptcy settlement what it could not have obtained at origination, least of all from non-debtors who never agreed to stand behind its loan.

### III.  CONCLUSION

For the foregoing reasons, the Muhtars respectfully request that the Court (i) decline to approve the Motion to the extent the Settlement requires or contemplates any encumbrance of, or the pledge of any interest in, the Roxbury Property, or the Muhtars' execution of any document in connection therewith; or (ii) in the alternative, condition any approval of the Settlement on the removal of all such provisions; and (iii) grant such other and further relief as the Court deems just and proper.

Dated:      June 9, 2026

CROWN & STONE LAW, P.C.

By: /s/ Avi E. Muhtar
    Avi E. Muhtar, Esq.
    Attorneys for HASKELL MUHTAR and NURIT MUHTAR

CROWN & STONE
LAW, P.C.

5

MUHTARS' LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC