## DECLARATION OF AVI E. MUHTAR

I, AVI E. MUHTAR, declare as follows:

1.      I am an attorney with Crown & Stone Law, P.C., counsel to Haskell Muhtar and Nurit Muhtar, individually and in their capacities as Trustees of the Haskell And Nurit Muhtar Revocable Trust (collectively, the "Muhtars") in the above-captioned matter. I am licensed to practice before all courts of the State of California and various district and bankruptcy courts in California, including the United States Bankruptcy Court for the Central District of California. I submit this declaration in support of the Muhtar's opposition to the *Motion to Approve Settlement Agreement With Archway Broadway Loan SPE, LLC Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 666] (the "Motion") filed by Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), Negev Investments, LLC ("Negev," together with Broadway and SLA, the "Corporate Debtors"), Susan Halevy ("Susan" or "Susan Halevy"), Daniel Halevy ("Daniel" or "Daniel Halevy"), and Alan Gomperts ("Alan" or "Alan Gomperts," together with Susan and Daniel, the "Individual Debtors," and the Individual Debtors, collectively with the Corporate Debtors, the "Debtors"). The following facts are within my personal knowledge and if called as a witness to testify, I could and would competently testify to their accuracy.

2.      The Muhtars own an undivided fifty percent (50%) interest in the real property commonly known as 140 South Roxbury Drive, Beverly Hills, California 90212 (the "Roxbury Property"), as Trustees of the Haskell and Nurit Muhtar Revocable Trust. The Roxbury Property is encumbered by a senior deed of trust in favor of JPMorgan Chase Bank, N.A., securing a loan in the original principal amount of $2,100,000, dated December 17, 2020 and recorded on January 4, 2021 as Instrument No. 20210006946 in the Official Records of Los Angeles County (the "Deed of Trust"). Attached hereto as Exhibit '1' is a true and correct copy of the Deed of Trust, which I obtained from the Official Records of Los Angeles County.

3.      Between June 6 and June 8, 2026, I communicated with Derrick Talerico, counsel for the Corporate Debtors, by telephone and by email, regarding the proposed encumbrance of the Roxbury Property in connection with the Settlement and related matters.

4.      During those communications, Mr. Talerico provided me with a proposed form of

CROWN & STONE
LAW, P.C.

1

estoppel certificate for the Muhtars' review. The Muhtars reviewed the proposed estoppel certificate and found it unacceptable, and the Muhtars will not execute it or any other document relating to an encumbrance of the Roxbury Property.

5.    Mr. Talerico also suggested that the default concern arising under the Deed of Trust might be addressed by obtaining a waiver from Chase. I advised Mr. Talerico that the Muhtars are opposed to that approach, and that, even with such a waiver, the Muhtars do not consent to and oppose any encumbrance of the Roxbury Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of June, 2026, in Los Angeles, California.

*/s/ Avi E. Muhtar*
Avi E. Muhtar

CROWN & STONE
LAW, P.C.

MUHTARS' LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC