Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
Paige T. Rolfe (State Bar No. 331096)
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtors Broadway Avenue
Investments, LLC, SLA Investments, LLC,
and Negev Investments, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Lead Case No. 2:24-bk-12079-VZ |
| SEATON INVESTMENTS, LLC, *et al.*, | Jointly Administered with Case Nos.: 2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ |
| Debtors and Debtors in Possession. | |
| | Chapter 11 |
| ☐ Affects All Debtors. | **DECLARATION OF DERRICK TALERICO IN SUPPORT OF MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ARCHWAY BROADWAY LOAN SPE, LLC – FIRST AMENDMENT TO SETTLEMENT AGREEMENT** |
| ☐ Affects Seaton Investments, LLC (*Dismissed*) | |
| ☐ Affects Colyton Investments, LLC (*Dismissed*) | |
| ☒ Affects Broadway Avenue Investments, LLC | |
| ☒ Affects SLA Investments, LLC | |
| ☒ Affects Negev Investments, LLC | |
| ☒ Affects Alan Gomperts | Hearing: |
| ☒ Affects Daniel Halevy | Date:         June 23, 2026 |
| ☒ Affects Susan Halevy | Time:        11:00 a.m. |
| | Courtroom:  1368 |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

1

## **DECLARATION OF DERRICK TALERICO**

I, Derrick Talerico, hereby declare as follows:

1.      I am an attorney duly admitted to practice law in the state of California and am admitted *inter alia* to the United States District Court for the Central District of California, and therefore to practice in the United States Bankruptcy Court for the Central District of California. I have personal knowledge of the facts stated herein and knowledge based on business records of my law practice and of my law firm Weintraub Zolkin Talerico & Selth LLP.

2.      I am the general bankruptcy counsel for Broadway Avenue Investments, LLC, SLA Investments, LLC, and Negev Investments, LLC, the above-captioned corporate chapter 11 debtors and debtors-in-possession.

3.      On June 2, 2026, Broadway Avenue Investments, LLC ("**Broadway**"), SLA Investments, LLC ("**SLA**"), Negev Investments, LLC ("**Negev**," together with Broadway and SLA, the "**Corporate Debtors**"), Susan Halevy ("**Susan**" or "**Susan Halevy**"), Daniel Halevy ("**Daniel**" or "**Daniel Halevy**"), and Alan Gomperts ("**Alan**" or "**Alan Gomperts**," together with Susan and Daniel, the "**Individual Debtors**," and the Individual Debtors, collectively with the Corporate Debtors, the "**Debtors**"), the debtors and debtors-in-possession in the pending jointly administered chapter 11 bankruptcy cases herein (the "**Cases**"), submitted their *Motion to Approve Settlement Agreement and Supporting Documents with Archway Broadway Loan SPE, LLC* ("**Motion**") [Dkt. 666].

4.      I make this declaration in support of the Motion. Terms not defined herein shall have the same meanings ascribed to them in the Motion.

5.      The Motion seeks approval of the Settlement Agreement, attached thereto as Exhibit 1. The Settlement Agreement is modified by the First Amendment to the Settlement Agreement attached hereto as **Exhibit 1**.

6.      The Debtors and Archway negotiated and executed the First Amendment to Settlement Agreement in part to address the concerns raised by *Haskell and Nurit Muhtar's Limited Opposition to Debtors' 9019 Motion to Approve Settlement Agreement with Archway Broadway Loan SPE, LLC* [Dkt. 678].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of June, 2026, at Los Angeles, California.


*/s/ Derrick Talerico*
DERRICK TALERICO

# EXHIBIT 1

# First Amendment to
# Settlement Agreement

**EXHIBIT 1 - Page 4**

**FIRST AMENDMENT TO THE SETTLEMENT AGREEMENT**

This First Amendment to the Settlement Agreement ("First Amendment") is dated as of June 22, 2026, by and among Archway Broadway Loan SPE, LLC, a Delaware limited liability company, successor in interest to Archway Real Estate Income Fund I REIT, LLC fka Archway Real Estate Income Fund I SPE I, LLC ("Archway"), on the one hand, and Broadway Avenue Investments LLC, a California limited liability company ("Broadway"), Negev Investments, LLC, a California limited liability company ("Negev"), SLA Investments, LLC, a California limited liability company ("SLA"), Alan Gomperts, individually ("Alan") and in his capacity as trustee of the Gomperts and Halevy Family Trust ("G&H Trust"), Sharon Gomperts, in her capacity as trustee of the G&H Trust, Daniel Halevy, individually ("Daniel") and in his capacity as personal representative of the probate estate ("Probate Estate") of David Halevy ("Decedent"), and Susan Halevy, individually ("Sue") and in her capacity as trustee of the Halevy Family Trust dated September 6, 2010 ("D&S Trust"), and 341 South Cannon, LLC, a California limited liability company ("Cannon LLC" and collectively with Broadway, Negev, SLA, Alan, individually and as trustee of the G&H Trust, Daniel, individually and as personal representative of the Probate Estate of Decedent, and Sue, individually and as trustee of the D&S Trust, the "Obligors" and collectively with Archway, the "Parties"), on the other hand, with respect to the following facts, matters, and issues.

## RECITALS

A.    The Parties executed and delivered to one another that certain Settlement Agreement dated as of June 1, 2026 ("Agreement").

B.    The Parties now desire to amend and modify the Agreement as set forth herein, but only as to those specific provisions that are the subject of this First Amendment and only as to the express specific written amended and modified provisions set forth below. This First Amendment is not a novation of the Agreement which continues as originally executed except as may be amended and modified expressly by this First Amendment.

## AGREEMENT

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto do hereby promise, state, represent, warrant, and agree as follows:

1.    Recitals. The recitals above are incorporated herein by this reference as are all exhibits attached hereto. The Obligors, and each of them, represent and warrant to Archway that the factual information recited above and therein is true and correct at all material times hereto, and shall remain so up to and including the Effective Date.

2.    Reaffirmation. This First Amendment is, in part, a reaffirmation of the obligations and terms, covenants, and conditions contained in the Agreement except as may otherwise be expressly modified and amended herein.

**EXHIBIT 1 - Page 5**

3.        Modification and Amendment of Section 5 of the Agreement.

(a)        Section 5.E of the Agreement is deleted in its entirety.

(b)        The new, modified and amended Section 5.E of the Agreement is as follows:

"5.E    Notwithstanding the Obligors satisfying the conditions above for them to qualify to have the Shortfall Term Out, the Obligors, and each of them, shall remain obligated to sell all remaining Collateral (including, without limitation, the real property located at 257 South Linden Avenue, Beverly Hills, California 90212 ("Linden Property")) held by Archway within a reasonable time not to exceed six (6) months following the Drop Dead Date. This sale obligation does not extend to the Oakhurst Property and the Horner Property unless there is a Default, which properties still remain Archway's Collateral (collectively, the Oakhurst Property and Horner Property  shall sometimes be referred to as the "Shortfall Residential Collateral"). Any Archway Approved Net Proceeds received after the Drop Dead Date will be applied to the amounts owed to Archway under the Shortfall Term Out and Archway shall recalculate the Shortfall Term Out Amortization as a result of such payment;"

(c)        Section 5.F of the Agreement is deleted in its entirety.

(d)        The new, modified and amended Section 5.F of the Agreement is as follows:

"5.F    Notwithstanding the provisions of Section 5.E, the Linden Property may be included in the Shortfall Residence Collateral that does not need to be sold after the Drop Dead Date unless there is a Default on condition that:

Option 1: (a) Archway shall have received Archway Approved Net Proceeds in a minimum amount of $10 million from the closing of a timely Broadway sale on or before the Drop Dead Date; (b) the amortization on the Shortfall Term Out shall change to being on a 15-year basis as opposed to the 30-year term stated above, with all Shortfall amounts still all due and payable in 5 years at the indicated interest rate; (c) the Obligors shall continue to sell all of the other non-Residential Collateral real properties in a timely manner; and (d) on or before the Drop Dead Date, Archway has received either (i) the Roxbury Deed of Trust, the Roxbury Estoppel Certificate, and the Roxbury Trust Certificates that are the subject of Section 10.C below, consented to by the then senior lien holder on the Roxbury Property and the other tenants in common, or (ii) the Obligors and each of them have obtained a stipulated order for the immediate sale of the Roxbury Property executed by everyone claiming any title to the Roxbury Property, which sale has closed and the Archway Approved Net Proceeds thereof received by Archway directly from the sale escrow, or (iii) the Obligors and each of them have filed an adversary proceeding by the confirmation hearing of the Plan seeking entry of a judgement for the immediate sale of the Roxbury Property pursuant to 11 U.S.C. § 363(h) that has not been stayed within 14-days of its entry, and such Roxbury Property court-ordered sale has closed and the Archway Approved Net Proceeds thereof received by Archway directly from the sale escrow, or (iv) Sue's interests in the Roxbury Property have been liquidated in a transaction approved in writing in advance by Archway and Archway has received directly from any sale escrow all of the Archway Approved Net Proceeds of such sale. All of the Archway Approved Net Proceeds of the Sue or D&S interests in the Roxbury Property

5971520v6 | 101415-0002                                        2

EXHIBIT 1 - Page 6

shall be paid directly to Archway whenever received, including without limitation upon the close of any Roxbury Property sale; or

Option 2: (a) Archway shall have received Archway Approved Net Proceeds in a minimum amount of $12 million from the closing of a timely Broadway sale on or before the Drop Dead Date; (b) the amortization on the Shortfall Term Out shall change to being on a 15-year basis as opposed to the 30-year term stated above, with all Shortfall amounts still all due and payable in 5 years at the indicated interest rate; and (c) the Obligors shall continue to sell all of the other non-Residential Collateral real properties in a timely manner such that Archway has received a total of no less than $16 million in Archway Approved Net Proceeds (including from a Broadway sale) by the Drop Dead Date."

4.    Modification and Amendment of Section 10 of the Agreement.

(a)    Section 10.C of the Agreement is deleted in its entirety.

(b)    The new, modified and amended Section 10.C of the Agreement is as follows:

"10.C  Sue shall use her best efforts to timely get consent from the Roxbury senior lender and from all others on title ("Roxbury Consent") to execute and deliver to Archway (a) in her capacity as the trustee of the D&S Trust a deed of trust ("New Roxbury Deed of Trust") encumbering all of the D&S Trust's right, title, and interest in and to that certain parcel of real property commonly known as 140 South Roxbury Drive, Beverly Hills, CA 90212, and legally described therein (the "Roxbury Property"), together with (b) Certifications of Trust, that are acceptable to Archway in the exercise of its sole opinion and judgment, for each interest in  the Roxbury Property, and further provide to Archway (c) an estoppel certificate from the others on title to the Roxbury Property, all as are acceptable to Archway in the exercise of its sole opinion and judgment, together with Certifications of Trust for each trust holding an interest in the Roxbury Property.

Separate and apart from the obligations herein for Sue to use her "best efforts," Obligors and each of them promise and agree that on or before the Drop Dead Date either(i) Archway shall have received the Roxbury Deed of Trust, the Roxbury Estoppel Certificate, and the Roxbury Trust Certificates, and the Roxbury Consent, or (ii) the Obligors and each of them shall have obtained a stipulated order for the immediate sale of the Roxbury Property executed by everyone claiming any title to the Roxbury Property, which sale has closed and the Archway Approved Net Proceeds thereof received by Archway directly from the sale escrow, or (iii) the Obligors and each of them shall have filed an adversary proceeding by the confirmation hearing of the Plan seeking entry of a judgement for the immediate sale of Roxbury pursuant to 11 U.S.C. § 363(h) that has not been stayed within 14-days of its entry, and such Roxbury Property court-ordered sale has closed and the Archway Approved Net Proceeds thereof received by Archway directly from the sale escrow, or (iv) Sue's interests in the Roxbury Property shall have been liquidated in a transaction approved in writing in advance by Archway and Archway has received directly from any sale escrow all of the Archway Approved Net Proceeds. All net proceeds of the

**EXHIBIT 1 - Page 7**

Sue or D&S interests in the Roxbury Property shall be paid directly to Archway whenever received, including without limitation upon the close of any sale of the Roxbury Property."

(c)    Section 10.I of the Agreement is deleted in its entirety.

(d)    The new, modified and amended Section 10.I of the Agreement is as follows:

"Sue represents and warrants to Archway that she personally owns a fifty percent (50%) undivided interest in and to that certain partnership with Haskell Fuaad Muhtar and Nurit Muhtar named "Yeheskel/Nurit Muhtar & David/Sue Halevy" ("Roxbury Partnership") concerning the Roxbury Property."

(e)    A new Section 10.K of the Agreement is added as follows:

"10.K  Sue shall provide to Archway Certifications of Trust that are acceptable to Archway in the exercise of its sole opinion and judgment, for each interest in any real property vested in whole or in part to the D&S Trust that are the subject of this Agreement, including without limitation the Roxbury Property as otherwise set forth and conditioned as above."

5.    <u>Modification and Amendment of Section 14 of the Agreement.</u>

(a)    Sections 14.I, J, Q, and R of the Agreement are deleted in their entirety.

6.    <u>Modification and Amendment of Section 15 of the Agreement.</u>

(a)    A new Section 15.F of the Agreement is added as follows:

"15.F  Obligors, and each of them, shall timely provide to Archway the following documents within the time frames contained in, and if required by and subject to the conditions of, Sections 5.F and 10.C, but as to the Roxbury Pledge and UCC-1 (Exhibit 19) no later than the close of any transaction that results in proceeds flowing to Sue, or any other Obligor, irrespective of any other conditions in or provisions of this Agreement, unless every person or entity claiming any interest in Roxbury consents in writing to the assignment and transfers to Archway of all Archway Approved Net Proceeds of any transfer of any interest, real or personal, in Roxbury being paid at the close of any such transactions to Archway directly to Archway by wire transfer of immediately available funds:

(i)  New Roxbury Deed of Trust, notarized for recording purposes (Exhibit 8);

(ii)  Roxbury  Estoppel Certificate from the others on title, notarized for recording purposes (Exhibit 9);

(iii)  Roxbury Certification of Trust for the Haskell and Nurit Muhtar Revocable Trust (Exhibit 18);

(iv)  Roxbury Pledge and UCC-1 (Exhibit 19) as additional security for the Alan/Sue/Daniel Guaranty ; and

5971520v6 | 101415-0002                        4

**EXHIBIT 1 - Page 8**

(v)     Recordation of the New Roxbury Deed of Trust in the official records of Los Angeles County.

7.      <u>Modification and Amendment of Section 22 of the Agreement.</u>

(a)      Tiers 2, 3, and 4a in Section 22 are deleted in their entity;

(b)      New Tiers 2, 3, and 4a are added to Section 22 as follows:

"**Tier 2:** Greenfield Property, Palm Property, Bagley Property, Canon Property, Linden Property and Canfield Property;

**Tier 3:** Roxbury Property and Roxbury Pledge if the conditions of Sections 10.C and 15.F are timely satisfied;

**Tier 4a:** The Linden Property shall be removed from Tier 2 and become Tier 4a if and only if the Linden Property qualifies under Section 5.F to become a part of the Shortfall Residence Collateral, and if it so qualifies may be foreclosed only upon the earliest of (i) a default in any payment due to Archway hereunder, (ii) an unapproved sale of the property, (iii) the death of Sue, (iv) Sue no longer occupies the Linden Property, or (v) the failure to sell the property by the Drop Dead Date and pay the net proceeds thereof to Archway unless Linden qualifies to be Shortfall Residence Collateral);"

8.      <u>Controlling Document</u>. In the event of any conflict or inconsistency between the terms, conditions, and/or provisions of this First Amendment and the Agreement and the Loan Documents, the terms, conditions, and/or provisions of this First Amendment shall prevail.

9.      <u>Conditions Precedent to the Effectiveness of this First Amendment</u>. The obligations of Archway under this First Amendment are expressly conditioned upon execution of this First Amendment and approval of the Agreement as provided in the Agreement.

10.     <u>Miscellaneous.</u>

(a)      This Agreement is not a novation, nor, except as expressly provided in this Agreement, is it to be construed as a release or modification of any of the terms, conditions, warranties, waivers or rights set forth in the Broadway Loan Documents. Nothing contained in this Agreement shall be deemed to constitute a waiver by Archway of any required performance by Obligors, and each of them, of any default heretofore or hereafter occurring under or in connection with the other Broadway Loan Documents. In the event there is a conflict in any term, condition or provision of this First Amendment, on the one hand, and the Loan Agreement or any of the other Broadway Loan Documents, on the other hand, the terms, conditions and provisions of this Agreement are to control.

(b)      Except as expressly provided in this First Amendment, this First Amendment is the final written expression and complete and exclusive statement of all the First Amendments, conditions, promises and covenants among the parties with respect to the subject matter hereof and supersedes all prior or contemporaneous agreements, negotiations, representations, understandings and discussions among the parties and/or their respective counsel with respect to the subject matter conveyed hereby. Any amendment or modification of this First

5971520v6 | 101415-0002                        5

**EXHIBIT 1 - Page 9**

Amendment, in order to be legally binding, must be in writing specifically referring to the First Amendment and signed by duly authorized representatives of all parties hereto.

(c)     The parties represent and warrant that all of the waivers, warranties, and promises set forth in this First Amendment are made after an opportunity to consult with legal counsel of their choosing and with an understanding of their significance and consequence and that they are reasonable.

(d)     This First Amendment may be executed and delivered in two or more counterparts, each of which when so executed and delivered, shall be either an original, or a copy of the original signature transmitted via facsimile, and such counterparts together shall constitute but one and the same instrument and agreement, and the First Amendment shall not be binding on any party until all parties have executed it. Copies of the original signatures on this First Amendment which are transmitted via facsimile shall have the same force and legal effect as original signatures, and a facsimile signature shall be accepted by all parties as an original signature. Original signatures shall be provided following submission of fax signatures, but the failure to do so shall not impact on the effectiveness of this First Amendment.

**[INTENTIONALLY LEFT BLANK – SEE NEXT PAGE]**

IN WITNESS WHEREOF, the parties have executed this First Amendment on the date and year first written above.

**OBLIGORS:**

BROADWAY AVENUE INVESTMENTS LLC
A California limited liability company

By: _____
Name: Alan Gomperts
Its: Manager

NEGEV INVESTMENTS LLC
A California limited liability company

By: _____
Name: Alan Gomperts
Its: Manager

SLA INVESTMENTS LLC
A California limited liability company

By: _____
Name: Alan Gomperts
Its: Manager

341 SOUTH CANNON DRIVE LLC
A California limited liability company


By: _____
Name: Daniel Halevy
Its: Manager

_____
ALAN GOMPERTS, individually, and
in his capacity as Trustee of the
Gomperts and Halevy Family Trust


_____
SHARON GOMPERTS,
in her capacity as Trustee of the
Gomperts and Halevy Family Trust

5971520v6 | 101415-0002                          7

**EXHIBIT 1 - Page 11**

Docusign Envelope ID: 22ADB750-B369-8CD4-835C-495B43DCCC65

IN WITNESS WHEREOF, the parties have executed this First Amendment on the date and year first written above.

**OBLIGORS:**

BROADWAY AVENUE INVESTMENTS LLC
A California limited liability company


By: _____
Name: Alan Gomperts
Its: Manager

NEGEV INVESTMENTS LLC
A California limited liability company


By: _____
Name: Alan Gomperts
Its: Manager

SLA INVESTMENTS LLC
A California limited liability company


By: _____
Name: Alan Gomperts
Its: Manager

341 SOUTH CANNON DRIVE LLC
A California limited liability company

DocuSigned by:

By: _____
Name: Daniel Halevy
Its: Manager


_____
ALAN GOMPERTS, individually, and
in his capacity as Trustee of the
Gomperts and Halevy Family Trust


_____
SHARON GOMPERTS,
in her capacity as Trustee of the
Gomperts and Halevy Family Trust

5971520v6 | 101415-0002                            7

EXHIBIT 1 - Page 12

Docusign Envelope ID: 22ADB750-B369-8CD4-835C-495B43BCCC65

Signed by:

*Susan Halevy*

99764E8AD6F4402...

SUSAN HALEVY, individually, and
in her capacity as Trustee of the Halevy
Family Trust dated September 6, 2010

DocuSigned by:

*Daniel Halevy*

99764E8AD6F4402...

DANIEL HALEVY, individually, and
in his capacity as Personal Representative
of the Probate Estate of David Halevy

**LENDER:**

ARCHWAY BROADWAY LOAN SPE, LLC
A Delaware limited liability company


By: _____
Name: Joshua Kohan
Title:   Authorized Signe

**EXHIBIT 1 - Page 13**

_____

SUSAN HALEVY, individually, and
in her capacity as Trustee of the Halevy
Family Trust dated September 6, 2010


_____

DANIEL HALEVY, individually, and
in his capacity as Personal Representative
of the Probate Estate of David Halevy

**LENDER:**

ARCHWAY BROADWAY LOAN SPE, LLC
A Delaware limited liability company

By: _____

Name: Joshua Kohan

Title: Authorized Signer

**DECLARATION VERIFYING SOFTWARE GENERATED SIGNATURE(S)**
*(Attach this declaration immediately after the signature page of any document that is being Filed and that contains a Software Generated Signature, as those terms are defined in LBR 9011-1(b).)*

I, *(print name of declarant)* Derrick Talerico_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. I am an attorney admitted to practice in this district, or alternatively I am an attorney who has been granted leave to appear pro hac vice per LBR 2090-1.

3. As set forth in the table below, either–
      a. <u>Oral verification</u>: I have obtained oral verification from the following person(s), whose Software Generated Signature (as defined in LBR 9011-1(b)(4)(B)) appear(s) on the accompanying document, that the signer intended to sign this document electronically, or alternatively
      b. <u>Explanation</u>: I provide the following explanation why no such verification is provided (*e.g.,* that the signer is represented by a different attorney who will provide a separate declaration confirming their client's oral verification):

| | Name of signer | Date of oral* verification | -OR-   Explanation why no verification is provided |
|---|---|---|---|
| 1. | Susan Halevy | 6/22/2026 | ☐ See explanation below. |
| 2. | Daniel Halevy | 6/22/2026 | ☐ See explanation below. |
| 3. | | | ☐ See explanation below. |
| 4. | | | ☐ See explanation below. |
| 5. | | | ☐ See explanation below. |

Explanation(s) *(if applicable)*:



☐ see attached continuation sheet

*<u>Verification must be oral</u>.  For the avoidance of doubt, verification must be oral, and any written verification is insufficient even if it includes a purported holographic signature, so as to protect against persons who might have access to the hardware and software of the alleged signer and could use such access to create (A) false Software Generated Signatures and (B) false images of holographic signatures purporting to verify those electronic signatures.  *See* LBR 9011-1(b)(4)(B).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/23/2026 | Derrick Talerico | /s/ Derrick Talerico |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
    11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Declaration of Derrick Talerico in Support of Motion to Approve Settlement Agreement with Archway Broadway Loan SPE, LLC – First Amendment to Settlement Agreement** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 23, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 23, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Vincent Zurzolo                    (via Messenger)
United States Bankruptcy Court
255 E Temple St Suite 1360
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 23, 2026 | Martha E. Araki | */s/ Martha E. Araki* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

Broadway Avenue Investments, LLC – Jointly Administered

## 1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:

- <u>Attorneys for Corporate Debtors Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.</u>: **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Halevy</u>: **Zev Shechtman, Carol Chow, Turner Falk, Ryan Coy**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; ryan.coy@saul.com
- <u>Attorneys for Creditor First Foundation Bank</u>: **Scott R Albrecht**: scott.albrecht@sgsattorneys.com; jackie.nguyen@sgsattorneys.com
- <u>Attorneys for Creditor Korth Direct Mortgage, Inc.</u>: **Tanya Behnam, Garrick Vanderfin**: gvanderfin@polsinelli.com, tbehnam@polsinelli.com; tanyabehnam@gmail.com; ladocketing@polsinelli.com; zyoung@polsinelli.com; ccripe@polsinelli.com;
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- <u>Attorneys for Creditor United States of America on behalf of the Internal Revenue Service</u>: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- <u>Courtesy NEF/Interested Party</u>: **Christopher Cramer**: secured@becket-lee.com
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Christopher Crowell, Jessica M Simon**: ccrowell@frandzel.com; mbrandenberg@frandzel.com
- <u>Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC</u>: **Michael G. Fletcher, Bruce D. Poltrock, Paige Selina Poupart, Gerrick Warrington**: mfletcher@frandzel.com; ppoupart@franddzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com; autodocket@frandzel.com
- <u>Attorneys for Creditors NewRez LLC d/b/a Shellpoint Mortgage Servicing, Wells Fargo National Bank West</u>: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- <u>Attorneys for Creditor Los Angeles County Treasurer and Tax Collector</u>: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jacqueline L James**: jjames@buchalter.com; gvidales@buchalter.com; docket@buchalter.com
- <u>Courtesy NEF/Interested Party Avi Muhtar</u>: **Avi Edward Muhtar**: amuhtar@crownandstonelaw.com
- <u>Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC</u>: **David B Shemano**: dshemano@shemanolaw.com
- <u>Attorneys for Creditor Harvest Small Business Finance, LLC</u>: **Jessica M. Simon**: jsimon@hrhlaw.com; mgranzow@hrhlaw.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto</u>: **Samantha White**: Samantha.white@wellsfargo.com
- <u>Attorneys for Creditor Wells Fargo Bank, N.A.</u>: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- <u>US Trustee's Office</u>: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.