## <u>DECLARATION OF AVI E. MUHTAR</u>

I, AVI E. MUHTAR, declare as follows:

1.  I am an attorney with Crown & Stone Law, P.C., counsel to Haskell Muhtar and Nurit Muhtar, individually and in their capacities as Trustees of the Haskell And Nurit Muhtar Revocable Trust (collectively, the "<u>Muhtars</u>") in the above-captioned matter. I am licensed to practice before all courts of the State of California and the United States Bankruptcy Court for the Central District of California. I submit this declaration in support of the Muhtars' supplemental opposition to the Motion. The following facts are within my personal knowledge and, if called as a witness, I could and would competently testify to them.

2.  The Muhtars own an undivided fifty percent (50%) interest in the real property commonly known as 140 South Roxbury Drive, Beverly Hills, California 90212 (the "<u>Roxbury Property</u>"), as Trustees of the Haskell and Nurit Muhtar Revocable Trust. The Roxbury Property is encumbered by a senior deed of trust in favor of JPMorgan Chase Bank, N.A., securing a loan in the original principal amount of $2,100,000, dated December 17, 2020 and recorded on January 4, 2021 as Instrument No. 20210006946 in the Official Records of Los Angeles County (the "<u>Senior Deed of Trust</u>"). A true and correct copy of the Senior Deed of Trust, which I obtained from the Official Records of Los Angeles County, was attached as Exhibit '1' to my declaration filed in support of the Muhtars' Initial Opposition, and is incorporated herein by reference.

3.  Between June 6 and June 8, 2026, I communicated with Derrick Talerico, counsel for the Corporate Debtors, by telephone and by email, regarding the proposed encumbrance of the Roxbury Property in connection with the Settlement and related matters.

4.  During those communications, Mr. Talerico provided me with a proposed form of estoppel certificate for the Muhtars' review. The Muhtars reviewed the proposed estoppel certificate and found it unacceptable, and the Muhtars will not execute it or any other document relating to an encumbrance of the Roxbury Property.

5.  Mr. Talerico also suggested that the default concern arising under the Senior Deed of Trust might be addressed by obtaining a waiver from Chase. I advised Mr. Talerico that the Muhtars are opposed to that approach, and that, even with such a waiver, the Muhtars do not consent to and



1

MUHTARS' SUPPLEMENTAL OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC

oppose any encumbrance of the Roxbury Property.

6.   On June 8, 2026, Mr. Talerico sent an email to representatives of Chase, on which I was copied, asking Chase to consent to a junior lien in favor of Archway and a pledge of the Halevy Trust's 50% ownership interest to Archway "in order to avoid the automatic default provisions of the Chase Deed of Trust." Attached hereto as Exhibit '1' is a true and correct copy of that June 8, 2026 email.

7.   On June 9, 2026, a representative of Chase responded on the same email thread, conveying the position of Chase's legal counsel that Chase "is not willing to consent to the lien or pledge." Attached hereto as Exhibit '2' is a true and correct copy of that June 9, 2026 email.

8.   On June 15, 2026, I advised Mr. Talerico in writing that, if the Debtors proceed with the contemplated pledge, the resulting default and its consequences to the Muhtars, who are co-borrowers on the note secured by the Senior Deed of Trust, would give rise to a claim for damages by the Muhtars against the Debtors and their estates, and that any such claim would be a post-petition obligation carrying administrative expense exposure under 11 U.S.C. § 503(b). Mr. Talerico's written response did not dispute that position. Attached hereto as Exhibit '3' is a true and correct copy of that June 15, 2026 email exchange.

9.   Included in a June 22, 2026 email thread on which I was copied is a June 16, 2026 email from Michael Testan, Assistant General Counsel at Chase, to Mr. Talerico, stating Chase's position that the pledge of the Halevy Trust's interest in the Roxbury Property without Chase's consent "would be a default under the loan documents" and that Chase "does not consent to D&S Trust pledging its interest in the property." Attached hereto as Exhibit '4' is a true and correct copy of that email thread.

10. On June 22, 2026, Mr. Talerico forwarded to me an email exchange between himself and Michael Fletcher, counsel for Archway, regarding revisions to the First Amendment. In that exchange, on June 21, 2026, Mr. Talerico wrote to Mr. Fletcher that "the pledge and UCC will trigger a default on the Chase Deed of Trust" and asked that the mechanism be replaced with one attaching to the proceeds of any monetization of the Halevy Trust's interest; Mr. Fletcher declined to remove the requirement; and, in forwarding the exchange, Mr. Talerico stated that Mr. Fletcher "is incorrect"

2

MUHTARS' SUPPLEMENTAL OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC

CROWN & STONE
LAW, P.C.

on the premise of his response. Attached hereto as <u>Exhibit</u> '5' is a true and correct copy of that email exchange.

11. I have reviewed the First Amendment [Docket No. 693] and the declarations attaching the Ancillary Documents [Docket Nos. 694 and 705], including the form of New Roxbury Deed of Trust. As of the date of this declaration, no operative document creating or governing the proposed encumbrance or forced sale of the Roxbury Property has been provided to the Muhtars in final, executed form for their agreement or signature, and the Muhtars do not consent to any of them.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of July, 2026, in Los Angeles, California.

_____
*/s/ Avi E. Muhtar*
Avi E. Muhtar

CROWN & STONE
LAW, P.C.

3

MUHTARS' SUPPLEMENTAL OPPOSITION TO MOTION TO APPROVE COMPROMISE
WITH ARCHWAY BROADWAY LOAN SPE, LLC