# EXHIBIT '3'

| | |
|---|---|
| **From:** | Derrick Talerico <dtalerico@wztlfirm.com> |
| **Sent:** | Monday, June 15, 2026 1:06 PM |
| **To:** | Avi Muhtar |
| **Cc:** | Shechtman, Zev M. |
| **Subject:** | Re: [EXTERNAL]Muhtar/Halevy Loan on Roxbury |

That's likely correct. But I was just giving Chase acknowledging the pledge of interest is not a breach of the Deed of Trust is easier to get done that granting consent. Either way...the point is not to cause a breach of the Deed of Trust. We're not taking action without court order.

-

## Weintraub Zolkin Talerico & Liu LLP

Derrick Talerico

Direct 424-500-8552 | Cell 310-403-0090

---

**From:** Avi Muhtar <amuhtar@crownandstonelaw.com>
**Sent:** Monday, June 15, 2026 12:58 PM
**To:** Derrick Talerico <dtalerico@wztlfirm.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>
**Subject:** RE: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Derrick,

Replying to your statement that the D&S Trust's position that pledging its interest in the Property does not trigger a default under the Chase Deed of Trust: the Muhtars do not agree.

Section 4.13.1 contains two separate prohibitions joined by "or." Without Chase's prior written consent, Borrower shall not (1) "further encumber the Property or any interest therein," or (2) "cause or permit any change in the entity, ownership, or control of Borrower," in each case without first repaying the Note in full. Your email addresses only the second. The pledge runs into the first.

The Halevy Trust is part of "Borrower" as defined in the granting clause, and its undivided 50% interest is "an interest therein." Granting Archway a security interest in that interest is a further encumbrance of an interest in the Property, recorded or not. Recordation goes to perfection and priority, not to whether an encumbrance exists, so dropping the recorded junior deed of trust and keeping the pledge does not change the analysis under the first prohibition.

The consequences are not academic. Under Section 4.13.4 a failure to comply with 4.13.1 is an Unconsented Transfer. Under Section 5.1.3(iv) a breach of Section 4.13 carries no notice and no cure period. The result is an immediate, non-curable Event of Default that, under Section 5.3, lets Chase accelerate the entire balance without notice, appoint a receiver, and foreclose on the whole building by power of sale. That reaches the Muhtars' 50% interest and the Muhtars themselves, who are co-borrowers on the Note and not merely co-owners.

This is also the position the D&S Trust took two weeks ago. Your June 8 email asked Chase to consent to a pledge of the Halevy Trust's 50% ownership to Archway "in order to avoid the automatic default provisions of the Chase Deed of Trust." I do not see how the current position, that the same pledge is not a default, can be reconciled with that request.

To be clear about where the Muhtars stand. The Muhtars take the position that moving forward with the pledge without first obtaining Chase's prior written consent is impermissible and will cause a default under the Chase Deed of Trust, and they will so advise the Court. The Muhtars do not waive and reserve all rights and remedies, including the right to contend that the pledge is a further encumbrance of an interest in the Property inconsistent with the owners' agreement not to further encumber the Property or any interest therein. Nothing in this email, and nothing in the Muhtars' decision not to oppose the parties' chosen approach, is consent, approval, acquiescence, or waiver of any kind.

If the Debtors nonetheless proceed with the pledge, the resulting default and its consequences to the Muhtars, who are

co-borrowers on the Note and co-owners of the Property, will give rise to a claim for damages by the Muhtars against the Halevys. Because the pledge would be granted post-petition (even as a court-authorized step in the Debtors' restructuring), any such claim would be a post-petition obligation of the Debtors and their estates, not a prepetition claim resolved through the plan. It would carry administrative expense exposure under Section 503(b), with the attendant priority and payment requirements for confirmation, and it bears directly on the feasibility of a plan that depends on the very transaction that creates the liability. The Muhtars reserve and intend to assert that claim.

Given tomorrow's filing deadline, I wanted this stated before you proceed. I am available to discuss.

**Avi E. Muhtar, Esq.**
CROWN & STONE LAW, P.C.
407 N. MAPLE DRIVE, GROUND FLOOR
BEVERLY HILLS, CALIFORNIA 90210
(844) 240-0444
Direct: 310.796.7677
www.crownandstonelaw.com

---

**From:** Derrick Talerico <dtalerico@wztlfirm.com>
**Sent:** Monday, June 15, 2026 11:57 AM
**To:** Avi Muhtar <amuhtar@crownandstonelaw.com>; Bologna, Stephanie <stephanie.bologna@chase.com>; Schweer, Scott <scott.schweer@chase.com>; Cooper.dodd@chase.com
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>
**Subject:** Re: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Stephanie - Thank you for passing this on to legal. As we just discussed, the D&S Trust is no longer seeking consent to record a lien on the Property. The D&S Trust will pledge its interest in the Property as collateral to its settlement with Archway. The Muhtars now take no position (and as such do not oppose) this pledge.

The D&S Trust does not believe the pledge of its interest in the Property triggers a default on the Chase Deed of Trust. Section 4.13.1 provides that "Borrower" can't cause or permit any change in the entity, ownership, or control of "Borrower." By pledging its interest in the Property, the Borrower entity, ownership or control does not change.

The D&S Trust is looking for Chase to either acknowledge that the pledge of the D&S Trust's interest does not trigger a default on the Chase Deed of Trust, or consent from Chase as to the pledge of the D&S Trust interest.

Both the Muhtars and the D&S Trust would like to resolve this issue today, as we otherwise have responsive pleadings due to be filed in the Bankruptcy Court tomorrow.

Please call me if a discussion would be helpful.

Thank you,
Derrick

-

## Weintraub Zolkin Talerico & Liu LLP

Derrick Talerico
Direct 424-500-8552 | Cell 310-403-0090

---

**From:** Derrick Talerico <dtalerico@wztlfirm.com>
**Sent:** Friday, June 12, 2026 1:55 PM
**To:** Avi Muhtar <amuhtar@crownandstonelaw.com>; Bologna, Stephanie <stephanie.bologna@chase.com>; Schweer, Scott <scott.schweer@chase.com>; Cooper.dodd@chase.com <Cooper.dodd@chase.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>
**Subject:** Re: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Thank you Avi.

Stephanie, Scott, and Cooper - Time is truly of the essence in resolving these issues. If you are available to review today or would like to discuss consent, please let me know. Otherwise, could we arrange to speak Monday morning?

Thank you,
Derrick

-

## Weintraub Zolkin Talerico & Liu LLP

Derrick Talerico
Direct 424-500-8552 | Cell 310-403-0090

---

**From:** Avi Muhtar <amuhtar@crownandstonelaw.com>
**Sent:** Friday, June 12, 2026 10:32 AM
**To:** Bologna, Stephanie <stephanie.bologna@chase.com>; Derrick Talerico <dtalerico@wztlfirm.com>; Schweer, Scott <scott.schweer@chase.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>
**Subject:** RE: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Good morning, Stephanie,

To bring you current on where the parties stand:

We understand Archway is now willing to forgo any recorded deed of trust or other recorded lien against the Roxbury Property, and instead seeks only a pledge of the Halevy Trust's interest in the Property as collateral.

We understand the Debtors intend to proceed on that basis, with the Halevy Trust granting Archway that pledge as part of their restructuring.

The Muhtars take no position on this approach, or on whether Chase elects to consent. As between Chase, the Debtors, and Archway, the Muhtars will not stand in the way of the approach those parties have chosen.

In taking no position, the Muhtars do not waive and expressly reserve all of their rights and remedies as to the Debtors and Archway. Without limitation, the Muhtars reserve the right to contend, should the need ever arise, that the contemplated pledge constitutes a further encumbrance of an interest in the Property inconsistent with the parties' agreement not to further encumber the Property or any interest therein. Nothing in this email, and nothing in the Muhtars' decision not to oppose the chosen approach, constitutes consent, approval, ratification, acquiescence, or waiver of any kind, or any admission or position on the merits.

We are happy to discuss.

**Avi E. Muhtar, Esq.**
CROWN & STONE LAW, P.C.
407 N. MAPLE DRIVE, GROUND FLOOR
BEVERLY HILLS, CALIFORNIA 90210
(844) 240-0444
Direct: 310.796.7677
www.crownandstonelaw.com

---

**From:** Avi Muhtar
**Sent:** Tuesday, June 9, 2026 2:58 PM
**To:** 'Bologna, Stephanie' <stephanie.bologna@chase.com>; Derrick Talerico <dtalerico@wztlfirm.com>; Schweer, Scott <scott.schweer@chase.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>

**Subject:** RE: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Thank you for the quick reply.

**Avi E. Muhtar, Esq.**
Crown & Stone Law, P.C.
407 N. Maple Drive, Ground Floor
Beverly Hills, California 90210
(844) 240-0444
Direct: 310.796.7677
www.crownandstonelaw.com

---

**From:** Bologna, Stephanie <stephanie.bologna@chase.com>
**Sent:** Tuesday, June 9, 2026 2:56 PM
**To:** Avi Muhtar <amuhtar@crownandstonelaw.com>; Derrick Talerico <dtalerico@wztlfirm.com>; Schweer, Scott <scott.schweer@chase.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>
**Subject:** RE: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

From our legal counsel:
Chase is aware that the co-borrower/owner objects to the request to add a junior lien in favor of Archway and to pledge the Halevy Trust's 50% ownership to Archway. As a result, Chase is not willing to consent to the lien or pledge.

Thank you.

---

**From:** Avi Muhtar <amuhtar@crownandstonelaw.com>
**Sent:** Tuesday, June 09, 2026 1:57 PM
**To:** Bologna, Stephanie (CIB, USA) <stephanie.bologna@chase.com>; Derrick Talerico <dtalerico@wztlfirm.com>; Schweer, Scott (CIB, USA) <scott.schweer@chase.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>
**Subject:** RE: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Hi Stephanie,

Attached is the Muhtars' Opposition to the Debtors' Motion to Approve Settlement Agreement with Archway Broadway Loan SPE, LLC under Rule 9019, filed today.

The Opposition sets out the Muhtars' position in full, consistent with what I conveyed in my prior email on this thread.

**Avi E. Muhtar, Esq.**
Crown & Stone Law, P.C.
407 N. Maple Drive, Ground Floor
Beverly Hills, California 90210
(844) 240-0444
Direct: 310.796.7677
www.crownandstonelaw.com

---

**From:** Bologna, Stephanie <stephanie.bologna@chase.com>
**Sent:** Tuesday, June 9, 2026 9:01 AM
**To:** Derrick Talerico <dtalerico@wztlfirm.com>; Schweer, Scott <scott.schweer@chase.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>; Avi Muhtar <amuhtar@crownandstonelaw.com>
**Subject:** RE: [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Receive and forwarded to our legal counsel along with Avi's reply as well. We will be in touch.

Thank you.

**Stephanie Bologna Strother**  | Vice President |  Team Schweer |  **Commercial Banking**  | 3 Park Plaza, Suite 1000 | Irvine, CA 92614  |  T: 949 833 4114  |  eFax: 866 494 6497  |  M: 949 278 3038  |  stephanie.bologna@chase.com  |  https://digital.jpmorgan.com/TeamScottSchweer/index.html  |  Sign in to your digital loan application

**Partner**: Scott Schweer  |  T: 949 833 4074  |  scott.schweer@chase.com

**Partner**: Cooper Dodd  |  T: 949 471 6918  |  cooper.dodd@chase.com

---

**From:** Derrick Talerico <dtalerico@wztlfirm.com>
**Sent:** Monday, June 08, 2026 8:04 PM
**To:** Bologna, Stephanie (CIB, USA) <stephanie.bologna@chase.com>; Schweer, Scott (CIB, USA) <scott.schweer@chase.com>
**Cc:** Shechtman, Zev M. <zev.shechtman@saul.com>; Avi Muhtar <amuhtar@crownandstonelaw.com>
**Subject:** [EXTERNAL]Muhtar/Halevy Loan on Roxbury

Stephanie - Thanks for talking earlier. I am counsel to the Halevy family's corporate interests in their chapter 11 cases. Zev Shechtman (cc'd) is counsel to Sue, Danny, and Alan Gomperts in their personal chapter 11 cases and represents Sue as to her ownership interest in the Roxbury Property vis-a-vis the Halevy Trust. Avi Muhtar (cc'd) is counsel to the Muhtars on their interest in the Roxbury Property.

As part of a global restructuring effort to address a $20M liability to Archway Capital, guaranteed by Sue, Danny, and Alan, the Halevy Trust's interest in its 50% ownership of the Roxbury property is required to be pledged to Archway as supporting collateral to a joint bankruptcy plan among the corporate and individual debtors. To that end, the attached Chase Deed of Trust contains restrictions on further encumbrances or changes of ownership (Section 4.13.1).

The proposed restructuring requires that a deed - as to the Halevy Trust's interest alone - be recorded as a junior lien on the Roxbury Property for the benefit of Archway, and that the Halevy Trust grant Archway a security interest in its 50% ownership of the Roxbury Property. In order to avoid the automatic default provisions of the Chase Deed of Trust, the Halevy Trust is asking Chase to consent to a junior lien in favor of Archway and a pledge of the Halevy Trust's 50% ownership to Archway.

Our timing on working this out is unfortunately short. In two weeks, we will be before the bankruptcy court where we will need to have this issue of Chase's consent resolved.

Subject to the Muhtars and Halevy's working out issues on estoppel and consent between them, I understand that the Muhtars would not oppose Chase consenting to this junior interest.

The draft Pledge and Security Agreement that would be junior to Chase is attached.

Please forward this email to whomever would be able to consider the request for Chase's consent.

Thank you,
Derrick

-

## Weintraub Zolkin Talerico & Liu LLP

Derrick Talerico
11766 Wilshire Blvd., Suite 730
Los Angeles, CA 90025
Direct 424-500-8552 | Cell 310-403-0090
dtalerico@WZTLfirm.com| www.WZTLfirm.com

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on

confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.

This message is confidential and subject to terms at: https://www.jpmorgan.com/emaildisclaimer including on confidential, privileged or legal entity information, malicious content and monitoring of electronic messages. If you are not the intended recipient, please delete this message and notify the sender immediately. Any unauthorized use is strictly prohibited.