Todd S. Garan (SBN 236878)
tgaran@aldridgepite.com
Greg P. Campbell (SBN 281732)
gcampbell@aldridgepite.com
**ALDRIDGE PITE, LLP**
3333 Camino del Rio South
Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385


Attorneys for Secured Creditor:
Wells Fargo Bank, N.A.


# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>SEATON INVESTMENTS, LLC,<br>*Now a dismissed case*<br>_____<br>—<br><br>☐ Affects All Debtors<br><br>☒ Affects Case No.: 2:24-12074-VZ<br>  ALLAN GOMPERTS<br><br>☐ Affects Case No.: 2:24-12075-VZ<br>  DANIEL HALEVY<br><br>☐ Affects Case No.: 2:24-12076-VZ<br>  SUSAN HALEVY<br><br>☐ Affects Case No.: 2:24-12080-VZ<br>  COLYTON INVESTMENTS, LLC – *Now a Dismissed Case*<br><br>☐ Affects Case No.: 2:24-12081-VZ<br>  BROADWAY AVENUE INVESTMENTS, LLC<br><br>☐ Affects 2:24-12082-VZ<br>  SLA INVESTMENTS, LLC<br><br>☐ Affects 2:24-12091-VZ<br>  NAGEV INVESTMENTS, LLC | CASE NO.: 2:24-bk-12079-VZ<br><br>Jointly Administered With:<br>Case No.: 2:24-12074-VZ;<br>Case No.: 2:24-12075-VZ;<br>Case No.: 2:24-12076-VZ;<br>Case No.: 2:24-12080-VZ;<br>Case No.: 2:24-12081-VZ;<br>Case No.: 2:24-12082-VZ;<br>Case No.: 2:24-12091-VZ<br><br>Chapter 11<br><br>**CONDITIONAL OPPOSITION TO DEBTOR'S MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY UNDER 11 U.S.C. § 363(f)**<br><br>**SUBJECT PROPERTY:**<br>3538 Greenfield Avenue<br>Los Angeles, CA 90034<br><br>**HEARING:**<br>DATE:      August 4, 2026<br>TIME:      11:00 a.m.<br>CTRM:      1368<br>  255 E. Temple<br>  Los Angeles, CA<br>JUDGE:     Hon. Vincent P. Zurzolo |

Secured Creditor, Wells Fargo Bank, N.A.  ("Wells Fargo") hereby submits its Conditional

Opposition ("Opposition") to the Motion to Sell the real property Free and Clear of Liens (the

1

**CONDITIONAL OPPOSITION IN SUPPORT OF MOTION TO SELL PROPERTY**

"Motion")  located 3538 Greenfield Avenue, Los Angeles, CA 90034 (the "Property") filed by Debtor, Alan Gomperts ("Debtor") in the above referenced matter.

## I.    STATEMENT OF FACTS

*Creditor's Claim:*

The Loan is evidenced by a promissory note dated April 25, 2011, executed by Debtor/Co-Borrower Alan Gompers, and Non-Debtor/Co-Borrower, Sharon Halevy, to Wells Fargo Bank, N.A. ("Lender") in the principal sum of $258,000 (the "Note").    (*See, Claim No.5-1, Case No.2:24-12074*).

The Note is secured by a deed of trust and assignment of rents provision (the "Deed of Trust") encumbering the Property. (*See, Claim No.5-1, Case No.2:24-12074).*  The Note and Deed of Trust may be referred to collectively herein, as the Loan.  The Note is endorsed in blank. *(See, Claim No.5-1, Case No.2:24-12074).*

*The Bankruptcy Proceedings:*

On March 18, 2024, Debtor filed the instant bankruptcy petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California – Los Angeles Division, and was assigned Case No. 2:24-bk-12074-VZ.  (*See*, *Case No.2:24-12074, Dkt. No.1)*

On April 1, 2024, the Court entered an Order of Joint Administration with respect to Debtor's and other related and/or affiliated bankruptcy cases, with the Seaton Investments LLC case (Case No: 2:24-12079) being the Lead Case. (*See, 2:24-bk-12074; Dkt. No.32)*

On June 12, 2024, Wells Fargo filed its Proof of Claim against the Debtor's state in the amount of $182,490.84, Secured by the Property, with $0.00 in pre-petition arrears. (*See, Claim No.2-1; 2:24-bk-12074-VZ*).

On June 7, 2024, Debtors filed a Motion for Order Authorizing Use of Cash Collateral with respect to the Property. (*See, Dkt. Nos.87/91*).

After a few Interim Orders on the Debtors' Motion to Use Cash Collateral, a Stipulation was filed with the Court by the parities resolving the Debtors' Motion to Use Cash Collateral with respect to the Property, which was approved by Order of the Court. (*See*, Dkt. Nos.335, 366).

On July 14, 2026, Debtor filed the instant Motion to sell the Property ("Motion") pursuant to 11 U.S.C. § 363(f) for a purchase price of $1,449,000.00 to Di Nalli Consulting, LLC "*or its*

2

**CONDITIONAL OPPOSITION IN SUPPORT OF MOTION TO SELL PROPERTY**

*assignee*" ("Buyer") and the sale is to be open to over-bidders. (*See*, Dkt. No.720). The Motion intends to have any liens on the Property removed and "…allowed amounts of certain  liens and claims to be paid through escrow…" and the liens of "… disputed sums to attach to like amounts of the net sale proceeds, with the same force, effect, validity and priority they had as of the petition date…" The Motion notes Wells Fargo's lien with an estimated total amount of $169,715.60 as of August 6, 2026, and indicates that Debtor proposes to pay through escrow all undisputed amounts of Wells Fargo's lien.

However, the Motion does not so indicate or identify what amounts are in fact not in dispute and to be paid through escrow, or even what amounts are not in dispute. Further, the Motion does not indicate that the net sale proceeds and/or disputed amounts will be held in an interest bearing blocked account pending a resolution of any such disputed amounts, or provide any realistic time-table to resolve those alleged disputed amounts. Indeed, this case is set to be automatically dismissed on 10/3/2026 per Order of the Court. (*See*, Dkt. No.712). It would seem to Wells Fargo that if any amounts were in dispute and being held back that any such resolution would have to occur before such automatic dismissal to avoid prejudice to a creditor; however, this is not discussed in the Motion.

Presently, according to information available to counsel for Wells Fargo, the estimated total outstanding balance owed on Wells Fargo's claim through August 17, 2026 is approximately **$170,051.88**. Wells Fargo will seek to provide Debtors and Debtors' counsel with a formal payoff demand by time of hearing on the Motion.

## II.    RESPONSE

**A.  WELLS FARGO SUPPORTS THE DEBTOR'S PROPOSED SALE PROVIDED THE SALE ORDER CLEARLY CONFIRM ITS CLAIM IS NOT DISPUTED AND IS TO BE PAID IN FULL THROUGH ESCROW OR DEBTOR CLEARLY IDENTIFY WHAT AMOUNTS ARE IN DISPUTE, THAT SAID AMOUNTS BE HELD IN A BLOCKED INTEREST ACCRUING ACCOUNT PENDING RESOLUTION, AND A TIMELY SCHEDULE TO RESOLVE THE DISPUTE BEFORE THE CURRENTLY SCHEDULED DISMISSAL ORDER**

Debtor's Motion proposes to sell the Property for a purchase price of $1,499,000.00 to the Buyer, which is sufficient to pay Wells Fargo's claim in full through escrow, provided; however,

CONDITIONAL OPPOSITION IN SUPPORT OF MOTION TO SELL PROPERTY

Debtor does not dispute any identified amounts.  Wells Fargo will provide a formal updated payoff demand prior to hearing to inform Debtor of the current amount of its Claim, and it respectfully request Debtors specifically confirm the amount as undisputed and will be in full through escrow in the sale Order, or identify what amounts are in dispute and to be held back in an interest bearing account pending resolution, as well as set forth the objective factual basis for the dispute.  See, *In re Octagon Roofing* (BC ND IL 1991) 123 BR 583, 590.

Further, to the extent there're are disputed amounts, there should be a realistic time-frame proposed for resolving any such dispute prior to the Court's scheduled dismissal of the case, or the immediate release of such funds to Wells Fargo concurrently upon dismissal as part of the Order on the Motion to Sell to ensure Wells Fargo is not prejudiced by the sale.

Additionally, Wells Fargo does have a minor concern about the proposed goof faith purchaser finding under Section 363(m) as to the present Buyer, only because the purchase agreement indicates Di Nalli Consulting, LLC *"or its assignee."*  While Di Nalli Consulting, LLC, or even any over-bidder at the sale hearing, may be a disclosed party, if the purchase agreement is assigned to an as yet unidentified and/or undisclosed 3rd party, it does not necessarily follow that any such undisclosed assignee should be entitled to such Section 363(m) finding.  Perhaps limiting the Section 363(m) solely to either Di Nalli or the disclosed/winning over-bidder would be more appropriate in the Sale Order.

Accordingly, Wells Fargo requests this Court approve Debtor's Motion, ***provided; however,*** the Order on the Debtor's Motion confirms whether its entire claim is undisputed and will be paid through escrow in the sale Order, or require the Debtor specifically identify what amounts are in dispute, the objective basis for such dispute, that all net sale proceeds not paid through escrow, including disputed amounts, will remain an interest bearing blocked account subject to Wells Fargo's lien, and an appropriate schedule to resolve such dispute prior to the Court's scheduled dismissal or the immediate release of said disputed funds to Wells Fargo concurrently upon dismissal to avoid

4

**CONDITIONAL OPPOSITION IN SUPPORT OF MOTION TO SELL PROPERTY**

prejudice.

In addition, Wells Fargo respectfully requests Debtors' cooperation of counsel in addin language to any order on the Motion so counsel for Wells Fargo based upon the above so that counsel remains informed during the sale process to ensure timely communications and that Wells Fargo's claim is paid in full or sufficient mechanisms are in place to address any concerns or questions over its final payoff demand. Specifically,

1.     Subsequent to entry of an Order on Debtor's Motion, Wells Fargo by and through its counsel of record, will provide an updated formal, written payoff demand to Debtor, Debtor's counsel and the designated escrow officer with respect to Wells Fargo's Claim;

2.     Debtors counsel shall confirm in writing to counsel for Wells Fargo what amounts are undisputed and to be paid through escrow, or identify what amounts are being disputed and to be held in the interest bearing blocked account subject to Wells Fargo's lien with the net sale proceeds not paid through escrow pending a resolution, and the basis for the alleged dispute. Further, that Wells Fargo's claim will continue to accrue at the contractual terms until all amounts are paid in full.

3.     Prior to any scheduled closing of escrow, counsel for Creditor will be authorized to communicate with the escrow agent and obtain a copy of the estimated HUD-1 Settlement/Closing Statement for review and approval to ensure the above scheme; and

4.     Wells Fargo reserves the right to require an updated payoff demand prior to any close of escrow to ensure its claim is paid in full in the event there is any delay in closing of escrow for any reason.

/././

/././

/././

/././

5

**CONDITIONAL OPPOSITION IN SUPPORT OF MOTION TO SELL PROPERTY**

### III.    CONCLUSION

Based upon the foregoing, Wells Fargo supports Debtor's proposed sale of the Property,, and the parties work to incorporate the language above into any Order on Debtor's Motion.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: July 21, 2026    By: /s/ *Todd S. Garan*
Todd S. Garan
Attorneys for Wells Fargo Bank, N.A.

CONDITIONAL OPPOSITION IN SUPPORT OF MOTION TO SELL PROPERTY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3333 Camino del Rio South, Suite 225, San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **CONDITIONAL OPPOSITION TO DEBTOR'S MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY UNDER 11 U.S.C. § 363(f)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___July 21, 2026___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.la.ecf@usdoj.gov
Kelly L. Morrison- Kelly.l.morrison@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Derrick Talerico - dtalerico@wztslaw.com

**ATTORNEY FOR INDIVIDUAL DEBTOR:**
Carol Chow - Carol.Chow@saul.com
Turner Falk- turner.falk@saul.com
Zev Shechtman- Zev.Shechtman@saul.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___July 21, 2026___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

**DEBTOR:**
Seaton Investments, LLC
264 S Oakhurst Dr
Beverly Hills, CA 90212

**INDIVIDUAL DEBTOR:**
Alan Gomperts
264 South Oakhurst Drive
Beverly Hills, CA 90212

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


07/21/2026          Lauren Timby                             */s/ Lauren Timby*

*Date*                *Printed name*                       *Signature*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.