**PARKER IBRAHIM & BERG LLP**
BRYANT S. DELGADILLO (CA Bar No. 208361)
Bryant.Delgadillo@piblaw.com
3070 Bristol Street, Suite 660
Costa Mesa, California 92626
Tel: (714) 361-9550
Fax: (714) 784-4190

Attorneys for Secured Creditor and Interested Party
JPMORGAN CHASE BANK, N.A.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>SEATON INVESTMENTS, LLC et al.<br><br>Debtors and Debtors in Possession. | Lead Case No.: 2:24-bk-12079-VZ<br><br>Jointly Administered with Case Nos.:<br>2:24-bk-12080-VZ; 2:24-bk-12081-VZ;<br>2:24-bk-12082-VZ; 2:24-bk-12091-VZ;<br>2:24-bk-12074-VZ; 2:24-bk-12075-VZ;<br>and 2:24-bk-12076-VZ<br><br>Chapter 11<br><br>**OPPOSITION OF JPMORGAN CHASE BANK, N.A., TO DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ARCHWAY BROADWAY LOAN SPE, LLC**<br><br>**DATE:**    August 13, 2026<br>**TIME:**    11:00 A.M.<br>**CTRM:**   1368 |

1

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE COMPROMISE**

## MEMORANDUM

JPMorgan Chase Bank, N.A. ("Chase") respectfully submits the following points and authorities in support of its opposition to the motion ("Motion") of Broadway Avenue Investments, LLC ("Broadway"), SLA Investments, LLC ("SLA"), Negev Investments, LLC ("Negev," together with Broadway and SLA, the "Corporate Debtors"), Susan Halevy ("Susan" or "Susan Halevy"), Daniel Halevy ("Daniel" or "Daniel Halevy"), and Alan Gomperts ("Alan" or "Alan Gomperts," together with Susan and Daniel, the "Individual Debtors," and the Individual Debtors, collectively with the Corporate Debtors, the "Debtors") for approval of compromise under Federal Rule of Bankruptcy Procedure ("FRBP") 9019 between Debtor, and Archway Broadway Loan SPE, LLC ("Archway") as set forth below.

## I.   SUMMARY OF ARGUMENT

In the Motion, Debtors seek approval of a settlement agreement that would fundamentally alter the rights associated with real property already serving as collateral for Chase. Although styled as a compromise between the Debtors and Archway, the proposed settlement is not confined to resolving disputes between those parties. Instead, it conditions the settlement upon the encumbrance, disposition, or forced sale of real property located at 140 South Roxbury Drive, Beverly Hills, California (the "Roxbury Property") — property already subject to Chase's first-priority deed of trust — and requires transactions that cannot occur without materially and impermissibly impairing Chase's contractual and property rights.

FRBP 9019 does not authorize approval of a settlement that rewrites the rights of non-settling secured creditors or compels actions that violate existing loan documents. Because the proposed compromise depends upon transactions prohibited by Chase's recorded deed of trust, the Motion should be denied.

For these reasons, and as set forth in further detail below, Chase respectfully requests that the Court deny the Debtor's Motion.

## II.   FACTUAL BACKGROUND

### A.   The Underlying Loan and Deed of Trust

On or around December 17, 2020, borrowers Haskell Muhtar and Nurit Muhtar, together

1

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE COMPROMISE**

6361419.1

with David Halevy and Sue Halevy, as Trustees of the Halevy Family Trust (collectively "Borrowers") obtained a loan from Chase in the sum of $2,100,000.00 ("Loan") secured by a deed of trust, security agreement, assignment of leases and rents and fixture filing ("Deed of Trust") encumbering the Roxbury Property. *See* Dkt No. 678-2, Exhibit 1 to Declaration of Avi E. Nuhtar. The Deed of Trust was recorded in the Official Records of Los Angeles County on January 4, 2021 as Instrument No. 20210006946. *Id.*

The Deed of Trust grants Chase a first-priority security interest not only in the real property itself, but also in substantially all rights associated with ownership of the property, including: the land and all improvements; fixtures and personal property associated with operation of the property; rents, issues, income and revenues generated by the property; accounts and contract rights; leases and leasehold interests; insurance proceeds; condemnation awards; and related personal property and general intangibles. *Id.* at pp 5-6. The Deed of Trust also grants Chase an absolute assignment of leases and rents and creates a continuing security interest in the property and related collateral. *Id.* at pp. 6-7. The Deed of Trust further authorizes Chase to protect its collateral upon the occurrence of any default. *Id.* at pp. 19-20. Equally important, the Deed of Trust prohibits the Borrowers from creating subordinate liens or further encumbering Chase's collateral without Chase's consent. *Id.* Such actions constitute defaults under the loan documents and entitle Chase to exercise its contractual remedies, including its right to foreclose. *Id.*

### B.    The Proposed Settlement Agreement (as Amended)

Through the Motion, the Debtors seek approval of a settlement agreement (as modified by the First Amendment to the Settlement Agreement) (hereinafter "Settlement Agreement") with Archway, which is intended to resolve disputes regarding Archway's secured claims in these Chapter 11 cases. *See* Settlement Agreement, Dkt. No. 666 at pp. 20-60 (attached as Exhibit 1 to the Declaration of Derrick Talerico); *see also* First Amendment to Settlement Agreement, Dkt. No. 693 at pp. 5-14 (attached as Exhibit 1 to the Declaration of Derrick Talerico dated June 23, 2026). As amended, the Settlement Agreement requires numerous future transactions involving various real properties owned by or associated with the Debtors and related parties.

2

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE COMPROMISE**

6361419.1

Among the Settlement Agreement's most significant provisions impacting Chase are those related to the Roxbury Property. Specifically, the Settlement Agreement, as amended, expressly conditions certain benefits to the Debtors upon obtaining one of several outcomes concerning the Roxbury Property, including:

- delivery of a new deed of trust encumbering the Roxbury Property in favor of Archway, together with related estoppel certificates and trust documentation;

- obtaining consent from the existing senior lienholder;

- obtaining a stipulated order requiring sale of the Roxbury Property;

- prosecuting an adversary proceeding under 11 U.S.C. § 363(h) seeking a judicially compelled sale of the Roxbury Property; or

- otherwise liquidating interests in the Roxbury Property for Archway's benefit.

Thus, although Chase is not a party to the settlement, the Settlement Agreement expressly contemplates transactions directly affecting property that serves as Chase's collateral.

**C.      The Proposed Settlement Directly Impairs Chase's Contractual and Property Rights.**

The Settlement Agreement's treatment of the Roxbury Property necessarily implicates Chase's rights because every proposed path concerning that property requires either: creation of an additional encumbrance on the Roxbury Property; transfer of interests in the Roxbury Property; judicial sale of the Roxbury Property; liquidation of ownership interests in the Roxbury Property; or other transactions affecting title and collateral.

Each of those actions falls squarely within the protections afforded Chase under its Deed of Trust. Indeed, the First Amendment itself recognizes that any proposed "new" Roxbury deed of trust would require the consent of the "then senior lien holder"—an acknowledgment that Chase's recorded security interest has priority and cannot simply be displaced or ignored. Absent Chase's consent (which Chase has not and will not give), execution of an additional deed of trust or similar encumbrance would violate the Deed of Trust, constitute a default under the Chase loan, and improperly interfere with Chase's bargained-for collateral protections.

3

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE COMPROMISE**

6361419.1

## III.   ARGUMENT

### A.   The Proposed Settlement is Not Fair and Equitable as to Chase.

The authority granted a debtor to compromise a controversy is set forth in FRBP 9019(a), which provides in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FRBP 9019(a). As stated by the Supreme Court in *Protective Comm. for Indep. Stockholders v. Anderson*, 390 U.S. 414 (1968), in order to approve a proposed settlement, a court must have found that the settlement was "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Id.* at 424. In addition, the Ninth Circuit has held that, in considering a proposed compromise, the Court must evaluate (i) the probability of success; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending to it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sub nom.*, *Martin v. Robinson*, 479 U.S. 854 (1986).

Here, the proposed Settlement Agreement, as amended, is not "fair and equitable" as to Chase. First, the Settlement Agreement creates, rather than resolves additional litigation. Indeed, rather than eliminating disputes, the Settlement Agreement expressly contemplates future litigation concerning the Roxbury Property, including possible litigation under § 363(h), disputes regarding new liens, enforcement proceedings, and conflicts involving existing secured creditors. For example, section 4.2 of the Deed of Trust requires the Borrowers to preserve and protect the priority of Chase's Deed of Trust. *See* Dkt No. 678-2 at p. 9. The proposed Settlement Agreement, even as amended, instead creates the risk of competing claims against the Roxbury Property, its ownership interests, rents, proceeds, and sale value. This is because the Deed of Trust grants Chase broad collateral rights extending beyond the land itself. *See* Dkt No. 678-2 at pp. 5-7. It covers improvements, fixtures, accounts, income, contractual rights, leases, rents, proceeds, insurance rights, and other interests associated with the Roxbury Property. *Id.* It also contains an absolute

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE COMPROMISE**

6361419.1

assignment of leases and rents. *Id.* A pledge and UCC filing in favor of Archway could therefore create disputes concerning collateral already granted to Chase, including rents, proceeds, accounts, and rights arising from the operation or disposition of the Property. Moreover, the proposed Settlement Agreement does not identify the boundaries between Chase's existing security interests and Archway's proposed collateral rights. It does not provide other standard documents such as an intercreditor agreement, recognition agreement, subordination agreement, or other protection acceptable to Chase. Instead, it asks the Court to approve a transaction that necessarily invites future disputes over lien scope, priority, proceeds, control, and remedies.

In addition, the Deed of Trust authorizes Chase to recover its attorneys' fees and expenses incurred in litigation, including bankruptcy proceedings, affecting the loan, its collateral or the Deed of Trust. Thus, the Settlement Agreement not only threatens additional litigation as discussed above, but also will result in additional secured obligations against the Rexford Property. The Settlement Agreement therefore increases litigation and associated expenses, rather than reducing it. Indeed, a compromise that knowingly creates a default under a senior secured loan, exposes the estate and non-estate property to acceleration and foreclosure, and generates new litigation (and associated expenses incurred in that litigation) with a nonconsenting lender cannot satisfy Rule 9019.

Second, the paramount interest of creditors does not favor approval. A bankruptcy court must consider the interests of all creditors—not merely those participating in the compromise. Here, the Motion advances Archway's interests at the expense of another secured lender that never agreed to the transaction. Approving a settlement that reallocates risks from one creditor to another without consent is inconsistent with the equitable principles governing Rule 9019. This is particularly true here, when the Settlement Agreement provides no corresponding benefit to Chase while materially burdening its rights. As a result, the Motion should be denied.

**B.** **The Proposed Settlement Improperly Uses Property Serving as Chase's Collateral to Secure an Unrelated Obligation Owed to Another Creditor.**

As discussed in detail above, the proposed Settlement Agreement, as amended, is structured so that Archway receives additional collateral for obligations unrelated to Chase's loan by requiring encumbrances, forced sale provisions, or liquidation mechanisms involving the Roxbury Property.

5

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE COMPROMISE**

6361419.1

This fundamentally changes the economic bargain reflected in Chase's Deed of Trust and loan. When Chase extended credit, it necessarily evaluated its collateral position based upon the Borrowers' promise that the Roxbury Property would secure Chase's loan and would not thereafter be pledged as collateral for additional indebtedness without Chase's approval. That promise formed an essential part of the credit transaction. The proposed Settlement Agreement now seeks to upend that analysis by converting Chase's collateral into collateral supporting another lender's debt. That is precisely the type of impairment Chase's Deed of Trust was designed to prevent.

Moreover, although the proposed Settlement Agreement appears to recognizes Chase's priority – that alone does not eliminate prejudice. A junior lien creates additional risks, including: increased litigation over priorities and distributions; additional foreclosure complications; impairment of workout options; increased title complications; diminished marketability of collateral; and interference with Chase's contractual enforcement rights. These are precisely the risks Chase bargained to avoid when negotiating its loan documents. Although Debtors characterize the proposed Settlement Agreement as merely resolving litigation with Archway, the compromise necessarily depends upon modifying the legal status of collateral securing Chase's loan. FRCP 9019 does not authorize such relief.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny the Debtor's motion to approve the compromise in its entirety.

DATE:  August 5, 2026                    **PARKER IBRAHIM & BERG LLP**


BY: _/s/ Bryant S. Delgadillo_____
       BRYANT S. DELGADILLO
       Attorneys for Secured Creditor and Interested
       Party
       JPMORGAN CHASE BANK, N.A.

6

**OPPOSITION TO DEBTOR'S MOTION TO APPROVE COMPROMISE**

6361419.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3070 Bristol Street, Suite 660, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*):

**OPPOSITION OF JPMORGAN CHASE BANK, N.A., TO DEBTOR'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH ARCHWAY BROADWAY LOAN SPE, LLC**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 5, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Scott R Albrecht on behalf of Creditor First Foundation Bank
salbrecht@gsaattorneys.com, jackie.nguyen@sgsattorneys.com

Tanya Behnam on behalf of Creditor Korth Direct Mortgage Inc.
tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2026 | Rhonda K. Viers | /s/ Rhonda K. Viers |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Jacquelyn H Choi on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com

Carol Chow on behalf of Debtor Alan Gomperts
Carol.Chow@saul.com, hannah.richmond@saul.com; easter.santamaria@saul.com; carol.chow@ecf.courtdrive.com; litigationdocketing@saul.com

Carol Chow on behalf of Debtor Daniel Halevy Carol.Chow@saul.com, hannah.richmond@saul.com; easter.santamaria@saul.com; carol.chow@ecf.courtdrive.com; litigationdocketing@saul.com

Carol Chow on behalf of Debtor Susan Halevy Carol.Chow@saul.com, hannah.richmond@saul.com; easter.santamaria@saul.com; carol.chow@ecf.courtdrive.com; litigationdocketing@saul.com

Robert F Conte on behalf of Creditor United States of America on behalf of Internal Revenue Service
robert.conte@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov

Ryan Coy on behalf of Defendant Daniel Halevy
ryan.coy@blankrome.com, courtmail@blankrome.com

Ryan Coy on behalf of Defendant Susan Halevy
ryan.coy@blankrome.com, courtmail@blankrome.com

Ryan Coy on behalf of Interested Party Courtesy NEF
ryan.coy@blankrome.com, courtmail@blankrome.com

Ryan Coy on behalf of Interested Party Alan Gomperts
ryan.coy@blankrome.com, courtmail@blankrome.com

Ryan Coy on behalf of Interested Party Daniel Halevy
ryan.coy@blankrome.com, courtmail@blankrome.com

Ryan Coy on behalf of Interested Party Susan Halevy
ryan.coy@blankrome.com, courtmail@blankrome.com

Christopher Cramer on behalf of Interested Party Courtesy NEF
secured@becket-lee.com

Christopher Crowell on behalf of Creditor Harvest Small Business Finance, LLC
ccrowell@frandzel.com, rsantamaria@frandzel.com

Turner Falk on behalf of Debtor Alan Gomperts
turner.falk@saul.com, tnfalk@recap.email

Turner Falk on behalf of Debtor Daniel Halevy
turner.falk@saul.com, tnfalk@recap.email

Turner Falk on behalf of Debtor Susan Halevy
turner.falk@saul.com, tnfalk@recap.email

Turner Falk on behalf of Interested Party Daniel Halevy
turner.falk@saul.com, tnfalk@recap.email

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Turner Falk on behalf of Interested Party Susan Halevy
turner.falk@saul.com, tnfalk@recap.email

Michael G Fletcher on behalf of Creditor Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I
REIT, LLC
mfletcher@frandzel.com, sking@frandzel.com,autodocket@frandzel.com

Michael G Fletcher on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
mfletcher@frandzel.com, sking@frandzel.com,autodocket@frandzel.com

Michael G Fletcher on behalf of Creditor Archway real estate income fund
mfletcher@frandzel.com, sking@frandzel.com,autodocket@frandzel.com

Michael G Fletcher on behalf of Plaintiff Archway Broadway Loan SPE, LLC, a Delaware limited liability company
mfletcher@frandzel.com, sking@frandzel.com,autodocket@frandzel.com

Todd S. Garan on behalf of Creditor Metropolitan Life Insurance Company
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S. Garan on behalf of Creditor NewRez LLC d/b/a Shellpoint Mortgage Servicing
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S. Garan on behalf of Creditor US Bank trust national Association, not in its individual capacity, bot solely as
owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S. Garan on behalf of Creditor Wells Fargo National Bank West
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Todd S. Garan on behalf of Interested Party Courtesy NEF
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Richard Girgado on behalf of Creditor LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR
rgirgado@counsel.lacounty.gov

Jacqueline L James on behalf of Creditor Harvest Small Business Finance, LLC
jjames@buchalter.com, gvidales@buchalter.com;docket@buchalter.com;pjolley@buchalter.com

Jacqueline L James on behalf of Interested Party Harvest Small Business Finance, LLC
jjames@buchalter.com,  gvidales@buchalter.com;docket@buchalter.com;pjolley@buchalter.com

Kelly L Morrison on behalf of U.S. Trustee United States Trustee (LA)
kelly.l.morrison@usdoj.gov

Avi Edward Muhtar on behalf of Interested Party Avi Muhtar
amuhtar@crownandstonelaw.com

Avi Edward Muhtar on behalf of Interested Party Haskell & Nurit Muhtar
amuhtar@crownandstonelaw.com

Bruce D Poltrock on behalf of Creditor Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I
REIT, LLC
bpoltrock@frandzel.com,  sking@frandzel.com,autodocket@frandzel.com

Bruce D Poltrock on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
bpoltrock@frandzel.com,  sking@frandzel.com,autodocket@frandzel.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

Paige Selina Poupart on behalf of Creditor Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC
Ppoupart@smsm.com,  achase@frandzel.com

Paige Selina Poupart on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
Ppoupart@smsm.com,  achase@frandzel.com

Paige Selina Poupart on behalf of Plaintiff Archway Broadway Loan SPE, LLC, a Delaware limited liability company
Ppoupart@smsm.com,  achase@frandzel.com

Zev Shechtman on behalf of Debtor Alan Gomperts
Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;  hannah.richmond@saul.com;
LitigationDocketing@saul.com; Shelly.Guise@saul.com; Isaiah.Bribiesca@saul.com

Zev Shechtman on behalf of Debtor Daniel Halevy
Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;  hannah.richmond@saul.com;
LitigationDocketing@saul.com; Shelly.Guise@saul.com; Isaiah.Bribiesca@saul.com

Zev Shechtman on behalf of Debtor Susan Halevy
Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;  hannah.richmond@saul.com;
LitigationDocketing@saul.com; Shelly.Guise@saul.com; Isaiah.Bribiesca@saul.com

Zev Shechtman on behalf of Defendant Daniel Halevy
Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;  hannah.richmond@saul.com;
LitigationDocketing@saul.com; Shelly.Guise@saul.com; Isaiah.Bribiesca@saul.com

Zev Shechtman on behalf of Defendant Susan Halevy
Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;  hannah.richmond@saul.com;
LitigationDocketing@saul.com; Shelly.Guise@saul.com; Isaiah.Bribiesca@saul.com

Zev Shechtman on behalf of Interested Party Courtesy NEF
Zev.Shechtman@saul.com, Zev.Shechtman@ecf.courtdrive.com;  hannah.richmond@saul.com;
LitigationDocketing@saul.com; Shelly.Guise@saul.com; Isaiah.Bribiesca@saul.com

David B Shemano on behalf of Creditor AIRE Ancient Baths Los Angeles, LLC
dshemano@shemanolaw.com

Jessica M. Simon on behalf of Creditor Harvest Small Business Finance, LLC
jsimon@hrhlaw.com, mgranzow@hrhlaw.com

Derrick Talerico on behalf of Debtor Broadway Avenue Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Debtor Colyton Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Debtor Negev Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Debtor SLA Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Debtor Seaton Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Derrick Talerico on behalf of Interested Party Broadway Avenue Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Interested Party Negev Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Interested Party SLA Investments, LLC
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Interested Party Daniel Halevy
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

Derrick Talerico on behalf of Interested Party Susan Halevy
dtalerico@wztslaw.com,  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Garrick Vanderfin on behalf of Creditor Korth Direct Mortgage Inc.
gvanderfin@polsinelli.com,  zyoung@Polsinelli.com;ladocketing@polsinelli.com

Gerrick Warrington on behalf of Creditor Archway Broadway Loan SPE, LLC
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Gerrick Warrington on behalf of Creditor Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I
REIT, LLC
gwarrington@frandzel.com, achase@frandzel.com, autodocket@frandzel.com

Gerrick Warrington on behalf of Creditor Archway Real Estate Income Fund I SPE I, LLC
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Gerrick Warrington on behalf of Creditor Archway real estate income fund
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Gerrick Warrington on behalf of Plaintiff Archway Broadway Loan SPE, LLC, a Delaware limited liability company
gwarrington@frandzel.com, achase@frandzel.com,autodocket@frandzel.com

Steven Werth on behalf of Interested Party Alan Gomperts
steven.werth@saul.com,  swerth@ecf.courtdrive.com;hannah.richmond@saul.com;litigationdocketing@saul.com

Steven Werth on behalf of Interested Party Daniel Halevy
steven.werth@saul.com,  swerth@ecf.courtdrive.com;hannah.richmond@saul.com;litigationdocketing@saul.com

Samantha White on behalf of Creditor Wells Fargo Bank N.A., d/b/a Wells Fargo Auto
samantha.white@wellsfargo.com

Jennifer C Wong on behalf of Creditor Wells Fargo Bank, N.A. bknotice@mccarthyholthus.com,
jwong@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.