Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
Paige T. Rolfe (State Bar No. 331096)
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtors Broadway Avenue
Investments, LLC, SLA Investments, LLC,
and Negev Investments, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re:

SEATON INVESTMENTS, LLC, *et al.*,

Debtors and Debtors in Possession.

☐ Affects All Debtors.
☐ Affects Seaton Investments, LLC (*Dismissed*)
☐ Affects Colyton Investments, LLC (*Dismissed*)
☒ Affects Broadway Avenue Investments, LLC
☒ Affects SLA Investments, LLC
☒ Affects Negev Investments, LLC
☒ Affects Alan Gomperts
☒ Affects Daniel Halevy
☒ Affects Susan Halevy

Lead Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:
2:24-bk-12080-VZ; 2:24-bk-12081-VZ;
2:24-bk-12082-VZ; 2:24-bk-12091-VZ;
2:24-bk-12074-VZ; 2:24-bk-12075-VZ
and 2:24-bk-12076-VZ

Chapter 11

**MOTION TO FURTHER MODIFY VARIOUS ORDERS TO DISMISS THE DEBTORS' CASES**

<u>Hearing</u>:
Date: September 29, 2026
Time: 11:00 a.m.
Courtroom: 1368
255 E. Temple Street
Los Angeles, CA 90012

Broadway Avenue Investments, LLC ("**Broadway**"), SLA Investments, LLC ("**SLA**"), Negev Investments, LLC ("**Negev**," together with Broadway and SLA, the "**Corporate Debtors**"), Susan Halevy ("**Susan**" or "**Susan Halevy**"), Daniel Halevy ("**Daniel**" or "**Daniel Halevy**"), and Alan Gomperts ("**Alan**" or "**Alan Gomperts**," together with Susan and Daniel, the "**Individual Debtors**," and the Individual Debtors, collectively with the Corporate Debtors, the "**Debtors**"), the debtors and debtors-in-possession in the pending jointly administered chapter 11 bankruptcy cases herein (the "**Cases**"), hereby submit this *Motion to Further Modify Various Orders to Dismiss the Debtors' Cases* ("**Motion**").

The Motion seeks entry of an order further modifying the Court's orders dismissing these Cases (the "**Dismissal Orders**")[1] and the *Order Granting Motion to Modify Various Orders to Dismiss the Debtors' Cases* (Dkt. No. 712, the "**Extension Order**"), solely to extend the effective date of dismissal by approximately four additional months, from October 3, 2026 through February 1, 2027, to permit the filing, solicitation, approval, and confirmation of a joint chapter 11 plan that is consistent with the Settlement Agreement among the Debtors and Archway Broadway Loan SPE, LLC ("**Archway**").

The proposed extension is necessary and appropriate to carry out the purposes of the Bankruptcy Code, which strongly favor reorganization over liquidation, and will serve the paramount interests of creditors and the estates by enabling confirmation of a plan that provides substantially greater recovery than the alternatives of dismissal, conversion to chapter 7, or foreclosure. The Court has entered an order [Dkt. No. 760] approving the settlement (the "**Settlement**") reached by the Debtors and Archway. The Settlement requires the Debtors to solicit and confirm a "conforming" plan (a "**Plan**") consistent with the terms set forth by the Settlement. The Debtors have begun certain performance of the Settlement – such as listing and selling certain properties – but must still file and confirm a Plan to retain the terms of the Settlement. the Debtors need more time to implement the settlement and confirm a joint Plan, avoiding the uncertainty of dismissals and mass foreclosures.

/ / /

[1] The Dismissal Orders are found at the following docket entries for each of the Debtors: Broadway – Dkt. 30; SLA – Dkt. 30; Negev – Dkt. 34; Alan – Dkt. 54; Daniel – Dkt. 53; Susan – Dkt. 51.

## I. <u>STATEMENT OF FACTS</u>

The Dismissal Order was entered on February 12, 2026, setting July 3, 2026 as the date upon which the Cases would be dismissed. On July 8, 2026, the Court entered the *Order Granting Motion to Modify Various Orders to Dismiss the Debtors' Cases* (Dkt. No. 712, the "**Extension Order**"), which extended the date on which the Cases would be dismissed, absent a Court order otherwise, to October 3, 2026.

Since the Extension Order was entered, further material developments have occurred which justify a further modification of the dismissal date to February 1, 2027. First, the comprehensive Settlement Agreement between the Debtors and Archway was approved by the Court at the hearing on August 13, 2026, which laid out a pathway for the Broadway property would be sold and a viable plan of reorganization could be solicited and confirmed. Second, the process of selling the Broadway Property is underway, as the Court approved bidding procedures for the sale. By a separate motion filed herewith, the Corporate Debtors are requesting that certain dates established by the Bid Procedures Order[2] [Dkt. 703] related to the Sale Hearing be extended, which if approved will set a Sale Hearing for the Broadway Property in October 2026.

These material developments constitute changed since entry of the Extension Order and justify further modification of the dismissal date to permit confirmation of a Plan.

## II. <u>ARGUMENT</u>

### A. <u>Section 105(a) Grants the Court Broad Equitable Authority to Modify the Dismissal Orders.</u>

The Bankruptcy Court possesses broad equitable authority to modify its prior orders when necessary and appropriate to carry out the purposes of the Bankruptcy Code. Section 105(a) provides that the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. 11 USCS § 105. This foundational grant of authority extends to adjusting the timing of dismissal orders to facilitate the achievement of the Code's rehabilitative objectives, particularly where material developments occur after entry of the initial order.

---

[2] Capitalized terms not defined herein are defined as set forth in the *Motion for Order Approving Bidding Procedures for the Sale of Real Property and Related Relief*.

The extension is appropriate because it serves the fundamental purposes of the Bankruptcy Code. The Settlement represents a comprehensive resolution of the Debtors' obligations to its primary secured creditor, includes a structured collateral package, and establishes a payment structure designed to avoid foreclosure and the attendant costs and delays of state-court, probate, and community property litigation. Permitting the Court the opportunity to consider and confirm a Plan implementing the Settlement advances the interests of all stakeholders by providing an orderly reorganization path rather than forcing dismissal that would unravel the settlement and precipitate costly and protracted litigation.

**B. <u>Section 1112(b) Permits the Court to Decline Dismissal Based on Unusual Circumstances and Reasonable Likelihood of Plan Confirmation</u>**

Section 1112(b)(1) establishes that a case may be dismissed or converted for cause, including when dismissal is in the best interests of the estate and parties in interest. 11 USCS § 1112. However, section 1112(b)(2) provides critical flexibility by providing that the court may not convert or dismiss a case if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor establishes that there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e), or if such sections do not apply, within a reasonable period of time.

The statutory framework of section 1112(b)(2) reflects Congress's recognition that rigid application of dismissal provisions may sometimes frustrate the Code's rehabilitative purposes. The provision contemplates that courts possess discretion to manage the timing and implementation of dismissal orders when circumstances warrant. Extending the effective date of the existing dismissals represents a measured exercise of this discretion and is consistent with the Court's authority to decline dismissal when a reasonable likelihood of plan confirmation exists.

Here, unusual circumstances exist: a comprehensive settlement with the Debtors' primary secured creditor has been finalized and approved, property sales are underway, and a Plan can now be solicited with Archway's support. These developments constitute unusual circumstances that warrant a further extension of the October 3, 2026 dismissal date. A further extension to February 1, 2027 provides a reasonable time frame within which the Court can consider confirmation of a Plan

implementing the terms of the Settlement.

## III. CONCLUSION

These have been lengthy, arduous Cases. A successful conclusion is at hand. Because of the years of effort that the Debtors, Archway, and their professionals have put into getting to this point of consensus, it is all the more justified to grant the relief requested and extend the dismissal dates for a brief period to allow a Plan to be solicited and confirmed and for property sales to be implemented. The Debtors respectfully request that the Dismissal Orders and Extension Order be modified to move the automatic dismissal date to February 1, 2027.

Dated: September 8, 2026

WEINTRAUB ZOLKIN TALERICO & SELTH LLP

By: *_/s/ Paige T. Rolfe_*
Derrick Talerico
Paige T. Rolfe
Attorneys for Debtors Broadway Avenue Investments, LLC, SLA Investments, LLC, and Negev Investments, LLC

-and-

SAUL EWING LLP
Zev Shechtman
Attorneys for Debtors Alan Gomperts, Daniel Halevy, and Susan Halevy

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO FURTHER MODIFY VARIOUS ORDERS TO DISMISS THE DEBTORS' CASES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 8, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF Service List

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)_______, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 8, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 8, 2026 | Paige T. Rolfe | */s/ Paige T. Rolfe* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Broadway Avenue Investments, LLC – Jointly Administered

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico, Paige T. Rolfe**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com; prolfe@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Halevy: **Zev Shechtman, Carol Chow, Turner Falk, Steven Werth**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; steven.werth@saul.com; hannah.richmond@saul.com; litigationdocketing@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@gsaattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com; gvanderfin@polsinelli.com, tanyabehnam@gmail.com; ladocketing@polsinelli.com; zyoung@polsinelli.com; ccripe@polsinelli.com;
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Attorneys for Defendants Alan Gomperts, Daniel Halevy, Susan Halevy: **Ryan Coy**: ryan.coy@blankrome.com; courtmail@blankrome.com
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Christopher Crowell, Jessica M Simon**: ccrowell@frandzel.com; rsantamaria@frandzel.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Gerrick Warrington**: mfletcher@frandzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com; autodocket@frandzel.com
- Attorneys for Creditors Metropolitan Life Insurance Company, NewRez LLC d/b/a Shellpoint Mortgage Servicing, *US Bank Trust National Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1, and* Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@buchalter.com; gvidales@buchalter.com; docket@buchalter.com
- Attorneys for Interested Parties Avi Muhtar, and Haskell & Nurit Muhtar: **Avi Edward Muhtar**: amuhtar@crownandstonelaw.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Paige Selina Poupart**: ppoupart@smsm.com; achase@frandzel.com
- Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC: **David B Shemano**: dshemano@shemanolaw.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jessica M. Simon**: jsimon@hrhlaw.com; mgranzow@hrhlaw.com
- Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto: **Samantha White**: Samantha.white@wellsfargo.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov