| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
| --- | --- |
| Derrick Talerico (State Bar No. 223763)<br>dtalerico@wztslaw.com<br>Paige T. Rolfe (State Bar No. 331096)<br>prolfe@wztslaw.com<br>WEINTRAUB ZOLKIN TALERICO & SELTH LLP<br>11766 Wilshire Boulevard, Suite 730<br>Los Angeles, CA 90025<br>Telephone: (424) 500-8552<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re: | |
| --- | --- |
| SEATON INVESTMENTS, LLC, *(a dismissed case),* | CASE NO.: 2:24-bk-12079-VZ (Jointly Administered)<br>CHAPTER: 11 |
| __ Affects all Debtors.<br>__ Affects Seaton Investments, LLC (now a dismissed case)<br>__ Affects Colyton Investments, LLC (now a dismissed case)<br>__ Affects Broadway Avenue Investments, LLC<br>X_ Affects SLA Investments, LLC<br>__ Affects Negev Investments, LLC<br>__ Affects Alan Gomperts<br>__ Affects Daniel Halevy<br>__ Affects Susan Halevy<br><br>Debtor(s). | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).
2. On (*date*): 09/12/2026 Movant(s) filed a motion or application (Motion) entitled: Application of Debtor SLA Investments, LLC to Employ Real Estate Broker and to Enter Into Agreement
3. A copy of the Motion and notice of motion is attached to this declaration.
4. On (*date*): 09/12/2026 Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.
5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).
6. More than 27 days have passed after Movant(s) served the notice of motion.
7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.
8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 10/09/2026

/s/ Paige T. Rolfe
Signature

Paige T. Rolfe
Printed name

Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
Paige T. Rolfe (State Bar No. 331096)
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone: (424) 500-8552

Counsel to Debtors Broadway Avenue Investments, LLC, SLA Investments, LLC, and Negev Investments, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

In re:

SEATON INVESTMENTS, LLC,
***Now a dismissed case***

Debtor and Debtor in Possession.

☐ Affects All Debtors.

☐ Affects Case No. 2:24-bk-12079-VZ
SEATON INVESTMENTS, LLC
***Now a dismissed case***

☐ Affects Case No. 2:24-bk-12080-VZ
COLYTON INVESTMENTS, LLC
***Now a dismissed case***

☐ Affects Case No. 2:24-bk-12081-VZ
BROADWAY AVENUE INVESTMENTS, LLC

☒ Affects Case No. 2:24-bk-12082-VZ
SLA INVESTMENTS, LLC

☐ Affects Case No. 2:24-bk-12091-VZ
NEGEV INVESTMENTS, LLC

☐ Affects Case No. 2:24-bk-12074-VZ
ALAN GOMPERTS

☐ Affects Case No. 2:24-bk-12075-VZ
DANIEL HALEVY

☐ Affects Case No. 2:24-bk-12076-VZ
SUSAN HALEVY

Case No. 2:24-bk-12079-VZ

Jointly Administered with Case Nos.:
2:24-bk-12080-VZ; 2:24-bk-12081-VZ; 2:24-bk-12082-VZ; 2:24-bk-12091-VZ; 2:24-bk-12074-VZ; 2:24-bk-12075-VZ and 2:24-bk-12076-VZ

Chapter 11

**NOTICE OF APPLICATION AND APPLICATION OF DEBTOR SLA INVESTMENTS, LLC TO EMPLOY REAL ESTATE BROKER AND TO ENTER INTO AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES AND STATEMENTS OF DISINTERESTEDNESS**

[No Hearing Unless Requested Under LBR 9013-1(o)(4)]

**PLEASE TAKE NOTICE** that SLA Investments, LLC (the "**Debtor**"), one of the debtors and debtors-in-possession in the pending jointly administered chapter 11 bankruptcy cases herein, by and through this Notice and Application, seeks an order employing a professional other than general bankruptcy counsel in this case (the "**Application**"). As set forth in the Application attached hereto, the Debtor seeks to employ Kidder Mathews as real estate broker to provide real estate brokerage services with respect to the property located at 1040 South Los Angeles Street, Los Angeles, CA 90015.

**PLEASE TAKE FURTHER NOTICE**, pursuant to Local Bankruptcy Rule ("LBR") 2014-1(b)(3), of the following:

(A) Identity of professional, and purpose and scope of employment: The professional is Kidder Mathews, through its agent, Elizabeth Clark (collectively, the "**Broker**"). The Broker will be employed to sell the Debtor's real property located at 1040 S Los Angeles St., Los Angeles, CA 90015 (the "**Property**").

(B) Compensation: The professional seeks compensation pursuant to 11 U.S.C. § 328.

(C) Arrangements for compensation: The Broker will receive a commission from sale of the Property in the amount of five percent (5%), or four percent (4%) if Elizabeth Clark represents the buyer, as set forth in Exhibit "1" hereto. Compensation will be paid from escrow if and when the Property is sold.

(D) Name, address and telephone number of person who will provide a copy of the application: A copy may be requested by contacting undersigned counsel for the Debtor.

(E) Response: Any response and request for hearing, in the form required by LBR 9013-1(f), must be filed and served on the Applicant (and counsel), and the United States trustee not later than fourteen (14) days from the date of service of this notice. If you do not oppose the proposed employment, you need take no further action.

**PLEASE TAKE FURTHER NOTICE** that the Debtor seeks an order approving the proposed agreement with the Broker on the terms set forth in Exhibit "1" attached hereto (the "**Agreement**"). The Debtor further seeks authority to extend, modify (except as to increasing the commission), and terminate the Agreement in its discretion without further notice or order of the

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Court. The Application is based upon this notice, the attached Memorandum of Points and Authorities, the attached Statements of Disinterestedness from the Broker, the complete files and records of this case, and such other evidentiary matters as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 2014-1(b)(1), a hearing is not required in connection with the Application unless requested by the United States Trustee, a party in interest, or otherwise ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-l(h), failure to timely file and serve a response or objection may be deemed to constitute consent to the relief requested. If the objection period expires without the filing of a response and request for hearing, then the Debtor will submit an order for entry by the Court pursuant to Local Rule 9013-1(o)(4).

Dated: September 11, 2026

**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
Derrick Talerico
Paige T. Rolfe
Counsel to Debtors Broadway Avenue Investments, LLC, SLA Investments, LLC, and Negev Investments, LLC

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I. INTRODUCTION

SLA Investments, LLC (the "**Debtor**"), one of the debtors and debtors-in-possession in the pending jointly administered chapter 11 bankruptcy cases herein, seeks an order authorizing the employment of Kidder Mathews, through its agent Elizabeth Clark, to provide real estate brokerage services with respect to the property located at 1040 South Los Angeles Street, Los Angeles, CA 90015.

## II. FACTUAL BACKGROUND

### a. <u>Jurisdiction and Venue</u>

The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### b. <u>Bankruptcy Filing and the Property</u>

On March 18, 2024 (the "**Individual Petition Date**") and on March 19, 2024 (the "**Corporate Petition Date**"), each of the above-captioned debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court (collectively, the "**Cases**"). The Debtor continues to operate and manage its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in the Cases.

The assets of the Debtor's estate include the Debtor's interest in the non-residential real property located at 1040 South Los Angeles Street, Los Angeles, CA 90015 (the "**Property**"). It is necessary for the Debtor to sell the Property in order to pay its obligations pursuant to a Chapter 11 Plan.

## III. ARGUMENT

### a. <u>The Bankruptcy Code Authorizes the Debtor to Employ Professionals</u>

Section 327 of the Bankruptcy Code, which governs employment of professional persons, provides, in pertinent part, as follows:

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

> [T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
> 11 U.S.C. § 327(a)

"Section 327(a) requires the application of a two-pronged test for the employment of professional persons. A debtor in possession or trustee may employ attorneys with court approval only if (1) they do not hold or represent an interest adverse to the estate, and (2) they are disinterested persons." In re Tevis, 347 B.R. 679, 687 (B.A.P. 9th Cir. 2006)

The term, "disinterested person," as used in section 327 of the Bankruptcy Code, is defined as, among other things, a person that is not a creditor, equity security holder, or insider of the debtor, and who does not have an interest materially adverse to the interests of the debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to the debtor, or for any other reason. See 11 U.S.C. § 101(14).

"The term 'adverse interest' is not defined in the Bankruptcy Code. The reported cases have defined what it means to hold an adverse interest as follows: (1) to possess or assert any economic interest that would tend to lessen the value of the bankrupt estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate." Tevis, at 688.

Bankruptcy Rule 2014 mandates that a professional seeking approval of its employment by the bankruptcy estate must disclose ". . . any proposed arrangement for compensation . . ." and ". . all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, [and] the United States Trustee . . . ." Fed. R. Bankr. P. 2014.

All facts pertinent to a court's determination of whether the professional is disinterested or holds an interest adverse to the estate must be disclosed. The professional is required to make a full, candid, and complete disclosure in its application for employment. See In re Lotus Properties LP, 200 B.R. 388, 391 (Bankr. C.D. Cal. 1996) (citing In re Park Helena Corp., 63 F.3d 877, 880-

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

82 (9th Cir. 1995)); In re Gire, 107 B.R. 739, 746 (Bankr. E.D. Cal. 1989); Fed. R. Bankr. P. 2014).

Here, the by the Clark Declaration, the Broker has provided a full and complete disclosure of the relevant facts which demonstrates that the Broker has satisfied all of the requirements imposed by the Bankruptcy Code and Bankruptcy Rules as to conflicts, disinterestedness, and otherwise for employment in the Case.

**b. <u>The Broker is Disinterested</u>**

To the best of the Debtor's knowledge and based upon the Clark Declaration attached hereto, except as otherwise set forth therein, the Broker and its representatives are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code. As discussed in the Clark Declaration, the Broadway Broker does not hold or represent any interest adverse to the Debtor, its creditors, the Office of the United States Trustee, or any other party in interest in the Case.

The following supplemental disclosures are made with respect to the Broker's disinterestedness and connections with the Debtor. References to the Broker include all members and employees of Kidder Mathews who are expected to render services in the Case:

a. The Broker has a prior connection with an affiliated company of the Debtor: in the related case of Broadway Avenue Investments, LLC, jointly administered herewith, Elizabeth Clark and Kidder Mathews were previously approved by this Court to be employed as real estate broker for the property located at 737 S. Broadway, Los Angeles, CA, 90014. However, this relationship does not create a conflict or represent an interest adverse to the Debtor.

b. The Broker does not hold or represent any interest adverse to the Debtor, its creditors, the Office of the United States Trustee, or any other party in interest in the Case.

c. The Broker is not a creditor, an equity security holder, or an insider of the Debtor;

d. The Broker is not and was not an investment banker for any outstanding security of the Debtor;

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

e. The Broker is not and was not, within three years before the Petition Date, either an investment banker for a security of the Debtor or an attorney for any such investment banker in connection with the offer, sale or issuance of any security of the Debtor;

f. The Broker is not and was not, within two years before the Petition Date, a director, officer, or employee either of the Debtor or of any investment banker for any security of the Debtor;

g. Except in its capacity as real estate broker to the Debtor and as set forth herein, the Broker has no interest materially adverse to the interests of the Debtor or of any of Debtor's creditors, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason;

h. None of the brokers, associates or employees comprising or employed by the Broker are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

Therefore, since the Broker's disclosure satisfies the requirements for employment in the Case, the Court may authorize the proposed employment of the Broadway Broker pursuant to section 327(a) of the Bankruptcy Code.

**c. <u>The Broker's Qualifications</u>**

The Debtor believes that the Broker's retention is in the best interest of the Debtor's estate. The Broker is a full service commercial real estate brokerage firm with 19 offices across five states with a concentration in Southern California. The Broker has significant transactional experience in commercial real estate. The Broker's recent experience and great familiarity with the Property and its potential buyers make the Broker the best available real estate broker option to the Debtor. Elizabeth Clark's qualifications and experience are set forth in the brochure attached to this Application as Exhibit "2".

**d. <u>Compensation of the Broker</u>**

The Broker does not hold a retainer and expects only to be paid from escrow from the cash proceeds of a sale of the Property. The Broker has agreed to be paid a commission from sale of the

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

Property in the amount of five percent (5%), four percent (4%) if Elizabeth Clark represents the buyer, as set forth in Exhibit "1" hereto.

**IV. CONCLUSION**

For the reasons stated above, the Debtor respectfully requests that the Court enter an order authorizing it to (1) employ Kidder Mathews and Elizabeth Clark as the Debtor's real estate brokers for the Property; (2) execute an Agreement consistent with the terms and conditions set forth in Exhibit "1" attached hereto, (3) authorize the Debtor to extend, modify (except as to commission), or terminate the Agreement in its sole discretion without further notice or order of the Court, and (4) any other relief as the Court deems proper.

Dated: September 11, 2026

**WEINTRAUB ZOLKIN TALERICO & SELTH LLP**

By: */s/ Derrick Talerico*
Derrick Talerico
Paige T. Rolfe
Counsel to Debtors Broadway Avenue Investments, LLC, SLA Investments, LLC, and Negev Investments, LLC

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

**DECLARATION OF ELIZABETH CLARK**

I, Elizabeth Clark, hereby declare as follows:

2. I am a Senior Vice President at Kidder Mathews and a member of Kidder Mathews' Investment Services Group. I have been a real estate professional for nearly twenty years and have extensive experience in marketing and selling commercial real estate in Los Angeles.

3. The facts set forth herein are based upon my personal knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

4. The name, address and telephone number of Kidder Mathews, the professional sought to be employed by the Application, are:

Kidder Mathews
5 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: 877-454-3337

5. The Application proposes employing the Professional to list and aid the Debtor in marketing and selling the real property located at 1040 S Los Angeles St., Los Angeles, CA 90015., My professional biography and qualifications are set forth in more detail in the brochure attached to the Application as Exhibit "2".

6. Kidder Mathews has agreed to a commission of five percent (5%), four percent (4%) if I represent the buyer, as set forth in Exhibit "1" hereto.

7. Kidder Mathews does not hold a retainer and expects only to be paid from Escrow from the cash proceeds of a sale of the Property.

*Statement of Disinterestedness*

8. Prior to submitting this statement of disinterestedness, I reviewed my files of past clients. Kidder Mathews makes the following disclosures regarding its disinterestedness and potential conflicts:

a. Kidder Mathews has a prior connection with an affiliated company of the Debtor: in the related case of Broadway Avenue Investments, LLC, jointly administered herewith, I and Kidder Mathews were previously approved by this Court to be employed as real estate broker for the property located at 737 S. Broadway, Los

Angeles, CA, 90014. I do not believe that this creates a conflict or represents an interest adverse to the Debtor;

b. Kidder Mathews does not hold or represent any interest adverse to the Debtor, its creditors, the Office of the United States Trustee, or any other party in interest in the Case.

c. Kidder Mathews is not a creditor, an equity security holder, or an insider of the Debtor;

d. Kidder Mathews is not and was not an investment banker for any outstanding security of the Debtor;

e. Kidder Mathews is not and was not, within three years before the Petition Date, either an investment banker for a security of the Debtor or an attorney for any such investment banker in connection with the offer, sale or issuance of any security of the Debtor;

f. Kidder Mathews is not and was not, within two years before the Petition Date, a director, officer, or employee either of the Debtor or of any investment banker for any security of the Debtor;

g. Except in its capacity as real estate broker to the Debtor and as set forth herein, Kidder Mathews has no interest materially adverse to the interests of the Debtor or of any of Debtor's creditors, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or for any other reason;

h. None of the brokers, associates or employees comprising or employed by Kidder Mathews are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

9. I am signing this statement of disinterestedness on behalf of Kidder Mathews. My name, address, telephone number, and relationship to Kidder Mathews are as follows:

Elizabeth Clark, Senior Vice President, Kidder Mathews
5 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: 424-653-1820

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2026, at Los Angeles, California.




ELIZABETH CLARK
Senior Vice President, Kidder Mathews

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

**DECLARATION VERIFYING SOFTWARE GENERATED SIGNATURE(S)**

*(Attach this declaration immediately after the signature page of any document that is being Filed and that contains a Software Generated Signature, as those terms are defined in LBR 9011-1(b).)*

I, *(print name of declarant)* Paige Rolfe, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would testify competently hereto. I am over 18 years of age.

2. I am an attorney admitted to practice in this district, or alternatively I am an attorney who has been granted leave to appear pro hac vice per LBR 2090-1.

3. As set forth in the table below, either–
   a. Oral verification: I have obtained oral verification from the following person(s), whose Software Generated Signature (as defined in LBR 9011-1(b)(4)(B)) appear(s) on the accompanying document, that the signer intended to sign this document electronically, or alternatively
   b. Explanation: I provide the following explanation why no such verification is provided (*e.g.,* that the signer is represented by a different attorney who will provide a separate declaration confirming their client's oral verification):

| | Name of signer | Date of oral* verification | -OR- Explanation why no verification is provided |
|---|---|---|---|
| 1. | Elizabeth Clark | 09/11/26 | ☐ See explanation below. |
| 2. | | | ☐ See explanation below. |
| 3. | | | ☐ See explanation below. |
| 4. | | | ☐ See explanation below. |
| 5. | | | ☐ See explanation below. |

Explanation(s) *(if applicable)*:

☐ see attached continuation sheet

*Verification must be oral. For the avoidance of doubt, verification must be oral, and any written verification is insufficient even if it includes a purported holographic signature, so as to protect against persons who might have access to the hardware and software of the alleged signer and could use such access to create (A) false Software Generated Signatures and (B) false images of holographic signatures purporting to verify those electronic signatures. *See* LBR 9011-1(b)(4)(B).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/11/26 | Paige T. Rolfe | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT 1

AIRCRE contracts

# EXCLUSIVE RIGHT TO REPRESENT OWNER FOR SALE ~~OR LEASE~~ OF REAL PROPERTY

(Non-Residential)

**1. BASIC PROVISIONS ("BASIC PROVISIONS").**

1.1 **Parties:** This agency Agreement ("**Agreement**"), dated for reference purposes only September 10, 2026 , is made by and between SLA INVESTMENTS LLC , whose address is 264 S OAKHURST DR., BEVERLY HILLS, CA 90212 , telephone number , Fax No. ("**Owner**"), and Kidder Mathews of California, Inc. , whose address is 1925 Century Park East, Suite 2350, Los Angeles, CA 90067 , telephone number 310-312-1800 , Fax No. 310-943-2434 , ("**Agent**").

1.2 **Property/Premises**: The real property, or a portion thereof, which is the subject of this Agreement is commonly known as (street address, city, state, zip) 1040 S Los Angeles Street, Los Angeles, CA 90015 , located in the County of Los Angeles , and generally described as (describe briefly the nature of the property): APN: 5145-020-057 ("**Property**"). (See also Paragraph 3).

1.3 **Term of Agreement**: The term of this Agreement shall commence on date of agreement fully executed and expire at 5:00 p.m. on six (6) months from execution date , except as it may be extended ("**Term**"). (See also paragraph 4)

1.4 **Transaction:** The nature of the transaction concerning the Property for which Agent is employed ("**Transaction**") is (check the appropriate box(es)):

(a) ☑ A sale for the following sale price and terms: Two Million Five Hundred Thousand Dollars ($2,500,000) and other additional standard terms reasonably similar to those contained in the "STANDARD OFFER, AGREEMENT AND ESCROW INSTRUCTIONS FOR THE PURCHASE OF REAL ESTATE" published by AIR CRE ("**AIR**"), or for such other price and terms agreeable to Owner;

~~(b) ☐ A lease or other tenancy for the following rent and terms: ________ and other additional standard terms reasonably similar to those contained in the appropriate AIR lease form or for such other rent and terms agreeable to Owner.~~

**2. EXCLUSIVE EMPLOYMENT AND RIGHTS.**

2.1 Owner hereby employs Agent as Owner's sole and exclusive agent to represent Owner in the Transaction and to find buyers ~~or lessees/tenants ("lessees")~~, as the case may be, for the Property. Agent shall use reasonably diligent efforts to find such buyers ~~or lessees~~. All negotiations and discussions for a Transaction shall be conducted by Agent on behalf of Owner. Owner shall promptly disclose and refer to Agent all written or oral inquiries or contacts received by Owner from any source regarding a possible Transaction.

2.2 Owner authorizes Agent to:

(a) Place advertising signs on the Property;

(b) Place a lock box on the Property if vacant;

(c) Accept deposits from potential buyers or lessees; and

(d) Distribute information regarding the Property to participants in THE MULTIPLE ("**MULTIPLE**") of the AIR and/or any other appropriate local commercial multiple listing service, to other brokers, and to potential buyers ~~or lessees~~ of the Property. Owner shall identify as "confidential" any information provided to Agent that Owner considers confidential and does not want disclosed. All other information provided by Owner may be disclosed as Agent may deem appropriate or necessary. After consummation of a Transaction, Agent may publicize the terms of such Transaction.

2.3 Agent shall comply with the Rules of Professional Conduct of the AIR, if a member or if not, the Rules of Professional Conduct of the Society of Industrial and Office Realtors, and shall submit the Property to the MULTIPLE. Agent shall cooperate with participants in the MULTIPLE and may, at Agent's election, cooperate with other real estate brokers (collectively "**Cooperating Broker**").

2.4 If ~~the Transaction is a sale and~~ Agent finds a prospective buyer for the Property, ~~or if the Transaction is a lease and Agent finds a prospective lessee for the Property,~~ Owner hereby authorizes Agent also to represent and act as the agent for such buyer ~~or lessee~~, and Owner consents to such dual agency. If a Cooperating Broker finds such a buyer ~~or lessee~~, then Agent shall act as agent for Owner only, the Cooperating Broker shall act as agent for the buyer ~~or lessee~~ only, and the Cooperating Broker shall not be Owner's agent, even though the Cooperating Broker may share in the commission paid by Owner to Agent. A Cooperating Broker shall not be an agent or subagent of Owner or Agent.

2.5 Owner agrees that Agent may, during the ordinary and normal course of marketing the Property, respond to inquiries on the Property by showing and providing information on the Property, as well as on other competing properties, to prospective buyers ~~and lessees~~ and that such activities may result in the payment of a commission to Agent by a third party. Owner understands that Agent may also represent other ~~lessors/~~sellers with competing properties.

**3. PROPERTY.**

3.1 The term "Property" shall include all of the following which are currently located on the Property and owned by Owner: permanent improvements, electrical distribution systems (power panels, buss ducting, conduits, disconnects, lighting fixtures, etc.), telephone distribution systems (lines, jacks and connections), space heaters, air conditioning equipment, air lines, carpets, window coverings, wall coverings, partitions, doors, suspended ceilings, built-ins such as cabinets, and NONE (if there are no additional items write "NONE"). If the Transaction is a sale, the term "Property" shall additionally include, to the extent owned by Owner, oil and mineral rights, leases and other agreements which will continue in effect after Owner's transfer of title to the Property.

3.2 Within five business days after the commencement of the Term hereof, Owner shall provide Agent with the following:

~~(a) A duly completed and fully executed Property Information Sheet on the most current form published by the AIR;~~

(b) Copies of all leases, subleases, rental agreements, option rights, rights of first refusal, rights of first offer, or other documents containing any other limitations on Owner's right, ability and capacity to consummate a Transaction, and

(c) If available to Owner, copies of building plans, ~~and if the Transaction is a sale,~~ title reports, boundary surveys, ~~and existing notes and trust deeds~~

INITIALS INITIALS

© 2017 AIR CRE. All Rights Reserved.

which will continue to affect the Property after consummation of a sale.

3.3 Agent shall have no responsibility for maintenance, repair, replacement, operation, or security of the Property, all of which shall be Owner's sole responsibility. Unless caused by Agent's gross negligence, Agent shall not be liable for any loss, damage, or injury to the person or property of Owner, any lessees of the Property, any buyer, prospective buyer, lessee, or prospective lessee, including, but not limited to, those which may occur as a result of Agent's use of a lock box.

**4. EXTENSION OF TERM.** If ~~the Transaction is a sale, and~~ a sale is not consummated for any reason after Owner accepts an offer to purchase the Property ("**Sale Agreement**"), then the expiration date of the Term of this Agreement shall be extended by the number of days that elapsed between the date Owner entered into the Sale Agreement and the later of the date on which the Sale Agreement is terminated or the date Owner is able to convey title to a new buyer free and clear of any claims by the prior buyer of the Property; provided, however, in no event shall the Term be so extended beyond one year from the date the Term would have otherwise expired.

**5. COMMISSION.**

5.1 Owner shall pay Agent a commission ☑ in the amount of five percent (5%), four percent (4%) if Elizabeth Clark represents the buyer ☐ ~~in accordance with the commission schedule attached hereto ("**Agreed Commission**")~~, for a Transaction, whether such Transaction is consummated as a result of the efforts of Agent, Owner, or some other person or entity. Agent shall also be entitled to the Agreed Commission if any of the Owner's representations and warranties described in paragraph 8 are shown to be false. Such Agreed Commission is payable:

(a) If ~~the Transaction is a sale,~~ (i) the Property is sold; (ii) Owner breaches or repudiates any Sale Agreement, escrow instructions or other documents executed by Owner regarding the sale of the Property; (iii) the Property or any interest therein is voluntarily or involuntarily sold, conveyed, contributed or transferred; (iv) the Property or any interest therein is taken under the power of Eminent Domain or sold under threat of condemnation, or (v) if Owner is a partnership, joint venture, limited liability company, corporation, trust or other entity, and any interest in Owner is voluntarily or involuntarily sold, contributed, conveyed or transferred to another person or entity that, as of the date hereof, does not have any ownership interest in Owner;

~~(b) If the Transaction is a lease and a lease of the Property, or a portion thereof is executed; or~~

(c) If Owner (i) removes or withdraws the Property from a Transaction or the market; (ii) acts as if the Property is not available for a Transaction; (iii) treats the Property as not available for a Transaction; (iv) breaches, terminates, cancels or repudiates this Agreement; (v) renders the Property unmarketable; or (vi) changes the status of the Property's title, leases, agreements, physical condition or other aspects thereof, which such change adversely impacts the value, use, desirability or marketability of the Property.

(d) If earnest money or similar deposits made by a prospective purchaser or tenant are forfeited Agent shall be entitled to one-half (½) thereof, but not to exceed the total amount of the commission that would have been payable had the sale or lease transaction been consummated.

5.2 If the Transaction is a sale, the purchase agreement and/or escrow instructions to be entered into by and between Owner and a buyer of the Property shall provide that:

(a) Owner irrevocably instructs the escrow holder to pay from Owner's proceeds accruing to the account of Owner at the close of escrow the Agreed Commission to Agent;

(b) A contingency to the consummation of the sale shall be the payment of the Agreed Commission to Agent at or prior to close of the escrow; and

(c) No change shall be made by Owner or buyer with respect to the time of, amount of, or the conditions to payment of the Agreed Commission, without Agent's written consent.

**6. ALTERNATIVE TRANSACTION.** If the Transaction changes to any other transaction, including, but not limited to, a sale, exchange, option to buy, right of first refusal, ~~ground lease, lease, sublease or assignment of lease~~ (collectively "**Alternative Transaction**"), then Agent shall automatically be Owner's sole and exclusive Agent for such Alternative Transaction and represent Owner in such Alternative Transaction, under the terms and conditions of this Agreement. If, during the Term hereof, an Alternative Transaction is entered into, then Owner shall pay Agent the Agreed Commission.

**7. EXCLUDED AND REGISTERED PERSONS.**

7.1 Owner shall, within 5 business days after the date hereof, provide Agent, in writing, with the names of those persons or entities registered with Owner by any other broker under any prior agreement concerning the Property ("**Excluded Persons**", see paragraph 7.5). Owner shall also specify for each Excluded Person the type of transaction the consummation of which during the Term of this Agreement entitles such other broker to any compensation ("**Excluded Transaction**"). Agent may within 10 days of receiving such written list, either (a) accept the Excluded Persons and Excluded Transactions, (b) cancel this Agreement, or (c) attempt to renegotiate this portion of the Agreement with Owner. Once accepted by Agent, the written list shall automatically become an exhibit to this Agreement. If Owner timely provides Agent with the names of the Excluded Persons and specifies the Excluded Transaction for each Excluded Person, then the Agreed Commission paid to Agent with respect to consummation of such an Excluded Transaction with an Excluded Person shall be limited as follows: if such Excluded Transaction is concluded within the first 30 days of the commencement of the Term hereof, then Agent shall be paid a commission equal to the reasonable out-of-pocket expenses incurred by Agent in the marketing of the Property during said 30 days; or if such Excluded Transaction is concluded during the remainder of the Term hereof, then Agent shall be entitled to a commission equal to one-half of the Agreed Commission. If the specified information concerning Excluded Persons and Transactions is not provided as set forth herein, then it shall be conclusively deemed that there are no Excluded Persons.

7.2 Agent shall, within 5 business days after the expiration of the Term hereof, provide Owner, in writing, with the name of those persons or entities with whom Agent either directly or through another broker had negotiated during the Term hereof ("**Registered Persons**", see paragraph 7.5), and specify the type of transaction of the Property for which such negotiations were conducted ("**Registered Transaction**"). Those persons or entities who submitted written offers or letters of intent shall, however, automatically be deemed to be Registered Persons for the type of transaction which was the subject of such offer or letter of intent. If Agent fails to timely notify Owner of the existence of any other Registered Persons, then it shall be conclusively deemed that there are no other Registered Persons. A person or entity shall not be a Registered Person if Agent fails to timely specify a Registered Transaction for such person or entity. The parties are aware that the registration of certain individuals and/or entities might create a Dual Agency, and Owner hereby consents to any such Dual Agency.

7.3 If, within 180 days after the expiration of the Term hereof, Owner enters into a contract with a Registered Person for consummation of a Registered Transaction, then Owner shall, upon consummation of such Registered Transaction, pay Agent the Agreed Commission for the Registered Transaction.

7.4 If, within 180 days after the expiration of the Term hereof, Owner enters into another owner-agency or listing agreement with a broker other than Agent for any transaction concerning the Property, then Owner shall provide to Owner's new broker the names of the Registered Persons and the Registered Transaction for each Registered Person, and provide in such new agreement that the new broker shall not be entitled to receive any of the compensation payable to Agent hereunder for consummation of a Registered Transaction with a Registered Person.

________ ________
________ ________
INITIALS INITIALS

© 2017 AIR CRE. All Rights Reserved.

7.5 In order to qualify to be an Excluded Person or a Registered Person the individual or entity must have: toured the Property, submitted a letter of interest or intent, and/or made an offer to buy or lease the Property. In addition, Excluded Persons may only be registered by a broker who previously had a valid listing agreement covering the Property, and such broker may only register individuals and entities actually procured by such listing broker.

**8. OWNER'S REPRESENTATIONS.**

Owner represents and warrants that:

(a) Each person executing this Agreement on behalf of Owner has the full right, power and authority to execute this Agreement as or on behalf of Owner;

(b) Owner owns the Property and/or has the full right, power and authority to execute this Agreement and to consummate a Transaction as provided herein, and to perform Owner's obligations hereunder;

(c) Neither Owner nor the Property is the subject of a bankruptcy, insolvency, probate or conservatorship proceeding;

(d) Owner has no notice or knowledge that any lessee or sublessee of the Property, if any, is the subject of a bankruptcy or insolvency proceeding;

(e) There are no effective, valid or enforceable option rights, rights of first refusal, rights of first offer or any other restrictions, impediments or limitations on Owner's right, ability and capacity to consummate a Transaction, except as disclosed in writing pursuant to Paragraph 3.2(b).

(f) That as of the date of this Agreement the asking sales price is not less than the total of all monetary encumbrances on the Property.

**9. OWNER'S ACKNOWLEDGMENTS.** Owner acknowledges that it has been advised by Agent to consult and retain experts to advise and represent it concerning the legal and tax effects of this Agreement and consummation of a Transaction or Alternative Transaction, as well as the condition and/or legality of the Property, including, but not limited to, the Property's improvements, equipment, soil, tenancies, title and environmental aspects. Agent shall have no obligation to investigate any such matters unless expressly otherwise agreed to in writing by Owner and Agent. Owner further acknowledges that in determining the financial soundness of any prospective buyer, lessee or security offered, Owner will rely solely upon Owner's own investigation, notwithstanding Agent's assistance in gathering such information.

**10. MISCELLANEOUS.**

10.1 This Agreement shall not be construed either for or against Owner or Agent, but shall be interpreted, construed and enforced in accordance with the mutual intent of the parties ascertainable from the language of this Agreement. Signatures to this Agreement accomplished by means of electronic signature or similar technology shall be legal and binding.

10.2 All payments by Owner to Agent shall be made in lawful United States currency. If Owner fails to pay to Agent any amount when due under this Agreement, then such amount shall bear interest at the rate of 15% per annum or the maximum rate allowed by law, whichever is less.

10.3 In the event of litigation or arbitration between Owner and Agent arising under or relating to this Agreement or the Property, the prevailing party shall be paid its attorney's fees and costs by the losing party. The term, "Prevailing Party" shall include, without limitation, one who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other party of its claim or defense. The attorney's fees award shall not be computed in accordance with any court fee schedule, but shall be in an amount to fully reimburse all attorney's fees reasonably incurred in good faith.

10.4 Owner agrees to indemnify, defend (with counsel reasonably acceptable to Agent), and hold Agent harmless from and against any claim or liability asserted against Agent as a result of the failure of Owner to make a full and complete disclosure pursuant to law and paragraph 3.2(a) or as a result of the fact that any of the representations made by Owner (see paragraph 8) were not true at the time that this Agreement was signed.

10.5 Owner hereby releases and relieves Agent, and waives Owner's entire right of recovery against Agent, for direct or consequential loss or damage arising out of or incident to the perils covered by insurance carried by Owner, whether or not due to the negligence of Agent.

10.6 In the event that the Transaction is not an outright sale, Owner agrees that if Agent is not paid the Agreed Commission provided for herein within thirty days of the date due, that Agent shall have a lien in the amount of such commission, and may record a notice of such lien, against the Property.

10.7 Owner agrees that no lawsuit or other legal proceeding involving any breach of duty, error or omission relating to the services to be performed by Agent pursuant to this Agreement may be brought against Agent more than one year after the expiration of the Term of this Agreement (see paragraph 1.3) and that the liability (including court costs and attorney's fees) of Agent with respect to any such lawsuit and/or legal proceeding shall not exceed any fee received by Agent pursuant to this Agreement; provided, however, that the foregoing limitation on liability shall not be applicable to any gross negligence or willful misconduct of Agent.

**11. ARBITRATION OF DISPUTES.**

11.1 ANY CONTROVERSY ARISING UNDER OR RELATING TO THIS AGREEMENT SHALL BE DETERMINED BY BINDING ARBITRATION TO BE CONDUCTED BY:

☑ THE AMERICAN ARBITRATION ASSOCIATION OR ☐ ____________ ~~USING THE COMMERCIAL RULES ESTABLISHED BY SUCH ORGANIZATION~~ OR IF NONE THE AMERICAN ARBITRATION ASSOCIATION'S COMMERCIAL RULES. ARBITRATION HEARINGS SHALL BE HELD IN THE COUNTY WHERE THE PROPERTY IS LOCATED.

11.2 NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.

11.3 WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE "ARBITRATION OF DISPUTES" PROVISION TO NEUTRAL ARBITRATION.

______________________ Owner's Initials

______________________ Agent's Initials

11.4 THE PROVISIONS OF THE ABOVE ARBITRATION CLAUSE SHALL NOT BE BINDING ON EITHER PARTY UNLESS BOTH PARTIES HAVE PLACED THEIR INITIALS UNDER PARAGRAPH 11.3.



© 2017 AIR CRE. All Rights Reserved.

12. **Additional Provisions:** Additional provisions of this Agreement are set forth in the following blank lines or in an addendum attached hereto and made a part hereof consisting of paragraphs NONE through NONE (if there are no additional provisions write "NONE"):

13. **Disclosures Regarding The Nature of a Real Estate Agency Relationship.** When entering into an agreement with a real estate agent an Owner should from the outset understand what type of agency relationship or representation it has with the agent or agents in the transaction.

(i) *Owner's Agent*. An Owner's agent may act as an agent for the Owner only. An Owner's agent or subagent has the following affirmative obligations: To the Owner: A fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings. To a potential buyer~~/lessee~~ and the Owner: a. Diligent exercise of reasonable skills and care in performance of the agent's duties. b. A duty of honest and fair dealing and good faith. c. A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the Parties. An agent is not obligated to reveal to either Party any confidential information obtained from the other Party which does not involve the affirmative duties set forth above.

(ii) *Agent Representing Both Parties.* A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both Parties in a transaction, but only with the knowledge and consent of the Parties. In a dual agency situation, the agent has the following affirmative obligations to both Parties: a. A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either Party. b. Other duties to the Owner as stated above in subparagraph (i). When representing both Parties, an agent may not without the express permission of the respective Party, disclose to the other Party that the Owner will accept ~~rent/~~purchase price in an amount less than that indicated in the listing or that the buyer~~/lessee~~ is willing to pay a higher rent/purchase price than that offered.

The above duties of the Agent do not relieve Owner from the responsibility to protect its own interests. Owner should carefully read all agreements to assure that they adequately express its understanding of the transaction.

Date: ______

**OWNER**
SLA INVESTMENTS LLC

By: ______
Name Printed: ______
Title: ______

Date: ______

**AGENT**
Kidder Mathews of California, Inc.

By: ______
Name Printed: Elizabeth Clark
Title: Senior Vice President
Broker DRE License #: 01946490
Agent DRE License #: 01811246
Address: 1925 Century Park East, Suite 2350, Los Angeles, CA 90067
Phone: 310-312-1800
Fax: 310-943-2434
Email: elizabeth.clark@kidder.com

By: ______
Name Printed: W. Eric Paulsen
Title: COO
Broker DRE License #: 01946490
Agent DRE License #: 01001040
Email: eric.paulsen@kidder.com

**AIR CRE * https://www.aircre.com * 213-687-8777 * contracts@aircre.com**
**NOTICE: No part of these works may be reproduced in any form without permission in writing.**

______
INITIALS

______
INITIALS

© 2017 AIR CRE. All Rights Reserved.

AIRCRE contracts

## DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP

**(As required by the Civil Code)**

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

**SELLER'S AGENT**

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:

To the Seller: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.

To the Buyer and the Seller:

(a) Diligent exercise of reasonable skill and care in performance of the agent's duties.

(b) A duty of honest and fair dealing and good faith.

(c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**BUYER'S AGENT**

A Buyer's agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:

To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.

To the Buyer and the Seller:

(a) Diligent exercise of reasonable skill and care in performance of the agent's duties.

(b) A duty of honest and fair dealing and good faith.

(c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**AGENT REPRESENTING BOTH SELLER AND BUYER**

A real estate agent, either acting directly or through one or more salesperson and broker associates, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:

(a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.

(b) Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered.

**SELLER AND BUYER RESPONSIBILITIES**

Either the purchase agreement or a separate document will contain a confirmation of which agent is representing you and whether that agent is representing you exclusively in the transaction or acting as a dual agent. Please pay attention to that confirmation to make sure it accurately reflects your understanding of your agent's role. The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional. If you are a Buyer, you have the duty to exercise reasonable care to protect yourself, including as to those facts about the property which are known to you or within your diligent attention and observation. Both Sellers and Buyers should strongly consider obtaining tax advice from a competent professional because the federal and state tax consequences of a transaction can be complex and subject to change.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. **This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully. I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).**

☐ Buyer ☑ Seller ☐ Lessor ☐ Lessee ______________________ Date: ________

SLA INVESTMENTS LLC

☐ Buyer ☐ Seller ☐ Lessor ☐ Lessee ______________________ Date: ________

Agent: Kidder Mathews of California, Inc. DRE Lic. #: 01946490
Real Estate Broker (Firm)

By: ______________________ DRE Lic. #: 01811246 Date: ________

________ ________

INITIALS INITIALS

© 2019 AIR CRE. All Rights Reserved.

Elizabeth Clark (Salesperson or Broker-Associate)

THIS FORM HAS BEEN PREPARED BY AIR CRE. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF THIS FORM FOR ANY SPECIFIC TRANSACTION. PLEASE SEEK LEGAL COUNSEL AS TO THE APPROPRIATENESS OF THIS FORM.

>>>>>>>>>>Remainder of Document Intentionally Left Blank >>>>>>>>>>>>>>



© 2019 AIR CRE. All Rights Reserved.

**DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP**

**CIVIL CODE SECTIONS 2079.13 THROUGH 2079.24 (2079.16 APPEARS ON THE FRONT)**

**2079.13.** As used in Sections 2079.7 and 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of Title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. The agent in the real property transaction bears responsibility for that agent's salespersons or broker associates who perform as agents of the agent. When a salesperson or broker associate owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the salesperson or broker associate functions. **(b)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee of real property. **(c)** "Commercial real property" means all real property in the state, except (1) single-family residential real property, (2) dwelling units made subject to Chapter 2 (commencing with Section 1940) of Title 5, (3) a mobile home, as defined in Section 798.3, (4) vacant land, or (5) a recreational vehicle, as defined in Section 799.29. **(d)** "Dual agent" means an agent acting, either directly or through a salesperson or broker associate, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a written contract between a seller of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer, including rendering other services for which a real estate license is required to the seller pursuant to the terms of the agreement. **(f)** "Seller's agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the seller's agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a buyer's agent that becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property, and includes (1) single-family residential property, (2) multi-unit residential property with more than four dwelling units, (3) commercial real property, (4) vacant land, (5) a ground lease coupled with improvements, or (6) a manufactured home as defined in Section 18007 of the Health and Safety Code, or a mobile home as defined in Section 18008 of the Health and Safety Code, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is retained by a buyer, seller, or both a buyer and seller to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor of real property. **(n)** "Buyer's agent" means an agent who represents a buyer in a real property transaction.

**2079.14.** A seller's agent and buyer's agent shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and shall obtain a signed acknowledgment of receipt from that seller and buyer, except as provided in Section 2079.15, as follows: **(a)** The seller's agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. **(b)** The buyer's agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase. If the offer to purchase is not prepared by the buyer's agent, the buyer's agent shall present the disclosure form to the buyer not later than the next business day after receiving the offer to purchase from the buyer.

**2079.15.** In any circumstance in which the seller or buyer refuses to sign an acknowledgment of receipt pursuant to Section 2079.14, the agent shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17(a)** As soon as practicable, the buyer's agent shall disclose to the buyer and seller whether the agent is acting in the real property transaction as the buyer's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the buyer's agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the seller's agent shall disclose to the seller whether the seller's agent is acting in the real property transaction as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the seller's agent prior to or coincident with the execution of that contract by the seller.
**(C)** CONFIRMATION: The following agency relationships are confirmed for this transaction.

Seller's Brokerage Firm DO NOT COMPLETE, SAMPLE ONLY License Number ________
Is the broker of (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)
Seller's Agent DO NOT COMPLETE, SAMPLE ONLY License Number ________
Is (check one): ☐ the Seller's Agent. (salesperson or broker associate); or ☐ both the Buyer's Agent and the Seller's Agent. (dual agent)
Buyer's Brokerage Firm DO NOT COMPLETE, SAMPLE ONLY License Number ________
Is the broker of (check one): ☐ the buyer; or ☐ both the buyer and seller. (dual agent)
Buyer's Agent DO NOT COMPLETE, SAMPLE ONLY License Number ________
Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate); or ☐ both the Buyer's Agent and the Seller's Agent. (dual agent)

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14. An agent's duty to provide disclosure and confirmation of representation in this section may be performed by a real estate salesperson or broker associate affiliated with that broker.

**2079.18** (Repealed pursuant to AB-1289, 2017-18 California Legislative session)

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

________ ________
________ ________
INITIALS INITIALS

© 2019 AIR CRE. All Rights Reserved.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

**2079.21 (a)** A dual agent may not, without the express permission of the seller, disclose to the buyer any confidential information obtained from the seller. **(b)** A dual agent may not, without the express permission of the buyer, disclose to the seller any confidential information obtained from the buyer. **(c)** "Confidential information" means facts relating to the client's financial position, motivations, bargaining position, or other personal information that may impact price, such as the seller is willing to accept a price less than the listing price or the buyer is willing to pay a price greater than the price offered. **(d)** This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a seller's agent from also being a buyer's agent. If a seller or buyer in a transaction chooses to not be represented by an agent, that does not, of itself, make that agent a dual agent.

**2079.23 (a)** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship. **(b)** A lender or an auction company retained by a lender to control aspects of a transaction of real property subject to this part, including validating the sales price, shall not require, as a condition of receiving the lender's approval of the transaction, the homeowner or listing agent to defend or indemnify the lender or auction company from any liability alleged to result from the actions of the lender or auction company. Any clause, provision, covenant, or agreement purporting to impose an obligation to defend or indemnify a lender or an auction company in violation of this subdivision is against public policy, void, and unenforceable.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

**AIR CRE * https://www.aircre.com * 213-687-8777 * contracts@aircre.com**
**NOTICE: No part of these works may be reproduced in any form without permission in writing.**



© 2019 AIR CRE. All Rights Reserved.

# EXHIBIT 2

ORANGE COUNTY, CA

# Elizabeth Clark

Senior Vice President




## Contact

T **424.653.1820**

C **310.740.7283**

**elizabeth.clark@kidder.com**

5 Park Plaza, Suite 1700
Irvine, CA 92614

## LIC N°

01811246


## Downloads

**vCard**

**Bio**

## About

*Elizabeth Clark is a senior vice president at Kidder Mathews, specializing in investment property acquisitions and dispositions. In this role, she is known for her aggressive advocacy on behalf of sellers across a broad range of commercial property types, with an unwavering commitment to achieving superior outcomes.*

She is deeply collaborative and champions the integration of multiple disciplines to deliver well-conceived, strategic solutions for complex client assignments. Her extensive database of the most active principals in Los Angeles County provides clients with maximum market exposure, enabling swift and efficient transaction execution. Her expansive client network includes private investors,...

READ MORE

## Available Properties

FOR SALE FOR LEASE






## Affiliations

American Industrial Real Estate Association (AIR), member
International Council of Shopping Centers (ICSC), member
Commercial Real Estate Women – Los Angeles (CREW), member

## Select Awards

Leaders of Influence – Los Angeles Business Journal 2022
Deal of the Year, Nominee – Los Angeles Business Journal 2020
Broker of the Year, Nominee – Los Angeles Business Journal 2020
50 Under 40 – Globe Street 2016
Pacesetter Award – Marcus & Millichap 2008

## Education

BS in in communications, University of Wisconsin, Madison, WI

## Select Client List

CIM Group
DLJ Development
Drollinger Properties
Engine Real Estate
HQ Development
Kross Real Estate
Lucent Capital
Ru Co, Inc
Sandstone Properties
Weiner Properties
Wallis Bank

WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 WILSHIRE BLVD., SUITE 730
LOS ANGELES, CA 90025

# DECLARATION OF ALAN GOMPERTS

I, Alan Gomperts, hereby declare as follows:

1. I am the managing member of SLA Investments, LLC, the debtor and debtor in possession herein.

2. I have been intimately involved in the business investment and ventures with my brother-in-law Daniel Halevy, mother-in-law Susan Halevy, and now deceased father-in-law David Halevy for decades, including the Debtor. As such, I am familiar with the management, operations, finances, and books and records of the Debtor.

3. The facts set forth herein are based upon my personal knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration.

4. I make this declaration in support of the *Application of Debtor SLA Investments, LLC to Employ Real Estate Broker and to Enter into Agreement.*

5. To the best of my knowledge, all of the Broker's connections with the Debtor, creditors, or any party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States Trustee are as stated in the Declaration of Elizabeth Clark filed herewith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 11, 2026, at Los Angeles, California.

ALAN GOMPERTS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Application and Application of Debtor SLA Investments, LLC to Employ Real Estate Broker and to Enter Into Agreement; Memorandum of Points and Authorities and Statement of Disinterestedness** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 12, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF service list

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 12, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached NEF service list

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| September 12, 2026 | Martha E. Araki | */s/ Martha E. Araki* |

Broadway Avenue Investments, LLC – Jointly Administered

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico, Paige T. Rolfe**: dtalerico@wztslaw.com; prolfe@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Halevy: **Zev Shechtman, Carol Chow, Turner Falk, Steven Werth**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; steven.werth@saul.com; hannah.richmond@saul.com; litigationdocketing@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@gsaattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com; gvanderfin@polsinelli.com, tanyabehnam@gmail.com; ladocketing@polsinelli.com; zyoung@polsinelli.com; ccripe@polsinelli.com;
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Attorneys for Defendants Alan Gomperts, Daniel Halevy, Susan Halevy: **Ryan Coy**: ryan.coy@blankrome.com; courtmail@blankrome.com
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Christopher Crowell, Jessica M Simon**: ccrowell@frandzel.com; rsantamaria@frandzel.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Gerrick Warrington**: mfletcher@frandzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com; autodocket@frandzel.com
- Attorneys for Creditors Metropolitan Life Insurance Company, NewRez LLC d/b/a Shellpoint Mortgage Servicing, *US Bank Trust National Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1, and* Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@buchalter.com; gvidales@buchalter.com; docket@buchalter.com
- Attorneys for Interested Parties Avi Muhtar, and Haskell & Nurit Muhtar: **Avi Edward Muhtar**: amuhtar@crownandstonelaw.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Paige Selina Poupart**: ppoupart@smsm.com; achase@frandzel.com
- Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC: **David B Shemano**: dshemano@shemanolaw.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jessica M. Simon**: jsimon@hrhlaw.com; mgranzow@hrhlaw.com
- Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto: **Samantha White**: Samantha.white@wellsfargo.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov

Label Matrix for local noticing
0973-2
Case 2:24-bk-12082-VZ
Central District of California
Los Angeles
Thu Sep 10 14:01:08 PDT 2026

~~Archway Broadway Loan SPE, LLC~~
~~Frandzel Robins Bloom & Csato, L.C.~~
~~c/o Michael Gerard Fletcher~~
~~1000 Wilshire Blvd., 19th Fl.~~
~~Los Angeles, CA 90017-2457~~ *NEF RECPIENT*

~~Harvest Small Business Finance, LLC~~
~~Hemar, Rousso & Heald, LLP~~
~~c/o Jacqueline L. James~~
~~15910 Ventura Blvd., 12th Floor~~
~~Encino, CA 91436-2829~~ *NEF RECPIENT*

SLA Investments, LLC
264 S Oakhurst Dr
Beverly Hills, CA 90212-3504

~~United States Trustee (LA)~~
~~915 Wilshire Blvd, Suite 1850~~
~~Los Angeles, CA 90017-3560~~
*NEF RECPIENT*

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Alan D Gomperts
264 S Oakhurst Dr
Beverly Hills, CA 90212-3504

~~Archway Broadway Loan SPE, LLC~~
~~c/o Michael Gerard Fletcher~~
~~Frandzel Robins Bloom & Csato, L.C.~~
~~1000 Wilshire Blvd., 19th Fl.~~
~~Los Angeles, CA 90017-2457~~ *NEF RECPIENT*

Archway Real Estate Income
Fund I SPE I, LLC
10100 Santa Monica Blvd Ste 500
Los Angeles, CA 90067-4121

~~Archway Real Estate Income Fund I REIT, LLC~~
~~Michael Gerard Fletcher~~
~~c/o FRANDZEL ROBINS BLOOM & CSATO, L.C.~~
~~1000 Wilshire Boulevard, 19th Floor~~
~~Los Angeles, CA 90017-2457~~ *NEF RECPIENT*

CA Dept of Tax and Fee Admin
Account Info Group MIC29
PO Box 942879
Sacramento, CA 94279-0029

Commune Events Inc
802 Mateo St
Los Angeles, CA 90021-1712

Daniel Halevy
257 S Linden Dr
Beverly Hills, CA 90212-3704

David Garay
1040 S Los Angeles St
Unit 8
Los Angeles, CA 90015-4758

Davix Foreman dba Dojo in the Sky
1040 Los Angeles St
Unit 18
Los Angeles, CA 90015-4755

Earth Bean Coffee LLC
1200 S Grand Ave #658
Los Angeles, CA 90015-3960

El Hadj Sy dba Entrapreneur
/David Garay
1040 S Los Angeles St
Unit #10
Los Angeles, CA 90015-4758

Employment Development Dept
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

Gomperts and Halevy Family Trust
264 S Oakhurst Dr
Beverly Hills, CA 90212-3504

Halevy Family Trust
Dated September 6 2010
257 S Linden Dr
Beverly Hills, CA 90212-3704

Harvest Small Business Finance (SBA)
24422 Avenida de la Carlota Ste 400
Laguna Hills, CA 92653-3634

~~Harvest Small Business Finance, LLC~~
~~c/o Jacqueline L. James~~
~~Hemar, Rousso & Heald, LLP~~
~~15910 Ventura Blvd., 12th Floor~~
~~Encino, CA 91436-2829~~ *DUPLICATE*

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Joshua Mogin Esq
Thompson Coburn LLP
10100 Santa Monica Blvd Ste 500
Los Angeles, CA 90067-4121

Juliana Contreras Sanchez
1040 S Los Angeles St #11
Los Angeles, CA 90015-4758

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Los Angeles Dept of Water and Power
PO Box 30808
Los Angeles, CA 90030-0808

Miracle Watts
1040 S Los Angeles St
Los Angeles, Ca 90015-4755

Nijai Burch dba Instant Bae LLC
1040 S Los Angeles St Unit #14
Los Angeles, CA 90015-4758

Saul Edi Faal
1040 S Los Angeles St Unit #17
Los Angeles, CA 90015-4755

Serafin Canizares
1040 S Los Angeles St Unit #13
Los Angeles, CA 90015-4758

Sienna Rose Inc
433 Colyton St
Los Angeles, CA 90013-2210

Southern California Gas
Centralized Correspondence
PO Box 1626
Monterey Park, CA 91754-8626

Sue Halevy
257 S Linden Dr
Beverly Hills, CA 90212-3704

US Small Business Administration
14925 Kingsport Rd
Fort Worth, TX 76155-2243

US Small Business Administration
409 3rd St SW
Washington, DC 20416-0005

(p)U S SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701

~~Derrick Talerico~~
~~Weintraub Zolkin Talerico & Selth LLP~~
~~11766 Wilshire Blvd~~
~~Suite 730~~
~~Los Angeles, CA 90025-6577~~
*FILING ATTORNEY*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11766 Wilshire Blvd., Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/09/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF service list

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/09/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo (via Priority Mail)
United States Bankruptcy Court
255 E. Temple St., Suite 1360
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/09/2026 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Broadway Avenue Investments, LLC – Jointly Administered

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Corporate Debtors Broadway Avenue Investments, LLC, Negev Investments, LLC, SLA Investments, LCC.: **Derrick Talerico, Paige T. Rolfe**: dtalerico@wztslaw.com; prolfe@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Individual Debtors Alan Gomperts, Daniel Halevy, Susan Halevy: **Zev Shechtman, Carol Chow, Turner Falk, Steven Werth**: zev.shechtman@saul.com; zshechtman@ecf.inforuptcy.com; carol.chow@saul.com; easter.santamaria@saul.com; turner.falk@saul.com; steven.werth@saul.com; hannah.richmond@saul.com; litigationdocketing@saul.com
- Attorneys for Creditor First Foundation Bank: **Scott R Albrecht**: scott.albrecht@gsaattorneys.com; jackie.nguyen@sgsattorneys.com
- Attorneys for Creditor Korth Direct Mortgage, Inc.: **Tanya Behnam, Garrick Vanderfin**: tbehnam@polsinelli.com; gvanderfin@polsinelli.com, tanyabehnam@gmail.com; ladocketing@polsinelli.com; zyoung@polsinelli.com; ccripe@polsinelli.com;
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Jacquelyn H Choi**: jacquelyn.choi@rimonlaw.com; docketingsupport@rimonlaw.com
- Attorneys for Creditor United States of America on behalf of the Internal Revenue Service: **Robert F Conte**: robert.conte@usdoj.gov; caseview.ecf@usdoj.gov; usacac.tax@usdoj.gov
- Attorneys for Defendants Alan Gomperts, Daniel Halevy, Susan Halevy: **Ryan Coy**: ryan.coy@blankrome.com; courtmail@blankrome.com
- Courtesy NEF/Interested Party: **Christopher Cramer**: secured@becket-lee.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Christopher Crowell, Jessica M Simon**: ccrowell@frandzel.com; rsantamaria@frandzel.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Michael G. Fletcher, Bruce D. Poltrock, Gerrick Warrington**: mfletcher@frandzel.com; gwarrington@frandzel.com; bpoltrock@frandzel.com; sking@frandzel.com; achase@frandzel.com; autodocket@frandzel.com
- Attorneys for Creditors Metropolitan Life Insurance Company, NewRez LLC d/b/a Shellpoint Mortgage Servicing, *US Bank Trust National Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1, and* Wells Fargo National Bank West: **Todd S Garan**: ch11ecf@aldridgepite.com; TSG@ecf.inforuptcy.com; tgaran@aldridgepite.com
- Attorneys for Creditor Los Angeles County Treasurer and Tax Collector: **Richard Girgado**: rgirgado@counsel.lacounty.gov
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jacqueline L James**: jjames@buchalter.com; gvidales@buchalter.com; docket@buchalter.com
- Attorneys for Interested Parties Avi Muhtar, and Haskell & Nurit Muhtar: **Avi Edward Muhtar**: amuhtar@crownandstonelaw.com
- Attorneys for Creditors Archway Real Estate Income Fund I SPE I, LLC, Archway Broadway Loan SPE, LLC, fka Archway Real Estate Income Fund I REIT, LLC, Archway Real Estate Income Fund, and Plaintiff Archway Broadway Loan SPE, LLC: **Paige Selina Poupart**: ppoupart@smsm.com; achase@frandzel.com
- Attorneys for Creditor AIRE Ancient Baths Los Angeles, LLC: **David B Shemano**: dshemano@shemanolaw.com
- Attorneys for Creditor Harvest Small Business Finance, LLC: **Jessica M. Simon**: jsimon@hrhlaw.com; mgranzow@hrhlaw.com
- Attorneys for Creditor Wells Fargo Bank, N.A. dba Wells Fargo Auto: **Samantha White**: Samantha.white@wellsfargo.com
- Attorneys for Creditor Wells Fargo Bank, N.A.: **Jennifer C Wong**: bknotice@mccartyholthus.com; jwong@ecf.courtdrive.com
- US Trustee's Office: ustpregion16.la.ecf@usdoj.gov; **Kelly L. Morrison**: Kelly.l.morrison@usdoj.gov